1 │ MICHAEL E. TANKERSLEY (DC Bar # 411978)
    │ mtankersley@ftc.gov
2 │ NAOMI TAKAGI (NY Bar # 5217252)
    │ ntakagi@ftc.gov
3 │ BRIAN BERGGREN (CA Bar # 279279)
    │ bberggren@ftc.gov
4 │ Federal Trade Commission
    │ 600 Pennsylvania Avenue NW
5 │ Mail Stop CC-6316
    │ Washington, DC 20580
6 │ Telephone: (202) 326-2991 (Tankersley)
    │            (202) 326-3668 (Takagi)
7 │            (202) 326-3229 (Berggren)

8 │ Attorneys for Plaintiff
    │ FEDERAL TRADE COMMISSION

9 │                    UNITED STATES DISTRICT COURT

10 │                        DISTRICT OF ARIZONA

11 │

Federal Trade Commission,               No. CV-23-02711-PHX-DWL

         Plaintiff,

    v.                                   **RULE 26(f) REPORT**

Grand Canyon Education, Inc., *et al.*,

         Defendants.

The parties, by and through their respective counsel, submit the following Report on their conference pursuant to Federal Rule of Civil Procedure 26(f).

**1.    Fed. R. Civ. P. 26(f) Meeting:**

On March 14, 2024, counsel for the Federal Trade Commission, Defendant Grand Canyon Education, Inc., Defendant Grand Canyon University, and Defendant Brian E. Mueller met virtually and conferred to develop this Rule 26(f) Discovery Plan.  This Report reflects the results of that conference and subsequent discussions among counsel identified at the end of this Report.

**2.    Parties.**

The parties are:

The Federal Trade Commission ("FTC").

Grand Canyon Education, Inc. ("GCE") is a publicly traded company with no parent corporation.  No publicly held corporation owns 10% or more of the stock of Grand Canyon Education, Inc.

Grand Canyon University ("GCU") is not owned and has a single member, Grand Canyon University Foundation. GCU is an Arizona nonprofit organization and is recognized by the IRS as tax-exempt under 501(c)(3) of the Internal Revenue Code.  The FTC contests this characterization; the complaint alleges that GCU is not a genuine nonprofit, GCU advances GCE's for-profit business of GCE, and the representation in its articles of incorporation that GCU is organized and operated exclusively for tax-exempt purposes is false.  Compl. (ECF 25) ¶ 13.

Brian E. Mueller is the President of GCU, and the Chief Executive Officer, Chairman of the Board, and a director of Defendant GCE.

**3.    Service.**

All parties have been served.

**4.    Additional Parties or Amended Pleadings.**

Defendants have not yet filed their answers to the complaint.  The Parties note that there are two currently pending motions to dismiss, filed by GCE (Dkt. No. 30) and GCU and Mueller (Dkt. No. 27), which may result in dismissed claims and/or amended pleadings.

The parties agree that any motion to amend pleadings or add parties shall be filed no later than 60 days after a Defendant files an answer following the Court's disposition of a motion to dismiss.

**5.    Personal Jurisdiction.**

All currently named parties are subject to this Court's personal jurisdiction.

**6.    Subject Matter Jurisdiction.**

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1337(a), and 1345.

**7.    Nature of the Case.**

**FTC's Statement of the Case**

The FTC alleges that Defendants have engaged in marketing and telemarketing that violates Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) ("FTC Act"), and the FTC's Telemarketing Sales Rule, as amended, 16 C.F.R. Part 310 ("TSR").  The FTC alleges that GCE markets the postsecondary educational services of GCU online and through telemarketing pursuant to a contract that makes GCE the exclusive provider of marketing and other services for GCU.  The complaint also names Brian Mueller, GCE's CEO and Chairman of the Board, and the President of GCU.  The FTC alleges that GCE and Mueller created GCU to reorganize GCE's operations and rebrand it as a nonprofit university.

Counts I and II allege that, through this marketing, Defendants have engaged in deceptive acts or practices in violation of the FTC Act.  Count III alleges that the deceptive representations identified in Counts I and II also violate the TSR's prohibition on

deceptive representations in the course of telemarketing.  More specifically, the complaint alleges that, although GCE and Mueller created and operate GCU for the profit of GCE and its investors (including Defendant Mueller), Defendants have deceptively advertised the school to prospective students as a nonprofit.  The complaint further alleges that Defendants represented that GCU provides doctoral programs that require twenty courses (or 60 credits) and "Total Program Tuition and Fees" of about $40,000, but these representations were deceptive because GCU requires almost all doctoral students to take many more "continuation courses" that add thousands of dollars to the costs.

The complaint also states that GCE's telemarketing activities on behalf of GCU have resulted in millions of abusive telemarketing calls to consumers who have specifically requested that Defendants not solicit them, and illegal calls to individuals on the National Do Not Call Registry.  Counts IV and V allege that these illegal calls violate the TSR's prohibitions on abusive telemarketing practices.

The FTC seeks monetary relief, a permanent injunction, and other relief pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 56(a), and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105.  The FTC estimates that, since June 2019, Defendants have recruited more than 7,500 consumers to enroll in GCU's doctoral program using the deceptive representations described in the complaint.  Furthermore, GCE's marketing on behalf of GCU relies heavily on telemarketing and is ongoing.  The complaint alleges that the nationwide telemarketing campaign has already resulted in millions of telemarketing calls to consumers who have placed their telephone numbers on do-not-call lists.

**Defendants' Statements**

**GCE's Statement of the Case:** Plaintiff alleges that Defendant GCE violated the FTC Act and the TSR by representing that GCU was a non-profit institution and that GCU's doctoral programs can be completed in 60 credit hours and that GCE violated the

TSR by calling persons who requested GCU not contact them through telemarketing and calling persons registered on the National DNC list.  Plaintiff's claims are deficient both factually and legally.

As set forth in GCE's Motion to Dismiss, Counts I (violation of the FTC Act for deceptive representations related to GCU's non-profit status), II (violation of the FTC Act for deceptive representations related to GCU's doctoral programs), and III (violation of the TSR for misleading representations related to GCU's non-profit status and doctoral programs) fail to state a claim against GCE because Plaintiff has not identified any false statements.  Moreover, Plaintiff has failed to allege those fraud claims with the requisite level of particularity required by Federal Rule of Civil Procedure 9(b).  In addition, Plaintiff cannot prevail on its claims for alleged violations of the Telephone Sales Rule (Counts IV and V) because GCE had express written consent from and /or an established business relationship with individuals to whom it placed calls.  To the extent GCE placed any calls to individuals for whom it did not have express written consent or an established business relationship, it is immune from liability because such calls fall within the Safe Harbor provision of the TSR and are therefore not subject to penalties.

**GCU's and Mr. Mueller's Statement of the Case:** At the outset, the FTC does not have authority to enforce the FTC Act against GCU or against Mr. Mueller in his capacity as GCU's President. The FTC Act authorizes the FTC to pursue claims against corporations that are organized to carry on business for their own profit or that of their members. GCU, as an Arizona nonprofit and IRS-recognized 501(c)(3) tax-exempt organization, does not operate for its own profit, nor does it operate for the profit of its sole member, the Grand Canyon University Foundation, and the FTC has not alleged otherwise. There is no legal basis for—and, indeed, the plain language of the FTC Act precludes—the FTC's theory that it can enforce the FTC Act against a nonprofit simply because it contracts with a for-profit company that is not a member of the nonprofit.

1    Nonetheless, the FTC brought claims against GCU and Mr. Mueller alleging that
2  GCU violated the FTC Act and TSR by referring to itself as a nonprofit institution, by
3  informing students of the minimum time and cost to complete a doctoral program, and
4  because its services provider, GCE, allegedly called prospective students on the National
5  Do Not Call Registry and others who had requested not to be called.

6    GCU and Mr. Mueller filed a Motion to Dismiss, arguing (1) that the FTC lacks the
7  authority to enforce the FTC Act and TSR against GCU; (2) that Defendants' references
8  to GCU's nonprofit status are true and non-misleading; (3) the FTC failed to identify any
9  statement in GCU's doctoral disclosures creating a reasonable expectation that students
10  were likely to complete their program in the minimum time or credits; (4)  that the FTC's
11  conclusory allegation that Brian Mueller had authority to control GCU and GCE fails to
12  plausibly establish personal liability; and (5) that the FTC's enforcement powers are
13  unconstitutional.

14  **8.    Contemplated Motions.**

15    Defendants anticipate filing motions to stay discovery pending resolution of the
16  Motions to Dismiss.

17  **9.    Settlement.**

18    The parties are amenable to discussing settlement of this matter but believe that a
19  settlement conference would be premature at this time.  The FTC notes that any settlement
20  must be approved by the Commissioners of the Federal Trade Commission.  The parties
21  agree to confer and inform the Court if assistance in seeking a settlement would be
22  productive after the disposition of pending motions and discovery.

23  **10.    Related Cases.**

24    The FTC considers this case to be related to *Grand Canyon University v. Miguel*
25  *Cardona, et al.*, No. 2:21-cv-00177-PHX-SRB, currently on appeal to the Ninth Circuit,
26  No. 23-15124 (motion to consolidate denied, ECF 36), and *In re Grand Canyon*

*University,* Docket No. 23-34-SF, pending before the Department of Education Office of Hearings and Appeals following an appeal by Grand Canyon University.

Defendants disagree that the cases identified by the FTC are "related cases." While a favorable result for GCU in *Grand Canyon University v. Miguel Cardona, et al.* would undercut the FTC's allegations regarding GCU's nonprofit status, the cases do not involve the same parties and do not arise from the same transactions or events.  Similarly, *In re Grand Canyon University,* Docket No. 23-34-SF, does not involve the same parties (none of GCE, Brian Mueller, or the FTC are parties), and it is a regulatory matter under the Higher Education Act and the Department of Education's regulations rather than an enforcement action under the FTC Act.

**11.     Electronically Stored Information.**

The parties are preserving all potentially relevant electronically stored information. The parties expect to request the production of electronically stored information and are conferring about a protocol for production, preservation, disclosure, and discovery of electronically stored information.

**12.     Attorney-Client Privilege or Work-Product Claims:**

Except as otherwise set forth herein and subject to subsequent written stipulation by the parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Rule 26(b)(5) and Federal Rule of Evidence 502.

**13.     Discovery Plan:**

The parties disagree on when discovery should commence and submit alternative proposals for the Court's consideration.

**FTC's Position**

FTC contends that there is no reason to postpone discovery pending disposition of the motions to dismiss, particularly given that GCE concedes that its partial motion does

1   not challenge the two counts alleging that GCE's practices have resulted in millions of

2   illegal telemarketing calls to persons who have made do-not call requests. *See* ECF 30-

3   1, at 1 n.1 (conceding "GCE does not move to dismiss Counts IV and V").

4          When a party seeks a stay of discovery pending action on a motion, courts in this

5   District and the Ninth Circuit deny such relief unless three conditions are satisfied: (1)

6   the pending dispositive motion is potentially dispositive of the entire case; (2) the court

7   is able to resolve the dispositive motion without any additional discovery; and (3) the

8   court is either convinced that the dispositive motion will be granted, or finds that a "clear

9   possibility" exists that the motion will be granted. *Cebrynski v. Wells Fargo Bank NA*,

10  CV-21-01965-PHX-DJH, 2022 WL 2290561, at *1 (D. Ariz. June 24, 2022) (denying

11  motion to stay discovery due to a pending Rule 12(c) motion); *accord DRK Photo v.*

12  *McGraw-Hill Companies, Inc.*, CV 12-8093-PCT-PGR, 2012 WL 5936681, at *1 (D.

13  Ariz. Nov. 27, 2012) (describing two-part threshold test, followed by a "preliminary

14  peek" to determine if there is an immediate and clear possibility the allegedly dispositive

15  motion will be granted).

16         GCE's partial motion to dismiss (GCE Mot. (ECF 30-1)) fails all three conditions.

17  The motion acknowledges that it does not challenge Counts IV and V, and its argument

18  against other parts of the complaint asks the Court to decline to accept allegations as true

19  and, instead, construe the allegations in GCE's favor prior to discovery.  This motion

20  does not show a clear possibility of even partial success because it is inconsistent with

21  the appliable standard for a motion to dismiss. *See* FTC Opp. (ECF 44) at 2.

22         GCU and Mueller's motion to dismiss also does not support a stay because, even

23  if it had merit, it would not dispose of the entire case.  Moreover, their arguments that no

24  valid claim has been pled against them lack merit.  GCU and Mueller's argument that the

25  FTC cannot constitutionally bring enforcement actions is foreclosed by controlling

26  precedent rejecting this argument. *See FTC v. Am. Nat'l Cellular*, 810 F.2d 1511, 1513-

- 7 -

14 (9th Cir. 1987); FTC Opp. (ECF 44) at 25-27.  Mueller's assertion that additional allegations are necessary to justify holding him liable as officer of both GCE and GCU also flies in the face of controlling Ninth Circuit precedent holding individuals may be held liable for corporate violations because they directly participated in violations or had authority to control the corporate entity. *FTC v. Grant Connect LLC*, 763 F.3d 1094, 1101 (9th Cir. 2014).  GCU's argument that it should not be joined with GCE and Mueller solely because it purports to be a nonprofit corporation (GCU Mot. (ECF 27) at 6-7), fails because the courts have repeatedly confirmed that the FTC is permitted to bring actions against corporations that purport to be, but are not, nonprofits.  *See Cmty. Blood Bank of Kansas City Area v. FTC*, 405 F.2d 1011, 1017-18 (8th Cir. 1969); FTC Opp. (ECF 44) at 5-6.  Indeed, GCU has not identified a single case in which a court ruled that the FTC's allegations that a purported nonprofit corporation is not, in fact, a nonprofit, are not sufficient to state a claim that the corporation is subject to the FTC Act.

Finally, Defendants' assertions that a stay is warranted because they responded to FTC administrative process are unfounded.  Courts have repeatedly rejected arguments that discovery should be limited based on an agency's pre-complaint investigation.  *See, e.g., SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) ("'there is no authority which suggests that it is appropriate to limit the SEC's right to take discovery based upon the extent of its previous investigation into the facts underlying its case.'") (quoting *SEC v. Saul*, 133 F.R.D. 115, 118 (N.D.Ill.1990)); *accord SEC v. Biogenic, Inc.*, No. 21-CV-12236, 2022 WL 1228782, at *1 (E.D. Mich. Apr. 26, 2022).  Moreover, GCU and GCE did not fully and properly respond to the FTC's administrative investigation.  GCE and GCU's pre-complaint recalcitrance does not provide a justification for staying discovery into the misconduct alleged in the complaint.  To the contrary, it underscores the importance of allowing discovery to proceed as contemplated by the Federal Rules.

1    Accordingly, the FTC urges the Court to reject Defendants' requests for a stay of

2  initial disclosures and discovery.  However, if the Court limits disclosures or discovery

3  pending disposition of Defendants' motions to dismiss, disclosures and discovery

4  regarding do-not-call compliance should not be limited during this period.  The FTC

5  proposes that all parties complete initial disclosures by **Friday, April 5, 2024**, or seven

6  days after the entry of the Court's Case Management Order, whichever is later.

7    **Defendants' Position:**

8    **GCE's Position:**

9    GCE believes that discovery should be stayed until the Court rules on its currently

10  pending Motion to Dismiss, which may dispose of three of the five counts alleged against

11  it.  If discovery is not stayed, and the court later dismisses those claims, GCE would have

12  unnecessarily incurred significant costs and burdens. GCE notes that it has already

13  produced to the FTC voluminous documents and data in response to the FTC's Civil

14  Investigative Demand that are relevant to the FTC's claims in this action.  As to Counts

15  IV and V alleging violations of the TSR, which GCE did not move to dismiss, GCE

16  produced tens of thousands of pages of documents in response to 26 document requests,

17  most of which had multiple subparts, and multiple follow up requests over the course of

18  more than a year in response to the FTC's CID.  Production included call logs detailing

19  the telephone calls alleged in the complaint, policies, trainings, and telephone call

20  recordings.  Given the extensive amount of data, information, and documents already

21  produced to the FTC, there is no basis for rushing into discovery while the Defendants'

22  motions to dismiss remain pending and before the Parties know the actual scope of this

23  litigation.  Beginning discovery on two of the FTC's five claims asserted against one of

24  the three defendants would be highly prejudicial and inefficient. Such a piecemeal

25  approach risks duplication of effort as deponents may need to be re-deposed depending on

26  which, if any, claims survive the motions to dismiss.

1    Accordingly, GCE proposes that the parties complete initial disclosures 14 days

2  after GCE answers the complaint or any amended complaint.

3    **GCU's and Brian Mueller's Position:**

4    GCU and Mr. Mueller also seek to stay discovery until the Court rules on the

5  Motions to Dismiss. Both GCU and Mr. Mueller have moved to dismiss all claims against

6  them, and they should not have to incur the burden and cost of additional discovery while

7  the motions are pending. Delaying additional discovery while the motions are pending will

8  not prejudice the FTC, because, as with GCE, GCU already responded to dozens of

9  interrogatories, document requests, and follow-up inquiries with respect to the CID.

10  During that process, GCU made itself available to discuss and resolve specific complaints

11  or concerns. But the FTC refused to engage with GCU except to push its onerous CID

12  requests and filed the instant action without any effort to meet with GCU regarding its

13  findings. The FTC had more than sufficient opportunity to investigate its claims before

14  filing its case.

15    Conversely, the risk of prejudice and undue expense to GCU and Mr. Mueller is

16  high. Both parties have raised credible bases to dismiss the Complaint, which present more

17  than a "clear possibility" that GCU's and Mr. Mueller's Motion to Dismiss will be granted.

18  GCU is plainly not "organized to carry on business for its own profit or that of its

19  members," and the FTC has not alleged otherwise. Thus, GCU, as a matter of law, is not

20  subject to the FTC Act. 15 U.S.C. § 44, and all claims against GCU should be dismissed.

21  The FTC's allegations that *GCE*—a separate and independent third party—turns a profit

22  under its contract with GCU is irrelevant to whether *GCU* is subject to the Act.  And the

23  FTC's conclusory allegations supporting Mr. Mueller's individual liability are nearly

24  identical to those held by other courts to be insufficient under Rule 8. *See, e.g., FTC v.*

25  *Swish Mktg.*, 2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010) (finding that status

26  as CEO and conclusory allegations that the CEO "formulated, directed, controlled, had the

authority to control, or participated in the acts and practices . . . set forth in [the] Complaint," insufficient to support individual liability). The FTC has not pled any *facts* that Mr. Mueller was directly involved in, or had the requisite knowledge of, the allegedly deceptive acts or practices alleged in the Complaint, which is a basic requirement of pleading individual liability under Ninth Circuit law. *FTC v. Stefanchik,* 559 F.3d 924, 931 (9th Cir. 2009).

---

**Joint Statement**

    a.  **Extent, Nature, and Location of Discovery.**  The parties intend to conduct discovery using oral depositions, written interrogatories, requests for production of documents, and requests for admissions.  Apart from the disagreements regarding discovery prior to disposition of the motions to dismiss, the parties agree that discovery shall not be conducted in phases except that expert disclosures and discovery from any expert witnesses will be deferred until after the close of fact discovery.  The parties will negotiate deposition locations but anticipate that depositions will occur near the witnesses' primary residences or places of business.  Where the parties and the deponent agree, depositions may be held remotely.  The parties will meet and confer regarding a protocol for remote depositions.

    b.  **Discovery Limitations.**  All of the discovery will be conducted in accordance with the Federal Rules of Civil Procedure, except where the parties have agreed to deviations expressly laid out below.

    c.  **Deposition Duration.**

**FTC Position:** The FTC proposes a substitute for Rule 30's 10 depositions per side limit.  Specifically, the FTC requests that the Court's Case Management Order provide that, Plaintiff or, alternatively, each side, be permitted to take up to 90 total

hours of depositions for all fact witnesses.  This alternative limitation is not prejudicial to Defendants and is appropriate because of the complexity of the case and the number of potential witnesses.  *See, e.g., Web.com, Inc., v. The Go Daddy Group, Inc.*, No. CV 07-1552-PHX-MHM, Rule 16 Scheduling Order at 2 (D. Ariz., Oct. 29, 2007) (allowing each party 135 hours of depositions for all fact witnesses). Rule 30's 10 depositions per side limit is not appropriate where, as here, the action is complex and a disproportionate number of witnesses are employed by one side (here, the Defendants). Indeed, an overall limit on the duration of depositions is more suitable to this case than an arbitrary ceiling on the number of witnesses, and will promote efficient allocation of discovery resources.  "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)." Fed. R. Civ. P. 30(a)(2)(A), advisory committee's notes to 1993 amendment.

The deposition of any witness identified in expert disclosures will not be counted in determining whether the duration of Plaintiff's depositions exceeds this limit. The FTC further requests that the Case Management Order provide that an individual who has been designated under Fed. R. Civ. P. 30(b)(6) to testify on behalf of an organization may also be subject to a separate deposition in his or her individual capacity.

**Defendants' Position:** The Defendants contend that there is no reason at this time to deviate from the Federal Rules of Civil Procedure's deposition rules. The FTC has not identified any specific basis to do so. Nonetheless, as discovery unfolds, the Defendants agree to meet and confer and try to reach agreement to the extent a modification is necessary.

d. **Notice of Representation**.  If a witness is or was employed by a party, that party will promptly, and no later than  7 days after receiving a deposition

notice for the witness, provide the following information to the extent that it is known: (i) whether the party's counsel will be representing the witness in connection with the deposition, and if so, whether the party will produce the witness without a subpoena or accept service of a subpoena; (ii) if the party's counsel will not be representing the witness, the name and contact information for the witness's counsel; and (iii) if the witness is not known to have counsel, the witness's last known address.

e. **Nonparty Document Productions**.   The parties agree that any subpoena directing a nonparty to produce documents will include a cover letter requesting that the nonparty provide copies of all records to both the requesting party and the opposing party at the same time.  If a party serves a subpoena for the production of documents or ESI on a nonparty and a subpoena commanding a deposition by a witness for the nonparty, the party serving those subpoenas will schedule the witness's deposition for a date at least 7 days after the return date for the document subpoena.  If the return date for the document subpoena is extended, absent consent from both sides, the deposition will be postponed to a date at least 7 days after the completion of production to all parties for substantially all documents called for by the subpoena.

**14.     Proposed Deadlines.**

The FTC and Defendants propose the following alternative sets of deadlines.

**FTC's Position**

The FTC proposes the Case Management Order include the deadlines set forth below.  These deadlines assume that discovery will not be stayed pending resolution of Defendants' motions to dismiss:

a.     Fact discovery, including discovery by subpoena and all disclosure required under Rule 26(a)(3) will be completed on or before **December 6, 2024**.

Furthermore, **October 22, 2024** should be (i) the deadline for serving interrogatories, requests for production of documents, and requests for admissions and (ii) the deadline for scheduling depositions.

b.      Expert disclosures should occur after the close of fact discovery.  The FTC believes that disagreements are likely regarding which party has the burden of proof, and such disputes may be obviated by scheduling disclosures based on when a party would offer expert evidence.  Accordingly, the FTC proposes that  the following schedule for expert disclosures and discovery:

For expert opinions that a party will offer to make a dispositive motion or present in its case-in-chief at trial, the parties will provide full and complete expert disclosures(including written reports and backup documentation), as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **January 13, 2025**.

For expert opinions that a party will offer in response to the opinions described above, the parties will provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than  **February 5, 2025**.

The parties will make expert disclosures for expert rebuttals to the responsive opinions, if any, no later than **February 20, 2025**.

No depositions of any expert witnesses shall occur before the aforementioned disclosures concerning expert witnesses are made.

c.      Expert depositions shall be completed no later than **March 13, 2025**.  All expert depositions shall be scheduled to commence at least five working days before this deadline.

d.      Rule 35 Physical or Mental Examinations will not be necessary in this action.

e.      Dispositive motions must be filed by **April 30, 2025.**

f.      Motions challenging the admissibility of expert testimony must be filed by **March 21, 2025**

g.      **December 15, 2024** should be the deadline for the parties to engage in face-to-face good faith settlement talks.

h.      No jury demand has been made. Defendants reserve the right to demand a jury, as appropriate.  As Defendants have not described the basis or scope of any jury demand they might make, the FTC cannot address the grounds for contesting such a demand.

i.      Other matters.

**Notice of Disclosure of Educational Records.**  Discovery relating to Counts I-III will include student educational records that are subject to a statute that requires institutions and their agents comply with procedural obligations prior to disclosure of personally identifiable information in "education records."  *See* 20 U.S.C. § 1232g (b)(2) (Family Educational Rights and Privacy Act or "FERPA").  The law authorizes disclosure of such information to comply with a judicial order with reasonable notice to students in advance of the disclosure.  34 C.F.R. § 99.31(a)(9).

To prevent delays in discovery, the FTC requests that the Court require, in the Case Management Order or by separate order, that, upon receiving a discovery request that encompasses educational records covered by the statute, or upon determining that their response to a discovery request will include information covered by the statute, Defendants shall issue the notices required by FERPA within 15 days.  If Defendants delay in issuing the requisite notice, the exchange of information vital for discovery in this action to proceed will be unreasonably delayed.  In addition, Defendants have not identified any means by which they will be able to satisfy their discovery obligation without providing the requisite notice.

1   The FTC has submitted a proposed order regarding FERPA compliance with this
2   Report.

3   **Pretrial Conference.** If discovery is permitted to proceed on this proposed
4   schedule, the FTC proposes that the Deadline for Notice of Readiness for Final
5   Pretrial Conference be filed no later than seven (7) days after the deadline for
6   dispositive motions.  In the event dispositive motions are filed, the FTC proposes
7   that the Deadline for Notice of Readiness for Final Pretrial Conference be filed
8   seven (7) days after the decision regarding any dispositive motions or upon further
9   order of the Court.

10  **<u>Defendants' Position</u>**

11  Defendants believe that discovery should be stayed until resolution of the pending
12  Motions to Dismiss. Defendants also note that they have already produced a voluminous
13  amount of documents in response to the FTC's CID.  The time to complete fact discovery
14  will largely depend on the reasonableness and scope of ESI requested by the FTC. But so
15  long as the FTC's requests are reasonable and narrowly tailored, Defendants agree that
16  fact discovery can reasonably be completed in roughly nine months. The nine months,
17  however, should not start running until the requested stay of discovery is lifted (assuming
18  one is granted).

19  With respect to the disclosure of student records, the FTC seeks to force Defendants
20  to send disclosure notices to potentially tens of thousands—if not hundreds of thousands—
21  of students within 15 days of receiving a discovery request.  This requires Defendants to
22  incur the cost and burden of complying with FERPA's notice requirement before they
23  have a full opportunity to review and object to the request. Such notices trigger deadlines
24  for students to seek relief against the disclosure of their federally protected student records
25  and issuing them prematurely (when the request may ultimately be limited or quashed
26  entirely) could unnecessarily lead to student stress and confusion. Therefore, it is

important that the parties (and the Court, if necessary) have the opportunity to review and confer about the scope and necessity of such requests before involving students in the dispute. Accordingly, Defendants believe a more reasonable approach is to require Defendants to issue FERPA notices within 15 days from (1) the date by which the responding party is required to serve its objections to the request, if no party objects to the request or (2) if a party objects to the request, the date of the parties' resolution of the objection, or if the parties are unable to resolve the objection, the date the Court orders a response to the request. Defendants also reserve the right to produce any documents or data in a format that avoids the disclosure of current or former student PII through disclosure techniques that comply with 34 C.F.R. § 99.31(b)(1), including, but not limited to, the redaction, anonymization, and/or de-identification of PII to avoid the identification of any individual current or former student.

Additionally, Defendants do not believe the FTC's proposed schedule allows adequate time for expert discovery and dispositive motions. Defendants propose the following deadlines (which should be updated accordingly if discovery is stayed):

a.     The party with the burden of proof on an issue shall provide full and complete expert disclosures, as required by Rule 26(a)(2))(A)-(C) of the Federal Rules of Civil Procedure, no later than **January 13, 2025**.

b.     The responding party (not having the burden of proof) shall provide full and complete expert disclosures, as required by Rule 26(a)(2))(A)-(C) of the Federal Rules of Civil Procedure, no later than **February 27, 2025**.

c.     The party with the burden of proof on the issue shall make its rebuttal expert disclosures, if any, no later than **March 31, 2025**.

d.     Expert depositions shall be completed no later than **April 30, 2025**.  All expert depositions shall be scheduled to commence at least five working days before this deadline.

1    e.    Any motions challenging expert testimony must be filed no later than **May**

2    **28, 2025**.

3    f.    Dispositive motions must be filed no later than **June 27, 2025**.

**15.    Case Management Conference Hearing**

The parties prefer that the Court hold a case management conference before issuing a scheduling order to discuss the scheduling issues described  above**.**

March 26, 2024               Respectfully submitted,

FEDERAL TRADE COMMISSION


By:  */s/*               
Michael E. Tankersley
Naomi Takagi
Brian Berggren
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, D.C. 20580

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*


Derin B. Dickerson
Caroline R. Strumph
Shanique Campbell
ALSTON & BIRD LLP
1201 West Peachtree Street Atlanta, GA 30309-3424
Telephone: 404-881-7000
Email: derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway
ALSTON & BIRD LLP
950 F Street, NW
Washington, DC 20004
Telephone: (202) 239-3034
kathleen.benway@alston.com

Lisa L. Garcia
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor

Los Angeles, CA 90071
Telephone: (213) 576-1000
lisa.garcia@alston.com

Attorneys for Defendant Grand Canyon
Education, Inc.

Steven M. Gombos, VA Bar #30788 (PHV)
David A. Obuchowicz, VA Bar #82483 (PHV)
Jacob C. Shorter, VA Bar #82638 (PHV)
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (PHV)
Erin E. Murphy, VA Bar #73254 (PHV)
Andrew C. Lawrence,
    MD Bar #1512160036 (PHV)
Joseph J. DeMott,
    VA Bar #93981 (PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendants Grand Canyon
University and Brian E. Mueller*

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on March 26, 2024, I electronically transmitted the foregoing

3

Rule 26(f) Report and accompanying document to the Clerk's Office using the CM/ECF

4

System, which will send a notice of filing to all counsel of record.

5

6

                                        */s/ Michael E. Tankersley*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26