MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
BRIAN BERGGREN (CA Bar # 279279)
bberggren@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
         (202) 326-3229 (Berggren)
         (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>  v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>    Defendants. | No. CV-23-02711-PHX-DWL<br><br>**REVISED JOINT RULE 26(f) REPORT** |

Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") and Defendants Grand Canyon Education, Inc. ("GCE") and Brian E. Mueller ("Mueller"), by and through their respective counsel, submit the following Revised Rule 26(f) Report on their conference pursuant to Federal Rule of Civil Procedure 26(f).

**1.     Procedural Background.**

Previously, in March 2024, counsel for the FTC and Defendants GCE, Mueller, and Grand Canyon University met and conferred on numerous occasions virtually and over email to develop the initial Rule 26(f) Report ("Initial Report"). ECF No. 47. The parties jointly filed the Initial Report on March 26, 2024. *Id.* The Court held a Scheduling Conference regarding the Initial Report on April 10, 2024, and granted Defendants' request to stay discovery pending resolution of the motions to dismiss. ECF No. 51. On August 15, 2024, the Court issued a ruling on the pending motions to dismiss, lifted the stay on discovery, and directed the remaining parties to this action—the FTC and Defendants GCE and Mueller—to meet and confer, and then, file a Revised Rule 26(f) Report ("Revised Report"). ECF No. 56.

**2.     Fed. R. Civ. P. 26(f) Meeting.**

On September 3, 2024, counsel for the FTC (Michael Tankersley, Brian Berggren, Carlton Mosley), Defendant GCE (Derin B. Dickerson, Kathleen Benway, Caroline R. Strumph, Shanique C. Campbell, Amanda Wellen), and Defendant Mueller (Steven Gombos and Jacob Shorter) met and conferred virtually to develop this Revised Report. This Revised Report reflects the results of that conference, subsequent discussions between the counsel identified above, and prior discussions related to the Initial Report (*see* ECF No. 47).

**3.     Parties.**

The parties to this action are:

- The Federal Trade Commission.

- Grand Canyon Education, Inc. ("GCE") is a publicly traded company with no parent corporation. No publicly held corporation owns 10% or more of the stock of Grand Canyon Education, Inc.

- Brian E. Mueller is the President of Grand Canyon University, and the Chief Executive Officer, Chairman of the Board, and a director of Defendant GCE.

The FTC notes that the original complaint named Grand Canyon University ("GCU") as a defendant, and that the Court granted GCU's motion to dismiss on August 15, 2024. *See* ECF No. 56 at 51. GCU may be named as a defendant again if the FTC, pursuant to this Court's order granting GCU's motion to dismiss and giving the FTC leave to amend its complaint, files an amended complaint by September 5, 2024. *See id.*

**4.     Service.**

All remaining parties have been served.

**5.     Additional Parties or Amended Pleadings.**

Defendants GCE and Mueller have not yet filed their answers to the complaint. The parties agree that any motion to amend pleadings or add parties shall be filed no later than 60 days after the date on which a Defendant files an answer to the complaint.

**6.     Personal Jurisdiction.**

All currently named parties are subject to this Court's personal jurisdiction.

**7.     Subject Matter Jurisdiction.**

This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1337(a), and 1345.

**8.     Nature of the Case.**

**FTC's Statement of the Case**

The FTC alleges that Defendants have engaged in marketing and telemarketing that violates Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a) ("FTC Act"), and the FTC's Telemarketing Sales Rule, as amended, 16 C.F.R. Part 310 ("TSR").

The FTC alleges that GCE markets the postsecondary educational services of GCU online and through telemarketing pursuant to a contract that makes GCE the exclusive provider of marketing and other services for GCU. The complaint also names Brian Mueller, GCE's CEO and Chairman of the Board.

Counts I and II allege that, through this marketing, Defendants have engaged in deceptive acts or practices in violation of the FTC Act. Count III alleges that the deceptive representations identified in Counts I and II also violate the TSR's prohibition on deceptive representations in the course of telemarketing. More specifically, the complaint alleges that, Defendants have deceptively advertised GCU to prospective students as a nonprofit. The complaint further alleges that Defendants represented that GCU provides doctoral programs that require twenty courses (or 60 credits) and "Total Program Tuition and Fees" of about $40,000, but these representations were deceptive because GCU requires almost all doctoral students to take many more "continuation courses" that add thousands of dollars to the costs.

The complaint also states that GCE's telemarketing activities on behalf of GCU have resulted in millions of abusive telemarketing calls to consumers who have specifically requested that Defendants not solicit them, and illegal calls to individuals on the National Do Not Call Registry. Counts IV and V allege that these illegal calls violate the TSR's prohibitions on abusive telemarketing practices.

The FTC seeks monetary relief, a permanent injunction, and other relief pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b), 56(a), and 57b, and Section 6 of the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105. The FTC estimates that, since June 2019, Defendants have recruited more than 7,500 consumers to enroll in GCU's doctoral program using the deceptive representations described in the complaint. Furthermore, GCE's marketing on behalf of GCU relies heavily on telemarketing and is ongoing. The complaint alleges that the nationwide

telemarketing campaign has already resulted in millions of telemarketing calls to consumers who have placed their telephone numbers on do-not-call lists.

**Defendants' Statements of the Case**

**GCE's Statement of the Case:** Plaintiff alleges that Defendant GCE violated the FTC Act and the TSR by representing that GCU was a non-profit institution and that GCU's doctoral programs can be completed in 60 credit hours and that GCE violated the TSR by calling persons who requested GCU not contact them through telemarketing and calling persons registered on the National DNC list. Plaintiff's claims are deficient both factually and legally.

Although the FTC alleges deceptive representations related to GCU's non-profit status and doctoral programs (Counts I, II, and III) in violation of the FTC Act and TSR, the Complaint fails to identify any actionable statements by GCE. In addition, Plaintiff cannot prevail on its claims for alleged violations of the TSR (Counts IV and V) because GCE had express written consent from and/or an established business relationship with individuals to whom it placed calls. To the extent GCE placed any calls to individuals for whom it did not have express written consent or an established business relationship, it is immune from liability because such calls fall within the Safe Harbor provision of the TSR and are therefore not subject to injunctive or monetary relief.

**Mr. Mueller's Statement of the Case**: In addition to the above, Defendant Mueller at all times acted in good faith and without knowledge of any material misrepresentation or violations of the TSR.

**9.    Contemplated Motions.**

At this time, setting aside dispositive motions or motions regarding pleadings Defendants have yet to file, the FTC does not anticipate filing any motions.

Defendants are presently reviewing the Amended Complaint filed by the Plaintiff today and are evaluating whether that will necessitate the need to file dispositive motions.

**10.    Settlement.**

The parties are amenable to discussing settlement of this matter, but believe that a settlement conference would be premature at this time.  The FTC notes that any proposed settlement must be approved by the Commissioners of the Federal Trade Commission. The parties agree to confer and inform the Court if assistance in seeking a settlement would be productive after discovery in this action.

**11.    Related Cases.**

The FTC considers this case to be related to *Smith v. Grand Canyon Education, Inc.*, No. 2:24-cv-01410-JZB (D. Ariz.), a class action complaint filed on June 12, 2024; *Grand Canyon University v. Miguel Cardona, et al.*, No. 2:21-cv-00177-PHX-SRB (D. Ariz.), currently on appeal to the Ninth Circuit, No. 23-15124 (motion to consolidate denied, ECF No. 36); and *In re Grand Canyon University,* Docket No. 23-34-SF, an administrative action pending before the Department of Education Office of Hearings and Appeals following an appeal by Grand Canyon University.

Defendants disagree that the cases identified by the FTC are "related cases." Although *Smith v. Grand Canyon Education, Inc.* is pending in this District, it does not involve the same parties (only GCE is a party) or the same claims. In fact, the putative class action alleges violations of federal racketeering and state consumer protection statutes, which have no impact on the instant lawsuit. In addition, while a favorable result for GCU in *Grand Canyon University v. Miguel Cardona, et al.* would undercut the FTC's allegations regarding GCU's nonprofit status, the cases do not involve the same parties and do not arise from the same transactions or events.  Similarly, *In re Grand Canyon University,* Docket No. 23-34-SF, does not involve the same parties (none of GCE, Brian Mueller, or the FTC are parties), and it is a regulatory matter under the Higher Education Act and the Department of Education's regulations rather than an enforcement action under the FTC Act.

**12.     Electronically Stored Information.**

The parties are preserving all potentially relevant electronically stored information. The parties expect to request the production of electronically stored information and are conferring about a protocol for production, preservation, disclosure, and discovery of electronically stored information.

**13.     Attorney-Client Privilege or Work-Product Claims.**

Except as otherwise set forth herein and subject to subsequent written stipulation by the parties, all claims of privilege or protection as trial-preparation materials, as well as the production of any information subject to such claims, shall be governed by Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502.

**14.     Discovery Plan.**

The parties' respective positions are set forth below. To the extent the parties disagree on a specific issue or deadlines, the parties submit alternative proposals for the Court's consideration.

a.     **Extent, Nature, and Location of Discovery.** The parties intend to conduct discovery using oral depositions, written interrogatories, requests for production of documents, and requests for admissions. The parties agree that discovery shall not be conducted in phases, except that expert disclosures and discovery from any expert witnesses will be deferred until after the close of fact discovery. The parties will negotiate deposition locations, but anticipate that depositions will occur near the witnesses' primary residences or places of business. In addition, the parties anticipate that some depositions may need to be held remotely. Should the party noticing a deposition request that it take place remotely via a video-conferencing platform, the opposing party may attend the deposition remotely or in person at its election, both for party and third-party depositions. The parties will meet and confer regarding a protocol for conducting remote depositions.

b. **Discovery Limitations.** All of the discovery will be conducted in accordance with the Federal Rules of Civil Procedure, except where the parties have agreed to deviations expressly laid out below.

c. **Deposition Duration.**

**FTC's Position:** The FTC does not believe the limitation on the number of depositions in Rule 30 is appropriate in this action, and instead, requests that this Court set a total number of deposition hours for each side. Specifically, the FTC requests that the Court's Case Management Order provide that, Plaintiff or, alternatively, each side, be permitted to take up to 90 total hours of depositions for all fact witnesses.

This alternative limitation is appropriate in this case because of the complexity of the GCE's marketing operation, the volume of telemarketing calls, and the number of potential witnesses. GCE employs more than 1,500 telemarketing agents, and the FTC has already identified 22 staff members who were specifically tasked with soliciting consumers to enroll in the doctoral program (GCE has not yet provided its initial disclosures). These telemarketing staff received direction regarding who to call from GCE's in-house lead-generators and more than twenty GCE vendors, and GCE training and supervisory personnel are also involved in the tens of millions of outbound telemarketing calls at issue in the complaint. Under these circumstances, Rule 30's default approach to limiting depositions is not appropriate, particularly given the disproportionate number of witnesses employed by the defendants. *See, e.g., Web.com, Inc., v. The Go Daddy Group, Inc.*, No. CV 07-1552-PHX-MHM, ECF No. 60 (Rule 16 Scheduling Order) at 2 (D. Ariz., Oct. 29, 2007) (allowing each party 135 hours of depositions for all fact witnesses); *FTC v. Noland*, No. CV-00-2260-PHX-DWL, ECF No. 142 (Case Management Order) at 2 (D. Ariz. May 28, 2020) (permitting the FTC to take up to 20 depositions of fact witnesses). Indeed, an overall limit on the total number of deposition hours is more suitable to this case than an arbitrary ceiling on the number of depositions,

and will promote efficient allocation of discovery resources. *See, e.g.*, *Hoppmann v. Pampered Pets & Plants Inc.*, No. CV-22-00427-PHX-DWL, 2022 WL 22440844, at *1 (D. Ariz. Apr. 22, 2022) (recognizing in the Order Requiring Rule 26(f) Report that "overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses").

The deposition of any witness identified in expert disclosures will not be counted towards the overall time limit requested above. The FTC further requests that the Case Management Order provide that an individual who has been designated under Fed. R. Civ. P. 30(b)(6) to testify on behalf of an organization may also be subject to a separate deposition in his or her individual capacity.

**Defendants' Position:**

Defendants contend that there is no reason at this time to deviate from the Federal Rules of Civil Procedure's deposition rules. The FTC has not identified any specific basis to do so. The fact that GCE is a company with numerous employees does not justify modifying the Federal Rules. While the FTC references the total number of GCE's "telemarketing agents," it does not assert that all or any of these individuals needs to be deposed, even though FTC engaged in substantial investigation of its claims pursuant to a civil investigative demand before filing the complaint. *See* 7 Moore's Federal Practice – Civil § 30.05 (2024) ("[T]he mere fact that more than 10 individuals may have discoverable information is not a sufficient reason to permit additional depositions."). Of course, cases involving large corporations are routinely litigated in federal court without modifying the Federal Rules' limitation on depositions. Similarly, FTC's reference to the "volume of telemarketing calls" does not, at this time, warrant deviating from the 10-deposition limit, particularly when other discovery tools are available to FTC to identify

relevant information. The FTC's proposal has the potential to be unreasonably burdensome and to waste the parties' (and potentially the Court's) resources as it does impose *any* limitation on the number of depositions the Parties could take. Under its proposal, for example, the FRC could seek to take 90 separate one hour depositions. This is not workable. *See, e.g., Whittingham v. Amherst College*, 163 F.R.D. 170, 171 (D. Mass. 1995) (denying plaintiff's request to exceed deposition limit where plaintiff identified "a large number of individuals who could potentially be deposed" but did not assert that all potential witnesses "need to be deposed," did not "list the exact number of additional depositions he wishe[d] to take," and did not identify "the particular individuals he seeks to depose"). As discovery unfolds, Defendants will work in good faith to ensure the FTC is able to discover the information it needs to prosecute its case and will meet and confer to discuss any necessary modifications to discovery limitations to the extent a modification is necessary. That determination, however, should be made upon an actual showing that additional depositions are necessary.

d. **Notice of Representation**. If a witness is or was employed by a party, that party will promptly, and no later than 7 days after receiving a deposition notice for the witness, provide the following information to the extent that it is known: (i) whether the party's counsel will be representing the witness in connection with the deposition, and if so, whether the party will produce the witness without a subpoena or accept service of a subpoena; (ii) if the party's counsel will not be representing the witness, the name and contact information for the witness's counsel; and (iii) if the witness is not known to have counsel, the witness's last known address.

e. **Nonparty Document Productions**. The parties agree that any subpoena directing a nonparty to produce documents will include a cover letter requesting that the nonparty provide copies of all records to both the requesting party and the opposing party at the same time. If a party serves a subpoena for the production of documents or ESI on

a nonparty and a subpoena commanding a deposition by a witness for the nonparty, the party serving those subpoenas will schedule the witness's deposition for a date at least 7 days after the return date for the document subpoena. If the return date for the document subpoena is extended, absent consent from both sides, the deposition will be postponed to a date at least 7 days after the completion of production to all parties for substantially all documents called for by the subpoena.

15. **Proposed Deadlines.**

The parties propose the following alternative sets of case-related deadlines.

**FTC's Position**

The FTC proposes the Case Management Order include the deadlines set forth below. The FTC's proposed schedule contemplates that, subject to disposition of any dispositive motions, the case will be ready for trial roughly twenty-one months after the filing of the original complaint.

    a. Fact discovery, including discovery by subpoena and all disclosure required under Rule 26(a)(3) will be completed on or before **April 4, 2025**. Furthermore, **February 18, 2025** should be (i) the deadline for serving interrogatories, requests for production of documents, and requests for admissions and (ii) the deadline for scheduling depositions.

    b. Expert disclosures should occur after the close of fact discovery. The FTC believes that disagreements are likely regarding which party has the burden of proof, and such disputes may be obviated by scheduling disclosures based on when a party would offer expert evidence. Accordingly, the FTC proposes the following schedule for expert disclosures and discovery:

- For expert opinions that a party will offer to make a dispositive motion or present in its case-in-chief at trial, the parties will provide full and complete expert disclosures (including written reports and backup documentation), as

   required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **May 9, 2025**.

- For expert opinions that a party will offer in response to the opinions described above, the parties will provide full and complete expert disclosures, as required by Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure, no later than **May 30, 2025**.

- The parties will make expert disclosures for expert rebuttals to the responsive opinions, if any, no later than **June 16, 2025**.

- No depositions of any expert witnesses shall occur before the aforementioned disclosures concerning expert witnesses are made.

   c.   Expert depositions shall be completed no later than **July 21, 2025**. All expert depositions shall be scheduled to commence at least five working days before this deadline.

   d.   Rule 35 Physical or Mental Examinations are not necessary in this action.

   e.   Dispositive motions must be filed by **September 8, 2025.**

   f.   Motions challenging the admissibility of expert testimony must be filed by **August 8, 2025.**

   g.   **April 11, 2025** should be the deadline for the parties to engage in face-to-face good faith settlement talks.

   h.   No jury demand has been made.  Defendants reserve the right to demand a jury, as appropriate.  As Defendants have not described the basis or scope of any jury demand they might make, Plaintiff cannot address the grounds for contesting such a demand.

   i.   Other matters.

   **Notice of Disclosure of Educational Records.** Discovery relating to Counts I-III will include student educational records that are subject to a statute that requires

institutions and their agents to comply with procedural obligations prior to disclosure of personally identifiable information in "education records." *See* 20 U.S.C. § 1232g (b)(2) (Family Educational Rights and Privacy Act or "FERPA").  Defendant GCE has already demonstrated that its defense against allegations that it deceived doctoral students will include education records of GCU students. *See* ECF No. 30-1 at 8-11 (urging the court to consider enrollment agreements and related documents to dismiss complaint). Defendant GCE also has recordings and other records of its telemarketers' communications with students solicited for these programs. *See, e.g.,* ECF No. 25, ¶ 54 (quoting telemarketer's solicitation of doctoral candidate).  FERPA does not prohibit Defendants from disclosing such records in this action, but does require court-ordered notice to students whose names and other identifying information appear in these records. Contrary to Defendants' position, FERPA does not afford Defendants any rights to withhold discoverable information in litigation.  Defendants' contention that notice would be premature is disingenuous; enrollment agreements of doctoral students, and complaints submitted by such students are unquestionably relevant and subject to discovery. Accordingly, the FTC requests that the Court enter an order requiring timely notice under FERPA for the affected doctoral students and any other students whose records Defendants place at issue in this action.

**Pretrial Conference.**  If discovery is permitted to proceed on the proposed schedule above, the FTC proposes that the Deadline for Notice of Readiness for Final Pretrial Conference be filed no later than seven (7) days after the deadline for dispositive motions.  In the event dispositive motions are filed, the FTC proposes that the Deadline for Notice of Readiness for Final Pretrial Conference be filed seven (7) days after the decision regarding any dispositive motions or upon further order of the Court.

**Defendants' Position**

Defendants believe that the time to complete fact discovery will largely depend on the reasonableness and scope of ESI requested by the FTC. But so long as the FTC's requests are reasonable and narrowly tailored, Defendants believe that fact discovery can reasonably be completed in roughly nine months from the Court's August 15, 2024 order lifting the stay of discovery. (*See* Dkt. 56.) While the FTC previously proposed roughly nine months for completion of fact discovery, their current proposal is significantly compressed. Defendants do not believe that the FTC's proposed schedule allows adequate time for discovery and dispositive motions. Accordingly, Defendants instead propose the following schedule:

a. All fact discovery shall be completed on or before **May 15, 2025**. The deadline to serve interrogatories, requests for production of documents, and requests for admissions is no later than **March 31, 2025**.

b. The parties shall engage in face-to-face good faith settlement negotiations by **May 22, 2025**.

c. The party with the burden of proof on an issue shall provide full and complete expert disclosures, as required by Rule 26(a)(2))(A)-(C) of the Federal Rules of Civil Procedure, no later than **June 16, 2025**.

d. The responding party (not having the burden of proof) shall provide full and complete expert disclosures, as required by Rule 26(a)(2))(A)-(C) of the Federal Rules of Civil Procedure, no later than **July 31, 2025**.

e. The party with the burden of proof on the issue shall make its rebuttal expert disclosures, if any, no later than **September 2, 2025**.

f. Expert depositions shall be completed no later than **October 1, 2025**. All expert depositions shall be scheduled to commence at least five working days before this deadline.

1        g.     Any motions challenging expert testimony must be filed no later than **November 3, 2025**.

3        h.     Dispositive motions must be filed no later than **December 1, 2025**.

4        i.     Other matters

**Notice of Disclosure of Educational Records.** Compliance with FERPA imposes significant costs and burden on GCE as well as non-party GCU whose students' records are at issue. GCE and Mueller will have to cooperate with nonparty GCU to issue FERPA notices. As such, Defendants reserve the right to produce any documents or data in a format that avoids the disclosure of current or former student PII through disclosure techniques that comply with 34 C.F.R. § 99.31(b)(1), including, but not limited to, the redaction, anonymization, and/or de-identification of PII to avoid the identification of any individual current or former student. Moreover, FERPA requires the disclosing party to notify students that their records will become part of a legal proceeding and that they need to seek relief in court by a specified deadline if they object to the disclosure. Such notices are sure to cause stress and confusion for a significant number of students. It is important that the parties (and the Court, if necessary) have the opportunity to review and confer about the scope and necessity of any discovery requests before involving students in the dispute. Critically, FTC misapprehends Defendants' position on FERPA. FERPA permits institutions to disclose PII from educational records of a student if the disclosure is to comply with a judicial order or lawfully issued subpoena and the affected students are given notice and an opportunity to seek a protective order. Defendants do not contend that FERPA defines the scope of what is discoverable; rather, Defendants' position is that it cannot determine which records it "may disclose" and which students are affected until FTC serves discovery and Defendants object or respond to it. Accordingly, Defendants believe a more reasonable approach is to require Defendants to issue FERPA notices within 15 days from (1) the date by which the responding party is required to serve its

objections to the request, if no party objects to the request or (2) if a party objects to the request, the date of the parties' resolution of the objection, or if the parties are unable to resolve the objection, the date the Court orders a response to the request. Defendants request entry of a FERPA notice order consistent with these procedures.

**16.    Case Management Conference Hearing.**

The parties prefer that the Court hold a case management conference before issuing a scheduling order to discuss the scheduling issues described above.

September 5, 2024                    Respectfully submitted,

 /s/ Brian Berggren
Michael E. Tankersley
Brian Berggren
Carlton Mosley
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, D.C. 20580

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

|   |   |
|---|---|
| 1 | */s/ Derin B. Dickerson* |
|   | Derin B. Dickerson |
| 2 | Caroline R. Strumph |
|   | Shanique C. Campbell |
| 3 | ALSTON & BIRD LLP |
|   | 1201 West Peachtree Street Atlanta, GA 30309- |
| 4 | 3424 |
|   | Telephone: 404-881-7000 |
| 5 | Email: derin.dickerson@alston.com |
|   | caroline.strumph@alston.com |
| 6 | shanique.campbell@alston.com |
| 7 | Kathleen Benway |
|   | ALSTON & BIRD LLP |
| 8 | 950 F Street, NW |
|   | Washington, DC 20004 |
| 9 | Telephone: (202) 239-3034 |
|   | kathleen.benway@alston.com |
| 10 |   |
|   | Lisa L. Garcia |
| 11 | ALSTON & BIRD LLP |
|   | 350 South Grand Avenue, 51st Floor |
| 12 | Los Angeles, CA 90071 |
|   | Telephone: (213) 576-1000 |
| 13 | lisa.garcia@alston.com |
| 14 | *Attorneys for Defendant Grand Canyon Education, Inc.* |
| 15 |   |
| 16 | */s/ Steven M. Gombos* |
|   | Steven M. Gombos, VA Bar #30788 (PHV) |
| 17 | David A. Obuchowicz, VA Bar #82483 (PHV) |
|   | Jacob C. Shorter, VA Bar #82638 (PHV) |
| 18 | GOMBOS LEYTON, P.C. |
|   | 11350 Random Hills Road, Suite 400 |
| 19 | Fairfax, Virginia 22030 |
|   | Telephone: (703) 934-2660 |
| 20 | Facsimile: (703) 934-9840 |
|   | Email: sgombos@glpclaw.com |
| 21 |   |
|   | Paul D. Clement, VA Bar #37915 (PHV) |
| 22 | Erin E. Murphy, VA Bar #73254 (PHV) |
|   | Andrew C. Lawrence, |
| 23 | MD Bar #1512160036 (PHV) |
|   | Joseph J. DeMott, |
| 24 | VA Bar #93981 (PHV) |
|   | CLEMENT & MURPHY, PLLC |
| 25 | 706 Duke Street |
|   | Alexandria, VA 22314 |
| 26 | Telephone: (202) 742-8900 |

Email: paul.clement@clementmurphy.com

*Attorneys for Defendants Grand Canyon University and Brian E. Mueller*

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on September 5, 2024, I electronically transmitted the |
| 3 | foregoing Rule 26(f) Report and accompanying document to the Clerk's Office using the |
| 4 | CM/ECF System, which will send a notice of filing to all counsel of record. |
| 6 | /s/ Brian Berggren |

- 18 -
REVISED JOINT RULE 26(f) REPORT