1   Steven M. Gombos, VA Bar #30788 (admitted PHV)
    David A. Obuchowicz, VA Bar #82483 (admitted PHV)
2   Jacob C. Shorter, VA Bar #82638 (admitted PHV)
3   GOMBOS LEYTON, PC
    11350 Random Hills Road #400
4   Fairfax, VA 22030
    Telephone: (703) 934-2660
5   Email: sgombos@glpclaw.com

6
    Paul D. Clement, VA Bar #37915 (admitted PHV)
7   Erin E. Murphy, VA Bar #73254 (admitted PHV)
    Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
8   Joseph J. DeMott, VA Bar #93981 (admitted PHV)
9   CLEMENT & MURPHY, PLLC
    706 Duke Street
10  Alexandria, VA 22314
    Telephone: (202) 742-8900
11  Email: paul.clement@clementmurphy.com

12  *Attorneys for Defendant Grand Canyon University*

13                    **In the United States District Court**
14                       **for the District of Arizona**

15

16   Federal Trade Commission,

17            Plaintiff,                        No. 2:23-cv-02711-DWL

18   v.
                                                **Defendant Grand Canyon University's**
19   Grand Canyon Education, Inc.; Grand        **Motion to Dismiss Plaintiff's First**
     Canyon University; and Brian E. Mueller,   **Amended Complaint**
20
              Defendants.
21

22

23

24

25

26

27

28

1

# Table of Contents

2

3

Introduction ..................................................................................................................... 1

4

Background ....................................................................................................................... 2

5

Standard of Review ........................................................................................................ 3

6

Argument .......................................................................................................................... 4

7

Conclusion ....................................................................................................................... 6

8

Certificate of Service ..................................................................................................... 8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## Table of Authorities

2

**Cases**

3
4
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................. 3, 4

5
*Caterpillar Davenport Employees Credit Union v. Huston*,
292 N.W.2d 393 (Iowa 1980) ................................................... 5

6
7
*Gagne v. Hanover Water Works Co.*,
92 F.2d 659 (1st Cir. 1937) ...................................................... 5

8
*In re Fitness Holdings Int'l, Inc.*,
714 F.3d 1141 (9th Cir. 2013) .................................................. 3

9
10
*Karasek v. Regents of Univ. of Cal.*,
956 F.3d 1093 (9th Cir. 2020) ................................................. 3, 4

11
*Miller v. Mohr*,
198 Wash. 619 (1939) ............................................................... 5

12
13
*University v. People*,
99 U.S. 309 (1878) ................................................................... 5

14

15

**Statutes**

16
15 U.S.C. § 44 ....................................................................... 1, 2, 4, 6

17
15 U.S.C. § 45 ........................................................................... 1, 2

18

**Other Authorities**

19
20
Amy Boland, *Nonprofit Accounting Basics*, *The Importance of Operating Reserves for*
*Nonprofits* (Jan. 1, 2021) ......................................................... 6

21
22
Bryan Garner, A DICTIONARY OF MODERN LEGAL USAGE 378 (1987) ........ 5

Hearing Transcript (July 30, 2024), *FTC v. GCE, et al.*,
23
Case No. 2:23-cv-02711 (D. Ariz.) ................................... 2, 3, 5, 6

24

25

26

27

28

**Introduction**

This Court has already issued a thorough opinion rejecting both of the theories under which the FTC attempts to sue Grand Canyon University (GCU). As relevant here, the FTC Act empowers the FTC to bring an enforcement action against a "corporation," defined as any company that "is organized to carry on business for its own profit." 15 U.S.C. § 44; *see id.* § 45. In its original complaint, the FTC alleged that GCU was organized to generate profit not for itself, but for Grand Canyon Education, Inc. (GCE) and GCE's investors, including Defendant Mueller. This Court correctly held that those allegations are insufficient: "Even if GCU is somehow organized for Mueller's and/or GCE's profit," it does not follow that GCU "is organized for its 'own' profit," as the statute's plain text requires. ECF 56 at 24-25. At oral argument, the FTC also gestured toward an alternative theory—namely, that a company "is organized 'for its own profit'" within the meaning of § 44 if it "uses any portion of its revenue to perpetuate or expand itself as a company." *Id.* at 25. The Court found this late-breaking alternative argument equally "unavailing," as "[t]here is nothing untoward about a nonprofit company using its revenue to perpetuate or expand itself as part of its nonprofit mission." *Id.* Accordingly, the Court dismissed all the claims against GCU without prejudice. *Id.* at 27 n.9, 51-.52

In its amended complaint, the FTC doubles down on the same failed theories. First, the FTC reiterates its allegations that GCU was organized "to advance GCE's for-profit business and advance Defendant Mueller's interests." ECF 62 at ¶ 13. The FTC then adds a few sentences conclusorily alleging that GCU was also organized "for its own profit" because GCU "use[s] at least some of its earnings ... to acquire property, secure loans, accumulate capital, and otherwise perpetuate and expand its business." ECF 62 at ¶13; *see id.* at ¶20. The amended complaint thus suffers from the same fatal flaws the Court previously identified. *See* ECF 56 at 14-26. This time, all claims against GCU should be dismissed *with* prejudice.

## Background

The FTC filed its initial complaint naming GCU as a defendant on December 27, 2023. ECF 1. In an effort to establish jurisdiction over GCU under Section 5 of the FTC Act (15 U.S.C. § 45), the FTC alleged that GCU had been "organized by GCE and Defendant Mueller to advance GCE's for-profit business and advance Defendant Mueller's interests as officer, chairman, director, stockholder and promoter of investment in GCE." ECF 1 at ¶13.

GCU moved to dismiss the initial complaint on several grounds,[1] among them that the FTC lacks jurisdiction over GCU because GCU does not meet the FTC Act's definition of a "corporation." ECF 27 at 6-8. The Act defines "corporation" as a company that "is organized to carry on business for its own profit or that of its members." 15 U.S.C. § 44. As GCU explained, the FTC's original complaint failed to allege (even in conclusory fashion) that GCU was organized for its own profit or that of its members, as the Act's plain text requires. ECF 27 at 7-8. Instead, the FTC attempted to establish jurisdiction over GCU based on allegations that it was organized for the profit of *someone else*, namely GCE and Mueller, even though they concededly are not "its members." *Id.* at 8; *see* July 30, 2024 Hr'g Tr. at 30:13-14 (FTC's counsel: "[I]n this case, we're not making any claim about members.").

This Court correctly rejected this unprecedented assertion of power, holding that "the FTC's theory cannot be squared with the plain language of the statute." ECF 56 at 23. The Court also rejected an alternative theory that the FTC raised for the first time during oral argument, i.e., that an entity operates "for its own profit" under 15 U.S.C. § 44 if it "uses any portion of its revenue to perpetuate or expand itself as a company." *Id.* at 25. Such an expansive interpretation would bring all nonprofit universities (indeed, virtually all nonprofits) within the FTC's authority. *See*

---

[1] Without waiving any previously asserted basis for dismissal, GCU focuses this motion on the newly asserted allegations in paragraphs 13-14 and 20 of the FTC's amended complaint.

July 30, 2024 Hr'g Tr. at 31:20-22; *see also* ECF 56 at 25. Tellingly, when the Court pressed the FTC on this point during oral argument, the FTC backpedaled, conceding that a university may "use[] its revenues to expand," so long as its expansion is "in advancement of its educational mission." ECF 56 at 25. The FTC thus "f[ell] back on its original argument" that GCU operated "for its own profit" by allegedly "operating to generate profits for GCE and Mueller." ECF 56 at 25. Because the Court was unable to "reconcile this argument with the language of the statute," *id.*, the Court dismissed all the FTC's claims against GCU without prejudice.

The FTC has now filed an amended complaint in which it reiterates its (legally inadequate) allegations that GCU was organized to generate profits for GCE and Mueller. ECF 62 at ¶14. The amended complaint also adds a few conclusory sentences in support of the alternative theory that FTC's counsel advanced—and then retreated from—during oral argument. The FTC now alleges that GCU was organized to "use at least some of its earnings … to acquire property, secure loans, accumulate capital, and otherwise perpetuate and expand its business, and to increase [its] assets . . . and their value." ECF 62 at ¶¶13, 20. GCU hereby moves to dismiss the FTC's claims against it with prejudice for the reasons this Court already articulated in its prior order.

## Standard of Review

To survive a motion to dismiss, a complaint must "'contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the Court must accept as true "'well-pleaded allegations of material fact,'" ECF 56 at 10 (quoting *In re Fitness Holdings*, 714 F.3d at 1444-45), it need not accept legal conclusions couched as

3

1   factual allegations, *id.* (citing *Iqbal*, 556 U.S. at 678-80). In assessing the amended

2   complaint's sufficiency, the Court may consider GCU's Articles of Incorporation.

3   *See Karasek*, 956 F.3d at 1104 (court may consider "matters of which the court may

4   take judicial notice); ECF 56 at 19, n.6 (taking judicial notice of GCU's articles).

5                                              **Argument**

6        The Court should swiftly dismiss with prejudice the FTC's claims against

7   GCU. The FTC's amended complaint does not contain any new factual allegations

8   in support of the FTC's original argument, i.e., that the FTC has jurisdiction to

9   bring an enforcement action against GCU based on allegations that GCU was orga-

10  nized for the profit of GCE and Defendant Mueller. Accordingly, the Court's prior

11  analysis remains controlling (*see* ECF 56 at 14-26), and GCU incorporates and relies

12  on the arguments in its prior motion to dismiss as to the FTC's unchanged allega-

13  tions (*see* ECF 27 at 6-8; ECF 45 at 1-3).

14       As for the FTC's late-breaking alternative theory, the amended complaint

15  merely adds a handful of conclusory allegations that GCU "was organized" to "per-

16  petuate and expand its business." ECF 62 at ¶13; *see id.* (alleging that GCU "use[s]

17  at least some of its earnings … to acquire property, secure loans, accumulate capi-

18  tal," and "to increase" the value of its assets); *id.* at ¶20 (alleging that GCU has

19  "generated revenue" and "used its earnings to acquire property, accumulate re-

20  serves and enhance the value of its assets, and has reportedly increased the net value

21  of its assets by more than $125 million").

22       As this Court already observed, the FTC's alternative theory is a nonstarter.

23  First, to the extent the FTC's theory rests on allegations about how the university

24  "has been operated," rather than how it was "organized," those allegations are im-

25  material.  *See* ECF 62 at ¶¶13, 20.  As the Court previously observed, 15 U.S.C. §

26  44 "does not speak to how an entity has been operated in practice—it speaks to how

27  the entity is '*organized*.'" ECF 56 at 16-17. And the term "organized" means "in-

28  corporated"—not operated. *See, e.g., Gagne v. Hanover Water Works Co.*, 92 F.2d

                                              4

659, 661 (1st Cir. 1937) ("The statute exempts only those corporations organized (incorporated) for the exclusive purpose[.]); *see also Caterpillar Davenport Employees Credit Union v. Huston*, 292 N.W.2d 393, 396 (Iowa 1980) ("Generally, 'organized' is interpreted to mean incorporated and not 'operated.'").

In all events, the FTC's allegations that GCU "was organized … to perpetuate and expand its business" do not get the job done.  ECF 62 ¶13. As this Court explained, "[t]here is nothing untoward about a nonprofit company using its revenue to perpetuate or expand itself as part of its nonprofit mission." ECF 56 at 25. Indeed, nonprofits may grow their revenue and acquire new assets without undermining their nonprofit status. *See, e.g., Miller v. Mohr*, 198 Wash. 619, 636 (1939) ("The fact that the income of a corporation exceeds its operating expenses does not make a charitable corporation any the less an organization of that class, if the excess of income be used for carrying on the charitable purpose for which the corporation was organized."); *see also* Bryan Garner, A DICTIONARY OF MODERN LEGAL USAGE 378 (1987) (stating that "nonprofit corporation misleadingly suggests that the corporation makes no profits; but such a corporation actually does earn profits and then applies them to charitable purposes"); s*ee generally University v. People*, 99 U.S. 309, 324 (1878) ("The purpose of a college or university is to give youth an education. The money which comes from the sale or rent of land dedicated to that object aids this purpose. Land so held and leased is land held for school purposes, in the fullest and clearest sense.").

The FTC itself acknowledged as much at oral argument. Under questioning from the Court, the FTC's counsel admitted that a university does *not* operate for its own profit merely by generating revenue and "using [that] revenue for expansion or perpetuation." July 30, 2024 Hr'g Tr. at 34:23-35:4. After all, that is how the vast majority of nonprofit universities—and other nonprofits—operate. *See id.* at 31:20-22. And rightly so: A nonprofit with weak financials may find itself unable to

1  effectively advance its nonprofit mission.[2] Accordingly, the FTC has effectively
2  conceded that the new allegations in its amended complaint—which merely allege
3  that GCU has increased its assets and "perpetuate[d] and expand[ed] its business"
4  in various ways, ECF 62 at ¶¶13, 20—are insufficient to establish that GCU was
5  "organized to carry on business for its own profit" within the meaning of 15 U.S.C.
6  §44.

7      While the FTC has also suggested that a university operates "for its own profit"
8  if it uses its revenue for something other than its nonprofit purpose, *see* July 30, 2024
9  Hr'g Tr. at 32:2-34:6, the FTC does not allege that any of the perpetuation and ex-
10  pansion of GCU's operations—e.g., debt retired, property acquired, or capital ac-
11  cumulated—was not in furtherance of GCU's educational mission. *See* ECF 62 at
12  ¶¶13, 20. The FTC's perpetuation-and-expansion theory thus collapses into the
13  FTC's "original argument that because GCU is allegedly operating to generate
14  profits for GCE and Mueller, it is operating 'for its own profit.'" ECF 56 at 25. As
15  this Court previously held, that argument "cannot be squared with the plain lan-
16  guage of the statute." *Id.* at 23. In sum, the FTC's amended complaint presents
17  nothing beyond what this Court has already considered and rejected.

18  ## Conclusion

19      For these reasons, the Court should dismiss the FTC's amended complaint
20  with prejudice.

21
22  Dated: September 26, 2024          Respectfully submitted,

23                      /s/ Steven M. Gombos
24                      Steven M. Gombos, VA Bar #30788

25  [2] *See, e.g.,* Amy Boland, *Nonprofit Accounting Basics, The Importance of Operating*
26  *Reserves for Nonprofits* (Jan. 1, 2021) (countering the misconception that nonprofits
   "should not make a profit" and noting that the "goal" should be "to build a solid
27  base . . . by accumulating net asset balances . . . to enhance and expand current pro-
   grams and further promote the organization's tax-exempt purpose"), available
28  online at https://www.nonprofitaccountingbasics.org/reserves/importance-oper-
   ating-reserves-nonprofits-0.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(PHV)
David A. Obuchowicz, VA Bar #82483
(PHV)
Jacob C. Shorter, VA Bar #82638 (PHV)
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (PHV)
Erin E. Murphy, VA Bar #73254 (PHV)
Andrew C. Lawrence,
    MD Bar #1512160036 (PHV)
Joseph J. DeMott,
    VA Bar #93981 (PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmur-
phy.com

*Attorneys for Defendant Grand Canyon University*

1

**Certificate of Service**

2    I hereby certify that on this day, I electronically transmitted the attached docu-

3  ment to the Clerk of the Court using the CM/ECF system, which will send notifi-

4  cation of such filing and transmittal of a Notice of Electronic Filing to all registered

5  CM/ECF users.

6                                              /s/ Steven M. Gombos

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Certificate of Conferral**

2

3        Pursuant to the Court's preliminary order, I hereby certify that counsel for

4    the movant notified the opposing party that Defendant GCU intended to move for

5    dismissal of the First Amended Complaint and that the parties did not reach a reso-

6    lution.

7                                                          /s/ Steven M. Gombos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28