IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>            Plaintiff,<br><br>v.<br><br>Grand Canyon Education Incorporated, et al.,<br><br>            Defendants. | No. CV-23-02711-PHX-DWL<br><br>**ORDER** |

Discovery and disclosures in this action may involve the production of records subject to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g *et seq*. As background, "Congress enacted FERPA to protect the privacy of students and their parents. FERPA conditions the receipt of federal funding by educational institutions or agencies on their compliance with certain procedures concerning the keeping of educational records. These procedures are designed, among other things, to restrict access to students' educational records by third parties without [consent]. . . . The consent requirement is subject to several exceptions. The most relevant exception . . . allows for disclosure without consent if disclosure is to comply with a judicial order or subpoena and the educational institution has made a reasonable effort at notification. Reasonable efforts to notify must be made in advance of compliance, so that the parent or eligible student may seek protective action. Confidential information may be disclosed if the notification requirements are met and there is a protective order in place restricting disclosure." *Morgan Hill Concerned Parents Ass'n v. Cal. Dept. of Educ.*, 2015 WL 10939711, *3

(cleaned up). *See also* 34 C.F.R. § 99.31(a) ("An educational agency or institution may disclose personally identifiable information from an education record of a student without the consent required by § 99.30 if the disclosure meets [certain conditions]").

Accordingly, pursuant to Fed. R. Civ. P. 26(c), **IT IS HEREBY ORDERED THAT**:

1. To the extent that documents or information that contain personally identifiable information ("PII") from an education record of a current or former student of Grand Canyon University ("GCU"), other than directory information as previously designated by GCU in accordance with 20 U.S.C. § 1232g(a)(5), is furnished in discovery and proceedings in this action, this Order provides for disclosure of such material pursuant to a judicial order in compliance with FERPA.

2. Nothing in this Order shall be construed to be a finding that, or affect in any way the question of whether, any particular material is properly discoverable or admissible or preclude any party from raising any objections or exercising any rights otherwise available to them, including under the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable federal or state laws or regulations.

3. Any Defendant that maintains, in good faith, that a disclosure, document produced during discovery, interrogatory response, or deposition contains PII from education records shall label the record that contains PII as "FERPA Confidential" by stamping the relevant page or portion "FERPA Confidential."

4. Unless the Court orders otherwise or a student has given signed and dated written consent to disclosure (34 C.F.R. § 99.30), PII from documents, interrogatory responses, and disclosures labelled "FERPA Confidential" shall be redacted from any electronic or paper filing with the Court. In order to protect FERPA Confidential information to be used in Court proceedings, the parties shall consider: (i) redacting the confidential documents to remove PII; (ii) coding the documents to substitute a numerical or other designation for the student's name and other identifiable information about the student or his/her family; and (iii) introducing summary evidence where practicable, which

may be more easily redacted.

     5.     The inadvertent failure to designate PII contained in education records as FERPA Confidential prior to production shall be without prejudice to any claim by any Defendant that it is FERPA Confidential and shall not waive that Defendant's ability to secure protection under this Order for such material. In the event Defendants designate material as FERPA Confidential after it has been inadvertently disclosed, the parties shall treat such material as such pursuant to this Order and shall make arrangements to have the materials, including copies, marked "FERPA Confidential."

     6.     If it comes to any Defendant's attention that information or items designated as "FERPA Confidential" do not qualify for protection, that Defendant must promptly notify all other parties that it is withdrawing the designation.

     7.     Except in instances in which an individual has given a signed and dated written consent to disclosure (34 C.F.R. § 99.30), PII in in documents or responses labelled as "FERPA Confidential" may only be viewed by (a) counsel to a party of this action, including all counsel of record throughout the litigation, outside counsel of record, and other attorneys, paralegals, secretaries, and support staff employed in the office of any counsel of record; (b) independent experts and stenographic and clerical employees associated with experts. (Prior to receiving any FERPA Confidential information of the Defendants, the expert must execute a copy of the "Agreement to Be Bound By Order on Disclosure of Information in Education Records," attached hereto as Exhibit A. Counsel for the party that retained the expert must retain executed copies of such exhibits.); (c) the Court and any Court staff and administrative personnel; (d) court reporters and entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.; (e) any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action; and (f) employees of GCU or Defendant Grand Canyon Education, Inc. ("GCE") who testify at

deposition or at trial.

8. Disclosure of PII from education records labelled "FERPA Confidential" pursuant to this Order shall be only for the purposes of the preparation and hearing of this proceeding, or any appeal, therefrom, and for no other purpose whatsoever, provided, however, that the FTC may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose PII as provided by Sections 4.9-4.11 of its Rules of Practice; 16 C.F.R. §§ 4.9-4.11, Sections 6 and 21 of the FTC Act, 15 U.S.C. §§ 46(f) and 57b-2; or any other legal obligation imposed upon the FTC.

9. Prior to disclosure of PII from education records in disclosures or responses to discovery requests, Defendants shall send notice pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9) to students whose education records are relevant to such request or contain information that Defendants would disclose in their response. Defendants shall send such notice no later than fifteen (15) days from: (a) the date by which the responding party is required to serve its response to the request; or (b) if a party objects to such request, the date of the parties' resolution of the objection; or (c) if the parties are unable to resolve the objection, the date the Court orders a response to the request; or (d) in the case of disclosures, the date of this Order.

10. The notices shall include the following:

> Education records of Grand Canyon University that identify you and other Grand Canyon University students may be disclosed to the Federal Trade Commission (FTC), court personnel, and attorneys for the parties in the course of a lawsuit titled *Federal Trade Comm'n v. Grand Canyon Education, Inc., et al*, Case No. CV-23-02711-PHX-DWL, currently pending in the United States District Court for the District of Arizona, and to experts or support personnel involved in this suit. This notice gives you advance notice of the potential release of these records in accordance the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, and 34 C.F.R. § 99.3. This statute permits the disclosure of education records to comply with a lawfully issued court order or subpoena when a reasonable effort to notify the student is made in advance.
>
> A court order in this lawsuit limits the use of education records that

identify you or other students ("Personally Identifiable Information") to this lawsuit and restricts disclosure to protect your privacy. The Court's order provides that information that identifies an individual student must be removed from the records if they are filed in the public court record. The Court's order also provides that you have the opportunity to object to disclosure of information that identifies you if you conclude that the Court's order limiting access to such information does not adequately protect the education records that identify you.

Under the Court's order, you are permitted twenty (20) days from this Date of Notice to object to the court's order. To object, you or an attorney acting on your behalf must submit a letter to the address below. Your objection letters must include substantial reasons for objection and reach the Court at the physical address provided below.

HONORABLE DOMINIC W. LANZA
RE: FERPA Objection
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 621
U.S. District Court for the District of Arizona
401 West Washington Street, SPC 46
Phoenix, AZ 85003-2151

Please ensure that any objections to the production of the requested records will arrive at the Court's mailing address within twenty (20) days from the Date of Notice. All objections will be evaluated by the Court upon receipt and you will be notified of the status of your objection.

Court employees cannot provide you with legal advice. Grand Canyon University, Grand Canyon Education, Inc., and its employees and attorneys are not permitted to provide you with legal advice or guidance concerning responding to this notice. For additional information, please visit the Court's website at https://www.azd.uscourts.gov/.

11. Defendants shall notify the students whose education records are potentially subject to disclosure by electronic mail or by first-class mail sent to the student's last known address. If Defendants are not reasonably able to notify any student(s) by email or first-class mail, Defendants may notify such student(s) in a manner that is reasonable under the circumstances. But in no event shall Defendants be excused from complying with

FERPA's notice requirements.

12. Counsel for Defendants shall file a Certificate of Service indicating that notices have been sent and the deadline given in the notice for students to object. This Certificate will not disclose the identities of the students who received the notice. The Court will provide: (a) the Defendants with the names of any individuals who submit an objection during the period set forth in the notice and (b) Plaintiff with the number of individuals who submit an objection during such period.

13. Records or responsive information that identifies a student who does not submit an objection during the twenty (20) day objection period will promptly be produced to satisfy discovery obligations unless the records or responses are being withheld pending resolution of objections or privileges unrelated to FERPA. These records will be released without redactions and will include all PII. If a student requests protective action during the 20-day period, their records will not be released without further Court instructions.

Dated this 7th day of October, 2024.

_____
Dominic W. Lanza
United States District Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>Defendants. | No. CV-23-02711-PHX-DWL<br><br>**AGREEMENT TO BE BOUND BY ORDER ON DISCLOSURE OF INFORMATION IN EDUCATION RECORDS** |

I, _____, declare and say that:

    1.    I am employed as _____ by _____.

    2.    I have read the order on disclosure of information in education records (the "Order") entered in *Federal Trade Commission v. Grand Canyon Education, Inc.*, No. CV-23-02711-PHX-DWL (D. Ariz.), and have received a copy of the Order.

    3.    I promise that I will use any and all "FERPA Confidential" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

    4.    I promise that I will not disclose or discuss such "FERPA Confidential" information with anyone other than the persons described in paragraph 7 of the Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

6. I understand that any disclosure or use of "FERPA Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

7. I will return all materials containing "FERPA Confidential" information (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of materials labelled "FERPA Confidential" or any information contained therein.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                     Signature