MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
BRIAN BERGGREN (CA Bar # 279279)
bberggren@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
         (202) 326-3229 (Berggren)
         (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>　　　　Defendants. | No. CV-23-02711-PHX-DWL<br><br>**THE FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT GRAND CANYON UNIVERSITY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .................................................................................................................. 1

THE AMENDED COMPLAINT ........................................................................................... 1

ARGUMENT .......................................................................................................................... 3

CONCLUSION ....................................................................................................................... 7

- i -

THE FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT GRAND CANYON UNIVERSITY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................. 3

*California Dental Ass'n v. FTC*,
  526 U.S. 756 (1999) ..................................................................................... 4, 5, 6

*Hillcrest Country Club, Inc. v. United States*,
  152 F. Supp. 896 (W.D. Mo. 1957) ..................................................................... 4

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) ................................................................................ 3

*Liu v. Sec. & Exch. Comm'n*,
  591 U.S. 71 (2020) ............................................................................................... 2

*Providence Rubber Co. v. Goodyear*,
  76 U.S. 788 (1869) ............................................................................................... 2

*Samuel Friedland Found. v. United States*,
  144 F. Supp. 74 (D.N.J. 1956) ............................................................................. 4

*SEC v. Children's Hosp.*,
  214 F. Supp. 883 (D. Ariz. 1963) ........................................................................ 4

*Spencer v. World Vision, Inc.*,
  633 F.3d 723 (9th Cir. 2011) ................................................................................ 2

**Statutes**

15 U.S.C. § 44 ............................................................................................... 1, 4, 5, 6

15 U.S.C. § 45 ........................................................................................................ 1, 5

**Rules**

Fed. R. Civ. P. 8(a)(2) ............................................................................................... 3

## INTRODUCTION

The Federal Trade Commission's ("FTC's," or "Commission's") amended complaint addresses this Court's August 15 Order by squarely alleging that Defendant Grand Canyon University ("GCU") was organized "to carry on business for it is own profit." Amended Compl., ECF 62 ¶ 13. This allegation and the supporting details in the amended complaint sufficiently plead that GCU is a "Corporation" as defined in 15 U.S.C. § 44 ("Corporation"). Defendant GCU's arguments that the definition of Corporation requires more do not find support in the statute or precedent, and its motion to dismiss should be denied.

## THE AMENDED COMPLAINT

The amended complaint alleges deceptive marketing and telemarketing abuses by Defendants in the course of marketing the services of Grand Canyon University. Amended Compl., ECF 62 ¶¶ 22-65. The FTC Act gives the Commission authority to bring enforcement actions against "persons, partnerships or corporations" responsible for such misconduct, 15 U.S.C. § 45(a)(1), (2), and the definition of Corporation in Section 4 includes a [1] "company," [2] "incorporated or unincorporated," [3] "without shares of capital or capital stock or certificates of interest," [4] "which is organized to carry on business for its own profit or that of its members." ECF 56 at 16 (discussing 15 U.S.C. § 44). In the August 15 Order, the Court recognized that the Commission's initial complaint sufficiently alleged that GCU met the first three of these requirements, but concluded that the allegations were not sufficient with respect to the fourth insofar as the initial complaint did not allege that Defendant GCU was organized "for its own profit or that of its members." *Id.* at 24-25.

The amended complaint describes Defendant GCU in paragraphs 6 and 12-21, including new allegations in Paragraphs 13, 14 and 20 that respond to the Court's August 15 Order. According to the amended complaint, Defendant Grand Canyon

- 1 -

Education, Inc. ("GCE"), which owned and operated the University as a for-profit beginning in 2004, devised a plan to re-brand the University as a nonprofit by transferring some of its assets and operations to a new entity, created and headed by GCE's CEO and Chairman of the Board, Defendant Brian E. Mueller. Amended Compl., ECF 62 ¶ 13. The purported nonprofit formed to implement this plan, initially named Gazelle University, was created so that it would acquire portions of the University from GCE. *Id.* ¶¶ 11-13. GCE would retain other portions of the University's operations, continue to be the exclusive provider of marketing for the business, and receive most of its income. *Id.* ¶¶ 13, 15-16. Gazelle University/GCU was organized, the amended complaint alleges, so that both it and GCE could profit from this division of assets and operations. *Id.* ¶¶ 13-14. Gazelle University/GCU could use earnings from operating the University to "acquire property, secure loans, accumulate capital, and otherwise perpetuate and expand its business, and to increase the assets of the corporation and their value." *Id.* ¶ 13. At the same time, it also would advance GCE's business, the interest of GCE's investors, and the interests of Defendant Mueller as GCE's CEO, Chairman, and stockholder. *Id.* ¶ 14.

The amended complaint alleges that both GCU and GCE have profited from the restructuring, as GCU has used earnings to acquire property and improve its balance sheet, while also directing revenue to GCE and its investors. *Id.* ¶ 20. The surplus revenue GCU invests in its business represents "profit" in ordinary use of the term.[1] As

---

[1] *See Liu v. Sec. & Exch. Comm'n,* 591 U.S. 71, 83 (2020) (quoting the definition of "profit" from *Providence Rubber Co. v. Goodyear*, 76 U.S. 788, 804 (1869), the gains "made upon any business or investment, when both the receipts and payments are taken into the account"); *Spencer v. World Vision, Inc.*, 633 F.3d 723, 734 (9th Cir. 2011) (O'Scannlain, J., concurring) (recognizing that "a 'nonprofit' may make a 'profit'—at least in the sense that it may have net earnings because its revenues exceed its costs"). The authorities cited by GCU in its motion agree that the surplus from nonprofit business activities represents profit. *See* GCU Mot., ECF 71 at 5 (citing Bryan Garner, A

- 2 -
THE FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT GRAND CANYON UNIVERSITY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

described in the amended complaint, Defendant GCU was organized for "its own profit" *and* to advance the business of Defendants GCE and Mueller, and has, in fact, used a portion of its net earnings to increase its assets by more than $125 million. *Id.* ¶ 20.

## ARGUMENT

Rule 8(a) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "does not require 'detailed factual allegations.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In deciding whether a complaint adequately states a claim, the court "must take all of the factual allegations in the complaint as true." *Iqbal*, 556 U.S. at 678. Moreover, it must construe those allegations in the light most favorable to the nonmoving party. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

The amended complaint removes any doubt that the Commission alleges that Defendant GCU is "organized to carry on business for its own profit," and, therefore, satisfies all four requirements of Section 4 of the FTC Act discussed in this Court's prior ruling. *See* ECF 56 at 16. As discussed below, Defendant GCU's arguments to the contrary are without merit because: (1) the amended complaint is not conclusory, (2) it unambiguously alleges GCU was organized for its own profit, and (3) the statutory text does not support the additional requirements GCU seeks to impose.

First, as the description above makes clear, the amended complaint alleges facts, with supporting details, showing that Gazelle University/GCU was created to allow all three Defendants to profit. Contrary to GCU's argument (ECF 71 at 4, 6), the added allegations are not "conclusory" and go beyond those in the initial complaint. The

---

DICTIONARY OF MODERN LEGAL USAGE 378 (1987); *id.* at 6 n.2 (citing Amy Boland, *Nonprofit Accounting Basics, The Importance of Operating Reserves for Nonprofits* (Jan. 1, 2021)).

additional allegations provide what the Court identified as missing from the initial complaint. *See* ECF 56 at 25 (observing that "no facts have been pleaded suggesting [GCU] is organized for its 'own' profit."). The additional allegations state that Gazelle University/GCU was organized for its own profit, that it was not organized exclusively for charitable purposes, and that it has reportedly increased the net value of its assets by more than $125 million. ECF 62 ¶¶ 13, 14, 20. Thus, the amended complaint alleges that GCU satisfies the definition of "Corporation" in 15 U.S.C. § 44.

Second, the amended complaint alleges both that Defendant GCU was organized for its own profit and has been operated for its own profit. Amended Compl., ECF 62 ¶ 13. Consequently, GCU attacks a straw man when it argues the amended complaint fails "to the extent [it] . . . rests on allegations about how the university 'has been operated,' rather than how it was 'organized,'" and "organized" and "operated" are mutually exclusive terms. GCU Mot., ECF 71 at 4-5.[2] Whether organized and operated are mutually exclusive or overlap in their meaning is irrelevant in evaluating the

---

[2] To support its assertion that the term organized refers *only* to the act of incorporation, and "operated" is wholly distinct from incorporation, Defendant GCU cherry-picks citations to decisions that do not address the FTC Act or the issue presented here. As a matter of ordinary meaning, the terms overlap; the activities involved in operating an organization may include organizing it. *See Merriam-Webster's Collegiate Dictionary* (11th ed. 2022) ("operate" definitions include "to put or keep in operation"); *Webster's Third New International Dictionary*, 1581 (1976) ("operate" definitions include "to cause to occur: bring about by or as if by the exertion of positive effort or influence"; "to cause to function"; "to manage and put or keep in operation whether with personal effort or not"). More importantly, in applying the term "organized," courts have not limited the inquiry to a corporation's charter, but have examined the actual motivations for organizing. *See SEC v. Children's Hosp.*, 214 F. Supp. 883, 889 (D. Ariz. 1963); *Samuel Friedland Found. v. United States*, 144 F. Supp. 74, 84-85 (D.N.J. 1956); *Hillcrest Country Club, Inc. v. United States*, 152 F. Supp. 896, 898 (W.D. Mo. 1957); *see also California Dental Ass'n*, 526 U.S. 756, 766-68 (1999) (citing association's activities that contribute to members' profits as evidence that the association is organized for the profit of its members 44 U.S.C. § 44). Defendant GCU does not argue that the recitations in its charter are controlling here, and such an argument would be contrary to multiple precedents construing 15 U.S.C. § 44. *See* Order, ECF 56 at 18 n.4 (citing cases concluding that corporate charter does not control whether an entity is subject to FTC enforcement authority).

1  sufficiency of the amended complaint because the Commission alleges GCU was
2  operated *and* organized for its own profit.
3      Third, the allegations of the amended complaint show GCU satisfies the
4  requirements set forth in the statute, but GCU's motion seeks to insert requirements that
5  have no basis in the FTC Act's text.  GCU asserts that the amended complaint is
6  inadequate because GCU's use of its net earnings to perpetuate and expand its business
7  is not untoward or unlawful.  GCU Mot., ECF 71 at 5.  But none of the four elements of
8  the definition of Corporation turn on whether the entity is engaged in improper conduct.
9  *See* ECF 56 at 16 (identifying four relevant elements of 15 U.S.C. § 44).  The function of
10 the definition is simply to identify the types of entities that are within the FTC's
11 authority.  The question of whether a Corporation's conduct is illegal turns on other
12 sections of the FTC Act that deem unlawful deceptive or unfair practices.  *See, e.g.*, 15
13 U.S.C. §§ 45, 52-54.  Thus, the Supreme Court did not require the FTC to show that the
14 California Dental Association engaged in improper conduct to determine whether the
15 Association was a Corporation subject to the FTC's authority. *See California Dental*
16 *Ass'n v. FTC*, 526 U.S. 756, 765-69 (1999).  Whether the Association's advertising
17 restrictions were unlawful was a distinct inquiry that the Court addressed after
18 concluding it satisfied the definition.  *Id.* at 769.  Here, the allegations that GCU is a
19 Corporation simply establish that it may be held responsible for violations of the FTC
20 Act such as those alleged in the amended complaint.
21     GCU also disregards the statutory text when it argues the amended complaint is
22 insufficient because it does not allege that "any of the perpetuation and expansion of
23 GCU's operations . . . was not in furtherance of GCU's educational mission."  GCU
24 Mot., ECF 71 at 6.  Neither the statutory text nor precedent supports GCU's claim that a
25 corporation that generates profit for itself may avoid the proscriptions of the FTC Act if
26

the corporation devotes a portion of its earnings to further an educational mission.[3]  Nor does the statute provide that the FTC Act applies only to corporations organized "single-mindedly" *either* solely for their own profit *or* solely for the profit of others.  *Cf. California Dental Ass'n*, 526 U.S. at 766 (observing for the profit of "its members" in 15 U.S.C. § 44, does not require that "an entity must devote itself single-mindedly to the profit of others").  As the amended complaint alleges, GCU was not organized exclusively for the educational purposes it has represented, but to advance the business of Defendants GCE and Mueller. ECF 62 ¶ 13.[4]  The FTC Act's definition of Corporation does not contain any term that excludes such a corporation from the Commission's regulatory authority.

---

[3] Defendant GCU does not argue that net earnings, or the potential to generate net earnings, that may be used to enrich the corporation, do not represent "profit."  Such an argument would be unavailing as the case law, culminating in the Supreme Court's decision in *California Dental Association*, forecloses the argument that "profit" in Section 4 has a narrow or technical meaning that would not include net earnings.  *See California Dental Ass'n*, 526 U.S. at 766-68.

[4] The question of whether a corporation that is organized solely for a public purpose is a "Corporation" under 15 U.S.C. § 44 is not presented here.

**CONCLUSION**

For the foregoing reasons, Defendant GCU's motions to dismiss the amended complaint should be denied.

DATED: October 10, 2024  Respectfully submitted,

FEDERAL TRADE COMMISSION

By: */s/ Michael E. Tankersley*
Michael E. Tankersley
Brian Berggren
Carlton Mosley
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, D.C. 20580
Telephone: (202) 326-2991
Email:mtankersley@ftc.gov

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

# CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2024, I electronically transmitted the foregoing The Federal Trade Commission's Opposition to Defendant Grand Canyon University's Motion to Dismiss the First Amended Complaint to the Clerk's Office using the CM/ECF System, which will send a notice of filing to all counsel of record.

                                                        /s/Michael E. Tankersley

- 8 -
THE FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT GRAND CANYON UNIVERSITY'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT