Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road #400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendant Grand Canyon University*

**United States District Court**
**for the District of Arizona**

| | |
|---|---|
| **Federal Trade Commission,** | No. 2:23-cv-02711-PHX-DWL |
| Plaintiff, | |
| v. | **Grand Canyon University's Reply in Support of its Motion to Dismiss** |
| **Grand Canyon Education, Inc.; Grand Canyon University; and Brian E. Mueller,** | |
| Defendants. | |

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .................................................................................................................. 1

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) .................................................................................................................. 1

*Cal. Dental Ass'n v. FTC*,
526 U.S. 756 (1999) .................................................................................................................. 4

*FTC v. Community Blood Bank*,
405 F.2d 1011 (8th Cir. 1969) ............................................................................................... 2, 4

**Statutes**

15 U.S.C. § 44 .................................................................................................................... 1, 2, 4

**Other Authorities**

Jon Marcus, *The Herchinger Report*,
*Colleges are now closing at a pace of one a week* (Apr. 26, 2024) ................................... 3

LaMont Jones, Jr., *U.S. News & World Report*,
*Look for These Red Flags in a College's Finances* (June 9, 2023) .................................. 3

Michael T. Nietzel & Charles M. Ambrose, *Inside Higher Ed*,
*Colleges on the Brink* (Feb. 5, 2024) ............................................................................... 3

Michael T. Nietzel, *Forbes*,
*At Year's End, Several Colleges Face a Financial Reckoning* (Dec. 20, 2022) ................ 3

Sarah Butrymowicz & Pete D'Amato, *The Herchinger Report*,
*Analysis: Hundreds of Colleges and Universities show financial warning signs* (Aug. 4, 2020) ............................................................................................................................... 3

*U.S. Dept. of Educ.,*
*Financial Student Aid Handbook*, Vol. 2, Ch. 4 (2023-2024) ........................................... 4

**Regulations**

34 C.F.R. § 668.172 ................................................................................................................... 3

34 C.F.R. Part 668 Appendix B to Subpart L .................................................................... 3

## Grand Canyon University's Reply

The FTC's opposition fails to meaningfully engage with this Court's August 15 order dismissing the original complaint and gives no sense of an obligation to do so. In its prior order, this Court rejected as "unavailing" the FTC's theory that a nonprofit is "organized to carry on business for its own profit," 15 U.S.C. § 44, if it uses "its revenue to perpetuate or expand itself as part of its nonprofit mission." ECF 56 at 25. While the FTC gives lip service to "address[ing]" the defects this Court identified in that order, Opp'n at 1, the FTC never acknowledges—let alone confronts—that crucial holding. ECF 56 at 25.  But that holding controls this motion because the First Amended Complaint adds nothing beyond what the Court previously addressed.

As an initial matter, the FTC's conclusory statement that GCU was "organized for its own profit" is not a factual allegation entitled to the presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The only new *facts* that the First Amended Complaint alleges are that GCU has used its revenue to retire debt, acquire property, accumulate capital, build its reserves, increase the value of its assets, and expand or perpetuate the University. *See* ECF 62 ¶¶ 13, 20. But those kinds of commonplace activities, which are undertaken by nonprofits throughout the country, in no way suggest that GCU has used its revenue to enrich itself, its member, or (non-existent) shareholders, as they are the kind entirely consistent with the nonprofit mission for which GCU was organized.[1] And allegations which are at most consistent with a claim, but that are more likely explained by lawful behavior, cannot survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 567 (2007).

The FTC's contention that GCU's motion (and this Court's prior decision) "seeks to insert requirements that have no basis in the FTC Act's text," Opp'n at 5, is meritless.

---

[1] *See* ECF 27-1 at 3 ("The primary purpose of [GCU] is to operate for general education purposes . . . one or more campuses in Maricopa County, Arizona" and its "specific purpose . . . is to establish and/or acquire, and thereafter own and operate, a Christian university.").

1

| | |
|---|---|
| 1 | While it might be "untoward" for a non-profit to deviate from its nonprofit mission, GCU |
| 2 | has not argued that the statutory definition of corporation "turn[s] on whether the entity is |
| 3 | engaged in improper conduct." *Contra id.* Instead, GCU maintains—as this Court already |
| 4 | held—that a nonprofit does not meet the statutory requirement to "carry on business for its |
| 5 | own profit," 15 U.S.C. § 44, just because it "perpetuate[s] or expand[s] itself as part of its |
| 6 | nonprofit mission." Mot. at 5 (quoting ECF 56 at 25). That follows from well-established |
| 7 | principles about non-profit status. *See id.* (collecting authorities). Indeed, more than half a |
| 8 | century ago the Eighth Circuit rejected the same argument the FTC advances now: that a |
| 9 | nonprofit that "receives income in excess of expenses" and uses it "for self-perpetuation |
| 10 | and expansion" is "organized for its own profit." *FTC v. Community Blood Bank*, 405 F.2d |
| 11 | 1011, 1016 (8th Cir. 1969). The FTC has no answer to these longstanding principles. |
| 12 | What is more, the FTC's latest argument contradicts its own prior representations. The |
| 13 | FTC previously acknowledged that a nonprofit entity that uses its "net earnings" for its |
| 14 | nonprofit mission "would *not* be engaged in business for its own profit." *See* Hr'g Tr. at |
| 15 | 5:17-6:10 (July 30, 2024) (emphasis added); *see also* ECF 56 at 25 ("[T]he FTC responded |
| 16 | that it was not the FTC's position that 'anytime a university uses its revenues to expand, |
| 17 | it's no longer a nonprofit' so long as the expansion (or perpetuation) is 'in advancement of |
| 18 | its educational mission.'"). Yet the FTC now abandons any discernable limiting principle |
| 19 | (*see* Opp'n at 5-6), taking a stance that would give it authority over virtually every thriving |
| 20 | nonprofit. To be sure, what the FTC alleges in the First Amended Complaint's new para- |
| 21 | graphs are sound financial principles for nonprofit universities.[2] *See, e.g.*, 34 C.F.R. § |

---

[2] As noted in GCU's motion (ECF 71 at 6), nonprofits with weak financials may actually find themselves unable to effectively advance their nonprofit mission. This conclusion is becoming increasingly obvious in the case of nonprofit universities. *See, e.g.*, Sarah Butrymowicz & Pete D'Amato, *The Herchinger Report, Analysis: Hundreds of Colleges and Universities show financial warning signs* (Aug. 4, 2020) ("More than 50 public and non-profit institutions have closed or merged since 2015, and experts expect to see more closures in the coming academic year.") available at https://hechingerreport.org/analysis-

668.172 (establishing the composite score requirements nonprofits universities must meet to be financially responsible to participate in the federal student loans programs).[3] But the mere fact that a non-profit is earning revenue and expanding does not transform it into a for-profit. No federal court has ever adopted such a broad reading of the FTC Act's definition of a corporation, which would eviscerate §4's limiting language and give the FTC

---

hundreds-of-colleges-and-universities-show-financial-warning-signs/; LaMont Jones, Jr., *U.S. News & World Report, Look for These Red Flags in a College's Finances* (June 9, 2023) ("[M]any institutions, especially small and medium-sized institutions, are dealing with significant financial issues. There are estimates that over a third of them have negative operating margins. That's just not sustainable.") available at https://www.usnews.com/education/articles/look-for-these-red-flags-in-a-colleges-finances; Michael T. Nietzel & Charles M. Ambrose, *Inside Higher Ed, Colleges on the Brink* (Feb. 5, 2024) ("At the vast majority of colleges, even some elites, the biggest problem is a more fundamental one, common to most enterprises: how to operate in a financially responsible way.") available at https://www.insidehighered.com/opinion/views/2024/02/05/most-colleges-finances-are-biggest-challenge-opinion; Michael T. Nietzel, Forbes, *At Year's End, Several Colleges Face a Financial Reckoning* (Dec. 20, 2022) ("As 2022 draws to its close, several colleges—both public and private—are coming to terms with a grim financial future that has caused them either to announce their upcoming closure or warn that they face impending peril.") available at https://www.forbes.com/sites/michaeltnietzel/2022/12/20/at-years-end-several-colleges-face-a-financial-reckoning/; Jon Marcus, *The Herchinger Report, Colleges are now closing at a pace of one a week* (Apr. 26, 2024) ("Colleges are almost certain to keep closing. As many as one in 10 four-year colleges and universities are in financial peril, the consulting firm EY Parthenon estimates.") available at https://hechingerreport.org/colleges-are-now-closing-at-a-pace-of-one-a-week-what-happens-to-the-students/.

[3] The Department's composite score requirement is a weighted average of three financial ratios: the Primary Reserve Ratio (which measures viability and liquidity); the Equity Ratio (which measures capital resources and credit worthiness); and the Net Income Ratio (which measures net earnings or profitability). *See* 34 C.F.R. Part 668 Appendix B to Subpart L. According to the Department, the composite score is weighted to reflect "the extent to which a school has the financial responsibility to: 1) replace existing technology with newer technology; 2) replace physical capital that wears out over time; 3) recruit, retain, and retrain faculty and staff (human capital); and 4) develop new programs." *See U.S. Dept. of Educ., Financial Student Aid Handbook*, Vol. 2, Ch. 4 (2023-2024) available at https://fsapartners.ed.gov/sites/default/files/2023-2024/2023-2024_Federal_Student_Aid_Handbook/_knowledge-center_fsa-handbook_2023-2024_vol2_ch4-audits-standards-limitations-cohort-default-rates.pdf.

authority over all manner of nonprofit entities. *See, e.g., Community Blood Bank*, 405 F.2d at 1018 ("[C]ontrary to the position of the Commission, Congress did not intend to bring within the reach of the Commission any and all nonprofit corporations[.]"); *Cal. Dental Ass'n v. FTC*, 526 U.S. 756, 767 n.6 (1999) ("[W]e do not, and indeed, on the facts here, could not, decide today whether the Commission has jurisdiction over nonprofit organizations that do not confer profit on for-profit members . . . ."). This Court should not be the first.

Ultimately, the FTC's opposition ends at the same place its initial complaint began. *See* ECF 1 at ¶13 (alleging that GCU advanced Defendants GCE's and Mueller's interest). Without so much as acknowledging the Court's August 15 order, the FTC (again) asserts that GCU is a corporation for §4 purposes because it was "organized" "to advance the business of Defendants GCE and Mueller." Opp'n at 6. But that argument "cannot be squared with the plain language of the statute," as this Court previously held. ECF 56 at 23. Consequently, the FTC's amended complaint presents nothing beyond what this Court considered and rejected in its August 15 order.

## Conclusion

For the reasons above and those in GCU's motion to dismiss (ECF 71), the Court should dismiss the FTC's amended complaint with prejudice.

Dated:  October 17, 2024.                                Respectfully submitted,

                                                         /s/Jacob Shorter

                                                         Gombos Leyton, P.C.
                                                         11350 Random Hills Road, Ste. 400
                                                         Fairfax, Virginia 22030
                                                         Telephone: (703) 934-2660
                                                         Facsimile: (703) 934-9840
                                                         Email: jshorter@glpclaw.com

                                                         Attorney for Defendant Grand Canyon University

**Certificate of Service**

I hereby certify that on October 17, 2024, I filed the above document with the Court using the CM/ECF system, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF users.

/s/ Jacob Shorter