MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY A. ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
         (202) 326-3719 (Ashe)
         (202) 326-3477 (Roy)
         (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>Defendants. | No. CV-23-02711-PHX-DWL<br><br>**JOINT WRITTEN SUMMARY OF DISCOVERY DISPUTE** |

Pursuant to the Court's Scheduling Order (ECF 70), and Local Rule of Civil Procedure 7.2(j), Plaintiff Federal Trade Commission ("FTC") and Defendants Grand Canyon Education, Inc. ("GCE"), and Brian E. Mueller ("Mueller") jointly file this discovery dispute summary relating to Defendants' production of documents.

1  **The FTC's Position:** Defendants GCE and Mueller have conditioned their production of
2  documents on the FTC accepting a global order. *See* Exhibit A (GCE response); Doc.
3  97-1 (Mueller Response).  The demand is improper and untimely.  Defendants did not
4  seek a protective order during multiple discovery planning conferences.  Moreover,
5  although they received the FTC's document requests in September, Doc. 62, 76, they
6  have refused to identify the types of documents they claim warrant a protective order or
7  how they would satisfy their burden to show "good cause" exists for the broad order they
8  demand.  The FTC seeks production of the documents Defendants are withholding
9  without further delay.  If Defendants are permitted to belatedly seek a protective order,
10 the order should be narrow and limited to material for which Defendants certify that
11 disclosure would result in a specific, identifiable harm to their business.
12         First, Defendants are improperly holding the production hostage by conditioning
13 production on the FTC consenting to the protective order they demand.  Protective
14 orders generally should be sought before discovery is due; a party is not excused from
15 producing because it desires a protective order.  *Mahar v. U.S. Xpress Enterprises, Inc.*,
16 688 F. Supp. 2d 95, 113 (N.D.N.Y. 2010) ("motions for a protective order must be made
17 in a timely manner, which ordinarily means that the motion must be made by the date set
18 for the discovery or production unless there was no opportunity to so move.").
19 Defendants have no excuse for not making a timely motion.  The FTC informed
20 Defendants shortly after the complaint was filed that it did not agree with Defendants'
21 blanket claims of confidentiality for material during the pre-complaint investigation.
22 Exhibit B.  Despite this, Defendants did not seek a protective order during the multiple
23 discovery planning conferences, which included negotiations on a Rule 26(c) order for
24 education records.  *See* Doc. 47, 63 (reports on 26(f) conferences); Doc. 79 (protective
25 order).  Defendants' responses to the FTC's document requests were due October 3 and
26 October 27.  Instead of presenting good cause for a protective order, however,

1  Defendants have demanded a protective order as a condition of production.

2        Second, a sweeping protective order would be inappropriate in this action because
3  most of the activities at issue are neither proprietary nor confidential.  Defendants are
4  obligated to publicly report their activities and finances; GCE must report as a publicly
5  traded company, and GCU must report under IRS regulations.[1]  GCU's suit against the
6  Department of Education has placed additional details about the companies' relationship
7  and Defendant Mueller's role in the public domain.[2]

8        Moreover, this action does not involve trade secrets or proprietary formulas.
9  Instead, it centers on representations Defendants made to the public in advertisements,
10 catalogues, enrollment agreements, online solicitations, and telemarketing calls.  *See*
11 Doc. 62, ¶¶ 22-24, 41-45, 50-56, 64-65; Doc. 56, at 4-5, 6-8.  It also concerns
12 Defendants' failure to comply with do-not-call requests.  Doc. 62, ¶¶ 34-40; Doc. 73, ¶¶
13 37 (acknowledging more than a million calls to consumers who had made do-not-call
14 requests).  Neither the representations that Defendants disseminated to induce sales, nor
15 the substantiation (or lack of substantiation) for such representations are the type of
16 information that would ordinarily justify a protective order.  Similarly, Defendants'
17 handling of do-not-call requests are not competitively sensitive.  Defendants, however,
18 improperly asserted that *all* their documents on these activities were presumptively

---

[1] *See* GCE SEC Filings at *https://investors.gce.com/financial-information/sec-filings*; Grand Canyon University – Financial Reports and Continuing Disclosures, *https://www.gcu.edu/financial-disclosures;* Internal Revenue Service, Public disclosure and availability of exempt organization returns and applications: Public disclosure overview, *https://www.irs.gov/charities-non-profits/public-disclosure-and-availability-of-exempt-organization-returns-and-applications-public-disclosure-overview.*

[2] *See, e.g.,* Doc. 57*, Transcript of Oral Argument, July 30, 2024* at 17 (documents involved in the GCE-GCU transaction "have been public for some time.")*; Grand Canyon University v. Cardona,* No. 2:21-cv-00177-SRB, ECF Doc. 59-1, Index of Exhibit to Motion for Summary Judgment and Statement of Material Facts.  Six years ago, in 2018, GCU requested that only a few of its submissions to the Department of Education be withheld as confidential business information. Exhibit C.

entitled to confidential treatment until Defendants were challenged to defend these claims. Doc. 5 at 2 (motion to temporarily seal complaint due to Defendants' confidentiality claims).

Defendants have the burden of proving "good cause" for a protective order. *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). To do so, Defendants must "'demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm.'" *Ladner v. RentGrow Inc.*, 2023 WL 4661817, at *1 (D. Ariz. July 20, 2023) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (*quoting Deford v. Schmid Prod. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.'" *FTC v. Noland*, 2021 WL 2187021, at *4 (D. Ariz. May 28, 2021) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted)).[3]

Defendants have declined to address this burden and, instead, have insisted that the FTC consent to an order that would permit them to label material confidential without Defendants certifying that disclosure would result in a specific harm. Exhibit D at 3. They have also asserted that they are excused from identifying types of documents or the basis for a protective order at this stage of discovery. *Id.* at 1. Neither claim has merit. Defendants may not obtain relief under Rule 26(c) without good cause, or withhold documents that have been requested based on requests that have not been made. If a protective order is entered, it should be narrow and require the designating party to certify it has a good faith basis for its designations, as set forth in Exhibit E.

---

[3] Protection may be limited based on balancing of public and private interest. *In re Roman Cath. Archbishop*, 661 F.3d at 424. We do not, however, argue that such balancing is required for a party to make the threshold representation that disclosure would result in an identifiable, significant harm.

**Defendants' Position:** The FTC refuses to agree to the entry of a protective order that tracks this Court's standard protective order ("Standard Order") based on its unfounded conclusion that discovery in this case will only involve non-confidential materials. To the contrary, the FTC issued sweeping discovery requests call for production of non-public proprietary documents and information. The FTC's hyperbolic accusation that Defendants are holding production "hostage" is baseless. As is customary in modern litigation, Defendants are prudently taking reasonable efforts to protect the unnecessary disclosure of confidential materials by seeking the entry of a standard protection order. Accordingly, Defendants request that the Court enter Defendants' proposed Protective Order ("Proposed Order"), attached hereto as Ex. 1.

The Proposed Order is based upon this Court's standard protective order ("Standard Order"), with a redline showing the differences between Defendants' Proposed Order and the Standard Order attached hereto as Ex. 2, in accordance with the Court's prior Order. ECF 13 at 5. As this Court has recognized, "[t]he law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information," and "courts have consistently granted protective orders that prevent disclosure of many types of information." *D Stadtler Trust 2015 Trust v. Gorrie*, 2023 U.S. Dist. LEXIS 55343 (Mar. 30, 2023) (cleaned up) (emphasis in original).

Good cause exists for the Proposed Order in this action because the FTC's broad discovery seeks competitively sensitive materials, including, among other things: documents related to the transfer of GCU assets and related service agreements; marketing plans and evaluations; internal discussions involving proprietary operational practices and methods; proprietary training materials; and documentation of internal compliance systems. The public disclosure of these materials to unauthorized parties would cause Defendants significant and identifiable harm to their continued operation by benefiting

competitor institutions and entities.

*Defendants' request for entry of the Proposed Order is timely and proper as it comes on the heels of a breakdown of the Defendants' negotiations of a protective order with the FTC.* On October 9, 2024 (a day after providing responses to the FTC's First Set of Requests for Production), Defendants sent the FTC a proposed Protective Order based upon the Court's own exemplar Protective Order. Ex. 3. Defendants made light edits to adapt the Standard Order to the needs of this case, which principally involved removing the "CONFIDENTIAL – FOR COUNSEL ONLY" designation in favor of a single tiered order that allowed viewing of Confidential Information by the parties permitted by such designation in the exemplar Order. Sixteen days later, on October 25, 2024, the FTC provided Defendants with its proposed protective order containing several edits that differ substantively from the Standard Order. Ex. 4. On November 1, Defendants sent the FTC a response to its proposed edits to the draft protective order, agreeing to most of the FTC's request, but noting that a few issues between the parties remained. Ex. 5.

On November 6, 2024, the parties met and conferred regarding the disagreements regarding the proposed protective order. On November 18, 2024, Defendants sent the FTC a revised proposed protective order, attempting to address the concerns raised by the FTC during the November 6 meet and confer. Ex. 6. Defendants' attempts to compromise with the FTC were rejected.

*The Court should not adopt an order that limit's Defendants' ability to share documents with their principals and executives.* Defendants' original proposal to the FTC included a single tier "Confidential" category. *See* Ex. 4. Defendants do not believe that an "Attorneys Eyes Only" limitation is justified here, category would limit Defendants' ability to properly defend themselves in this action. In response to Defendants' proposal, the FTC, without justification, removed from the draft order the provision allowing for documents designated as Confidential to be viewed by "Party principals or executives who are

1  required to participate in policy decisions with reference to this action[.]" Ex. 5. In response to the FTC's request during the November 6 meet and confer, Defendants proposed a list of specific titles and categories of employees in place of the original language which the FTC believed was too open ended. Again, the FTC rejected the proposal without any justification for its proposed limitations. Because the FTC offers no justification for limiting party principals and executives' access to materials designated as Confidential in this matter, the Court should adopt Defendants Proposed Order on this issue.

*The Court should adopt the provision of the Standard Order concerning materials that may be designated as Confidential.* Though Discovery is in the early stages, it is already apparent that documents sought by the FTC will include sensitive and confidential material. While Defendants are unable to ascertain the exact nature, extent, and sensitivity of all of the confidential materials the FTC will seek in this litigation, Defendants have already identified sensitive and confidential material that is responsive to the FTC's already served requests as discussed above. Accordingly, the provisions of the Court's Standard Order, which provide that "[a]ny party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party," should be adopted by this Court.

As this Court has observed, "the Ninth Circuit has implicitly acknowledged, the use of blanket protective orders conserves judicial resources – and taxpayer money – by eliminating the requirement that a party move for a protective order every time that party produces documents they contend are confidential." *Gorrie*, 2023 U.S. Dist. LEXIS 55343, at *12. In determining if good cause exists, "the Court simply must determine that there is good cause to believe that a party or person is at risk of suffering annoyance, embarrassment, oppression, or undue burden or expense." *Id.* at 13. Here good cause exists for the Proposed Order and would conserve judicial resources in this action.

**Local Rule of Civil Procedure 7.2(j) Certification**

The undersigned jointly certify that they have attempted to resolve this matter through written correspondence, telephone consultation, and sincere efforts as required by Local Rule of Civil Procedure 7.2(j), and have reached an impasse.

| | |
|---|---|
| Respectfully submitted, | DATED: November 27, 2024 |
| ATTORNEYS FOR PLAINTIFF<br>FEDERAL TRADE COMMISSION | ATTORNEYS FOR DEFENDANT<br>GRAND CANYON EDUCATION, INC. |
| /s/<br>Michael E. Tankersley<br>Gregory A. Ashe<br>Carlton Mosley<br>Patrick Roy<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue NW<br>Washington, D.C. 20580<br>Telephone: (202) 326-2991<br>Email: mtankersley@ftc.gov | Derin B. Dickerson<br>Caroline R. Strumph<br>Shanique C. Campbell<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>Telephone: 404-881-7000<br>Email: derin.dickerson@alston.com<br>caroline.strumph@alston.com<br>shanique.campbell@alston.com<br><br>Kathleen Benway<br>Graham Gardner<br>ALSTON & BIRD LLP<br>950 F Street, NW<br>Washington, DC 20004<br>Telephone: (202) 239-3034<br>kathleen.benway@alston.com<br>Graham.Gardner@alston.com<br><br>Lisa L. Garcia<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-1000<br>lisa.garcia@alston.com |

| | |
|---|---|
| 1 | ATTORNEYS FOR DEFENDANTS GRAND CANYON UNIVERSITY AND BRIAN E. MUELLER |
| 2 | |
| 3 | |
| | Steven M. Gombos, VA Bar #30788 (PHV) |
| 4 | David A. Obuchowicz, VA Bar #82483 (PHV) |
| | Jacob C. Shorter, VA Bar #82638 (PHV) |
| 5 | GOMBOS LEYTON, P.C. |
| | 11350 Random Hills Road, Suite 400 |
| 6 | Fairfax, Virginia 22030 |
| 7 | Telephone: (703) 934-2660 |
| | Facsimile: (703) 934-9840 |
| 8 | Email: sgombos@glpclaw.com |
| 9 | Paul D. Clement, VA Bar #37915 (PHV) |
| | Erin E. Murphy, VA Bar #73254 (PHV) |
| 10 | Andrew C. Lawrence, MD Bar #1512160036 (PHV) |
| 11 | Joseph J. DeMott, VA Bar #93981 (PHV) |
| | CLEMENT & MURPHY, PLLC |
| 12 | 706 Duke Street |
| | Alexandria, VA 22314 |
| 13 | Telephone: (202) 742-8900 |
| 14 | Email: aul.clement@clementmurphy.com |