# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Grand Canyon Education Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-02711-PHX-DWL<br><br>**ORDER** |

　　　Pending before the Court is the parties' joint notice of discovery dispute. (Doc. 102.) The Court concludes that oral argument is unnecessary and rules as follows.

　　　The overarching disputed issue concerns the necessity of a protective order.[1] Defendants request the entry of a custom protective order that differs from the Court's standard protective order in several ways, including (1) adding a judicial certification that the disclosure of unspecified materials to unauthorized parties "would cause the parties, and in particular Grand Canyon Education, Inc. and Grand Canyon University, significant and identifiable harm to their continued operation and competitive interests" (Doc. 102-7

---

[1] The FTC also objects to the timing of Defendants' request for the entry of a protective order, arguing that "[p]rotective orders generally should be sought before discovery is due; a party is not excused from producing because it desires a protective order." (Doc. 102 at 2.) The Court concludes that the timing of Defendants' request does not provide a basis for denying relief here. The materials attached to the parties' joint statement show that Defendants first broached the issue of a stipulated protective order with the FTC on October 9, 2023 (Doc. 102-8) and that the parties engaged in extensive meet-and-confer discussions on that issue in the ensuing months. Meanwhile, the FTC contends that some of the discovery responses at issue here were due on October 3, 2024 and others were due on October 27, 2024. (Doc. 102 at 2.) Under the circumstances, and given the complexity of this case, Defendants' request for a protective order is not forfeited due to untimeliness.

at 2); (2) broadening when a party may designate information as "CONFIDENTIAL" to include any document that contains "SENSITIVE PERSONAL INFORMATION," an attorney-drafted term defined as "(a) any Social Security number; (b) sensitive employment history or health-related data including medical records; (c) biometric identifier; or (d) any one or more of the following when combined with an individual's name, address, or phone number: (i) date of birth, (ii) driver's license or other state identification number, or a foreign equivalent, (iii) military identification number, (iv) passport number, (v) financial institution account number or, (vi) credit or debit card number (*id.* at 3-4); (3) eliminating the possibility of a "CONFIDENTIAL—FOR COUNSEL ONLY" designation (*see, e.g., id.* at 4, 6-7, 9); and (4) specifying that any document designated as "CONFIDENTIAL" may be viewed by a litany of GCU and GCE employees (*id.* at 8).

Meanwhile, the FTC argues that "a sweeping protective order would be inappropriate in this action because most of the activities at issue are neither proprietary nor confidential." (Doc. 102 at 3.) The FTC concludes: "If a protective order is entered, it should be narrow and require the designating party to certify that it has a good faith basis for its designations." (*Id.* at 4.) To that end, the FTC has submitted its own proposed protective order (Doc. 102-5), but the FTC has not provided redlines to indicate how its proposed order differs from the Court's standard order.[2] Nevertheless, it appears to the Court that the FTC's proposed version would essentially make *every* confidentiality designation an attorneys'-eyes-only designation, except that GCU or GCE employees "who testify at deposition or trial" would be privy to the confidential documents. (Doc. 102-5 at 6.) Indeed, the FTC took the paragraph from the Court's standard order that limits who may view materials designated "CONFIDENTIAL–FOR COUNSEL ONLY" and

---

[2] In the preliminary order issued at the outset of this case, the Court explained: "The Court's standard protective order is available on the Judges' Orders, Forms & Procedures page on the Court's internet site. If the parties agree that discoverable materials should be kept confidential, they may file a stipulation requesting that the Court issue its standard protective order. If the parties wish to propose additional provisions, they may request and stipulate to the additional proposed language, subject to the Court's review. In that case, all language added to the standard order by the parties should be redlined into a Word document using 'tracked changes,' and the parties' Word document with the tracked changes must be emailed to chambers." (Doc. 13 at 5.)

proposed imposing the same limitations on all materials designated as "CONFIDENTIAL," except for adding GCE/GCU deponents and trial witnesses. Notably excluded are "party principals or executives who are required to participate in policy decisions with reference to this action," who would be able to view "CONFIDENTIAL" materials but not "CONFIDENTIAL–FOR COUNSEL ONLY" materials under the Court's standard protective order.[3]

As an initial matter, to the extent FTCs position is that there is no basis for issuing a protective order in this action, the Court disagrees. Although much of the discovery in this case may not be sensitive, the Court agrees with Defendants that at least a subset of the materials likely to be exchanged during discovery may be "competitively sensitive materials." (Doc. 102 at 5). Good cause exists to issue a protective order in these circumstances.

Turning to the specifics, the Court is not persuaded that the parties' proposed revisions to the Court's standard protective order are necessary or appropriate. For example, the Court cannot and will not make a preemptive certification, requested by Defendants, that the disclosure of unspecified materials "would cause" GCE and others to incur "significant and identifiable harm to their continued operation and competitive interests." (Doc. 102-7 at 2.) Although the possibility of such harm provides the good cause for the issuance of a protective order, the Court cannot go further at this stage of the case and make specific findings of actual harm as to undisclosed documents.

It also appears to the Court that both sides' attempts to remove the possibility of a "CONFIDENTIAL—FOR COUNSEL ONLY" designation are counter-productive. Under Defendants' proposed order, every confidential document would be viewable by GCE's policymakers, and under the FTC's version, every confidential document would be generally barred from their view, except for GCU or GCE employees "who testify at deposition or trial." (Doc. 102-5 at 6.) The Court's standard order contains two

---

[3] Technical personnel and their clerical employees, who would be able to view "CONFIDENTIAL" materials under the Court's standard order, are also included in the FTC's proposed order.

1  designations (with differing applicable standards) to enable the parties to decide, on a case-
2  by-case basis, when materials are so sensitive that the parties should not have access to
3  them. The two competing alterations would eliminate this case-by-case decision process.
4  Neither party has articulated a persuasive reason to deviate from the Court's standard
5  practice here. Defendants "do not believe that an 'Attorneys Eyes Only' limitation is
6  justified here [because it] would limit Defendants' ability to properly defend themselves in
7  this action" (Doc. 102 at 6), but Defendants do not explain how they would be so limited.
8  The Court's standard protective order places limits on each side's ability to utilize the
9  "CONFIDENTIAL—FOR COUNSEL ONLY" designation and vests the other side with
10 the ability to challenge such a designation. On the other hand, the FTC does not offer any
11 explanation at all for why *no* confidential materials should be viewable by GCE's
12 policymakers, and such a position appears to be at odds with the FTC's assertion that the
13 materials at issue in this case are not particularly sensitive.
14      Finally, to the extent the FTC seeks additional modifications to the Court's standard
15 protective order beyond those discussed above, its failure to provide the required redlined
16 version (Doc. 13 at 5) makes it impossible to review the propriety of those proposed
17 additional modifications.
18      It is not a good use of judicial resources to examine attorney-drafted protective
19 orders to determine whether they conform with the federal and local rules and this Court's
20 procedures, nor is it practical for the Court to issue protective orders with logistics that
21 vary from case to case. The Court's standard order is simple and workable and should
22 suffice in most cases. The parties have not persuaded the Court that its standard order
23 would not suffice here. For these reasons, the Court concludes that the simplest and best
24 path forward is to issue its standard protective order, which will issue concurrently with
25 the docketing of this order.
26      …
27      …
28      …

1    Accordingly,

2    **IT IS ORDERED** that the parties' joint notice of discovery dispute (Doc. 102) is
3    **resolved** as discussed above.  The Court's standard protective order will issue concurrently
4    with the docketing of this order.

5    Dated this 9th day of December, 2024.

Dominic W. Lanza
United States District Judge