# Exhibit C

Joint Written Notice of Discovery Dispute

MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
BRIAN BERGGREN (CA Bar # 279279)
bberggren@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
             (202) 326-3229 (Berggren)
             (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>　　　　　Defendants. | No. CV-23-02711-PHX-DWL<br><br>**PLAINTIFF FEDERAL TRADE COMMISSION'S REVISED FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GRAND CANYON EDUCATION, INC.** |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Federal Trade Commission ("FTC" or "Commission") requests that Defendant Grand Canyon Education, Inc. produce for examination, inspection, and copying the documents described below, within thirty (30) days, at the FTC's office, 600 Pennsylvania Avenue, N.W., Mail Stop CC-6316, Washington, D.C. 20580, or at such time and place as may be agreed upon by counsel.

## INSTRUCTIONS

1. The instructions set forth in Federal Rules of Civil Procedure 26 and 34 are incorporated herein by reference. Responses should be supplemented as required by Federal Rule of Civil Procedure 26(e).

2. If, after exercising due diligence to secure the responsive Documents, You cannot answer all or part of any request for production ("Request") answer the Request to the extent possible, specifying why full compliance is not possible, stating whatever information or knowledge You have concerning the Documents You were not able to secure, and detailing what You did in attempting to secure the responsive Documents.

3. If You assert a claim of privilege in responding to or objecting to any Request, state the nature of the privilege and the basis for the claim in accordance with Federal Rule of Civil Procedure 26(b)(5).

4. If You timely object to any part of the Request, specifically state the reason(s) for the objection(s) and answer all parts of the Request to which You do not object.

5. In lieu of making documents available at the FTC's office, You may send all responsive documents:

    a. Via overnight courier (such as Federal Express) to Esi Kovacs, Federal Trade Commission, 600 Pennsylvania Ave, NW, Mail Stop CC-10232, Washington, D.C. 20580; or

        b.      Via an encrypted online data transfer platform. Please contact Esi Kovacs by e-mail (ekovacs@ftc.gov) or phone (202-326-3691) if You would like to upload the responsive information via the FTC's encrypted online data transfer platform.

6. Produce Documents, including electronically stored information, in accordance with the attached production requirements.

7. If any material called for by these Requests contains Sensitive Personally Identifiable Information, please contact the FTC's counsel before sending those materials to discuss uploading those Documents via the FTC's encrypted online data transfer platform or encrypting any electronic copies of such material with encryption software such as Secure Zip and provide the encryption key in a separate communication. For purposes of these Requests, Sensitive Personally Identifiable Information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license number or other state identification number, or a foreign country equivalent, passport number, financial account number, credit card number, or debit card number.

## DEFINITIONS

All definitions and rules of construction set forth in the Federal Rules of Civil Procedure, including Rule 34, are incorporated herein by reference. In addition to those definitions and rules, the following terms used in these Requests shall have the meanings set forth as follows:

1. "**All**" means "any and all," and "**any**" means "any and all."

2. "**And**" and "**or**" shall be individually interpreted in every instance as meaning "and/or" and shall be construed as is necessary in each case to make each Request

inclusive rather than exclusive, and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any Request.

3. "**Communication**" means the transmittal of information by any means. Requests for material Relating To Communications also include entries in the Company's customer management system or other database that memorialize or describe a Communication.

4. "**Company**," "**You**," or "**Your**" means Grand Canyon Education, Inc. and its wholly or partially owned subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, predecessors, affiliates, and all directors, officers, partners, members, employees, agents, consultants, and other persons working for or on behalf of the foregoing.

5. "**Document**" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure, including, but not limited to, all writings (whether in printed or recorded form or reproduced by any other mechanical process or written or reproduced by hand), electronically stored information, internet web pages, tape and sound recordings and also includes agreements, contracts, communications, correspondence, memoranda, records of telephone conversations, notes, drafts, reports, notebooks, corporate resolutions and minutes, recordings, and other data or data compilations stored in any medium from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form.  In addition, the term includes copies of documents that are not identical duplicates to the originals, and copies of documents, the originals of which are not in your possession, custody, or control.  The term also includes e-mails, (whether they reside on computer hard drives, servers, or back-up tapes) searchable and readable in native format, and information stored in any modern word processing program, including all reasonably current versions of WordPerfect, Google Docs, Apple Pages, and Microsoft Word.

6. **"Doctoral Program"** means an academic program of the Grand Canyon University College of Doctoral Studies that includes a dissertation requirement.

7. **"Established Business Relationship"** means a relationship between Grand Canyon University and a consumer based on: (a) the consumer's purchase, rental, or lease of Grand Canyon University's goods or services or a financial transaction between the consumer and Grand Canyon University, within the eighteen (18) months immediately preceding the date of a Telemarketing call; or (b) the consumer's inquiry or application regarding a product or service offered by Grand Canyon University, within the three (3) months immediately preceding the date of a Telemarketing call.

8. **"Internal Do-Not-Call List"** means the list of telephone numbers of persons who have stated that they do not wish to receive Outbound Telephone Calls from the Grand Canyon University or any Telemarketer acting on behalf of the Grand Canyon University.

9. **"National Do-Not-Call Registry"** means the registry of telephone numbers maintained by the FTC, as set forth in 16 C.F.R. § 310.4(b)(1)(iii)(B).

10. **"Outbound Telephone Call"** means a telephone call initiated by the Company or its agents to induce the purchase of goods or services or to solicit a charitable contribution.

11. **"Relating To"** or **"Relate To"** means constituting, comprising, containing, consisting of, setting forth, proposing, showing, disclosing, describing, or tending to describe, identifying, pertaining to, discussing, explaining, evidencing, comprising, indicating, analyzing, summarizing, authorizing, communicating about, or referring to directly or indirectly.

12. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from consumers.

13. **"Telemarketing"** means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves more than one interstate telephone call.

14. **"Telemarketing Sales Rule"** or **"TSR"** means 16 C.F.R. Part 310.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All reports, analyses, memoranda, correspondence, emails, agendas, minutes of meetings, and recordings of conversations, regarding plans or proposals for the transfer of the Grand Canyon University campus and related assets to a nonprofit entity (including "Project Gazelle" and plans or proposals for the transfer of Grand Canyon University assets that developed into, or from "Project Gazelle"), including all records of Communications with members of the Grand Canyon University Board of Trustees, Wells Fargo, Bank of America, Barclays PLC, the Internal Revenue Service, the Department of Education, and the Higher Learning Commission, regarding such plans or proposals.

2. All records containing, discussing, or evaluating marketing plans in which Grand Canyon University would be advertised, or is described, as a nonprofit, and any projections, analyses, or evaluations of the impact of such advertising or descriptions on recruiting, enrollment, revenue, or costs. For purposes of this Request, marketing in which Grand Canyon University would be advertised, or is described, as a nonprofit includes any statements that the University has transitioned or reverted back to its non-profit roots; statements that the University is "Private. Christian. Affordable. Nonprofit."; statements that the University is Arizona's premier "Nonprofit Private Christian University"; and statements distinguishing the University from for-profit institutions.

3. All Documents Relating To the Company's procedures for complying with 16 C.F.R. § 310.4(b)(1)(ii) and (iii), including Documents Relating To the adoption and implementation of such procedures; training associated with such procedures; monitoring or enforcing compliance with such procedures; the personnel responsible for

implementing, monitoring, and enforcing compliance with such procedures; reporting and investigating alleged or suspected violations of 16 C.F.R. § 310.4(b)(1)(ii) and (iii) by the Company or any Telemarketer acting on behalf of the Company; and the dates for the above activities and any subsequent changes to these personnel, procedures, or activities. This Request encompasses Documents Relating To Company procedures in effect on or after July 1, 2018.

4. All Documents Relating To actions the Company has taken since July 1, 2018 in response to violations, or suspected or alleged violations, of the Telemarketing Sales Rule, or the failure, or the suspected or alleged failure, of Company personnel or contractors to follow the Company's policies or procedures for compliance with the Telemarketing Sales Rule.

5. For all Outbound Telephone Calls since July 1, 2018 that the Company contends were permissible because the conditions in 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2) were satisfied at the time the Outbound Telephone Call was initiated, produce all Documents that show the timing and circumstances of each call; all summaries, spreadsheets, or databases identifying the basis for the Company's contentions; and any documentation of an Established Business Relationship with, or an agreement obtained from, the recipient of the Outbound Telephone Call, including all forms, scripts, and recordings containing the terms of the agreement or Established Business Relationship.

6. All records from the Company's contact management system and student information system for individuals who received Outbound Telephone Calls since July 1, 2018 that the Company contends were permissible because the conditions in 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2) were satisfied at the time the Outbound Telephone Call was initiated.

7.     Education Records, as defined by 20 U.S.C. § 1232g(a)(4), or other Documents recording Communications with students who enrolled in a Doctoral Program on or after June 17, 2019 that Relate To the terms or requirements for Doctoral Programs offered by Grand Canyon University, including all solicitations, applications, enrollment agreements, messages, e-mails, and cost projections, in any format.

8.     All call recordings stored in the Calabrio system Relating To students enrolled in a Doctoral Program on or after June 17, 2019 until the present.

9.     All Communications Relating To continuation courses for Doctoral Programs sent to or from University Counselors, University Development Counselors, and Student Services Counselors assigned to communicate with individuals who have enrolled in, or expressed an interest in, Doctoral Programs, and Communications sent to or from immediate supervisors of these counselors.

10.    All Communications from students who enrolled in a Doctoral Program on or after June 17, 2019 that Relate To any students' complaints about a Doctoral Program, including the cost of such program, the number of courses or credits to be completed, and dissertation or continuation course requirements.

DATED: September 3, 2024           Respectfully submitted,

                                    FEDERAL TRADE COMMISSION


                                    By:  /s/ Brian Berggren
                                         Michael E. Tankersley
                                         Brian Berggren
                                         Carlton Mosley
                                         FEDERAL TRADE COMMISSION
                                         600 Pennsylvania Avenue NW
                                         Washington, D.C. 20580
                                         Telephone: (202) 326-3229
                                         Email: bberggren@ftc.gov

                                         *Attorneys for Plaintiff*
                                         *FEDERAL TRADE COMMISSION*

**Federal Trade Commission - Bureau of Consumer Protection**
**<u>Production Requirements</u>**
Revised January 2024

In producing information to the FTC, comply with the following requirements, unless the FTC agrees otherwise. If you have questions about these requirements, please contact FTC counsel.

**<u>Production Format</u>**

1. **General Format**: Provide load-ready electronic productions with:

   a. A delimited data load file (.DAT) containing a line for every document, unique id number for every document (DocID), metadata fields, and native file links where applicable; and

   b. A document level text file, named for the DocID, containing the text of each produced document.

   Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, provide an Opticon image load file (.OPT) containing a line for every image file.

2. **Electronically Stored Information (ESI)**: Documents stored in electronic format in the ordinary course of business must be produced in the following format:

   a. For ESI other than the categories below, submit in native format with all metadata and either document level extracted text or Optical Character Recognition (OCR). Do not produce corresponding image renderings (e.g., TIFF or JPEG) for files in native format unless the FTC requests them. If the FTC requests corresponding image renderings, they should be converted to Group IV, 300 DPI, single-page TIFF (or color JPEG images when necessary to interpret the contents or render them intelligible.)

   b. For Microsoft Excel, Access, or PowerPoint files, submit in native format with extracted text and metadata. Data compilations in Excel spreadsheets or delimited text formats must contain all underlying data, formulas, and algorithms without redaction.

   c. For other spreadsheet, database, presentation, or multimedia formats; messaging applications and platforms (e.g., Microsoft Teams, Slack); or proprietary applications, discuss the production format with FTC counsel.

3. **Hard Copy Documents**: Documents stored in hard copy in the ordinary course of business must be scanned and submitted as either one multi-page pdf per document or as 300 DPI single page TIFFs (or color JPEGs when necessary to interpret the contents or render them intelligible), with corresponding document-level OCR text and logical document determination in an accompanying load file.

4. **Document Identification**: Provide a unique DocID for each hard copy or electronic document, consisting of a prefix and a consistent number of numerals using leading zeros. Do not use a space to separate the prefix from numbers.

-A1-

5. **Attachments**: Preserve the parent/child relationship by producing attachments as separate documents, numbering them consecutively to the parent email, and including a reference to all attachments.

6. **Metadata Production**: For each document submitted electronically, include the standard metadata fields listed below in a standard delimited data load file. The first line of the data load file shall include the field names. <u>Submit date and time data in separate fields</u>. Use these standard Concordance delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | ¶ | 20 |
| Quote Character | þ | 254 |
| Multi Entry delimiter | ® | 174 |
| &lt;Return&gt; Value in data | ~ | 126 |

7. **De-duplication**: Do not use de-duplication or email threading software without FTC approval.

8. **Password-Protected Files**: Remove passwords prior to production. If password removal is not possible, provide the original and production filenames and the passwords, under separate cover.

**Producing Data to the FTC**

1. Prior to production, scan all data and media for viruses and confirm they are virus-free.

2. For productions smaller than 50 GB, submit data electronically using the FTC's secure file transfer protocol. Contact FTC counsel for instructions. **The FTC cannot accept files via Dropbox, Google Drive, OneDrive, or other third-party file transfer sites**.

3. If you submit data using physical media:

   a. Use only CDs, DVDs, flash drives, or hard drives. Format the media for use with Windows;

   b. Use data encryption to protect any Sensitive Personally Identifiable Information or Sensitive Health Information (as defined in the instructions), and provide passwords in advance of delivery, under separate cover; and

   c. Use a courier service (e.g., Federal Express, UPS) because heightened security measures delay postal delivery.

4. Provide a transmittal letter with each production that includes:

   a. Production volume name (e.g., Volume 1) and date of production;

   b. Numeric DocID range of all documents in the production, and any gaps in the DocID range; and

   c. List of custodians and the DocID range for each custodian.

**Standard Metadata Fields**

| DAT FILE FIELDS | DEFINITIONS | POPULATE FIELD FOR: |
|---|---|---|
| DocID | Unique ID number for each document | All Documents |
| FamilyID | Unique ID for all documents in a family including parent and all child documents | All Documents |
| ParentID | Document ID of the parent document. This field will only be populated on child items | All Documents |
| File Path | Path to produced native file | All Documents |
| TextPath | Path to document level text or OCR file | All Documents |
| Custodian | Name of the record owner/holder | All Documents |
| AllCustodians | Names of all custodians that had copy of this record (populate if data was deduplicated or email threading was used) | All Documents |
| Source | Source of documents: CID, Subpoena, Third Party Data, etc. | All Documents |
| Filename | Original file name | All Documents |
| File Size | Size of documents | All Documents |
| File Extensions | Extension of file type | All Documents |
| MD5 Hash | Unique identifier for electronic data used in de-duplication | All Documents |
| PRODUCTION_VOLUME | Production Volume | All Documents |
| HASREDACTIONS | Redacted document | All Documents |
| Exception Reason | Reason for exception encountered during processing (e.g., empty file, source file, password-protected file, virus) | All Documents |
| PRODBEG | Beginning production bates number | Documents with Produced Images |
| PRODEND | Ending production bates number | Documents with Produced Images |
| PRODBEG_ATTACH | Beginning production family bates number | Documents with Produced Images |
| PRODEND_ATTACH | Ending production family bates number | Documents with Produced Images |
| Page Count | The number of pages the document contains | Documents with Produced Images |
| From | Names retrieved from the FROM field in a message | Emails |
| To | Names retrieved from the TO field in a message; the recipient(s) | Emails |
| CC | Names retrieved from the CC field in a message; the copied recipient(s) | Emails |
| BCC | Names retrieved from the BCC field in a message; the blind copied recipient(s) | Emails |
| EmailSubject | Email subject line | Emails |
| Date Sent | The date an email message was sent | Emails |
| Time Sent | The time an email message was sent | Emails |
| Date Received | The date an email message was received | Emails |
| Time Received | The time an email message was received | Emails |
| Author | File Author | Loose Native Files and Email Attachments |
| Title | File Title | Loose Native Files and Email Attachments |
| Subject | File Subject | Loose Native Files and Email Attachments |
| Date Created | Date a document was created by the file system | Loose Native Files and Email Attachments |
| Time Created | Time a document was created by the file system | Loose Native Files and Email Attachments |
| Date Modified | Last date a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Time Modified | Last time a document was modified and recorded by the file system | Loose Native Files and Email Attachments |
| Date Printed | Last date a document was printed and recorded by the file system | Loose Native Files and Email Attachments |
| Time Printed | Last time a document was printed and recorded by the file system | Loose Native Files and Email Attachments |