Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road #400
Fairfax, VA 22030
Telephone: (703) 934-2660
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendant GCU and Brian E. Mueller*

**United States District Court
for the District of Arizona**

| | |
|---|---|
| Federal Trade Commission, | No. 2:23-cv-02711-DWL |
| Plaintiff, | |
| v. | **Defendant GCU's Motion for Protective Order and Motion to Quash** |
| Grand Canyon Education, Inc.; Grand Canyon University; and Brian E. Mueller, | |
| Defendants. | |

Plaintiff Federal Trade Commission ("FTC") seeks to circumvent this Court's September 23, 2024 Order (Doc. 69) staying all discovery against Defendant Grand Canyon University ("GCU") by serving a subpoena on GCU's formal counsel, Cooley LLP. Ex. A. The FTC's subpoena seeks GCU's documents (communications Cooley undertook on GCU's behalf). *Id.* at 4. And GCU will incur the burden and cost of reviewing for potentially privileged documents. That is an improper attempt to backdoor this Court's discovery order, which is intended to protect GCU from having to incur such costs while the Court considers whether to (again) dismiss GCU from the case. *See* Doc. 69. Even more, the subpoena seeks irrelevant information. The FTC's subpoena seeks documents and communications related solely to other agencies' consideration of GCU's nonprofit status. *Id.* But the FTC has not alleged any misrepresentations or acts of fraud on the part of Defendants, such that the decisions of the IRS or other agencies should be questioned. Put simply, the FTC does not allege that any agency or accreditor improperly recognized GCU as a non-profit. Further, the Department of Education's rejection of GCU's non-profit status on which the FTC's non-profit theory is built has recently been rejected by the Ninth Circuit.

Accordingly, GCU moves this Court for a protective order under Rule 26(c) to enforce this Court's discovery stay and to protect GCU from the undue burden of responding to irrelevant discovery requests. Alternatively, the FTC's subpoena must be quashed pursuant to Rule 45(d)(3) because it seeks GCU's privileged and confidential documents and seeks to evade this Court's discovery rulings.

**Facts and Procedural Background**

This Court has twice ordered the FTC to refrain from issuing discovery to GCU. First, on April 10, 2024, the Court stayed discovery against all Defendants, pending resolution of their respective motions to dismiss. Doc 51. In its ruling, the Court dismissed the FTC's claims against GCU, concluding that GCU is not "organized to carry on business for its 'own' profit or that of its 'members,'" and is therefore not a "corporation" under the FTC Act. ECF Doc. 56 at 24. The second stay followed the FTC's September 5, 2024

Amended Complaint, seeking to re-join GCU as a Defendant. Doc. 62. The Court agreed that the stay of discovery against GCU should continue pending resolution of GCU's second motion to dismiss. Doc. 69.

The FTC brings various claims against GCU, Grand Canyon Education, Inc. ("GCE"), and Brian Mueller. Relevant here, the FTC alleges that Defendants' classification of GCU as a "nonprofit" in certain materials was misleading to consumers, Doc. 62 ¶¶ 69-71 (Amended Complaint), even though the IRS, State of Arizona, and the Higher Learning Commission (GCU's accreditor) all recognize GCU as a nonprofit organization (Doc. 56 at 31). This Court allowed the FTC's claims to proceed primarily based on the theory that characterizing GCU as a nonprofit might be "confusing to students and the public, who may interpret such statements to mean that the [Department of Education] considers GCU a nonprofit under its regulations." Doc. 56 at 32 (quoting Doc. 25 ¶ 25). The Ninth Circuit foreclosed the FTC's theory, however, when it recently overturned the Department's November 6, 2019 decision refusing to recognize GCU's nonprofit status. *See Grand Canyon Univ. v. Cardona*, No. 23-15124, 2024 U.S. App. LEXIS 28414 (9th Cir. Nov. 8, 2024)). The FTC cannot continue to rely on the Department's classification when the Department itself has yet to properly consider the issue.

Yet just weeks after the Ninth Circuit's ruling, the FTC served a subpoena *duces tecum* seeking GCU's records and communications from Cooley LLP, the firm that represented GCU as regulatory counsel in connection with the July 1, 2018 acquisition of the University from GCE and GCU's change-in-ownership application with the Department of Education. The FTC's requests seek GCU's communications regarding its change-in-ownership applications with the Department of Education, GCU's accreditor (the Higher Learning Commission ("HLC")), and the Arizona State Board for Private Postsecondary Education ("AZPPSE"). Ex. A at 4. And rather than limit the requests to communications exchanged with the deciding agencies, the FTC's subpoena is unrestricted, requiring Cooley to search for responsive communications with "any [] entities that [Cooley attorney] Jonathan Glass did not represent as an attorney in connection with this matter." *Id.*

The FTC is aware that the subpoena actually seeks discovery against GCU, in violation of this Court's discovery stay. Counsel for GCU notified the FTC on December 13, 2024 that Cooley had previously transferred to GCU's counsel all files that would contain any responsive documents. Ex. B at 6-7. Thus, GCU will either have to review the files itself or pay Cooley to do it. In either event, the burden and expense will fall on GCU. GCU also reiterated its concern that by seeking party discovery from nonparties, the FTC is evading the Court's limitations on party document requests. *Id*; Doc. 70 ¶ 4 (limiting the parties to twenty-five requests for production to any other party). In a subsequent meet and confer on December 16, 2024, Counsel for GCU confirmed that the expense and burden of responding to the subpoena will fall squarely on GCU—a result that this Court has determined is not warranted at this time. ECF Doc. 69. The FTC nonetheless refuses to withdraw the Cooley subpoena.

## Argument

### I.    Standard of Review

Under Rule 26(c), a party has standing to seek a protective order in regard to a subpoena issued to a non-party if the subpoena seeks irrelevant, improper, or burdensome information. *Sanchez v. City of Phx.*, Case No. CV 21-00934, 2022 U.S. Dist. LEXIS 254476, at *37 (D. Ariz. Oct. 6, 2022) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 23 (D.D.C. 2005) ("As parties, Defendants clearly have standing to move for a protective order if the subpoenas seek irrelevant information.")); *see also Campagnolo S.R.L. v. Full Speed Ahead, Inc.*, Case No. C08-1372, 2010 U.S. Dist. LEXIS 148788, at *3 (W.D. Wash. Jan. 4, 2010) (collecting cases). In such instances, the Court may, for good cause, "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . [or] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters[.]" Fed. R. Civ. P. 26(c)(1)(A), (D). This includes granting a motion for a protective order on a non-party subpoena. *Sanchez*, 2022 U.S. Dist. LEXIS 254476, at *37;

*See also Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)

A party also has standing to quash a subpoena served on another entity under Rule 45 if it has a personal right or privilege regarding the subject matter of the subpoena. *Oyenik v. Corizon Health*, Case No. CV-13-01597-PHX-SPL (BSB), 2014 U.S. Dist. LEXIS 204433, at *3 (D. Ariz. Nov. 20, 2014). Courts have also recognized that parties have standing to quash where, as here, the subpoena seeks to "obtain [] from a non-party what a court precluded it from obtaining from its adversary." *Shelvin v. Phoenix Life Ins. Co.*, Case No. 09-cv-6323, 2012 U.S. Dist. LEXIS 199636, at *5 (D.N.J. May 24, 2012); *Cardona v. Vivint Solar, Inc.*, Case No. 1:19-CV-04405, 2019 U.S. Dist. LEXIS 243825, at *14 (N.D. Ga. Oct. 31, 2019); *Gov't Emps. Ins. Co. v. Koppel*, Case No. 2:21-cv-03413, 2023 U.S. Dist. LEXIS 151531, at *5 (D.N.J. Aug. 28, 2023).

## II. The FTC's subpoena to GCU's former counsel impermissibly seeks to circumvent this Court's discovery orders and rules.

The FTC cannot use a Rule 45 subpoena to circumvent this Court's order staying discovery against GCU. *Lowe v. N.M. ex rel. King*, Case No. 10-315, 2011 U.S. Dist. LEXIS 165362, at *8 (D.N.M. Oct. 3, 2011) (citing 7 James William Moore, et al., *Moore's Federal Practice*, § 34.02[5][e](3d Ed. 2009) ("when discovery is stayed by a court, a party should not avoid that stay by artful, alternative discovery methods"). This Court's order precludes the FTC from forcing GCU to incur the burden and cost of responding to discovery requests pending resolution of GCU's motion to dismiss. Yet the FTC attempts to end run that order by seeking discovery against GCU through its former counsel. As courts within the Ninth Circuit have held, documents related to a law firm's representation of a client are within the client's possession, custody, and control, *i.e.*, Cooley's potentially responsive documents are GCU's documents for purposes of discovery. *Hill v. Asset Acceptance, LLC*, Case No. 13-cv-1718, 2014 U.S. Dist. LEXIS 91190, at *21-22 (S.D. Cal. July 3, 2014) (finding that responsive documents in possession of former counsel are within defendant's "possession, custody, and control.") Further, GCU will be forced to incur the

burden and cost of responding to the subpoena, just as if it were issued to GCU directly (discussed below). *See McRoberts v. Rosas*, Case No. 21-cv-2470, 2022 U.S. Dist. LEXIS 88032, at *8 (D. Kan. May 16, 2022) (prohibiting requests for case-related documents through alternative means while a discovery stay was in place because "the Court did not intend or contemplate that the parties would incur discovery-related or similar expenses when the motions to dismiss were pending"). In short, the Cooley subpoena seeks discovery from GCU, which violates this Court's prior order. The FTC may not abuse Rule 45 to "get through the back door what the Court prevented it from getting through the front door." Shevlin, 2012 U.S. Dist. LEXIS 199636, at *6.

By seeking GCU's documents from its former counsel, rather than the parties, the FTC "circumvents the requirements and protections of Rule 34" and this Court's order limiting party discovery. *See Stokes v. Xerox Corp.*, Case No. 05-CV-71683-DT, 2006 U.S. Dist. LEXIS 98888, at *6 (E.D. Mich. Oct. 5, 2006); *See* ECF Doc. 70 at 2. There is no reasonable basis to seek GCU's documents through GCU's counsel except to circumvent this Court's stay of discovery against GCU while denying Defendants a full opportunity to object to the FTC's requests. That is an improper use of a Rule 45 subpoena, and the subpoena must be quashed.

**III.   The FTC's subpoena requests to Cooley are not proportionate to the needs of the case.**

   **a.   The subpoena seeks irrelevant information.**

In addition, the documents the FTC seeks—communications regarding GCU's change-in-ownership applications with various agencies—are irrelevant to the FTC's claim that students may have been misled by Defendants' characterization of GCU as a non-profit.[1] First, the FTC does not allege that any Defendant made false statements to the IRS, HLC, State of Arizona, or other regulatory body. Indeed, in response to GCE's Interrogatory 18, which asked the FTC to identify each misrepresentation it alleges Defendants made

---

[1] Nevertheless, Defendants have already produced to the FTC submissions made to the IRS and Department of Education.

5

to the IRS, HLC, or the AZPPSE regarding GCU's nonprofit status, the only such statements the FTC could identify are those in GCU's articles of incorporation, which simply affirm that GCU will comply with IRS 501(c)(3) and other nonprofit requirements. Ex. C at 33-34. The FTC could not identify any instance where Defendants misrepresented its planned organization or operations when seeking approval to operate as a nonprofit.[2] *Id.* Put simply, the FTC does not allege that any agency or accreditor improperly recognizes GCU as a nonprofit.

Because the FTC does not—and cannot—challenge GCU's nonprofit status with other agencies, the FTC's requests for documents related to those decisions exceed the relevant scope of discovery. Indeed, it is not for the FTC or this Court to step into the shoes of those bodies to reconsider whether GCU's operations comply with their respective requirements. *See Dial A Car v. Transp., Inc.*, 82 F.3d 484, 488 (1996) (noting that "it would be unthinkable for a federal court to suggest that a regulated [] company can be held liable for a [misrepresentation claim] for failing to anticipate the *court's* subsequent interpretation of a [] regulation" that is within the jurisdiction of another agency) (emphasis in original); *Prof'l Massage Training Ctr. v. Accreditation All. of Career Sch. & Colls.*, 781 F.3d 161, 171 (4th Cir. 2015) ("[C]ourts are not free to conduct a de novo review or to substitute their judgment for the professional judgement of the educators involved in the accreditation process.") GCU is entitled to rely on its lawfully obtained approvals, and discovery aimed at collaterally attacking those decisions is not appropriate.

The only other basis this Court identified to allow the FTC's nonprofit misrepresentation claims to proceed was the FTC's theory that students may have understood "nonprofit" to mean that the Department of Education had approved GCU as a nonprofit for federal student aid programs. Doc. 56 at 32. But that theory no longer holds water because the because the Ninth Circuit vacated the Department's decision last month and remanded

---

[2] Moreover, the FTC's interrogatory response conflicts with the FTC's prior concession in its opposition to Defendants' motions to dismiss that "[t]he misrepresentation identified in the complaint [] is not that GCU drafted and filed articles as a nonprofit, could accept donations as a 501(c)(3) organization, or received accreditation." Doc. 44 at 10-11.

it back to the agency for further consideration. *Grand Canyon Univ. v. Cardona*, No. 23-15124, 2024 U.S. App. LEXIS 28414 (9th Cir. Nov. 8, 2024). The FTC can no longer hold out the Department's November 2019 decision as a source of student confusion. Thus, documents and communications related to the Department's consideration of GCU's change-in-ownership application are no longer relevant to the FTC's claims. In addition, communications between GCU and the Department have no relevance to the question of what students may have understood "nonprofit" to mean.

Moreover, while GCU's submissions to the Department are not relevant to the FTC's case, they are largely available in public filings in *Grand Canyon University v. Cardona*, Case No. 2:21-cv-177 (D. Ariz.) and subsequent appeal, *Grand Canyon Univ. v. Cardona*, 2024 U.S. App. LEXIS 28414. The appellate record includes a detailed index of those portions of the administrative record the Department and GCU found most relevant, giving the FTC a detailed list of documents it could identify and review from the court's docket. *Id.*, ECF Doc. 13-1 (May 1, 2023). Those include the Department of Education's two decisions denying GCU's nonprofit status and the Higher Learning Commission's decision approving GCU's change in ownership application. *Id.*

In short, the decision letters and approvals the FTC seeks to relitigate are either publicly available or could potentially be obtained from the parties in this case through targeted discovery. Beyond those decisions, however, the FTC's subpoena requests are nothing more than a speculative fishing expedition (at GCU's significant expense) relitigate the decisions of authorized approval bodies.

### b. The FTC's requests impose undue burden on GCU.

Requests one and two seek communications with the Department of Education, HLC, and AZPPSE. Ex. A at 4. But the FTC already has most of those communications, which the FTC requested directly from the agencies themselves. The FTC has produced those communications in response to GCE's document requests. Thus, the FTC's requests require GCU to engage in duplicative discovery.

Request three seeks documents and communications from GCU's attorneys that will

require significant review for privilege and confidentiality. That expense falls squarely on GCU, whether GCU performs the review itself or incurs fees from Cooley to undertake it. That review could be substantial, as every communication and document sought by the FTC in the subpoena will involve counsel and therefore will require privilege review.

While the request seeks communications with third parties, those communications could nonetheless be subject to attorney client, work-product, and common interest privileges. The documents sought in Request three include communications between GCU's regulatory counsel and GCU's advisors, appraisers, and contractors involving GCU's efforts to obtain regulatory approvals. Ex. A at 4. Those communications may involve discussions aimed at assisting Cooley in providing legal advice to GCU with respect to those approvals. *See United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). Moreover, Request three also calls for communications with third parties that may involve the common interest privilege. Cooley's communications with third parties likely involve joint efforts to obtain regulatory approvals with respect to the July 1, 2018 transaction. *See Pac. Pictures Corp. v. United States Dist. Court*, 679 F.3d 1121, 1129 (9th Cir. 2012) (Noting that the "common interest" rule is "an exception to ordinary waiver rules designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other.") While the FTC has indicated that the subpoena does not require the production of privileged documents, GCU will still have to review every communication to assess whether any privileges apply. That review is not warranted here, because the Court has stayed discovery against GCU and the materials are not relevant, as discussed above.

Moreover, GCU's change in ownership applications required GCU to submit confidential information regarding GCU's finances and operations, which are protected from public disclosure. For example, documents GCU produced to the Department of Education contained information about confidential business practices, key negotiated contract terms, pricing and payment for services, and valuation and appraisal information. *See* Ex. D (October 25, 2019 letter from Cooley to Department of Education designating material submitted by GCU as part of the change-in-ownership application process as confidential

8

commercial and financial information exempt from public disclosure). Similarly, the change in ownership process with HLC involved the submission of confidential financial and operational information. GCU will have to review every submission to identify and designate confidential information under the protective order governing discovery. *See* ECF Doc. 111.

## Conclusion

For the forgoing reasons, GCU respectfully requests that this Court enter a protective order under Rule 26(c) to enforce this Court's discovery stay and to protect GCU from the undue burden of responding to the Cooley subpoena. Alternatively, requests that this Court quash the subpoena pursuant to Rule 45(d)(3) because it seeks GCU's privileged and confidential documents and seeks to evade this Court's discovery rulings.

Dated: December 23, 2024

Respectfully submitted,

/s/David A. Obuchowicz

Steven M. Gombos, VA Bar #30788 (PHV)
David A. Obuchowicz, VA Bar #82483 (PHV)
Jacob C. Shorter, VA Bar #82638 (PHV)
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: sgombos@glpclaw.com

*Attorneys for Defendants GCU and Brian E. Mueller*

**Certificate of Service**

I hereby certify that on December 23, 2024, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF system, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF users.

/s/ David A. Obuchowicz

**Certificate of Conferral**

Pursuant to Local Rule 7.2(j), I hereby certify that counsel for the movant notified the opposing party that Defendant GCU intended to move to quash the Cooley subpoena and that the parties did not reach a resolution. *See* Ex. B.

/s/ David A. Obuchowicz