# EXHIBIT B

| | |
|---|---|
| **From:** | David Obuchowicz |
| **To:** | Roy, Patrick; Tankersley, Michael; Mosley, Carlton; Ashe, Gregory |
| **Cc:** | Steven Gombos; Jacob Shorter |
| **Subject:** | RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP |
| **Date:** | Monday, December 23, 2024 3:10:00 PM |

Patrick,

I wanted to follow up on some of your points below before we file our motion to quash the subpoena later today. On our call and in the emails below, we explained why GCU opposes the subpoena. First, we have explained that your subpoena improperly seeks to obtain discovery against GCU in violation of the Court's stay. The documents the FTC seeks are in GCU's possession, custody, and control and seeking them from Cooley is no different than seeking them from GCU. As we explained on our call, GCU will have to review the documents for responsiveness and privilege. You have been clear that the FTC disagrees with GCU's position.

Next, we have explained our position that GCU's communications about change in ownership applications with other agencies are not relevant to the FTC's claims. The FTC has not alleged that GCU misrepresented its planned organization or operations in any change-in-ownership application. While you claim that the FTC's Amended Complaint, interrogatory responses, and responses to Defendants' motions to dismiss contain specific allegations to the contrary, we have been unable to identify them. Rather, it appears that that the FTC's only purported "misrepresentation" (identified in Response to GCE's Interrogatory 18) is GCU's articles of incorporation, which simply acknowledge that GCU will abide by nonprofit and IRS requirements.

As it seems we are at an impasse, we will be filing our motion this evening, unless you agree to withdraw the subpoena. We intend to file by 7:00 EST.

You have also improperly characterized GCU's statements regarding extra-record discovery in the *GCU v. Cardona* case. The extra-record discovery GCU sought concerned the Department's internal communications. The administrative record assembled by the Department consisted almost entirely of GCU's communications with the Department, which is what the FTC seeks in the Cooley subpoena. Those communications are generally identifiable from the docket in that case.

Finally, we have assessed the volume of documents in the Cooley file. There are approximately 3,800 files and 4.6GB of data, almost all of which will require privilege review.

Again, please let us know as soon as possible if the FTC intends with withdraw the subpoena.

David A. Obuchowicz

Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
703 934-9843 (direct)/9840 Fax

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not an intended recipient, you are notified that any review, dissemination, distribution, or duplication of this communication or its attachments is strictly prohibited. If you are not intended recipient, please contact me by reply email and destroy all copies of the original message.

**From:** Roy, Patrick <proy@ftc.gov>
**Sent:** Wednesday, December 18, 2024 9:12 PM
**To:** David Obuchowicz <DObuchowicz@glpclaw.com>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

External (proy@ftc.gov)

Report This Email   FAQ   Protection by INKY

David,
Responding to your paragraphs sequentially:

First, yes, as we indicated over the phone we extended Cooley's time to respond to the subpoena to December 23, 2024 and will not assert any timeliness arguments on the basis that action should have been taken prior to that date. We have also acknowledged GCU's ability to raise privilege claims. You have not specified what other challenges GCU might pursue or its procedural basis for doing so, but we confirmed during the conference that we would not raise a timeliness challenge.

Second, we do not recall you representing that "most of the communications between GCU and the Department of Education" are in the docket. During the call, we did discuss that many filings are not publicly available because they were filed under seal. The index of documents

that you reference lists selected communications between the Department of Education and GCU. In prior filings in this case, you have stated that the nonprofit issue requires "significant discovery" beyond the "limited administrative record" before the court in *Grand Canyon University v. Cardona*. ECF 29 at 10. During our call, you did not express a contrary view. If we understand you correctly, the index you reference purports to reflect only a partial list of communications with the Department of Education (many of which are not available in the docket), and does not cover the two other categories of documents we requested in the subpoena. If you have now reviewed the Cooley material and have contrary information, please let us know.

Third, we appreciate you confirming that all documents that would be responsive to the subpoena are also in your possession. During the call, however, you did not indicate that there was any question that the documents you received include documents that are responsive to the subpoena. In our discussions with Cooley's counsel, they did not question that the documents in their possession included records on the ownership application and conversion to nonprofit status. The material requested by this Rule 45 subpoena are relevant to the contested claims whether or not GCU's motion to dismiss is successful. During our call, you did not express a contrary view, or indicate that the communications requested by the subpoena have been lost or destroyed.

Steve stated during the call that you would get back to us with the total volume of documents in the file that was transferred. You did not provide any concrete information regarding burden. We also did not understand you to be proposing to produce the records responsive to the subpoena from the copies of Cooley's records that are in your possession. If you are now proposing to do so, please let us know.

Fourth, your description of the FTC's position is inaccurate. The First Amended Complaint, response to the motions to dismiss, and discovery responses set forth the Commission's position, including, for example, the FTC's response to GCE Interrogatory 18 and paragraph 14 of the Amended Complaint.

Patrick

---

**From:** David Obuchowicz <DObuchowicz@glpclaw.com>
**Sent:** Monday, December 16, 2024 5:10 PM
**To:** Roy, Patrick <proy@ftc.gov>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

Patrick,

This email follows our conversation this morning regarding the Cooley subpoena.

First, we are confirming that you extended Cooley's time to respond to or challenge the subpoena to December 23, 2024, and also that the FTC will not assert a timeliness, waiver, or similar argument if GCU also files a challenge to the subpoena by that date.

Second, we want to reiterate that most of the communications between GCU and the Department of Education are publicly available from the filings in GCU's district court challenge to the Department of Education's nonprofit denial and GCU's subsequent appeal to the Ninth Circuit. *Grand Canyon Univ. v. Cardona*, No. 23-15124. As we pointed out, document 13-1 in the Ninth Circuit case is an index of the documents from the record the parties (including the Department) concluded were most relevant to the Department's decisions. We suggested that you review that index to identify specific communications and documents for production, but you declined.

Third, we have confirmed that Cooley transferred all documents that would be responsive to the subpoena, if any, to GCU's counsel. Rule 45 requires that the FTC take reasonable steps to avoid imposing undue burden and expense on a third party. Because these documents are within GCU's custody, possession and control, we asked that you withdraw your subpoena from Cooley. You declined. We expect Cooley will raise the valid objection that the FTC should seek the discovery from GCU as a party to the lawsuit. While the Court's discovery stay precludes such discovery, we think it also precludes such backdoor attempts to serve discovery on GCU, particularly where, as here, GCU will incur costs associated with the review of the requested information.

Finally, we understood you to take the following positions as to your case. If we have misunderstood you, please promptly inform us and identify the paragraph(s) in the FAC supporting your argument.

1. The FTC does not allege that Defendants made any misrepresentation to any regulator, accreditor, expert, appraiser, or other entity in connection with an application for a change in ownership or a request for nonprofit status.
2. The FTC does not allege that GCU operates inconsistently with how it represented it would operate to any regulator, accreditor, expert, appraiser or other entity in connection with an application for a change in ownership or request for nonprofit status.

David A. Obuchowicz
Gombos Leyton, PC
11350 Random Hills Road, Suite 400

Fairfax, Virginia 22030
703 934-9843 (direct)/9840 Fax

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above.  If you are not an intended recipient, you are notified that any review, dissemination, distribution, or duplication of this communication or its attachments is strictly prohibited.  If you are not intended recipient, please contact me by reply email and destroy all copies of the original message.

**From:** David Obuchowicz
**Sent:** Monday, December 16, 2024 9:25 AM
**To:** Roy, Patrick <proy@ftc.gov>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

Patrick,

We still would like to meet to further clarify your subpoena requests and also discuss the relevancy of the documents you are seeking.  I will send an invite shortly.

David A. Obuchowicz
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
703 934-9843 (direct)/9840 Fax

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above.  If you are not an intended recipient, you are notified that any review, dissemination, distribution, or duplication of this communication or its attachments is strictly prohibited.  If you are not intended recipient, please contact me by reply email and destroy all copies of the original message.

**From:** Roy, Patrick <proy@ftc.gov>
**Sent:** Monday, December 16, 2024 9:18 AM
**To:** David Obuchowicz <DObuchowicz@glpclaw.com>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

David,

If Cooley LLP would like to move to quash based on burden, they can raise the issue with us, but they have not made that objection yet and I do not suspect the requests will be a heavy lift for them. As you probably know, we have agreed to Cooley LLP's request that we extend the time to respond until December 23.

As far as any potential privilege concerns, the request is drafted to seek nonprivileged communications and there is no impediment to GCU interposing valid privilege objections if, despite our efforts, the subpoena specification unintentionally picks-up privileged documents. It should not be difficult for GCU to make this determination as your firm already has a copy of the documents.

We do not agree with your interpretation of Rule 45. We also note that your objections to our document requests point to Rule 45 as the appropriate process to obtain documents from nonparties.

We are still happy to meet and confer with you today at 11am ET to discuss these issues. If you would still like to do so, please send us a meeting invite.

Patrick

**From:** David Obuchowicz <DObuchowicz@glpclaw.com>
**Sent:** Friday, December 13, 2024 11:42 AM
**To:** Roy, Patrick <proy@ftc.gov>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

Patrick

We spoke with Cooley this morning. Cooley represented that they transferred to our firm files that would contain, if any, responsive documents the subpoena requests. We will review those documents as part of our review to your pending discovery requests to President

Mueller. If responsive and not subject to privilege, we will produce them (subject to our objections and Judge Lanza's prior rulings).

If the FTC seeks documents beyond the requests issued to President Mueller, you will need to issue discovery requests to the parties under Rule 34. Seeking them from third parties (and especially GCU's former counsel) prejudices Defendants' rights to object to requests and evades Judge Lanza's limits on discovery requests. Moreover, Rule 45 requires the FTC to first seek documents from the parties before burdening others with subpoena.

Please let us know today if you still intend to pursue the subpoena.  We are prepared to file a Motion to Quash, but given the recent developments, we hope that is not necessary.

David A. Obuchowicz
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
703 934-9843 (direct)/9840 Fax

The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above.  If you are not an intended recipient, you are notified that any review, dissemination, distribution, or duplication of this communication or its attachments is strictly prohibited.  If you are not intended recipient, please contact me by reply email and destroy all copies of the original message.

**From:** Roy, Patrick <proy@ftc.gov>
**Sent:** Wednesday, December 11, 2024 2:05 PM
**To:** David Obuchowicz <DObuchowicz@glpclaw.com>; Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** RE: FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

David,
We are available to talk on Monday at 11am ET.  After you've had the chance to speak with the Cooley representatives on Friday, please inform us whether you were able to determine if Cooley has any responsive documents that are not already in your client's possession, custody, or control.  Sharing this information in advance will help to facilitate a productive call on Monday.

Patrick

**From:** David Obuchowicz <DObuchowicz@glpclaw.com>
**Sent:** Wednesday, December 11, 2024 10:07 AM
**To:** Tankersley, Michael <MTANKERSLEY@ftc.gov>; Mosley, Carlton <cmosley@ftc.gov>; Roy, Patrick <proy@ftc.gov>; Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Steven Gombos <SGombos@glpclaw.com>; Jacob Shorter <JShorter@glpclaw.com>
**Subject:** FTC v. Grand Canyon Education, Inc., et al. - Subpoena to Cooley, LLP

Michael,

We are meeting with Cooley representatives on Friday morning (the first available time to meet) to discuss the FTC's subpoena. We would like to schedule a meet-and-confer call with you on Monday morning/early afternoon to determine whether intervention from the court will be necessary.  What is your availability Monday from 11:00 to 2:00 to discuss?  Please let me know, and I will circulate an invite.


David A. Obuchowicz
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
703 934-9843 (direct)/9840 Fax


The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above.  If you are not an intended recipient, you are notified that any review, dissemination, distribution, or duplication of this communication or its attachments is strictly prohibited.  If you are not intended recipient, please contact me by reply email and destroy all copies of the original message.