# EXHIBIT D



| | |
|---|---|
| Jonathon C. Glass<br>+1 202 776 2691<br>jglass@cooley.com | **Privileged & Confidential**<br>Via Email |

October 25, 2019

Lori K. Bowden
Government Information Specialist
Communications and Outreach
Federal Student Aid
830 First Street NE
Washington, DC 20202

**Re:  Notice to Submitter Response, FOIA No. 19-02048-F**

Dear Ms. Bowden:

We represent Grand Canyon University ("GCU") and write in response to your email dated October 11, 2019, regarding the above-referenced Freedom of Information Act ("FOIA") request. Thank you for the opportunity to respond.

GCU requests that select portions of the documents that the Department of Education intends to produce as responsive to the FOIA request be treated as confidential business information that is exempt from disclosure under Exemption 4 of FOIA. The proposed redactions highlighted in yellow are enclosed. We have also included a table identifying which documents contain redactions, and which documents contain no redactions. The bases for the specific applicable exemptions are described in detail herein.

**Justification for Claims of Confidential Treatment**

FOIA Exemption 4 protects "trade secrets and commercial or financial information obtained from a person and privileged or confidential" from disclosure in response to a FOIA request. 5 U.S.C. § 552(b)(4). The United States Supreme Court has issued a very recent opinion in *Food Marketing Inst. v. Argus Leader Media, dba Argus Leader*, 139 S. Ct. 2356 (June 24, 2019) ("*Argus*") that governs this issue.  *Argus* holds that for commercial or financial information to be considered "confidential" within the meaning of Exemption 4, the person imparting the information must at least have actually and customarily treated it as private. *Id*. at 2363. Notably, in doing so, the Supreme Court overturned the D.C. Circuit's decision in *Nat'l Parks & Conservation Ass'n v. Morton*, 498 F.2d 765, 766 (D.C. Cir. 1974) ("*National Parks*"), which adopted a standard requiring a showing of substantial competitive harm for purposes of Exemption 4.

"In the context of Exemption 4, the terms 'commercial' and 'financial' should be given their ordinary meanings." *Id.* (citing *Pub. Citizen Health Res. Group v. FDA*, 704 F.2d 1280, 1290 (D.C. Cir. 1983)). A document is "commercial" and protected from disclosure by Exemption 4 "where the [submitting party] has a 'commercial interest' in the information." *Id.* (citing *Pub. Citizen*, 704 F.2d at 1290). Records that reveal basic commercial operations and that reflect proprietary information about a company's business plans and strategies are properly withheld pursuant to Exemption 4. *See Fox News Network, LLC v. U.S. Dep't of The Treasury*, 739 F. Supp. 2d 515, 571 (S.D.N.Y. 2010) (finding that an investment bank presentation was properly withheld pursuant to FOIA Exemption 4 because it contained confidential and proprietary information about business plans, and risk management strategies). Documents that detail a business's operations, contracts, and bids, are trade secrets and protected from FOIA disclosure. *100 Reporters LLC v. U.S. Dep't of Justice*, 248 F. Supp. 3d 115, 136 (D.D.C. 2017). "The content of [FDA] applications may



Lori K. Bowden  **Privileged & Confidential**
October 25, 2019
Page Two

be withheld under Exemption 4 where it contains" specific information about safety and effectiveness goals or information "obtained through preliminary trials, [information about] side effects and their magnitude, or '[product] manufacturing information or chemical composition and specifications.'" *ViroPharma Inc. v. Dep't of Health & Human Servs.*, 839 F. Supp. 2d 184, 191 (D.D.C. 2012) (citing *Appleton v. FDA*, 451 F. Supp. 2d 129, 141 n.7 (D.D.C. 2006)). "Information that discusses or analyzes" the content of FDA applications (such as strategies and goals) "is similarly properly withheld." *ViroPharma*, 839 F. Supp. 2d at 191. In addition, records that reflect sensitive financial information, such as pricing information, are exempt from FOIA disclosure. *See McDonnell Douglas Corp. v. U.S. Dep't of the Air Force*, 375 F.3d 1182, 1189 (D.C. Cir. 2004).

The information we propose to be redacted fall into several categories, all of which are sensitive commercial and/or financial information:

- **Business Practices Unique to GCU**: The redacted information describes confidential business and operational practices of GCU and its board of trustees that are unique to GCU and its operations.
- **Key Negotiated Contract Terms**: The redacted information includes contract terms that were negotiated with GCU's service provider and reveal sensitive information about the financial relationships of GCU.
- **Pricing and Payment for Services**. The redacted information includes sensitive pricing information related to the payment of GCU's service provider.
- **Valuation and Appraisal Information**: The redacted information includes highly confidential information related to the appraisal of certain GCU personal and real property and assets.

The redacted information is confidential. As discussed above, under the standard articulated in *Argus*, the threshold question is whether GCU actually and customarily treats the information as private. GCU takes substantial care to ensure that the information proposed to be redacted is kept confidential and not publicly released. GCU is proposing the redactions to protect the information that it has declined to publicly release, in order to protect its confidential business and trade secrets. In short, GCU goes to great lengths to protect the information proposed for redaction, and does not provide this information to the public. In addition, GCU takes great care in keeping unique business practices, contract terms, pricing information, and pricing strategy confidential. Accordingly, GCU does not actually or customarily release the redacted information to the public and it is therefore protected from disclosure by Exemption 4.

**Conclusion**

The information proposed for redaction is exempt from FOIA disclosure pursuant to Exemption 4. The materials include "trade secrets and commercial or financial information" that is "confidential." GCU respectfully requests that the Department maintain the confidentiality of the redacted information and decline to disclose it to any third party under the FOIA request that triggered your letter or otherwise.

If the Department disagrees with any of GCU's proposed redactions, we expect that GCU will receive notice through the undersigned so that it may seek protection through a court order.



Lori K. Bowden
October 25, 2019
Page Three

**Privileged & Confidential**

Please do not hesitate to contact me if you have any questions or would like to discuss this matter further. We appreciate your consideration and attention hereto.

Sincerely,

Jonathon C. Glass

Enclosures

Cooley LLP   1299 Pennsylvania Avenue, NW, Suite 700   Washington, DC   20004-2400
t: (202) 842-7800  f: (202) 842-7899  cooley.com

## Document Redaction Index

| Document | Includes Redactions (Y/N) |
|---|---|
| _Gazelle - Response to DOE re NFP Conversion 15p.pdf | Yes |
| 05.17.18. ED Request - Cariello and Glass - Request for information | No |
| 2014_Form 990-N - filed 05.03.16 1p | No |
| 2015_Form 990-N - filed 07.11.16 1p | No |
| 2016_Form 990-N - filed 11.08.17 1p | No |
| 2018.08.29 - Gazelle Closing Index 4pp | No |
| ACTIVE~2 | Yes |
| APA Disclosure Memo (Index of Confidential Schedules) 0829181 pp | Yes |
| BOD - Barclays Report 042618 42p | Yes |
| BOD December 6, 2017 2p | Yes |
| BOD December 16, 2017 2p | Yes |
| BOD February 21, 2018 2p | Yes |
| BOD Gazelle PPT Slides - Jan 25 2018 8p | Yes |
| BOD Gazelle PPT Slides - Jul 27 2017 11p | Yes |
| BOD Gazelle PPT Slides - Oct 26 2017 8p | Yes |
| BOD January 25, 2018 11p | Yes |
| BOD July 27, 2017 3p | Yes |
| BOD May 12, 2017 1p | Yes |
| BOD November 21, 2017 2p | Yes |
| BOD October 26, 2017 3p | Yes |
| BOT Gazelle PPT Slides - Jan 24 2018 7p | Yes |
| BOT Gazelle PPT Slides - Jul 26 2017 11p | Yes |
| BOT Gazelle PPT Slides - Oct 25 2017 8pp | Yes |

| | |
|---|---|
| BOT January 24, 2018 4p | Yes |
| BOT July 26, 2017 3p | Yes |
| BOT October 25, 2017 3p | Yes |
| Cover Letter - ED App Post-Closing 083118 4pp | Yes |
| Doc A - Summary of Real and Personal Property Appraisals 3p | Yes |
| Doc B - Supplemental Memo re Deloitte Transfer Pricing Study 021618 1p | No |
| Doc C - Service Provider Survey Charts (Project Gazelle) 9p | No |
| Doc D - Barrington Research Associates-2U Inc 21p | No |
| Doc E - BMO Capital Markets-TWOU 44p | No |
| Doc F - Robert W. Baird  Co. Inc.-2U 51p | No |
| Doc G - Gazelle - Preliminary Transfer Pricing Analysis 4p | Yes |
| Doc H - Wells Email with Gazelle Comps-Taxable 1p | Yes |
| Documentation for e-App 7.2.18 24p | Yes |
| ED Post Closing Documents 7.10.18 48p | No |
| Ed Tech Industry - Q4-17 Preview 1.25.18.doc 13p | No |
| email K Peterson Conflict of Interest Correspondence 1pp | No |
| Exhibit 2.1(b)-1 Personal Prop 053118 109 pp | Yes |
| Exhibit A - HLC Letter to Grand Canyon University 1.24.18 40p | Yes |
| Exhibit B - AZPPSE Approval Letter 042718 | No |
| Exhibit C - GCU 1023 Application 605pp | Yes |
| Exhibit D - Gazelle University IRS Determination Letter 110915 2p | No |
| Exhibit E - GCU IRS Nonprofit Affirmation Letter 083118 2p | No |
| Exhibit F - Maricopa County Property Tax Exemption Notice 072018 10p | No |
| Feb 16 Email Summary of Information 1p | Yes |
| Final Purchase Price Adjustment Certificate 083018 22pp | Yes |

| | |
|---|---|
| Foundation - First Amendment to Bylaws - April 2018 - fiscal year 1p | No |
| Gazelle - All Employee Slides January 5, 2018 86pp | No |
| Gazelle - August 31 Submission Manifest 2pp | No |
| Gazelle - First Amendment to Bylaws - April 2018 - ExecCom 1p | No |
| Gazelle - FOIA Justification Letter 3p | No |
| Gazelle Comps - Taxable 1p | No |
| Gazelle December 6, 2017 1p | Yes |
| Gazelle December 15, 2017 2p | Yes |
| Gazelle II - Disclosure Schedules to APA (5-18-18) 71pp Confidentially Provided | Yes |
| Gazelle July 26, 2017 2p | Yes |
| Gazelle May 12, 2017 1p | Yes |
| Gazelle November 21, 2017 2pp | Yes |
| Gazelle October 25, 2017 1p | Yes |
| Gazelle Transaction Structure 120717 1p | No |
| Gazelle University - Conflict of Interest Policy - April 2018 5pp | No |
| Gazelle University - TP Planning Report updated Draft March 5 2018 42p | Yes |
| Gazelle+GCUF Minutes 062818 6pp | Yes |
| GCE 6-30-18 Personal Property Valuation Z 1p | Yes |
| GCE 6-30-18 Personal Property Valuation Z 288pp | Yes |
| GCE Personal Property Valuation Report 6-30-18 pp 21 | Yes |
| GCU - Financial Statement (7-1-18) 19pp | Yes |
| GCU - Letter to Management (7-1-18) 4pp | Yes |
| GCU Employees with Compensation 134p | Yes |
| Grand Canyon University Foundation - 2014 Form 990EZ 16p | No |
| Grand Canyon University Foundation - 2015 Form 990EZ 20p | No |

| | |
|---|---|
| Grand Canyon University Foundation - 2016 Form 990EZ 22pp | No |
| JVI-Gazelle Phase 1 Personal Property Transmittal Letter 011918 7p | Yes |
| K Peterson Ltr to Pres Barbara GellmanDanley Re GCU Conflict of Int 2-19-18 14pp | No |
| Moodys Sector Comment Higher Education 021218 7p | No |
| NFP Model 051818 2p Confidental | Yes |
| Project Gazelle - Asset Purchase Agreement 051818 84pp | No |
| Project Gazelle - Credit Agreement 051818 68p | No |
| Project Gazelle - Master Services Agreement 051818 73p | Yes |
| Prsnl Propty VAL 103117 1p | Yes |
| RE Call with G&K + Wells Fargo and BAML on Thurs @ noon ET 10 am MST 2p | Yes |
| Re Gazelle - Preliminary Transfer Pricing Analysis 4pp | Yes |
| Real Property Valuation - GCE-Gazelle Phase 1 011918 90pp | Yes |
| Request 12 1p | Yes |
| Response to May 17 2018 DOE Letter (May 18 2018) 5pp | Yes |
| Tab 1 - A. Asset Purchase Agreement 371pp | Yes |
| Tab 4 - C. Facilities Services Agreement 7pp | Yes |
| Tab 5 - D. Credit Agreement 87pp | No |
| Tab 6 - D. Note 2pp | No |
| Tab 7 - D. Allonge 1 1p | No |
| Tab 8 - D. Allonge 2 1pp | No |
| Tab 9 - D. Security and Pledge Agreement 21pp | No |
| Tab 10 - D. Compliance Certificate of Borrower 2pp | No |
| Tab 11 - D. Officers Closing Certificate of Borrower 2pp | No |
| Tab 12 - D. Secretarys Certificate of Borrower 28pp | No |
| Tab 13 - A. Bill of Sale and Assignment 3pp | No |

| | |
|---|---|
| Tab 14 - B. Assignment and Assumption Agreement 4p | No |
| Tab 15 - Assignment and Assumption of Equity Interests 5p | No |
| Tab 16 - Change of Owner Form (Arizona Corporate Commission) 9pp | No |
| Tab 17 - D. HSR Waiting Period Early Termination 1p | No |
| Tab 18 - D. Higher Learning Commission 4p | No |
| Tab 19 - D. AZ State Board for Private Postsecondary Education 1p | No |
| Tab 20 - E. LoudCloud Amendment No. 1 to Software License Agreem_698847 4pp | No |
| Tab 21 - E. Acknowledgement and Consent re Golf Course Operating_698848 3pp | No |
| Tab 22 - E. Assignment of Pono Construction Agreement 2pp | No |
| Tab 23 - E. Assignment of Sodexho Contract 2p | No |
| Tab 24 - E. Colangelo Assignment (Employment at GCU) 3p | No |
| Tab 25 - E. Colangelo Assignment (Transfer of agreements) 2p | Yes |
| Tab 26 - E. Assignment of PRC Agreement 23p | No |
| Tab 27 - F. Trademark Assignment 7p | No |
| Tab 28 - G. Domain Name Assignment 7p | No |
| Tab 29 - A. Secretarys Certificate of Seller 8p | No |
| Tab 30 - B. FIRPTA Certificate 2p | No |
| Tab 35 - D. Seller Resignation Letter - Brian Roberts 1pp | No |
| Tab 36 - E. Waiver of Potential Conflicts of Interests of Certai_698459_8p | No |
| Tab 37 - F. Seller Delaware Certificate of Good Standing 1p | No |
| Tab 38 - A. Secretarys Certificate of Buyer 4p | No |
| Tab 39 - B. Grand Canyon University, Inc. Articles of Amendment3p | No |
| Tab 40 - B. Gazelle University Articles of Amendment 1p | No |
| Tab 41 - B. Trade Name Assignment 1p | No |

| | |
|---|---|
| Tab 45 - D. Buyer Resignation Letter - Will Gonzalez 1p | No |
| Tab 46 - E. Buyers Delaware Good Standing Certificate 1 | No |
| Tab 47 - A. Special Warranty Deed for Campus Property 38pp | No |
| Tab 48 - B. Deed of Trust (Credit Agreement) 57pp | No |
| Tab 49 - C. Closing Statement Regarding Campus Property 4p | No |
| Tab 50 - D. Lenders Title Insurance Policy (Fidelity) 119pp | No |
| Tab 51 - E. Owners Title Insurance (Fidelity) 118p | No |
| Tab 52 - F. Affidavit of Property Value 47pp | No |
| Tab 53 - G. Owners Affidavit 4p | No |
| Tab 54 - H. Escrow Instructions to Title Company 7pp | No |
| Tab 55 - I. Special Warranty Deed (Halama-GCE) 3p | No |
| Tab 56 - J. Termination of Fixture Lien 1p | No |
| Tab 57 - A. Second Amendment to Credit Facility 97pp | No |
| Tab 58 - B. Treasury Account Security and Control Agreement 9p | No |
| Tab 59 - C. Officers Certificate - BAML Amendment 8p | No |
| Tab 60 - D. Deed of Release and Full Reconveyance (BofA 2012) 8p | No |
| Tab 61 - E. Deed of Release and Full Reconveyance (BofA 2016) 2p | No |
| Tab 62 - F. UCC-3 Termination Statement - La Sonrisa de Siena 1p | No |
| Tab 63 - G. UCC-3 Termination Statement - Tierra Vista 1p | No |
| Tab 64 - H. Trademark Release 3p | No |