IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Grand Canyon Education Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-02711-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the parties' joint notice of discovery dispute. (Doc. 115.) The Court concludes that oral argument is unnecessary and rules as follows.

At issue are the FTC's first and second requests for production ("RFPs") to Defendant Grand Canyon Education Inc. ("GCE"). RFP No. 1 seeks various categories of documents "regarding plans or proposals for the transfer of the Grand Canyon University campus and related assets to a nonprofit entity" while RFP No. 2 seeks all records "containing, discussing, or evaluating marketing plans in which Grand Canyon University would be advertised, or is described, as a nonprofit, and any projections, analyses, or evaluations of the impact of such advertising or descriptions on recruiting, enrollment, revenue, or costs." (Doc. 115-3 at 7.) Although GCE disputes the relevance of any of these materials, "it has nevertheless agreed to review at least tens of thousands documents dated on or after January 1, 2017, and to produce non-privileged materials it identifies as responsive to the Requests." (Doc. 115 at 4.) The FTC disagrees with this temporal cutoff, arguing that GCE should "review and produce . . . documents dating as far back as 2014."

(*Id.*, emphasis omitted.)

The Court concludes that GCE's proposed temporal cutoff is unwarranted and that the review should encompass documents from in or after 2014. First, to the extent GCE suggests that documents responsive to RFP Nos. 1 and 2 but predating 2017 are categorically irrelevant, this argument is unavailing. As noted in earlier discovery-related orders in this case, "[r]elevancy in civil litigation is a relatively low bar," *Continental Circuits LLC v. Intel Corp.*, 435 F. Supp. 3d 1014, 1018 (D. Ariz. 2020), and "[i]nformation . . . need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). *See also* Gensler, Federal Rules of Procedure, Rules and Commentary, Rule 26, at 801-02 (2022) ("For discovery purposes, courts define relevance broadly, stating that information is relevant if it bears on or might reasonably lead to information that bears on any material fact or issue in the action. . . . [C]ourts are quick to point out that discovery is concerned with relevant information—not relevant evidence—and that as a result the scope of relevance for discovery purposes is necessarily broader than trial relevance."). Although the disputed conversion occurred in 2018, documents from 2014 to 2016 bearing on GCE's plan to pursue a conversion (as requested in RFP No. 1) still clear Rule 26's relatively low bar for relevance. Likewise, documents from 2014 to 2016 bearing on GCE's plan to market GCU as a nonprofit and understanding of the financial ramifications of such marketing (as requested in RFP No. 2) are relevant. Among other things, and as noted in the August 15, 2024 order, statements by GCE officials about the importance of "being able to market GCU as a nonprofit" may be relevant in evaluating the disputed issue of materiality. (Doc. 56 at 33.)

The closer question is not relevance but proportionality. The Court is sensitive to GCE's contention that enlarging the review the encompass documents from 2014 to 2016 "would likely result in tens or hundreds of thousands of additional documents for GCE's review." (Doc. 115 at 6.) The Court also acknowledges that documents closer in time to the 2018 conversion are more likely to be relevant than older documents. Nevertheless, the documents sought in RFP Nos. 1 and 2 are not tangential—they go to the heart of some

of the disputed issues in this action—and the FTC has identified specific reasons to suspect that documents from 2014 through 2016 may still be relevant and important. (Doc. 115 at 2.) Given those considerations, and in light of the relatively high stakes of this action, the Court concludes that the defining the scope of RFP Nos. 1 and 2 to include documents dating back to 2014 would be proportional to the needs of this case.[1]

Accordingly,

**IT IS ORDERED** that the parties' joint notice of discovery dispute (Doc. 115) is **resolved** as discussed above.

Dated this 3rd day of January, 2025.

_____
Dominic W. Lanza
United States District Judge

---

[1] The Court disagrees with GCE's contention, raised in a footnote, that the FTC acted prematurely by raising the temporal issue via a joint notice of discovery dispute. (Doc. 115 at 4 n.4.) The temporal issue is ripe for resolution, even if the parties also have unresolved disputes about other discovery-related issues.