1 | MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
2 | GREGORY ASHE (VA Bar # 39131)
gashe@ftc.gov
3 | PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
4 | CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
5 | LAURA ANTONINI (CA Bar # 271658)
Federal Trade Commission
6 | 600 Pennsylvania Avenue NW
Mail Stop CC-6316
7 | Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
8 |        (202) 326-3719 (Ashe)
       (202) 326-3477 (Roy)
9 |        (202) 326-2163 (Mosley)
       (202) 326-2701 (Antonini)
10 |
Attorneys for Plaintiff
11 | FEDERAL TRADE COMMISSION

12 |

      UNITED STATES DISTRICT COURT

13 |

      DISTRICT OF ARIZONA

14 |

Federal Trade Commission, | No. CV-23-02711-PHX-DWL

15 |

      Plaintiff,

16 |

      v. | **THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES**

17 |

Grand Canyon Education, Inc., *et al.*,

18 |

      Defendants.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

1

**TABLE OF CONTENTS**

2  TABLE OF CONTENTS ........................................................................................... i

3  TABLE OF AUTHORITIES ..................................................................................... ii

4  I.      INTRODUCTION ........................................................................................ 1

5  II.     PROCEDURAL HISTORY ........................................................................... 1

6  III.    APPLICABLE STANDARD ......................................................................... 2

7  IV.     ARGUMENT ............................................................................................... 3

8          A. Defendant Mueller's Estoppel and "Other" Equitable Defenses Plead No
              Factual Basis and Should Be Stricken as Insufficient ................................... 3

9               1.      Estoppel .............................................................................................. 4

10              2.      "Other Equitable Defenses" .............................................................. 5

11         B. Defendant GCE'S Offset Defense Lacks Specifics and Should Be Stricken as
              Conjecture .................................................................................................. 6

12

13         C. Defendants' Officer and Agency Liability Defenses Fail as a Matter of Law
              and Should Be Stricken as Improperly Pled, Insufficient, and Redundant ....... 8

14  V.      CONCLUSION ............................................................................................ 12

15

16

17

18

19

20

21

22

23

24

25

26

1

## TABLE OF AUTHORITIES

2

**<u>Cases</u>**

3    *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
4        718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................................... 10

     *California ex rel. State Lands Comm'n v. United States*,
5        512 F. Supp. 36 (N.D. Cal. 1981) .......................................................................... 3

6    *Fantasy, Inc. v. Fogerty*,
         984 F.2d 1524 (9th Cir. 1993)................................................................................ 2

7    *Fogerty v. Fantasy, Inc.*,
8        510 U.S. 517 (1994) ............................................................................................... 2

     *FTC v. Affiliate Strategies, Inc.*, 849 F. Supp. 2d 1085, 1091, 1121-22 (D.
9        Kan. 2011) .............................................................................................................. 9

10   *FTC v. Cyberspace.com*,
         453 F.3d 1196 (9th Cir. 2006)............................................................................... 10

11   *FTC v. Johnson*, No. 2:10-CV-02203-MMD,
12       2013 WL 4039069 (D. Nev. Aug. 5, 2013)............................................................ 6

13   *FTC v. LeadClick Media, LLC*,
         838 F.3d 158 (2d Cir. 2016).................................................................................. 11

14   *FTC v. Meta Platforms Inc.*,
15       No. 5:22-CV-04325-EJD, 2022 WL 16637996, at *8 (N.D. Cal.
         Nov. 2, 2022)...................................................................................................... 4, 5

16   *FTC v. N. Am. Mktg. & Assocs.*,
17       2012 WL 5034967 (D. Ariz. Oct. 17, 2012) ...................................................... 2, 5

     *FTC v. OMICS Grp.*,
18       2017 WL 6806802 (D. Nev. Dec. 15, 2017)......................................................... 5

19   *FTC v. Pointbreak Media, LLC*, 376 F. Supp. 3d 1257, 1267, 1288 (S.D.
         Fla. 2019)............................................................................................................... 9

20   *FTC v. Student Advocates Team, LLC*,
21       2020 WL 2748316 (C.D. Cal. April 8, 2020) ...................................................... 10

     *FTC. v. LeanSpa, LLC*,
22       No. 3:11-CV-1715, 2015 WL 1004240 (D. Conn. Mar. 5, 2015) ........................ 11

23   *FTC. v. Neovi, Inc.*,
         604 F.3d 1150 (9th Cir. 2010)............................................................................... 11
24
     *LaSalle Bank Lake View v. Bridgman*,
25       No. 90 C 6891, 1991 WL 74605 (N.D. Ill. May 2, 1991)……………………...8

26   *Petrie v. Elec. Game Card, Inc.*,

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES

761 F.3d 959 (9th Cir. 2014)................................................................................2

*Roe v. City of San Diego*,
289 F.R.D. 604 (S.D. Cal. 2013)........................................................................10

*Smith v. Country Mut. Ins. Co.*,
No. CV-12-02351-PHX-SRB, 2013 WL 12251352 (D. Ariz. Jan.
10, 2013)..............................................................................................................10

*Solis v. Zenith Cap.*, LLC,
No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009).........................6

*United States v. Iron Mountain Mines*,
812 F. Supp. 1528 (E.D. Cal. 1992)......................................................................4

*Vargas v. Cnty. of Yolo*,
No. 215CV02537TLNCKD, 2016 WL 3916329 (E.D. Cal. July 20,
2016)....................................................................................................................10

*Watkins v. United States Army*,
875 F.2d 699 (9th Cir. 1989)..................................................................................5

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010)..................................................................................3

*Wyshak v. City Nat'l Bank*,
607 F.2d 824 (9th Cir. 1979).............................................................................2, 5

**Statutes**

15 U.S.C. § 57b ...................................................................................................2, 7

15 U.S.C. § 45(a) .......................................................................................................2

15 U.S.C. § 6105 .......................................................................................................2

15 U.S.C. §§ 53(b) ....................................................................................................2

15 U.S.C. § 56(a) .......................................................................................................2

89 Fed. Reg. 70095 (Aug. 29, 2024) ........................................................................6

Ariz. Admin. Code § 2-12-302..................................................................................6

W.Va. Code § 46A-6F-301 ........................................................................................6

**Rules**

16 C.F.R. Part 310 .....................................................................................................2

Fed. R. Civ. P. 1. .......................................................................................................4

Fed. R. Civ. P. 12(b)..................................................................................................6

Fed. R. Civ. P. 12(f) ..................................................................................................2

**Treatises**

Restatement (Third) Of Agency § 7.01 (2006) .......................................................10

- iii -

1

## I.   INTRODUCTION

2   Plaintiff Federal Trade Commission ("FTC") respectfully moves under Federal

3   Rule of Civil Procedure 12(f) to strike five affirmative defenses from the Answer to the

4   First Amended Complaint filed by Defendant Grand Canyon Education, Inc. ("GCE")

5   (ECF No. 73) and the Amended Answer filed by Defendant Brian E. Mueller

6   ("Mueller") (ECF No. 101).  Specifically, the FTC moves to strike Defendant Mueller's

7   ninth affirmative defense (officer liability), and the estoppel and "other equitable

8   defenses" listed in his fifteenth affirmative defenses; as well as Defendant GCE's sixth

9   (offset) and ninth (agent liability) affirmative defenses.

10   These affirmative defenses should be struck because, as discussed below, they are

11   insufficiently pled, fail as a matter of law, or are redundant and immaterial.  If not

12   stricken, these affirmative defenses will invite wasteful and unnecessary pretrial expense

13   and litigation over irrelevant issues, significantly prejudicing the FTC.  These five

14   affirmative defenses therefore should be stricken from Defendants' Answers to promote

15   inexpensive and speedy resolution of this action.[1]

16

## II.   PROCEDURAL HISTORY

17   On August 15, 2024, the Court issued an order, *inter alia*, permitting the FTC to

18   file a First Amended Complaint.  (*See* ECF No. 56 at 52.)  Thereafter, the FTC filed its

19   First Amended Complaint on September 5, 2024.  (ECF No. 62.)  The FTC alleges that

20   Defendants Mueller, GCE, and Grand Canyon University ("GCU") (collectively,

21   "Defendants") violated Section 5(a) of the Federal Trade Commission Act ("FTC Act"),

22

23

24
[1] Defendants plead additional affirmative defenses that are insufficient or immaterial. While the FTC moves here only to strike those that are likeliest to increase the burden and expense of litigation, including by unnecessarily expanding the scope of discovery,

25   it is also appropriate to strike defenses that are mere denials of liability or reprisals of defenses the Court rejected as a matter of law in its August 15, 2024 Order. (ECF No.

26   56.)

-1-

``

1   15 U.S.C. § 45(a), and the Telemarketing Sales Rule, as amended, 16 C.F.R. Part 310,

2   and seeks relief pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b),

3   56(a), and 57b, and Section 6 of the Telemarketing and Consumer Fraud Abuse

4   Prevention Act, 15 U.S.C. § 6105.  Specifically, the FTC alleges that Defendants

5   mispresented GCU's non-profit status and that GCU had transitioned back to its prior

6   manner of operating as a non-profit institution (Count I); misrepresented the length,

7   dissertation requirements, and total cost of GCU's doctoral degrees (Count II); engaged

8   in deceptive telemarketing through those misrepresentations (Count III); and illegally

9   called persons on the National Do-Not-Call registry or who have requested that GCU not

10  contact them through telemarketing (Counts IV-V).  On September 26, 2024, Defendants

11  Mueller and GCE filed Answers to the First Amended Complaint.  (ECF Nos. 72 and

12  73.)  On November 25, 2024, Defendant Mueller filed an Amended Answer to the First

13  Amended Complaint.  (ECF No. 101.)

14  **III.    APPLICABLE STANDARD**

15      Under Federal Rule of Civil Procedure 12(f), a court may strike a defense that is

16  immaterial, insufficient, or redundant.  Fed. R. Civ. P. 12(f).  A defense is "immaterial"

17  if it "has no essential or important relationship to the claim for relief."  *Petrie v. Elec.*

18  *Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quoting *Fantasy, Inc. v. Fogerty*,

19  984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*,

20  510 U.S. 517 (1994)).  A defense is "insufficient" if it fails as a matter of law or if it

21  does not provide "fair notice" of the basis of the defense.  *Wyshak v. City Nat'l Bank*,

22  607 F.2d 824, 827 (9th Cir. 1979); *FTC v. N. Am. Mktg. & Assocs.*, 2012 WL 5034967,

23  at *5 (D. Ariz. Oct. 17, 2012).  A defense is redundant if it duplicates legal contentions

24  presented elsewhere in the pleading.  *General Convention of New Jerusalem in United*

25  *States of Am. v. Calamigos Ranch Corp.*, 2023 WL 6192704, at *4 (C.D. Cal. Aug. 10,

26  2023).

``

1        A motion to strike allows the Court "to avoid the expenditure of time and money

2   that would arise from litigating spurious issues, by dispensing with those issues prior to

3   trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting

4   *Fantasy, Inc.*, 984 F.2d at 1527) (internal quotation mark omitted).  Disposing of such

5   defenses early in the proceedings streamlines the ultimate resolution of the action.  *See*

6   *California ex rel. State Lands Comm'n v. United States*, 512 F. Supp. 36, 38 (N.D. Cal.

7   1981).

8   **IV.    ARGUMENT**

9        Five of Defendants' affirmative defenses should be stricken as legally insufficient

10  or redundant.  Specifically, (1) two of the defenses listed in Defendant Mueller's

11  fifteenth defense — estoppel and "other equitable defenses" — have no factual basis and

12  are insufficient as a matter of law; (2) Defendant GCE's offset defense is devoid of facts

13  that would provide fair notice, and Defendant GCE's explanation of the defense shows it

14  is conjecture; and (3) Defendants' officer (Mueller) and agent (GCE) liability defenses

15  misstate the law of joint liability.

16       **A.    Defendant Mueller's Estoppel and "Other" Equitable Defenses Plead**
            **No Factual Basis and Should Be Stricken as Insufficient**
17

18       Defendant Mueller's fifteenth affirmative defense asserts that the FTC "cannot

19  seek or enforce equitable remedies under the doctrines of unclean hands, estoppel, or

20  other equitable defenses."  (ECF No. 72 at 12.)  Mueller has amended this defense to add

21  factual allegations that the FTC coordinated with the Department of Education (ECF No.

22  101-1 at 12-13), but still has identified no basis for equitable estoppel and the unnamed

23  "other equitable defenses."

24       Mueller's conclusory assertion of these two defenses is inadequate.  As discussed

25  further below, equitable defenses are generally not available in law enforcement actions

26  brought by a government agency to enforce or protect a public right.  *See, e.g.*, *United*

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES

``

1  *States v. Iron Mountain Mines*, 812 F. Supp. 1528, 1546 (E.D. Cal. 1992) (holding that

2  estoppel and unclean hands, among other equitable defenses, "may not be asserted

3  against sovereigns who act to protect public welfare").  To successfully plead such a

4  defense, a defendant must satisfy a high pleading standard.  *See infra* at Section IV.A.1.

5  Mueller has not merely failed to do so, he has not pled any specific facts that provide the

6  FTC with fair notice for these defenses.  *Cf. FTC v. Meta Platforms Inc*., 2022 WL

7  16637996, at *8 (striking estoppel defense where "single-sentence references to

8  equitable doctrines do not provide sufficient notice 'even under the most liberal of

9  pleading standards,' much less under the additional pleading requirements for asserting

10  equitable defenses against the government.").

11          Moreover, if allowed to proceed, the resultant discovery and briefing on these

12  affirmative defenses would only waste resources and cause delay.  The FTC would be

13  required to expend resources seeking discovery regarding what yet unidentified

14  representations Mueller claims gives rise to estoppel, what prejudice Mueller claims

15  resulted from the unidentified representations, and other elements of estoppel or

16  unnamed equitable defenses.  Mueller may use the unnamed defenses as a platform for

17  fishing expeditions.  Conversely, disposing of these defenses early in the proceedings

18  promotes the "just, speedy, and inexpensive" resolution of this action.  Fed. R. Civ. P. 1.

19          1.      Estoppel

20          Mueller's conclusory invocation of estoppel is insufficient and provides no

21  meaningful notice.  Estoppel is available against a government claim only in

22  extraordinary circumstances.  A defendant must establish "affirmative misconduct" by

23  the government by identifying "an affirmative misrepresentation or affirmative

24  concealment of a material fact by the government." *United States v. Ruby Co.*, 588 F.2d

25  697, 703 (9th Cir. 1978).  In addition, a claim of estoppel is legally insufficient unless

26  the defendant was ignorant of the true facts and relied to its detriment on the

1  government's affirmative misconduct.  *Id.*  Affirmative misconduct requires more than

2  "mere negligence" and, even where present, "estoppel will only apply where the

3  government's wrongful act will cause a serious injustice, and the public's interest will

4  not suffer undue damage by imposition of the liability."  *Watkins v. United States Army*,

5  875 F.2d 699,707 (9th Cir. 1989).

6  Here, Mueller has not identified any material fact that the FTC affirmatively

7  misrepresented or concealed.  Nor has he alleged detrimental reliance.  His answer gives

8  no notice of the basis of this defense as Mueller has done nothing more than invoke the

9  word "estoppel."  "[T]he defense fails as a matter of law when the defendant pleads

10  nothing more than the word 'estoppel' and fails to allege its necessary elements."  *FTC*

11  *v. OMICS Grp.*, 2017 WL 6806802, at *3 (D. Nev. Dec. 15, 2017) (internal citations

12  omitted).  Courts regularly strike the affirmative defense of estoppel when it is

13  summarily pled against the FTC, and the Court should do so here.  *See, e.g.*, *FTC v.*

14  *Meta Platforms Inc*., 2022 WL 16637996, at *8 (striking estoppel defense as

15  insufficiently pled); *N. Am. Mktg.*, 2012 WL 5034967, at *2 (striking estoppel and other

16  equitable defenses where "defenses contain no reference to supporting facts . . . and thus

17  provide no notice concerning the basis of the defenses").

18              2.      "Other Equitable Defenses"

19  Mueller's assertion of "other equitable defenses" that he may later assert in this

20  case is impermissible under the Federal Rules.  He fails to give the FTC fair notice of

21  even the names of these defenses, let alone their legal and factual predicates.  On that

22  basis alone, this "defense" should be stricken as insufficient.  *See Wyshak,* 607 F.2d at

23  827.

24  This defense is inconsistent with federal pleading requirements because it

25  purports to allow Mueller to spring defenses omitted from his Answer.  Rule 12(b) of the

26  Federal Rules of Civil Procedure is plain that "[e]very defense to a claim for relief in any

1  pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P.

2  12(b).  Courts have customarily stricken reservations of rights defenses from defendants'

3  answers.  *See, e.g.*, *FTC v. Johnson*, No. 2:10-CV-02203-MMD, 2013 WL 4039069, at

4  *4 (D. Nev. Aug. 5, 2013) (striking reservation of future affirmative defenses as

5  improper); *Solis v. Zenith Cap*., LLC, No. C 08-4854 PJH, 2009 WL 1324051, at *7

6  (N.D. Cal. May 8, 2009) (striking reservation of affirmative defenses as insufficient as a

7  matter of law).  Thus, this Court should strike Mueller's effort to reserve a right to

8  belatedly raise equitable defenses that he has not named in his Answer.

9           **B.      Defendant GCE'S Offset Defense Lacks Specifics and Should Be
                      Stricken as Conjecture**

10

11         Defendant GCE's sixth affirmative defense asserts that any monetary relief to

12  which the FTC may be entitled is "offset by amounts previously paid to regulatory

13  agencies related to the same conduct."  (ECF No. 73 at 31.)  This defense is too vague to

14  provide fair notice and lacks legal basis.  When previously challenged to explain this

15  defense (ECF No. 89 at 7-9), GCE did not identify any previous payments and, instead,

16  argued that *future* payments arising from a *proposed* Department of Education fine of

17  GCU might give rise to a defense.   GCE's description of a single example of a potential

18  payment that is not consistent with the defense it has pled underscores that the defense

19  fails to provide adequate notice and should be stricken.

20         GCE's Answer states that it claims offset for "amounts previously paid to

21  regulatory agencies."  (ECF No. 73 at 31.)  In doing so, the Answer fails to give fair

22  notice because it refers to unspecified amounts and unnamed regulatory agencies.[2]  Were

23  the FTC to litigate the defense as written, the agency would need to pursue wasteful

24  _____

25  [2] As nationwide telemarketers, Defendants are obligated to make a variety of payments
    to various agencies, including licensing and renewal fees, taxes, assessments for do-not-
    call lists, fines and penalties.  *See, e.g.,* Ariz. Admin. Code § 2-12-302; W.Va. Code

26  § 46A-6F-301; 89 Fed. Reg. 70095 (Aug. 29, 2024).

1  discovery into all amounts GCE previously paid to any regulatory agency interested in

2  the conduct described in the Complaint.  The defense is insufficient because it is fails to

3  identify specific payees or the nature of any payments.  Moreover, claiming an offset for

4  *all* amounts is indefensible as a matter of law.  Neither the statute nor case law provide

5  that FTC Act remedies are subject to offset for fees or other amounts that are not

6  refunds.  15 U.S.C. § 57b(b).

7         Moreover, instead of showing that its statement of this defense gives adequate

8  notice of the specific *previous* payments that undergird its pleading, GCE instead has

9  asserted that it provided adequate notice by identifying a single proceeding that might

10 result in a *future* payment —namely, an administrative proceeding between the

11 Department of Education and GCU regarding an October 2023 proposed fine. (ECF No.

12 89 at 5) (GCE's opposition to the FTC's now-withdrawn motion to strike (ECF No. No.

13 84)).[3]  GCE acknowledges that the example does not limit the scope of this defense; the

14 defense also encompasses other pending or future proceedings, by any agency, because

15 GCE has "left open the possibility that other agency action may take place." *Id.* at 5.

16        GCE's identification of a proposed fine as an example fails for two reasons.  First,

17 it does not remedy the failure to provide fair notice of the scope of its defense as pled—a

18 defense predicated on *previous* amounts paid to unspecified agencies.  By asserting that

19 this defense also covers hypothetical *future* payments to the Department of Education *or*

20 *other agencies*, GCE further muddies the question of what payments are at issue and

21 renders the defense even more indeterminate.

22

23 _____

24 [3] Even if GCU paid a civil fine to the Department of Education, that would not be a basis
   for reducing the remedy for consumers under Section 19 of the FTC Act. *See* 15 U.S.C.
   § 57b.  Notably, Defendant GCE has previously stated that it may or may not be a party,
25 and that proceedings between the Department of Education and GCU regarding this fine
   are irrelevant because it involved different parties and a distinct statutory and remedial
26 scheme. (ECF No. 63 at 5).

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES

1    Second, a defense predicated on conjecture that a future event in another

2    proceeding may have a collateral impact is not a current defense.  *Cf. LaSalle Bank Lake*

3    *View v. Bridgman*, No. 90 C 6891, 1991 WL 74605, at *1 (N.D. Ill. May 2, 1991) ("That

4    possibility is something that is potentially assertable in the future if the factual

5    underpinning turns out to apply, but it is not a *current* defense. [. . .] It too should not be

6    advanced until such time as it may be determine[d] that its factual predicate actually

7    applies.") (emphasis in original).  Thus, GCE's defense could not be saved even if its

8    text were limited to hypothetical future payment to the Department of Education; the

9    offset defense should be stricken if the only payment for which GCE has given

10   reasonable notice assumes an outcome that may never occur.

11        This defense is prejudicial because GCE's extraordinarily vague pleading will

12   require wasteful and distracting inquiries into any payment to any agency with even a

13   glancing interest in the conduct described in the Complaint.  If allowed to proceed, this

14   defense would require discovery into unspecified payments and conjecture about

15   possible payments to regulatory agencies that, with the exception of the Department of

16   Education, Defendant GCE has declined to name.

17        **C.    Defendants' Officer and Agency Liability Defenses Fail as a Matter of**
          **Law and Should Be Stricken as Improperly Pled, Insufficient, and**
18        **Redundant**

19        Each Defendant raises a spurious defense asserting that their liability is

20   conditional on the liability of co-defendants.[4]  Specifically, Defendant Mueller's ninth

21   affirmative defense asserts that he "cannot be held liable for acts upon which the other

22

23

---

24   [4] Defendants' position echoes archaic pleading rules—which are not part of modern
     federal pleading—in which a defendant could defend a claim based on a joint contractual
25   obligation by asserting a judgment had to be against all or none of the defendants; a
     plaintiff could not obtain a judgment against some joint obligors on a contract.  *See*
26   *Guertler v. Dupont Cmty. Credit Union*, 552 B.R. 140, 144 (W.D. Va. 2016).

- 8 -

``

1  Defendants are not held liable." (ECF No. 101 at 11-12). Defendant GCE's ninth

2  affirmative defense similarly asserts that "GCE cannot be held liable as an agent for acts

3  upon which the principal is not held liable." (ECF No. 73 at 32.)

4       These defenses should be stricken because they misstate the law. As explained

5  below, neither Defendant Mueller's liability as an officer nor Defendant GCE's liability

6  for its misconduct is dependent on the FTC obtaining a judgment against other

7  participants in the misconduct. Under the FTC Act, the liability of co-defendants held

8  responsible for the same unlawful conduct is joint and several. *See FTC v. Commerce*

9  *Planet, Inc.*, 815 F.3d 593, 600 (9th Cir. 2016). There is no requirement that the FTC

10  obtain judgment against all possible defendants, nor does a settlement with some

11  possible defendants without an admission of liability preclude the FTC from obtaining

12  relief against other defendants participating in the same misconduct. *See FTC v.*

13  *Pointbreak Media, LLC*, 376 F. Supp. 3d 1257, 1267, 1288 (S.D. Fla. 2019) (principals

14  of defendant companies held jointly and severally liable after other defendants, including

15
16  their companies, settled or defaulted); *FTC v. Affiliate Strategies, Inc.*, 849 F. Supp. 2d

17  1085, 1091, 1121-22 (D. Kan. 2011) (defendants held jointly and severally liable after

18
19  multiple co-defendants settled). The FTC's burden is to prove the misconduct alleged in

20  the Complaint which, in this case, includes misconduct by Defendant GCE acting on

21  behalf of GCU, with Defendant Mueller serving as an officer of both entities. Each and

22
23  all Defendants may be found liable for the underlying misconduct.

24       Accordingly, Defendant Mueller's assertion that his liability is dependent on both

25  GCE and GCU being "held liable" misstates the law governing an officer's liability for

26

- 9 -

corporate misdeeds.  Such liability is not conditioned on judgment of liability against the

officer's corporation; proof that the corporation violated the FTC Act suffices.[5]  Mueller,

as corporate officer, is liable because of his control of the corporation, participation in,

knowledge of, or reckless indifference to the violations.  *See, e.g., FTC v.*

*Cyberspace.com*, 453 F.3d 1196, 1202 (9th Cir. 2006).  Furthermore, Defendant Mueller

exercises control of both corporations and may be held liable based on the misconduct of

either company.

Similarly, Defendant GCE's contention that GCE's liability for its own

misconduct is contingent on a judgment holding co-defendants liable is erroneous.

Neither the FTC Act nor the principles of agency law recognize such a limitation on

holding an agent responsible for its own misconduct.  Irrespective of whether a principal

is vicariously liable, it is hornbook law that "an actor remains subject to liability

although the actor acts as an agent[.]" *See* Restatement (Third) Of Agency § 7.01

(2006); *Smith v. Country Mut. Ins. Co.*, 2013 WL 12251352, at *1 (D. Ariz. Jan. 10,

---

[5] If Defendant Mueller argues that this defense merely asserts that alleged corporate misconduct must be proven to hold him liable—not that GCE must be "held liable"—his revised articulation of the defense should be rejected as redundant. Because Defendant Mueller denies GCE's conduct was unlawful, a defense that restates the consequence of these denials as an affirmative defense is duplicative.  For this reason, many courts disallow negative defenses that are improperly pled as affirmative defenses. *See, e.g., Vargas v. Cnty. of Yolo*, 2016 WL 3916329, at *8 (E.D. Cal. July 20, 2016) (striking vicarious liability defense because "it is an allegation of defect in the Plaintiffs' prima facie case, not an affirmative defense"); *FTC v. Student Advocates Team, LLC*, 2020 WL 2748316, at *3 (C.D. Cal. April 8, 2020) (striking "negative defense attacking the FTC's prima facie case"); *Barnes*, 718 F. Supp. 2d at 1174 (striking defenses that "simply provide a basis to negate an element of [plaintiff's] prima facia case for relief and are restatements of denials present in earlier parts of the complaint"); *Roe v. City of San Diego*, 289 F.R.D. 604, 610 (S.D. Cal. 2013) (striking denial of liability as "redundant and unnecessary").

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

``

1  2013) ("[T]he doctrine of vicarious liability affects only the principal's liability—not

2  that of the agent, who is liable for his own tortious conduct regardless of whether the

3  principal is also liable.").  To that end, courts have repeatedly found liability under the

4  FTC Act for an actor's own conduct, regardless of whether that actor is an agent, as "the

5  liability that attaches to [a defendant] is not mediated by the actions of . . . third parties."

6  *See FTC. v. Neovi, Inc.*, 604 F.3d 1150, 1157 (9th Cir. 2010), as amended (June 15,

7  2010), amended, No. 09-55093, 2010 WL 2365956 (9th Cir. June 15, 2010) (finding

8  liability where defendant "engaged in behavior that was, *itself*, injurious to consumers")

9  (emphasis in original); *FTC v. LeadClick Media*, LLC, 838 F.3d 158, 170 (2d Cir. 2016)

10  (finding that a defendant who "allows the deception to proceed, engages, *through its own*

11  *actions*, in a deceptive act or practice that causes harm to consumers.") (emphasis in

12  original); *see also FTC. v. LeanSpa, LLC*, 2015 WL 1004240, at *12-13 (D. Conn. Mar.

13  5, 2015), *aff'd in part, rev'd in part and remanded sub nom. LeadClick Media, LLC*, 838

14  F.3d 158 (agent liable for its own decision to effectuate decisions of its principal and

15  participated in misconduct).

16

17                              *     *     *     *     *

18       Striking these two defenses is also warranted because discovery and motions

19  practice elaborating on them would unnecessarily delay resolution of this case.  Apart

20  from Defendants' threadbare denials of liability, they provide no factual basis for

21  departing from well-established standards of joint and several liability under the FTC

22  Act and core principles of agency law.  Nor do they present any legal basis for

23

24

25

26

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS'
AFFIRMATIVE DEFENSES

``

1   suggesting that settlement or dismissal of one co-defendant precludes judgment against

2   others for the misconduct alleged in the First Amended Complaint.

3   **V.   CONCLUSION**

4       For the foregoing reasons, the above-discussed affirmative defenses should be

5   stricken from the Answers of Defendants Mueller and GCE.

6   DATED: January 10, 2025          Respectfully submitted,

7                          FEDERAL TRADE COMMISSION

8

9                      By:   */s/ Carlton B. Mosley*

10                          Michael E. Tankersley
                             Gregory Ashe

11                          Patrick Roy
                             Carlton Mosley

12                          Laura Antonini
                             FEDERAL TRADE COMMISSION

13                          600 Pennsylvania Avenue NW
                             Washington, D.C. 20580

14                          Telephone: (202) 326-2163
                             Email: cmosley@ftc.gov

15

16                          *Attorneys for Plaintiff*
                         *FEDERAL TRADE COMMISSION*

17

18

19

20

21

22

23

24

25

26

THE FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

``

1

## <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on January 10, 2025, I electronically transmitted the

3    foregoing The Federal Trade Commission's Memorandum in support of its Motion to

4    Strike Defendants' Affirmative Defenses to the Clerk's Office using the CM/ECF

5    System, which will send a notice of filing to all counsel of record.

6

7                                              */s/ Carlton B. Mosley*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

- 13 -