ALSTON & BIRD LLP
Derin B. Dickerson, GA Bar #220620 (*admitted pro hac vice*)
Caroline R. Strumph, GA Bar #250168 *(admitted pro hac vice*)
Shanique C. Campbell, GA Bar #346659 (*admitted pro hac vice*)
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*admitted pro hac vice*)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
kathleen.benway@alston.com

Lisa L. Garcia, CA Bar #301362 (*admitted pro hac vice*)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1147
lisa.garcia@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road #400
Fairfax, VA 22030
Telephone: (703) 934-2660
sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
paul.clement@clementmurphy.com

*Attorneys for Defendant Brian E. Mueller*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br>      Plaintiff,<br><br>vs.<br>Grand Canyon Education, Inc.;<br>Grand Canyon University, Inc.; and<br>Brian E. Mueller,<br><br>      Defendants. | No. 2:23-cv-02711-PHX-DWL<br><br>**DEFENDANTS GRAND CANYON EDUCATION, INC. AND BRIAN MUELLER'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY ON NONPROFIT CLAIMS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

**TO THE COURT, CLERK, ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants Grand Canyon Education, Inc. ("GCE") and Brian Mueller hereby move for an order staying all discovery on Count I of the Amended Complaint titled, "Deceptive Representation of Being a Non-Profit Institution," and Count III titled, "Deceptive Telemarketing Acts or Practices" insofar as Count III is premised on representations that Grand Canyon University ("GCU") is a non-profit institution, pending the Department of Education's determination of GCU's ability to participate in Title IV of the Higher Education Act of 1965 as a nonprofit institution.

GCE and Defendant Mueller seek this stay for three principal reasons: First, the FTC makes clear in its Amended Complaint that it is relying on the Department of Education's November 6, 2019 decision refusing to recognize GCU's nonprofit status for purposes of Title IV as its primary factual basis for its nonprofit claims in Count I and portions of Count III. And yet, the Ninth Circuit Court of Appeals recently determined that the Department's decision was without a legal basis, vacated the Department's 2019 decision, and remanded the matter back to the agency for further consideration. *See Grand Canyon Univ. v. Cardona*, 121 F.4th 717, 726 (9th Cir. 2024). The FTC cannot continue to press claims and pursue burdensome discovery premised on a Department classification that has been rejected and is now pending further review.

Second, applying the correct legal standard consistent with the Ninth Circuit's decision in *Cardona*, there is no legal basis for the Department to reject GCU's nonprofit status on remand, thus eliminating any potential basis that could support the FTC's nonprofit claims.

Third, GCE and Defendant Mueller will be severely prejudiced if they are forced to continue to respond to and engage in unduly burdensome fact and expert discovery on the FTC's nonprofit claims after the Ninth Circuit rejected the factual basis for such claims. Other equitable factors like the severability of the FTC's nonprofit claims and the lack of prejudice to the FTC also weigh in favor of granting the stay.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and any oral or documentary evidence that may be presented at a

hearing on this Motion. The Motion is made following the conference of counsel pursuant to the Court's Meet and Confer Requirement in Local Rule 12.1(c), which took place by videoconference on January 22, 2025.

Respectfully submitted this 10th day of February, 2025.

/s/ Derin B. Dickerson
Derin B. Dickerson, GA Bar #220620*
Kathleen Benway, DC Bar #474356*
Caroline R. Strumph, GA Bar #250168*
Shanique Campbell, GA Bar #346659*
Lisa L. Garcia, CA Bar #301362*
*(pro hac vice)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424

*Attorneys for Defendant Grand Canyon Education, Inc.*

ALSTON & BIRD LLP
Derin B. Dickerson, GA Bar #220620 (*admitted pro hac vice*)
Caroline R. Strumph, GA Bar #250168 *(admitted pro hac vice)*
Shanique C. Campbell, GA Bar #346659 (*admitted pro hac vice*)
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*admitted pro hac vice*)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
kathleen.benway@alston.com

Lisa L. Garcia, CA Bar #301362 (*admitted pro hac vice*)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1147
lisa.garcia@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road #400
Fairfax, VA 22030
Telephone: (703) 934-2660
sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
paul.clement@clementmurphy.com

*Attorneys for Defendant Brian E. Mueller*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br>    Plaintiff,<br><br>vs.<br>Grand Canyon Education, Inc.;<br>Grand Canyon University, Inc.; and<br>Brian E. Mueller,<br><br>    Defendants. | No. 2:23-cv-02711-PHX-DWL<br><br>**DEFENDANTS GRAND CANYON EDUCATION, INC. AND BRIAN MUELLER'S MOTION TO STAY DISCOVERY ON NONPROFIT CLAIMS**<br><br>**[ORAL ARGUMENT REQUESTED]** |

## I. INTRODUCTION

Defendants Grand Canyon Education, Inc. ("GCE") and Brian Mueller (collectively, "Moving Defendants") respectfully submit this Motion to Stay Discovery on Nonprofit Claims ("Motion") pending the Department of Education's review of Grand Canyon University's ("GCU") ability to participate in Title IV of the Higher Education Act of 1965 as a nonprofit institution. The Department's pending review follows the Ninth Circuit's decision in *Grand Canyon Univ. v. Cardona*, 121 F.4th 717, (9th Cir. 2024) that invalidated the Department's prior nonprofit denial and the basis for the FTC's nonprofit claims. Moving Defendants seek a limited stay of discovery because, among other things, (1) the factual basis for the FTC's nonprofit claims is presently eliminated; (2) the Department's forthcoming review of GCU's nonprofit status is likely to dispose of Count I and substantially narrow the scope of Count III; and (3) the expenditure of resources and significant burden required to respond to discovery on the impacted claims will be needless if, as expected, the Department recognizes GCU as a nonprofit institution on remand. In addition, a stay pending resolution of the Department's review is warranted given the burdensome discovery served on Defendants in connection with the nonprofit claims, and will not otherwise impact the progress of the FTC's other claims in this litigation. For these reasons, and to secure the "just, speedy, and inexpensive determination" of this case, Fed. R. Civ. P. 1, Moving Defendants respectfully request the Court to stay discovery on Count I of the Amended Complaint and Count III insofar as Count III is premised on representations that Grand Canyon University is a non-profit institution, pending the Department's review of GCU's nonprofit status.

## II. RELEVANT PROCEDURAL AND FACTUAL HISTORY

The Federal Trade Commission ("FTC") commenced this action on December 27, 2023, asserting five claims for alleged violations of the FTC Act and the Telemarketing Sales Rule against Defendants GCE, GCU, and GCE CEO and GCU President Brian E. Mueller. (Dkt. No. 1.) All three Defendants moved to dismiss the Complaint on February 9, 2024, and those motions were granted in part and denied in part. (Dkt. No. 56.) On September 5, 2024, the FTC filed its Amended Complaint pressing the same claims on materially identical

allegations. (Dkt. No. 62, Amended Complaint). As relevant here, the FTC alleges that Defendants mislead consumers by representing that GCU is a "nonprofit" in certain marketing materials for a limited period, even though the IRS, State of Arizona, and the Higher Learning Commission all recognize GCU as a nonprofit organization. That's so because the Department of Education refused on November 6, 2019, to recognize GCU as a nonprofit for Title IV purposes. *See* Am. Compl. ¶¶ 69-71; Dkt. No. 56 at 31. The FTC brings claims under Section 5(a) of the FTC Act (Count I) and the Telemarketing Sales Rule (Count III) based on the theory that characterizing GCU as a nonprofit might be "confusing to students and the public, who may interpret such statements to mean that the [***Department of Education***] considers GCU a nonprofit." *See* Dkt. No. 56 at 32 (quoting Dkt. No. 25 ¶ 25) (emphasis added). The parties are now in the middle of fact discovery having served written discovery and exchanged initial productions of documents.[1]

Recently, however, the Ninth Circuit overturned the Department's November 6, 2019 decision refusing to recognize GCU's status as a nonprofit institution under Title IV and remanded the issue back to the Department for review. *See Grand Canyon Univ. v. Cardona*, 121 F.4th 717, 727 (9th Cir. 2024). The Ninth Circuit held that the Department "failed to apply the correct legal standards" in reaching its decision. *Id.* The *Cardona* order has the practical effect of eliminating the factual basis for the FTC's nonprofit claims against Defendants—that is, absent the Department's decision denying GCU nonprofit status for purposes of Title IV, there is no basis for the FTC to claim consumers were deceived or misled by Defendants' prior nonprofit representations.

Following this ruling, the Moving Defendants communicated to the FTC their intent to seek a stay of discovery on the FTC's nonprofit claims pending the Department's forthcoming review of GCU's nonprofit status. The parties subsequently met and conferred on the issue in a good-faith attempt to reach agreement, consistent with Local Rule 7.2(j). Even though the

---

[1] Defendant GCU has moved to dismiss the FTC's Amended Complaint. That motion remains pending, and the Court has stayed all discovery against GCU pending resolution of that motion. (Dkt. No. 69).

FTC offered no viable theory for how its nonprofit claims could survive a determination by the DOE affirming GCU's nonprofit status for Title IV purposes, the FTC nevertheless disagreed with the Moving Defendants' request for a stay. Moving Defendants now file the instant motion.

### III.     LEGAL STANDARD

District courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of immunity issue). That discretion extends to limiting or staying discovery upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c)(1)(A); *Dichter-Mad Family Partners*, 709 F.3d at 751 (9th Cir. 2013) (per curiam) ("[B]road discretion is vested in the trial court to permit or deny discovery"). Good cause for staying discovery exists when such a stay "furthers the goal[] of efficiency for the court and litigants."); *Little*, 863 F.2d at 685.

Although the Ninth Circuit has not articulated a specific test for evaluating stay requests, it has recognized that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Hill v. Koon*, No. 93-16628, 1994 U.S. App. LEXIS 12345, at *3-4 (9th Cir. May 17, 1994). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979), *cert. denied*, 444 U.S. 827, 62 L. Ed. 2d 34, 100 S. Ct. 51 (1979)). This includes instances where resolution of pending, related matters will bear on one or more claims in a case and determine their viability or otherwise potentially narrow the issues for trial. *See, e.g.*, *Brinkley v. Monterey Fin. Servs.*, Case No. 16-cv-1103-WQH-WVG, 2020 U.S. Dist. LEXIS 70025, 2020 WL 1929023, at *(S.D. Cal. Apr. 21, 2020) (staying entire action when the outcome of a decision in a separate suit would have "a decisive effect on the viability of one of [plaintiff's] two remaining claims, potentially narrowing the issues for trial and simplifying the issues in this case."); *Franklin v. Ocwen Loan Servicing, LLC*, No. 18-cv-

03333-SI, 2020 U.S. Dist. LEXIS 107087, at *5 (N.D. Cal. June 18, 2020) (staying action pending outcome of a different case that "will determine whether plaintiff's claim is viable at all").

A limited stay of discovery pending the Department's forthcoming review is appropriate and efficient here because the Department's review of GCU's nonprofit status for Title IV purposes bears on multiple claims and is likely to sharply narrow the substantive and temporal scope of discovery as well as the issues for trial.

## IV. ARGUMENT

### A. The Court Should Stay Discovery Because the Department's Review of GCU's Nonprofit Status is Dispositive of Count I and Portions of Count III.

This Court should issue an order staying discovery on Count I and Count III (insofar as it is premised on alleged representations of GCU's nonprofit status) because the Department's review of GCU's nonprofit application pursuant to the Ninth Circuit's decision in *Cardona*, is potentially dispositive of the FTC's nonprofit claims in this action. Indeed, the FTC has not alleged or otherwise articulated any other factual or legal basis for its claim that Defendants' use of the term "nonprofit" misled students. *See Estate of Bock v. County of Sutter*, No. S–11–0536 MCE GGH, 2012 WL 94618, at *2 (E.D. Cal. Jan. 9, 2012) (staying discovery because "it is quite possible that some claims and/or defendants might be eliminated"); *Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1117 (D. Or. 2000) ("the issues need not be identical but need only be simplified by granting a stay and awaiting a final ruling in the [other matter]") (granting stay pending outcome of separate matter).

#### 1. The FTC's Nonprofit Claims Rely on the Department's Now-Vacated Decision Refusing to Recognize GCU's Nonprofit Status.

If the Department recognizes GCU as a nonprofit, there would be no basis for the FTC to continue to claim that Defendants' nonprofit representations were misleading or confusing.[2]

---

[2] The claim is tenuous at best even if the Department refuses to recognize GCU's nonprofit status. If the Department *recognizes* GCU as a nonprofit, as expected, the FTC's continued assertion of the claim would run afoul of Rule 11.

4

In the Amended Complaint, the FTC makes clear that its deception-related claims in Count I and portions of Count III rely on the Department's determination that GCU was not a nonprofit institution for purposes of the Higher Education Act. Specifically, in paragraph 25, the FTC highlights that the "Department of Education rejected GCU's request that it be recognized as a nonprofit institution under the Higher Education Act, and classified GCU as a for-profit participant in federal education programs" and that statements regarding GCU's nonprofit status could be confusing to consumers "who may interpret such statements to mean that the Department considers GCU a nonprofit under its regulations." That is the only basis the FTC offers for its claim that Defendants have "deceptively advertised Grand Canyon University as a nonprofit to prospective students." Am. Compl. ¶ 9. Other than the Department's determination, the FTC does not identify any other basis that consumers could misperceive Defendant's nonprofit representations. In fact, the Amended Complaint simultaneously concedes that GCU *is* recognized as a nonprofit, tax-exempt organization by the IRS, the Arizona Corporation Commission, and the Higher Learning Commission. *See* Dkt. No. 56 at 31; Am. Compl. ¶ 14.

The Court credited the FTC's narrow theory of liability when it allowed Count I to proceed past the motion to dismiss stage: "At this stage, the Court must assume that all of the FTC's factual allegations are true, including the allegation that Defendants' characterization of GCU as a nonprofit was "confusing to students and the public, ***who may interpret such statements to mean that the [DOE] considers GCU a nonprofit under its regulations***." Dkt. No. 56 at 32 (quoting Dkt. No. 25 ¶ 25) (emphasis added).

Yet the Ninth Circuit's recent decision in *Grand Canyon Univ. v. Cardona*, 121 F.4th 717 (9th Cir. 2024) gutted the FTC's theory. In *Cardona*, GCU challenged the Department's decision denying GCU's nonprofit status for purposes of participation in Title IV programs under the Administrative Procedure Act. *See* 5 U.S.C. § 706(2)(A). The district court granted summary judgment for the Department, and GCU appealed. On appeal, the Ninth Circuit determined that the Department "failed to apply the correct legal standards." *Cardona*, 121 F.4th at 727; *see also id.* at 723 (similar). Specifically, in determining that it would not treat

GCU as a nonprofit institution under Title IV of the Higher Education Act of 1965 (HEA), the Department of Education improperly relied on IRS regulations that imposed requirements that went well beyond the HEA's requirements. "The Department's legal error require[d] that its decisions be set aside," *id.*, and the Ninth Circuit reversed the district court's grant of summary judgment and remanded the case with instructions to set aside the Department's rejection of GCU's nonprofit status and remand the issue back to the Department for review under the proper legal standard.

There should be no doubt that the "independent proceedings [of the Department's forthcoming review of GCU's nonprofit status] bear upon the case," *Koon*, 1994 U.S. App. LEXIS 12345, at *3-4, because the FTC has represented as much. In its motion seeking to transfer this case to Judge Bolton, the district court judge overseeing the *Cardona* litigation, the FTC represented that "Counts I and III in the FTC action arise from the same relationship between [GCE and GCU] that Judge Bolton evaluated in the *Cardona* action" and that the "underlying factual predicates for Counts I and III are closely intertwined with . . . the Department's rejection of [GCU's nonprofit status]." Dkt. No. 19 at 1, 2-3.

The FTC's nonprofit claims are thus premised on facts—chiefly, the Department's now-reversed finding that GCU is not a nonprofit—that are no longer operative and no longer support the flawed theory in Counts I and III that Defendants created "confusion" among students about whether "[the Department] considers GCU a nonprofit under its regulations." Dkt. No. 56 at 32. The FTC's nonprofit claims are not viable today, and there is significant uncertainty about whether they will be viable in the future depending on the Department's future actions. That alone is sufficient reason for this Court to order a stay of discovery pending the outcome of the Department's review. *Koon*, 1994 U.S. App. LEXIS 12345, at *3-4 (a court may stay an action pending resolution of independent administrative proceedings "which bear upon the case" regardless of whether "the issues in such proceedings are necessarily controlling of the action before the court."); *Carreon*, 94 F. Supp. 2d at 1117 ("the issues need not be identical but need only be simplified by granting a stay and awaiting a final ruling in the [other matter]") (granting stay pending outcome of separate litigation).

2.     **There is No Basis for the Department of Education to Refuse to Recognize GCU as a Nonprofit Institution so the FTC's Nonprofit Claims in Count I and Count III Cannot Survive.**

The Ninth Circuit and the district court have directed the Department to revisit its review and determination of GCU's nonprofit status under the correct legal standards. Moving Defendants seek a limited stay during the pendency of that review. The Department's forthcoming review of GCU's nonprofit status is likely to finally dispose of Count I and to substantially narrow the scope of Count III. Putting aside the Department's initial (erroneous) determination, there is no alternative basis for refusing to recognize GCU's nonprofit status.

Under the HEA's correct legal standard, GCU is a nonprofit institution because no part of its net earnings inure to the benefit of any private shareholder or individual. This standard—which ensures nonprofits do not transfer assets to insiders for inadequate consideration—is plainly satisfied because GCU pays fair-market value to a third party, GCE, for essential services. As a third party with no power to control GCU, GCE is not an insider under the private inurement standard. Moreover, the record evidence before the Department uniformly confirmed that the service fees established in the Master Services Agreement (MSA) between GCU and GCE fall within a range that compensates GCE at fair market value for the services it provides. Critically, the Department never disputed that the MSA's service fees are at fair market value for the services rendered. *See generally United Cancer Council v. Commissioner*, 165 F.3d 1173, 1176 (7th Cir. 1999) (explaining that contract awarding a for-profit fundraiser 90% of the funds it raised on nonprofit's behalf had nothing "to do with inurement").

Based on these factors, the Department has no valid legal basis to refuse to recognize GCU as a nonprofit institution for purposes of Title IV. The FTC, therefore, similarly lacks a valid basis to pursue its nonprofit claims. The FTC has not articulated how the FTC can credibly sustain its theory that Defendants falsely or deceptively represented GCU's nonprofit status as alleged in the Amended Complaint without a determination by the Department that it will not recognize GCU's nonprofit status. It cannot. On the current record, a stay is necessary to ensure that the parties do not continue down the path of expansive and expensive discovery

into nonprofit-related issues that are likely to be mooted by the Department's forthcoming review. *See, e.g.*, *Ralston v. Mortgage Investors Group, Inc.,* No. C 08-536 JF (PVT), 2010 WL 1136317, at *4 (N.D. Cal. Mar. 22, 2010) (granting stay of discovery "because it is unclear whether Plaintiff can state a viable federal claim").

### B. The Burden and Harm on Defendants Justify Staying Discovery on the FTC's Nonprofit Claims.

The Court may consider other equitable factors in deciding whether to stay discovery. The Ninth Circuit has instructed that courts considering a stay of proceedings should weigh the relevant competing interests, such as:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). All of these factors weigh in favor of granting a stay of discovery in this action.

Moving Defendants will face a significant discovery burden across the next several weeks to investigate the FTC's nonprofit claims, which greatly expand both the substantive and temporal scope of discovery in this litigation. And that burden and expense may be for naught.

The FTC has served at least two requests for production that are ***only*** relevant insofar as the FTC has viable claims relating to Defendants' representations about GCU's nonprofit status.[3] Responding to those requests will require Moving Defendants to collect, review, and produce a unique set of documents from a unique group of custodians over a unique relevant

---

[3] The FTC's Request for Production No. 1 seeks various categories of documents "regarding plans or proposals for the transfer of the Grand Canyon University campus and related assets to a nonprofit entity," and Request for Production No. 2 seeks all records "containing, discussing, or evaluating marketing plans in which Grand Canyon University would be advertised, or is described, as a nonprofit, and any projections, analyses, or evaluations of the impact of such advertising or descriptions on recruiting, enrollment, revenue, or costs." Dkt. No. 115-3 at 7.

time period, which would not otherwise be relevant to discovery in this case. For example, in response to the FTC's two nonprofit-related requests for production, GCE has offered to collect and review what will likely be tens of thousands of emails belonging to four corporate officers and administrative personnel who may have documents relevant to GCU's plans for transferring the educational assets of the school to a nonprofit entity and marketing the university as a nonprofit, and to additionally review tens of thousands of documents produced in prior shareholder litigation which challenged the representation of the university as a nonprofit. But collection and review of their files will be wholly unnecessary and irrelevant to the lawsuit should the FTC's nonprofit claims drop out of the case. The FTC has also demanded documents dating back to 2014 **for the two nonprofit-related discovery requests only**. The Court has acknowledged GCE's contention that such a broad temporal scope "would likely result in tens or hundreds of thousands of additional documents for GCE's review." Dkt. No. 120 at 2. That remains true today. Further, Moving Defendants will also likely be engaging experts to opine on issues relating to the FTC's nonprofit claims. Absent a stay, Moving Defendants will need to press forward with burdensome, expensive, and potentially needless, expert discovery should the FTC's nonprofit claims fall out of the case.

In stark contrast, the FTC will suffer no harm or prejudice if this Court grants a limited stay of discovery pending the outcome of the Department's review of GCU's nonprofit status. The FTC can continue to investigate its other claims in this case—claims related to Defendants' alleged representations about GCU's doctoral programs and other telemarketing practices which do not rest on the Department's findings. Moving Defendants are already engaging in discovery on these claims. Further, while "[g]enerally, stays should not be indefinite in nature," *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), Moving Defendants are not requesting any such indefinite stay of nonprofit discovery here. To the contrary, the Ninth Circuit has already published its opinion setting aside the Department's decision on GCU's nonprofit status and remanded the case to the district court for further proceedings. What remains is for the Department to conduct its review and render its determination. Given the focused issue before the Department, we think

it is reasonable to expect a decision within 60-90 days. Indeed, at Judge Bolton's request, GCU filed a proposed remand order in which GCU requests that the Department issue its decision within 60 days or provide the Court with an update on the status of its review. *See Grand Canyon Univ. v. Cardona*, Case No. 2:21-cv-00177-SRB (D. Ariz.) (Dkt. No. 112). The FTC cannot credibly claim prejudice by a limited stay of this nature when it is simultaneously able to pursue its remaining claims in the interim and will incur no additional burden or expense by virtue of the stay.

## V.  CONCLUSION

For these reasons, GCE and Defendant Brian Mueller request that the Court grant their Motion to Stay Discovery on the FTC's Nonprofit Claims pending the Department of Education's review and re-classification of GCU's nonprofit status.

Respectfully submitted this 10th day of February, 2025.

/s/ Derin B. Dickerson
Derin B. Dickerson, GA Bar #220620*
Kathleen Benway, DC Bar #474356*
Caroline R. Strumph, GA Bar #250168*
Shanique Campbell, GA Bar #346659*
Lisa L. Garcia, CA Bar #301362*
*(*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA  30309-3424

*Attorneys for Defendant Grand Canyon Education, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February 2025, I caused to be electronically transmitted the attached document entitled GRAND CANYON EDUCATION, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY to the Clerk of the Court using the CM/ECF System, which will send notification of such filing and transmittal of a Notice of Electronic Filing to all registered CM/ECF users.

*/s/ Derin B. Dickerson*
Derin B. Dickerson

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.2(j), I hereby certify that counsel for the movants notified the FTC that Defendants GCE and Mueller intended to move for a limited stay of discovery pending the Department's review of GCU's nonprofit status, that the parties met and conferred in good faith, and that the parties did not reach a resolution.

*/s/ Derin B. Dickerson*
Derin B. Dickerson