MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY A. ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
LAURA ANTONINI (CA Bar # 271658)
lantonini@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
          (202) 326-3719 (Ashe)
          (202) 326-3477 (Roy)
          (202) 326-2163 (Mosley)
          (202) 326-2701 (Antonini)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>    Plaintiff,<br><br>v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>    Defendants. | No. CV-23-02711-PHX-DWL<br><br>**JOINT WRITTEN SUMMARY OF DISCOVERY DISPUTE** |

Pursuant to the Court's Scheduling Order (ECF 70), and Local Rule of Civil Procedure 7.2(j), Plaintiff Federal Trade Commission ("FTC") and Defendants Grand Canyon Education, Inc. ("GCE") and Brian E. Mueller, submit the following summary of discovery dispute relating to Defendant's production of documents and the protective order entered by this Court on October 7, 2024, concerning production of records subject to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g *et seq*. (ECF 79) ("FERPA Order").

**The FTC's Position:** The FTC's claims in this action directly implicate Defendants' contracts, communications, and financial transactions with (i) approximately 7,500 doctoral students and (ii) an undisclosed number of consumers whose records are the basis for Defendants' affirmative defense that otherwise illegal telemarketing calls were permissible because GCE had an "Established Business Relationship" with the consumers. (ECF 56 at 33-35 (doctoral misrepresentation claims); ECF 73 at 32 ¶ 11 (asserting Established Business Relationship, 16 C.F.R. § 310.2(q), defense); ECF 72 at 11 ¶ 5 (same)). For months, Defendants have withheld information about these consumers on the basis that sending the notice prescribed in the FERPA Order (ECF 79 at 4-6 ¶¶ 9-12) is unduly burdensome. Exhibit A at 5; Exhibit B at 4; Exhibit C at 8, 10, 12 (objections to Requests 5, 7, 10); Exhibit D at 4. On March 5, Defendants retreated slightly from this position; they now maintain that they should be permitted to withhold the identity of 98% of the victims of the alleged misconduct (200 of 10,000 according to GCE) because, they assert, sending more than 200 emails is unduly burdensome. The FTC requests that Defendants be directed to send notice to the affected students and thereafter produce records in accordance with the FERPA Order.

Defendants' burden objection is without merit. The FERPA Order provides for notice by email with Court-approved text. Defendants already possess the email addresses, and have sent communications to students and alumni describing this suit (with mischaracterizations). *See, e.g., https://supportgcu.com/gcus-statement-to-ftc.* Any minimal burden must be weighed against the importance of equal access to the material at issue. Defendants' objection also does not protect student privacy. Defendants have access to the education records for preparing their defense, rely on these records in their own arguments, and are accessing the information without notice. Defendants' position denies the FTC equal access and avoids notifying victims that Defendants are making use of their records in litigation.

1       Defendants are improperly using FERPA to maintain exclusive control of highly relevant information. FERPA does not alter discovery standards or give educational institutions a privilege to retain exclusive control of key information. *See Doe v. Shenandoah Univ.*, 2023 WL 4186017 at *10 (W.D. Va., June 26, 2023); *In re Subpoena Issued to Smith*, 155 Ohio Misc. 2d 46, 48-49, 921 N.E.2d 731, 732-733 (2009) ("FERPA itself does not create any qualified immunity from discovery."). To the contrary, Congress recognized that any privacy interest resides with students and their parents– not the institution. *Morgan Hill Concerned Parents Ass'n v. California Dep't of Educ.,* 2015 WL 10939711, at *3 (E.D. Cal. July 2, 2015). Defendants also err in asserting that FERPA gives institutions "the right" to use redaction or de-identification to maintain exclusive control of PII in litigation. Exhibit B at 4 (asserting 34 C.F.R. § 99.31 confers a "right" to redact and anonymize). The regulation on de-identified records addresses circumstances where no court order has been entered to protect personal information. Here, the court has entered a protective order that shields the identifying information (ECF 79 at 3-4 ¶¶ 7-8). Nothing in the FERPA statute or regulations gives institutions a right to leverage students' privacy to afford Defendants sole control of critical information in litigation.

Redacted records do not satisfy Defendants' discovery obligations. Unilateral redaction of information in discovery is generally not permitted, even where a party claims the information is irrelevant or sensitive. *Washington v. Wechsler,* 2024 WL 4761424, at *2 (C.D. Cal. Sept. 10, 2024) (citing cases); *accord Beverage Distributors, Inc. v. Miller Brewing Co.,* 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010) ("redaction of otherwise discoverable documents is the exception rather than the rule"). Here, the identifying information Defendants are withholding is highly relevant, and the Court has already acted to prevent inappropriate disclosure in the FERPA Order. By anonymizing the records, Defendants deny the FTC the ability to identify students whose history indicates that they have been particularly harmed by the misrepresentations at issue.

Finally, Defendants' contention that the FTC has insisted on "full disclosure of 10,000+ students' records," (*infra* at 5) is a red herring. Defendants have blocked discovery of information that is not burdensome to produce by refusing to send FERPA notice to the alleged victims of the alleged misconduct. For example, Interrogatory 1 to GCE requests discrete information about the doctoral students for whom the FTC's complaint seeks refunds (Ex. C at 3), and Request for Production 8 to Defendant Mueller requests existing data compilations about the history of these students (Ex. B at 4). Defendants make no showing that these requests are burdensome independent of their aversion to giving notice under the FERPA Order, and their desire to deny the FTC access to the identities of these victims – even though the PII would be protected by court order.

Defendants' discussion of Request for Production 7 (*infra* at 7) illustrates Defendants have conflated notice with other issues. Defendants used multiple versions of program descriptions, agreements, and statements about course costs and requirements when soliciting doctoral candidates. (ECF 74, ¶¶ 52-56). Defendants assert these records support their denials or defenses. *See, e.g.,* ECF 27-3, 27-4, 27-5 (exemplars submitted with motion to dismiss). But the relevant documents vary by program, state, and function, and contain no date or "Effective Dates" that do not necessarily correspond to when the document was placed in use. *See, e.g.,* ECF 27-4, at 9. In the pending class action challenging Defendants' misrepresentations, Defendants argue that varied experience of students who received these communications precludes treating doctoral students as a class. Exhibit E at 4 n.1. Managing discovery of the variety of communications placed at issue by Defendants' claim is distinct from whether Defendants should have sole control over the identity of victims. Moreover, the FTC has not accepted Defendants' March 5 proposal that it produce *only* enrollment agreements exemplars (and not the other communications requested), limited to six-month intervals, because such a narrow production is inadequate given GCE's own characterization of its marketing.

**Defendants' Position:** Defendants have agreed to produce documents and provide corresponding FERPA notices, where doing so is proportional to the needs of the case.[1] However, the burden of producing documents containing irrelevant personal identifying information (PII) of thousands of students and providing FERPA notices to those students – including former students who may no longer access their student email accounts – is unwarranted. That is particularly true where, after a years-long investigation, the FTC has proffered scant evidence in support of its claims and is now engaged in a broad and unfounded evidentiary scavenger hunt in hopes of uncovering evidence it should have already had if its Complaint was filed in compliance with Rule 11. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim."). While Defendants have attempted to arrive at a reasonable approach to the production of documents containing student PII (as detailed below), the FTC declined any alternative other than demanding full disclosure of 10,000+ students' records, maximizing the burden on Defendants and the disruption on GCU's current and former students who would be thrust into this dispute unnecessarily.

**Interrogatory No. 1 to GCE (Ex. C):** The FTC seeks various categories of information for the thousands of doctoral students who enrolled at GCU during the relevant time period, including students' names, contact information, and other PII, purportedly to support its allegations that students were misled about cost and credit requirements. GCE proposed a compromise that appropriately balances student privacy, discovery proportionality, and the FTC's interest in obtaining information from individual students. GCE agreed to provide: (1) the majority of the requested information for each of the 10,000+ doctoral students and

---

[1] Defendants dispute the FTC's unsubstantiated argument that Defendants are relying upon unproduced documents in preparing their defense of this case. To the extent Defendants intend to introduce documents containing FERPA-protected information at trial, they will provide FERPA notice and will produce such documents.

to anonymize the students' name and other PII and (2) *all* requested information – including PII – for a sample of 200 doctoral students of the FTC's choosing (after providing FERPA notifications). The FTC rejected the offer but did not articulate any purported need for the PII belonging to 10,000+ students, let alone that such need outweighs the burden it would impose on GCE and the stress on GCU students in having their personal information unnecessarily revealed to the government. Nor could it. The FTC has had years to investigate its claims, yet has identified only a very small number of doctoral students it contends have knowledge of the alleged misrepresentations (almost all of whom enrolled before the relevant time period).

**Request for Production No. 5 to GCE (Ex. A):** The FTC seeks documents related to outbound calls for which GCE had express written consent (EWC) and/or an established business relationship (EBR) under the Telemarketing Sales Rule. In response, GCE agreed to produce spreadsheets with dozens of datapoints about each call, including information to support EWC and EBR designations. The FTC recently stated that it is also demanding *all* underlying documents supporting GCE's claim of an EWC or EBR. GCE is considering the FTC's request but notes that it may require GCE to review a log of potentially millions of phone calls, determine whether the individual enrolled at GCU, and then seek – possibly from multiple sources – FERPA-protected transcripts, ledgers, sources of inquiries, and/or other materials to document an EBR or EWC. GCE is assessing the burden of this request and has not, to date, agreed to produce such documents. Thus, respectfully, the question of the *additional* burden associated with providing FERPA notifications is not yet ripe. GCE will continue to negotiate in good faith with the FTC regarding this request.[2]

---

[2] In a recent meet and confer, the FTC agreed to receive such documents in an "anonymized" fashion, but later took the position that its offer was "contingent on" GCE's agreement to send FERPA notices to 10,000+ doctoral students. GCE reserves all rights to object to additional productions in response to RFP No. 5 based on the burden of providing FERPA notifications to impacted students and notes that this universe of students is separate and distinct from the doctoral students discussed herein.

**Request for Production No. 7 to GCE (Ex. A):** Doctoral student enrollment agreements which may contain PII are among the documents the FTC seeks in response to RFP No. 7, and the FTC has requested the production of every student's enrollment agreement. GCE offered to provide unredacted exemplars of enrollment agreements for GCU's doctoral programs that covered each 6 months during the relevant time period (after sending FERPA notices). This would allow the FTC to review each version of the enrollment agreements over the relevant time period without unnecessarily imposing the significant burdens of notifying 10,000+ students and producing 10,000+ substantively similar documents.[3] For the first time in this Joint Statement, the FTC declined GCE's offer but has established no reasonable basis for requiring the production 10,000+ enrollment agreements (or the provision of 10,000+ FERPA notices).

**Request for Production No. 10 to GCE (Ex. A):** The FTC seeks documents relating to doctoral students' complaints about cost or time to complete the program. GCE agreed to produce responsive documents and is in the process of providing FERPA notifications to relevant students. GCE believes that this matter has been resolved.

**Request for Production No. 8 to Mr. Mueller (Ex. B):** The FTC seeks documents created on or after January 17, 2017 to compile data and statistics regarding continuation courses and duration of enrollment. These reports include PII for students who enrolled as far back as 2008. In fact, most of the responsive reports, which Mr. Mueller has already produced in redacted form, consist entirely of students who enrolled long before the statute of limitations cut off period for the FTC's claims for redress. The identity of the students (the vast majority of whom are not at issue in this case) is incidental to the request, is irrelevant, and does not justify the burden of sending FERPA notices.

---

[3] To the extent the FTC purportedly remains concerned that it has not received every different iteration of the enrollment agreements over the relevant time period, GCE is willing to produce an exemplar agreement from every month starting June 2019.

**Local Rule of Civil Procedure 7.2(j) Certification**

The undersigned jointly certify that they have attempted to resolve this matter through written correspondence, telephone consultation, and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) and have reached an impasse.

| | |
|---|---|
| Respectfully submitted, | DATED: March 11, 2025 |
| ATTORNEYS FOR PLAINTIFF<br>FEDERAL TRADE COMMISSION | ATTORNEYS FOR DEFENDANT<br>GRAND CANYON EDUCATION, INC. |
| /s/<br>Michael E. Tankersley<br>Gregory A. Ashe<br>Carlton Mosley<br>Patrick Roy<br>Laura Antonini<br>FEDERAL TRADE COMMISSION<br>600 Pennsylvania Avenue NW<br>Washington, D.C. 20580<br>Telephone: (202) 326-2991<br>Email: mtankersley@ftc.gov | /s/ *Derin B. Dickerson*<br>Derin B. Dickerson<br>Cara Peterman<br>Caroline R. Strumph<br>Shanique C. Campbell<br>ALSTON & BIRD LLP<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>Telephone: 404-881-7000<br>Email: derin.dickerson@alston.com<br>cara.peterman@alston.com<br>caroline.strumph@alston.com<br>shanique.campbell@alston.com<br><br>Kathleen Benway<br>Graham Gardner<br>ALSTON & BIRD LLP<br>950 F Street, NW<br>Washington, DC 20004<br>Telephone: (202) 239-3034<br>kathleen.benway@alston.com<br>Graham.Gardner@alston.com<br><br>Lisa L. Garcia<br>ALSTON & BIRD LLP<br>350 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 576-1000<br>lisa.garcia@alston.com |