Joint Written Summary of Discovery Dispute

No. CV-23-002711-PHX-DWL

## Exhibits

A. Defendant Grand Canyon Education, Inc.'s Responses and Objections to Plaintiff's Revised First Set Of Requests For Production.

B. Defendant Brian Mueller's Objections to Plaintiff FTC's Second Set of Requests for Production of Documents.

C. Defendant Grand Canyon Education, Inc.'s Responses and Objections to Plaintiff's First Set of Interrogatories.

D. Letter regarding Grand Canyon Education Discovery Responses, November 4, 2024.

E. Reply in Support of Grand Canyon Education Inc.'s Motion to Dismiss First Amended Complaint Pursuant to F.R.C.P. 12(B)(6), filed in *Tanner Smith v. Grand Canyon Education, Inc.*, D.Ariz. Case No. 2:24-cf-01410-SPL (Jan. 15, 2025).

Joint Written Summary of Discovery Dispute

No. CV-23-002711-PHX-DWL

# Plaintiff's Exhibit A

Derin B. Dickerson GA Bar #220620 (*Admitted pro hac vice*)
Caroline Rawls Strumph GA Bar #250168 (*Admitted pro hac vice*)
Shanique C. Campbell GA Bar #346659 (*Admitted pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*Admitted pro hac vice*)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
kathleen.benway@alston.com

Lisa L. Garcia CA Bar #301362 (*Admitted pro hac vice*)
ALSTON & BIRD LLP
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
lisa.garcia@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | ) Case No. 2:23-cv-02711-PHX-DWL |
| Plaintiff, | ) |
| v. | ) **DEFENDANT GRAND CANYON EDUCATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REVISED FIRST SET OF REQUESTS FOR PRODUCTION** |
| Grand Canyon Education, Inc.; Grand Canyon University, Inc.; and Brian E. Mueller, | ) |
| Defendants. | ) |

1

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Grand Canyon Education, Inc. ("GCE"), by and through its undersigned counsel, hereby serves its Responses and Objections to Plaintiff Federal Trade Commission's ("Plaintiff") Revised First Set of Requests for Production.

## STATEMENT AND RESERVATION OF RIGHTS

The following Preliminary Statement and Reservation of Rights applies to Plaintiff's Requests and to the "Instructions" and "Definitions" preceding the Requests:

1.  These Responses and Objections shall not be construed in any way as an admission that any definition provided by Plaintiff is either factually accurate or legally binding upon GCE. Nor shall these Responses and Objections be construed as a waiver of GCE's objection to the use of any response for any purpose, in this action or any other action, including but not limited to, objections regarding relevance, discoverability, and admissibility of documents.

2.  Any statement that GCE will produce documents responsive to a specific Request means that the production will be based on a reasonable search and is not an indication that responsive documents exist. GCE will produce documents in its possession, custody, and control beginning on the date these Responses and Objections are served and will serve additional documents on a rolling basis and in a reasonable timeframe.

3.  GCE objects to each individual Request to the extent that it purports to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Arizona, or other applicable law.

4.  GCE has not yet completed its investigation into, and discovery concerning, this litigation. GCE's responses are based only upon information, documents and items which are presently available and specifically known to GCE. GCE accordingly objects to these Requests and accompanying instructions/definitions and reserves the right to supplement

and/or modify its responses as further information is subsequently acquired through investigation and/or discovery.

5. Certain information in this litigation is confidential and/or proprietary information held by GCE and/or Grand Canyon University ("GCU"). GCE will produce confidential or proprietary information in its possession, custody, or control only upon entry of an appropriate protective order.

6. Certain information in this litigation, if disclosed, would invade the privacy rights of individual students who have not consented to sharing their information. GCU's students have an expectation of privacy and process under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g)(b)(2), and they have not waived their privacy rights or consented to the disclosure of information specific to them. GCE will not produce information protected by FERPA, to the extent any such information is in GCE's possession, custody, or control, until all prerequisites to disclosure of such information have been satisfied in accordance with the law and the applicable protective order.

7. GCE objects to each individual Request to the extent the Requests are overbroad in that they call for the production of documents without respect to temporal scope.

8. GCE reserves the right to produce any documents or data in a format that avoids the disclosure of current or former student Personally Identifiable Information ("PII") through disclosure techniques that comply with 34 C.F.R. § 99.31(b)(1), including, but not limited to, the redaction, anonymization, and/or de-identification of PII to avoid the identification of any individual current or former student.

**SPECIFIC OBJECTIONS TO DEFINITIONS**

GCE makes the following specific objection to Plaintiff's Definitions, which is incorporated by reference into the specific Responses and Objections to the Requests for Production, set forth below:

GCE objects to Plaintiff's definition of the terms "**Company**, "**You**," or "**Your**" insofar as it includes "joint ventures," "predecessors," and "affiliates" on the grounds that such

definition is overbroad to the extent they are not within GCE's control and, therefore, as nonparties to this action are not subject to discovery under Federal Rule of Civil Procedure 34.

### RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All reports, analyses, memoranda, correspondence, emails, agendas, minutes of meetings, and recordings of conversations, regarding plans or proposals for the transfer of the Grand Canyon University campus and related assets to a nonprofit entity (including "Project Gazelle" and plans or proposals for the transfer of Grand Canyon University assets that developed into, or from "Project Gazelle"), including all records of Communications with members of the Grand Canyon University Board of Trustees, Wells Fargo, Bank of America, Barclays PLC, the Internal Revenue Service, the Department of Education, and the Higher Learning Commission, regarding such plans or proposals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

GCE objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks "All reports, analyses, memoranda, correspondence, emails, agendas, minutes of meetings, and recordings of conversations" and fails to narrow the scope of the Request to the specific time period at issue in the First Amended Complaint. GCE also objects to this Request on the grounds that it is beyond the scope of relevant discovery under Rule 26(b)(1) and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. Specifically, the Request seeks production of documents "regarding plans or proposals for the transfer of the Grand Canyon University campus and related assets to a nonprofit entity" and communications with "Wells Fargo, Bank of America, [and] Barclays PLC" regardless of whether such documents and communications relate to Plaintiff's misrepresentation or do-not-call claims in this case. GCE further objects to the extent this Request seeks documents or communications protected by the attorney-client privilege and/or the attorney work-product doctrine under Rule 26(b)(3)(A). Additionally, GCE objects to the extent this Request seeks documents publicly available to Plaintiff.

GCE is willing to meet and confer regarding this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All records containing, discussing, or evaluating marketing plans in which Grand Canyon University would be advertised, or is described, as a nonprofit, and any projections, analyses, or evaluations of the impact of such advertising or descriptions on recruiting, enrollment, revenue, or costs. For purposes of this Request, marketing in which Grand Canyon University would be advertised, or is described, as a nonprofit includes any statements that the University has transitioned or reverted back to its non-profit roots; statements that the University is "Private. Christian. Affordable. Nonprofit."; statements that the University is Arizona's premier "Nonprofit Private Christian University"; and statements distinguishing the University from for-profit institutions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

GCE objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of the case. Specifically, this Request calls for the production of all records, projections, analyses, or evaluations and fails to prescribe any temporal limitations to narrow the scope of the Request to the specific time period at issue in the First Amended Complaint. GCE is withholding documents on this basis. GCE also objects to this Request to the extent it purports to require GCE to produce documents that are in the possession, custody, or control of other defendants or nonparties to this action. *See* Rule 34. GCE further objects to the extent this Request seeks documents or communications protected by the attorney-client privilege and/or the attorney work-product doctrine under Rule 26(b)(3)(A).

Subject to these objections, GCE will produce non-privileged documents for the relevant time period relating to the evaluation of marketing and advertising plans that reference GCU as a nonprofit entity.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Relating To the Company's procedures for complying with 16 C.F.R. § 310.4(b)(1)(ii) and (iii), including Documents Relating To the adoption and implementation of such procedures; training associated with such procedures; monitoring or enforcing

5

compliance with such procedures; the personnel responsible for implementing, monitoring, and enforcing compliance with such procedures; reporting and investigating alleged or suspected violations of 16 C.F.R. § 310.4(b)(1)(ii) and (iii) by the Company or any Telemarketer acting on behalf of the Company; and the dates for the above activities and any subsequent changes to these personnel, procedures, or activities. This Request encompasses Documents Relating To Company procedures in effect on or after July 1, 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

GCE objects to the extent this Request seeks documents or communications protected by the attorney-client privilege and/or the attorney work-product doctrine under FRCP 26(b)(3)(A).

Subject to these objections, GCE will produce non-privileged documents responsive to this Request, including trainings, audits, reports, policies, and procedures. GCE previously produced such documents in response to the FTC's Civil Investigation Demand 222-3050 ("CID") Request Nos. 10, 11, and 24 and Interrogatories I and M and will reproduce these documents in this action.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents Relating To actions the Company has taken since July 1, 2018 in response to violations, or suspected or alleged violations, of the Telemarketing Sales Rule, or the failure, or the suspected or alleged failure, of Company personnel or contractors to follow the Company's policies or procedures for compliance with the Telemarketing Sales Rule.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

GCE objects to this Request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and seeks information that is neither relevant to any party's claims or defenses. The Request broadly seeks "All Documents" regarding GCE's response to TSR-related violations or failures, or suspected or alleged violations or failures, and fails to narrow the Request to the topics at issue in this case. Moreover, as written, the Request calls for the production of documents regardless of when any TSR-related violations or failures, or suspected or alleged violations or failures, actually occurred (so long as GCE has taken action

since July 1, 2018). Plaintiff has not demonstrated how such broad discovery is relevant to its claims in this case or proportional to the needs of the case. GCE is not withholding documents based on these objections, but it will produce only those responsive documents located after a reasonable search. Additionally, GCE objects to the extent this Request seeks documents or communications protected by the attorney-client privilege and/or the work product doctrine under Federal Rule of Civil Procedure 26(b)(3)(A).

Subject to these objections, GCE will produce non-privileged documents responsive to this Request, including documents regarding GCE's quality assurance process for telemarketing calls. GCE previously produced such documents in response to the FTC's CID Document Request No. 4 and will reproduce these documents in this action along with any additional responsive documents.

**REQUEST FOR PRODUCTION NO. 5:**

For all Outbound Telephone Calls since July 1, 2018 that the Company contends were permissible because the conditions in 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2) were satisfied at the time the Outbound Telephone Call was initiated, produce all Documents that show the timing and circumstances of each call; all summaries, spreadsheets, or databases identifying the basis for the Company's contentions; and any documentation of an Established Business Relationship with, or an agreement obtained from, the recipient of the Outbound Telephone Call, including all forms, scripts, and recordings containing the terms of the agreement or Established Business Relationship.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

GCE objects to this Request on the grounds that it is overly broad and unduly burdensome to the extent it seeks "all Documents" that show details of outbound telephone calls and "all summaries, spreadsheets, or databases" regarding permissibility of such calls. Moreover, GCE objects that this Request is beyond the scope of relevant discovery under Rule 26(b)(1) because it is not proportional to the needs of this case. As reflected in GCE's responses to Interrogatories F(8) and F(9) of Plaintiff's CID, during the relevant time period, GCE made 55,250,441 total outbound telemarketing calls to individuals with whom GCU had

an Established Business Relationship at the time of the call and 54,760,356 total outbound calls to individuals who, prior to the call, signed an express written consent clearly evidencing such individuals' authorization that the calls be placed. GCE estimates that it would take thousands, if not tens of thousands of hours, to compile and produce "all Documents."

Moreover, as GCE explained in its June 16, 2023, letter response to Plaintiff's CID, extracting call recordings stored in the Calabrio system is done on a manual, individual basis, and GCE estimates that it would take thousands, if not tens of thousands of hours to extract the recordings responsive to this Request. Accordingly, because this Request calls for production of voluminous records related to over 110 million outbound telephone calls, the burden associated with the requested discovery outweighs its purported benefit, especially given Plaintiff's failure to narrow the scope of this Request to the topics at issue in this case.

GCE also objects to this Request on the grounds that it is vague and ambiguous, as the phrase "circumstances of each call" is not defined and is unclear. GCE further objects to the extent this Request seeks documents or communications protected by the attorney-client privilege and/or the work product doctrine under Federal Rule of Civil Procedure 26(b)(3)(A). GCE is withholding documents based on these objections, including data from its CRM system and audio recordings.

Subject to these objections, GCE will produce non-privileged documents responsive to this Request, including documents sufficient to show the timing and circumstances of Outbound Telephone Calls. As noted above, GCE previously produced documents responsive to this request in response to the FTC's CID Document Nos. 16-17 and will reproduce these documents in this action along with any additional responsive documents. GCE is willing to meet and confer to discuss an appropriate scope of production of call recordings and additional information contained in its CRM database. To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

**REQUEST FOR PRODUCTION NO. 6:**

All records from the Company's contact management system and student information system for individuals who received Outbound Telephone Calls since July 1, 2018 that the Company contends were permissible because the conditions in 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2) were satisfied at the time the Outbound Telephone Call was initiated.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

GCE objects to this Request on the grounds that it is vague, ambiguous, and is not described with reasonable particularity as required by Rule 34(b)(1)(A). The Request does not define or provide sufficient guidance concerning the information Plaintiff seeks in response to this Request as the terms "contact management system" and "student information system" are not defined and are unclear. GCE also objects that this Request is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. *See* Rule 26(b)(1). As written, this Request calls for the production of voluminous records regardless of when such records were created (so long as they relate to individuals who received outbound calls since July 1, 2018) and regardless of whether such records have any connection to the issues in this case. Moreover, GCE objects to this Request as duplicative to the extent it seeks the same documents and information as Plaintiff's Request for Production No. 5.

GCE is willing to meet and confer regarding this Request. To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

**REQUEST FOR PRODUCTION NO. 7:**

Education Records, as defined by 20 U.S.C. § 1232g(a)(4), or other Documents recording Communications with students who enrolled in a Doctoral Program on or after June 17, 2019 that Relate To the terms or requirements for Doctoral Programs offered by Grand

Canyon University, including all solicitations, applications, enrollment agreements, messages, e-mails, and cost projections, in any format.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

GCE objects that this Request is overly broad and unduly burdensome in that it seeks "all solicitations, applications, enrollment agreements, messages, e-mails, and cost projections, in any format." GCE also objects to this Request to the extent it purports to require GCE to produce documents and information that are in the possession, custody, or control of other defendants or nonparties to this action. *See* Rule 34. GCE further objects to this Request on the grounds that it is beyond the scope of relevant discovery under Rule 26(b)(1) and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. Specifically, the Request seeks a wide variety of communications unrelated to GCE's representations regarding the time to complete a GCU doctoral degree or the cost of attendance. For example, as written, this Request calls for the production of communications between doctoral students and their professors regarding assignments and exams. GCE is withholding documents based on this objection.

GCE is willing to meet and confer regarding this Request. To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

**REQUEST FOR PRODUCTION NO. 8:**

All call recordings stored in the Calabrio system Relating To students enrolled in a Doctoral Program on or after June 17, 2019 until the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

GCE objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents that are neither relevant to any party's claims or defenses nor proportional to the needs of this case. The Request, as written, calls for the production of "All call recordings" regardless of when such recordings were created (so long as they relate to students enrolled in a doctoral program as of June 17, 2019) and regardless of whether such

recordings have any connection to the topics at issue in this case. Moreover, as GCE explained in its June 16, 2023, letter response to Plaintiff's CID, extracting call recordings stored in the Calabrio system is done on a manual, individual basis, and GCE estimates that it would take thousands, if not tens of thousands of hours to extract the recordings responsive to this Request. As such, the burden associated with the requested discovery outweighs its benefit, especially given Plaintiff's failure to narrow the scope of this Request to the topics at issue in this case. Critically, too, GCE's Calabrio system retains calls for 90 days, and GCE only has call recordings dating back to March 2022 when a litigation hold was put in place in connection with Plaintiff's CID.

GCE is willing to meet and confer regarding this Request. To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

**REQUEST FOR PRODUCTION NO. 9:**

All Communications Relating To continuation courses for Doctoral Programs sent to or from University Counselors, University Development Counselors, and Student Services Counselors assigned to communicate with individuals who have enrolled in, or expressed an interest in, Doctoral Programs, and Communications sent to or from immediate supervisors of these counselors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

GCE objects to this Request on the grounds that it calls for the production of documents without respect to temporal scope. GCE also objects that this Request is overly broad and unduly burdensome. For example, as written, the Request broadly seeks "Communications sent to or from immediate supervisors" without narrowing the scope of such communications to the topics at issue in this case. As such, this Request seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. *See* Rule 26(b)(1). GCE is withholding documents based on this objection.

Subject to these objections, and to the extent any exist, GCE will produce non-

privileged communications related to continuation courses as of January 1, 2018, including communications to consumers and instructions to representative, and Operations updates. GCE previously produced such documents in response to the FTC's CID Document Request Nos. 4, 19, and 20 and will reproduce these documents in this action along with any additional responsive documents.

To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

**REQUEST FOR PRODUCTION NO. 10:**

All Communications from students who enrolled in a Doctoral Program on or after June 17, 2019 that Relate To any students' complaints about a Doctoral Program, including the cost of such program, the number of courses or credits to be completed, and dissertation or continuation course requirements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

GCE objects to this Request on the grounds that it is overly broad and unduly burdensome. Specifically, the Request seeks "All Communications from students" regardless of when such communications were sent or received (so long as the students enrolled in a doctoral program as of June 17, 2019) and references "any" students' complaints about a Doctoral Program. GCE further objects to this Request on the grounds that it is beyond the scope of relevant discovery under Rule 26(b)(1) and seeks information that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. Specifically, the Request seeks all complaints regardless of whether they relate to representations regarding cost of such program, the number of courses or credits to be completed, and dissertation or continuation course requirements. GCE is withholding documents based on this objection. GCE further objects to this Request to the extent it purports to require GCE to produce documents that are in the possession, custody, or control of other defendants or nonparties to this action. *See* Rule 34.

Subject to these objections, GCE will produce non-privileged documents reflecting

communications from students who enrolled in a Doctoral Program on or after June 17, 2019 that relate to student complaints regarding the cost of Doctoral Programs, the number of courses or credits to be completed, or dissertation or continuation course requirements. To the extent GCE produces documents responsive to this Request that includes Educational Records or PII, such documents will be produced in compliance with FERPA and the FERPA Order to be issued in this case.

DATED: October 3, 2024                    Respectfully submitted,

                                                                  */s/ Derin B. Dickerson*
                                                                  Derin B. Dickerson