Joint Written Summary of Discovery Dispute

No. CV-23-002711-PHX-DWL

# Plaintiff's Exhibit B

Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road #400
Fairfax, VA 22030
Telephone: (703) 934-2660
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendant Brian Mueller*

**United States District Court
for the District of Arizona**

| | |
|---|---|
| Federal Trade Commission, | No. 2:23-cv-02711-DWL |
| Plaintiff, | |
| v. | **Defendant Brian Mueller's Objections to Plaintiff FTC's Second Set of Requests for Production of Documents** |
| Grand Canyon Education, Inc.; Grand Canyon University; and Brian E. Mueller, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 34, Defendant Brian Mueller provides the following objections to Plaintiff FTC's Second Set of Requests for Production of Documents ("Requests").

**GENERAL OBJECTIONS**

Defendant incorporates the following contentions and objections as if set forth in

each of the numbered paragraphs below.

A.   Defendant's investigation and development of facts and circumstances relating to this action are ongoing. Subject to the objections and expected meet and confers with opposing counsel, Defendant intends to provide good-faith responses where required. These responses and objections are made without prejudice to, and are not a waiver of, Defendant's right to rely on other facts or documents at trial.

B.   Defendant expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

C.   By making the accompanying responses and objections to Plaintiff's Requests, Defendant does not waive, and expressly reserves, its right to assert any and all objections as to the admissibility of any documents into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Defendants makes the responses and objections herein without in any way implying that it considers the documents requested to be relevant or material to the subject matter of this action.

D.   Defendant objects to any request seeking confidential proprietary business information that is irrelevant to the issues in this case. To the extent some or all of the confidential proprietary business information sought by Plaintiff is determined by the Court to be subject to production, Defendant insists on a comprehensive protective order limiting the use, dissemination, and access to any such information.

E.   Privileged information responsive to any Request will not be provided. Defendant does not waive but rather intends to preserve and is preserving the attorney-client privilege, the work-product protection, and every other privilege or protection with respect to all information protected by any such privileges or protections. Defendant will not knowingly provide documents or information that is subject to any applicable privileges or protections. If any privileged or protected document or information is inadvertently disclosed by Defendant at any time, Defendant requests, pursuant to requirements of Rule 26, that

Plaintiff immediately return to Defendant's counsel all documents, copies, and other media that refer to or reflect such inadvertently disclosed documents or information. Defendant will provide a log (or logs) describing any documents over which it asserts privilege or protection from discovery in sufficient detail to allow the Plaintiff to evaluate such claims. Defendant will not include documents on such log (or logs) that reflect or relate to privileged communications between Defendant and its current counsel in this case relating to this litigation, the FTC's investigation, or the Department of Education's investigation or action concerning the same or similar claims, or related matters or attorney-work product created for this litigation or related matters.

F.  Defendant objects to the Requests, including the "Definitions" and "Instructions," to the extent they seek to impose any duties or requirements other than those required by the Federal Rules of Civil Procedure. By way of example, Defendant objects to Instruction 2.

G.  Defendant will produce documents in the form they were kept in the ordinary course (unless it is necessary to change the format or file type to permit redaction) on a rolling basis in a reasonable time and fashion hereafter; and it will work with Plaintiff to identify the schedule for these rolling productions.

H.  Defendant endorses the mandate in Rule 26(g) that a reasonable inquiry will be made in connection with responding to the document requests issued by the plaintiff. With respect to any electronically stored information as referenced in Federal Rule 34, Defendant objects to producing any documents other than as they are kept in the usual course of business.  Further objection is made pursuant to Federal Rule 26, including 26(b), in any instance that the following considerations are not used to assess whether a specific document request is appropriate: a) the importance of the issues at stake; b) the amount in controversy; c) the parties' relative access to the information; d) the importance of the discovery to resolving the relevant issues; and e) whether the burden and expense of the proposed discovery outweighs its likely benefits.

I. Defendant objects to document requests seeking electronically stored information on the basis that the discovery presents an undue burden both in effort and cost in a manner disproportionate to the defendant. And the discovery requests by the plaintiff are disproportionate to the needs of this case.

J. Defendant further objects to the Requests to the extent they seek the production of information stored on resources that are not generally accessible without undue burden and expense, including production of any ESI that is not reasonably accessible such as "orphaned data," junk or irrelevant ESI outside the scope of permissible discovery, server, system, or network logs or electronic data temporarily stored by scientific equipment, documents collected from custodians that cannot be processed with known or available tools, electronically stored information sent to or from mobile devices that is routinely saved elsewhere, and data stored on photocopiers, scanners, and/or facsimile machines.

K. Defendant objects to these Requests as overly broad, unduly burdensome, and unlikely to produce relevant information to the extent they are not limited to a specific, relevant time period or to claims or defenses in this case.

L. When Defendant responds that he will produce documents in response to a Request, Defendant will produce non-privileged documents to the extent that they exist and can be identified through a reasonable search of files and other repositories likely to contain responsive material. By stating that he will produce documents, Defendant does not represent that responsive, non-privileged documents in fact exist, or that they are within its possession, custody, or control, but rather states it will undertake a reasonable search for relevant and responsive documents.

M. Defendant objects to the Requests as unduly burdensome to the extent they seek the production of information already in Plaintiff's possession, custody or control, or information that is readily accessible from publicly available sources.

N. Defendant incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general

3

objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that Request.

O.    Defendant is willing to meet and confer with Plaintiff about the following requests and objections thereto in an effort to resolve any discovery disputes.

## SPECIFIC OBJECTIONS

1.    Documents created on or after January 19, 2017, to compile data, calculate statistics, or discuss data or statistics about the number of continuation courses taken by students enrolled in Doctoral Programs, or the duration of enrollment in Doctoral Programs. This request includes the original, revised and updated versions of spreadsheet file "All Years CDS Graduates and times with 975s added.xlsx", and "BRM-Dissertation Continuation Report.xlsx"; the sources for statistics on duration, cost, or continuation course numbers that are or have been published at "About Doctoral Programs at GCU," https://www.gcu.edu/college-of-doctoral-studies/about-doctoral-programs, in enrollment agreements, in net price calculator estimates, in LOPES credit evaluation reports, in 22STAT0143 (Doctoral time to completion) statements, and in the statement titled "Doctoral Disclaimers Acknowledgement."

**Response/Objection**: Defendant specifically incorporates his objections to the FTC's First Requests for Production of Documents, to the extent the FTC's prior numbered requests were, in fact, requests for multiple, distinct categories of documents, which would evade or neuter the Court-imposed 25-requests limit. Like the FTC's prior document requests, this request seeks multiple categories of documents—e.g., (1) documents compiling data or calculating statistics, (2) documents discussing data or statistics, and (3) the source for statistics on duration, cost, or continuation course numbers associated with several distinct documents or webpages—and thus constitutes no less than three separate document requests. Inclusive of the FTC's prior requests, this request accurately constitutes FTC requests 23-25. Defendant further objects to the request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it (a) demands Grand Canyon University (for whom discovery is currently stayed) engage in substantial discovery, including incurring the time and expense

1  to collect, identify, review, and produce responsive information; and (b) seeks information
2  duplicative of discovery served on Grand Canyon Education, *see, e.g.*, FTC Interrogatory
3  No. 1 served on GCE. Moreover, the burden of conducting a search to gather and produce
4  documents potentially responsive to this request is not justified by the value of search a
5  search and production to resolving the issues in this Litigation. Likewise, Defendant objects
6  to the requests to the extent it includes Educational Records or PII, as the value of the re-
7  quested data and statistics to resolving the issues in this Litigation does not justify the cost
8  in time or expense of serving FERPA notices. To the extent Defendant produces documents
9  responsive to this requests that include Educational Records or PII protected from disclosure
10 by FERPA, Defendant reserves the right to produce documents or data in a format that avoids
11 the disclosure of current or former student PII through disclosure techniques that comply
12 with 34 C.F.R. § 99.31(b)(1), including, though not limited to, the redaction, anonymization,
13 and/or de-identification of PII to avoid the identification of any current or former student.
14 Defendant further objects to the request to the extent it seeks documents that can be more
15 easily obtained from other sources or to which the FTC already has access, including docu-
16 ments previously produced in response CIDs issued by the FTC. Defendant further objects
17 to this request to the extent it seeks documents protected by the attorney-client privilege,
18 work product doctrine, and common interest privilege. Defendant is willing to meet and con-
19 fer with the FTC to bring the request within reasonable and proportionate grounds.

21 Dated: January 6, 2025                    Respectfully submitted,

                                            /s/ Jacob C. Shorter

                                            Steven M. Gombos (PHV)
                                            David A. Obuchowicz, VA Bar #82483 (PHV)
                                            Jacob C. Shorter, VA Bar #82638 (PHV)
                                            GOMBOS LEYTON, P.C.
                                            11350 Random Hills Road, Suite 400
                                            Fairfax, Virginia 22030
                                            Telephone: (703) 934-2660
                                            Facsimile: (703) 934-9840
                                            Email: sgombos@glpclaw.com

5

| | |
|---|---|
| 1 | Paul D. Clement, VA Bar #37915 (PHV) |
| | Erin E. Murphy, VA Bar #73254 (PHV) |
| 2 | Andrew C. Lawrence, |
| |   MD Bar #1512160036 (PHV) |
| 3 | Joseph J. DeMott, |
| |   VA Bar #93981 (PHV) |
| 4 | CLEMENT & MURPHY, PLLC |
| | 706 Duke Street |
| 5 | Alexandria, VA 22314 |
| | Telephone: (202) 742-8900 |
| 6 | Email: paul.clement@clementmurphy.com |
| 7 | |
| 8 | *Attorneys for Defendants Grand Canyon University and Brian E. Mueller* |

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28