Joint Written Summary of Discovery Dispute

No. CV-23-002711-PHX-DWL

# Plaintiff's Exhibit C

ALSTON & BIRD LLP
Derin B. Dickerson GA Bar #220620 (*Admitted pro hac vice*)
Caroline Rawls Strumph GA Bar #250168 (*Admitted pro hac vice*)
Shanique C. Campbell GA Bar #346659 (*Admitted pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*Admitted pro hac vice*)
Graham Gardner, DC Bar #1672612 (*Admitted pro hac vice*)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
kathleen.benway@alston.com
graham.gardner@alson.com

Lisa L. Garcia CA Bar #301362 (*Admitted pro hac vice*)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
lisa.garcia@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | Case No. 2:23-cv-02711-PHX-DWL |
| Plaintiff, | **DEFENDANT GRAND CANYON EDUCATION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| v. | |
| Grand Canyon Education, Inc.; Grand Canyon University, Inc.; and Brian E. Mueller, | |
| Defendants. | |

1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Grand Canyon Education, Inc. ("GCE"), by and through its undersigned counsel, hereby serves its Responses and Objections to Plaintiff Federal Trade Commission's ("Plaintiff") First Set of Interrogatories.

## STATEMENT AND RESERVATION OF RIGHTS

The following Preliminary Statement and Reservation of Rights applies to Plaintiff's Interrogatories and to the "Instructions" and "Definitions" preceding the Interrogatories:

1.  These Responses and Objections shall not be construed in any way as an admission that any definition provided by Plaintiff is either factually accurate or legally binding upon GCE. Nor shall these Responses and Objections be construed as a waiver of GCE's objection to the use of any response for any purpose, in this action or any other action, including but not limited to, objections regarding relevance, discoverability, and admissibility of documents.

2.  GCE objects to each individual Interrogatory to the extent that it purports to impose obligations greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Arizona, or other applicable law.

3.  GCE has not yet completed its investigation into, and discovery concerning, this litigation. GCE's responses are based only upon information, documents and items which are presently available and specifically known to GCE. GCE accordingly objects to these Interrogatories and accompanying instructions/definitions and reserves the right to supplement and/or modify its responses as further information is subsequently acquired through investigation and/or discovery.

4.  Certain information in this litigation, if disclosed, would invade the privacy rights of individual students who have not consented to sharing their information. GCU's students have an expectation of privacy and process under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g)(b)(2), and they have not waived their privacy

rights or consented to the disclosure of information specific to them. GCE will not produce information protected by FERPA, to the extent any such information is in GCE's possession, custody, or control, until all prerequisites to disclosure of such information have been satisfied in accordance with the law and the applicable protective order.

5. GCE objects to each individual Interrogatory to the extent the Interrogatories are overbroad in that they call for the production of information without respect to temporal scope.

6. GCE reserves the right to produce any documents, information, or data in a format that avoids the disclosure of current or former student Personally Identifiable Information ("PII") through disclosure techniques that comply with 34 C.F.R. § 99.31(b)(1), including, but not limited to, the redaction, anonymization, and/or de-identification of PII to avoid the identification of any individual current or former student.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each person who enrolled in a Doctoral Program on or after June 17, 2019, state:

− the person's name;

− the person's student id number;

− the date the person enrolled;

− the degree program in which the person was enrolled;

− the number and name(s) of any dissertation or research continuation course(s) in which the person enrolled;

− if the person completed the program;

− the date the person completed the program or, if the person did not complete the program, the date the person's enrollment ended;

− the number of credits that the person completed;

− the course(s) in which the person was enrolled immediately prior to completion or withdrawal;

− the total tuition and fees GCU received as a result of the person's enrollment;

− the total of any refunds paid by GCU in connection with this person's account;

− the person's telephone number, postal address and email address.

**RESPONSE TO INTERROGATORY NO. 1:**

GCE objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome, and seeks information that is beyond the scope of relevant discovery under Rule 26(b)(1) and that is neither relevant to any party's claims or defenses nor proportional to the needs of this case. GCE further objects to this Interrogatory to the extent that it seeks the name, telephone number, postal address, and email address for all persons who enrolled in a Doctoral Program on or after June 17, 2019 as overly burdensome and disproportionate to the needs of the case. Such information is private and of minimal relevance, if any relevance to this case, and would require that Defendants undertake the significant burden and expense of sending FERPA notices to over ten thousand current and former students. GCE further objects to this Interrogatory to the extent that it would require a manual review of records for thousands of students, and is thus unduly burdensome and not proportionate to the needs of the case.

Subject to these objections, GCE responds as follows:

Pursuant to Rule 33(d) and 34 C.F.R. § 99.31(b)(1), GCE will produce documents in an anonymized fashion sufficient to identify the information listed below for the relevant persons, where available:

- The person's student id number;
- The degree program in which the person was enrolled;
- The number of courses in which the person enrolled;
- The number of credits the person completed;
- The date on which the person first enrolled in a Doctoral Program
- The date on which the person was awarded a doctoral degree, if applicable;
- The date on which the person's enrollment ended;
- The total tuition and fees GCU received from such person for enrollment in a

Doctoral Program; and

- The total of any refunds paid by GCU in connection with such person's enrollment in a Doctoral Program.

DATED: January 6, 2025                Respectfully submitted,

/s/ Derin B. Dickerson
Derin B. Dickerson