Joint Written Summary of Discovery Dispute

No. CV-23-002711-PHX-DWL

# Plaintiff's Exhibit D

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Derin B. Dickerson                    Direct Dial: +1 404 881 7454        Email: derin.dickerson@alston.com

November 4, 2024

**VIA EMAIL**

Michael E. Tankersley
Division of Financial Practices
Federal Trade Commission
mtakersley@ftc.gov

Re:   *Federal Trade Commission v. Grand Canyon Education Inc. et al.*,
      Case No. 2:23-cv-02711-DWL

Dear Mr. Tankersley:

We are writing on behalf of Defendant Grand Canyon Education, Inc. ("GCE" or "the Company") in response to your October 17, 2024 letter and October 30, 2024 e-mail. We first note that in that email, you indicated that you were unable to download GCE's first production of documents uploaded to an FTP website on October 24, 2024. On that same day, we re-uploaded the October 24, 2024 document production, notified you of that, and reforwarded access credentials. Please let us know if you are still unable to access the production.

Additionally, GCE has been diligently investigating the existence of materials responsive to the FTC's Revised First Set of Requests for Production to identify, collect, and review all documents responsive to the requests. Due to the expansiveness of the FTC's requests, the size and complexity of the Company's operations, and number of potential custodians from whom we will need to collect and review information, this process has required and continues to require significant time and effort. GCE does have some additional documents ready to produce as soon as the parties agree to a protective order. GCE will also produce additional responsive documents on a rolling basis as they are ready. We anticipate completing production of all responsive documents by January 31, 2024.

In addition, on November 1, 2024, we sent Defendants' response to your latest markup of the draft protective order. Today you stated by email that you "are not in accord with the protective orders (sic)." Please let us know your availability to meet and confer on this issue. Answers to other questions and requests contained in your October 12, 2024 letter and October 30, 2024 email follow below.

Alston & Bird LLP                                                                                  www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

## October 17, 2024 Letter

<u>FTC's Request:</u> GCE stated it will produce nonprivileged documents in response to Request 2 "for the relevant time period relating to the evaluation of marketing and advertising plans that reference GCU as a nonprofit entity." As we discussed during our conference on October 9, the relevant time period extends at least back to 2014 when GCE announced it was actively evaluating plans to acquire nonprofit status for Grand Canyon University.

<u>GCE's Response:</u> During our October 9, 2024 meet and confer, GCE did not agree that the relevant time period for this request, which seeks documents related to marketing plans regarding Grand Canyon University's ("GCU") nonprofit status, extends to more than four years prior to GCU's conversion to a nonprofit entity. Documents dating back to 2014 are not proportional to the needs of this case because GCE did not begin advertising GCU as a non-profit institution until 2018 – four years later. This is particularly true given the minimal (if any) relevance of the requested materials to the FTC's claims in this litigation. Earlier marketing materials are even more irrelevant, and the burden to gather those irrelevant materials fails to satisfy the proportionality standard.

Despite their lack of relevance, in the spirit of compromise, GCE will agree to produce non-privileged documents responsive to this request from 2017 to the present, which is more than one year before the introduction of any advertisements about GCU's nonprofit status. GCE previously produced non-confidential documents responsive to this request on October 24, 2024 located at GCE-FTC-LIT-001-0000002 through GCE-FTC-LIT-001-0005431, GCE-FTC-LIT-001-0005438 through GCE-FTC-LIT-001-0005440, GCE-FTC-LIT-001-0005442, GCE-FTC-LIT-001-0005453, and GCE-FTC-LIT-001-0005455 through GCE-FTC-LIT-001-0005465. GCE will produce confidential documents responsive to this request once the parties agree to a protective order in this case. Additionally, GCE is in the process of determining if additional responsive documents exist and will produce any additional documents it identifies.

*************************************************************************

<u>FTC's Request:</u> GCE promised production of non-privileged documents responsive to Requests 3 and 4.

<u>GCE's Response:</u> Request 3 seeks documents relating to GCE's procedures for complying with the TSR and Request 4 seeks documents related to the actions GCE has taken in response to suspected violations of the TSR. GCE produced non-confidential documents responsive to these requests on October 24, 2024 at GCE-FTC-LIT-001-0005432 through GCE-FTC-LIT-001-0005437, GCE-FTC-LIT-001-0005441, GCE-FTC-LIT-001-0005443 through GCE-FTC-LIT-001-0005452, GCE-FTC-LIT-001-0005454, and GCE-FTC-LIT-001-0005466 through GCE-FTC-LIT-001-0005476. Additionally, GCE is in the process of determining if additional responsive documents exist and will produce any additional documents it identifies.

*************************************************************************

Alston & Bird LLP                                                                                                                        www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 3

FTC's Request: In response to Request 5, GCE has stated that it will produce non-privileged documents sufficient to show the timing and circumstances of Outbound Telephone Calls.

GCE's Response: GCE is ready to produce confidential documents responsive to this request as soon as the parties agree on a protective order. GCE is in the process of compiling additional responsive documents and will produce those documents on a rolling basis as they are ready.

**************************************************************************

FTC's Request: In response to Request 9, GCE has stated that it will produce non-privileged communications related to continuation courses as of January 1, 2018, including communications to consumers and instructions to counselors and Operations updates.

GCE's Response: GCE is diligently working to identify and collect potentially relevant communications. Once these communications are collected, reviewed, and determined to be responsive, GCE will produce the responsive documents on a rolling basis as they are ready.

**************************************************************************

FTC's Request: GCE's written response to Request 10 states that it will produce non-privileged documents reflecting communications for students who enrolled in a Doctoral Program on or after June 17, 2019, that relate to student complaints regarding the cost of Doctoral Programs, the number of courses or credits to be completed, or dissertation or continuation course requirements.

GCE's Response: GCE is diligently working to identify and collect potentially responsive communications. Once these communications are collected, reviewed, and determined to be responsive, GCE will produce the responsive documents on a rolling basis as they are ready.

**************************************************************************

FTC's Request: With respect to Request 7, at our conference on October 9, I agreed that GCE need not produce communications between doctoral students and their professors regarding assignments and exams, and that it need not produce communications concerning prior academic accomplishments and transcripts. You acknowledged that GCE's objection to this request did not encompass production of communications related to GCE's representations regarding the time to complete a GCU doctoral degree or the cost of attendance. I request that GCE produce the responsive documents by no later than October 30.

GCE's Response: As stated during the parties' meet and confer telephone call on October 9, 2024, GCE has agreed to produce education records and documents recording communications with students who enrolled in a doctoral program on or after June 17, 2019 that relate to the time to complete a GCU doctoral degree or the cost of attendance of such programs. GCE is diligently working to identify and collect potentially responsive documents. Once these documents are collected, reviewed, and determined to be

Alston & Bird LLP                                                                                              www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 4

responsive, GCE will produce the responsive documents on a rolling basis as they are ready. We note that there are thousands of students relevant to this request, and the identification, collection, and review of all potentially responsive documents requires significant time and effort. Additionally, GCE is assessing whether this production will require the disclosure of student information subject to the FERPA Order. If GCE determines that responsive documents contain personally identifiable information (PII) subject to the FERPA Order that cannot be produced in a format that avoids the disclosure of current or former student PII pursuant to 34 C.F.R. § 99.31(b)(1), GCE will follow the disclosure requirements in paragraph 9 of the FERPA Order.

**************************************************************************

FTC's Request: We discussed GCE's objections to Request 1 when we conferred on October 9. In response to Request 1, GCE objected that the request is not limited to the time period of the complaint and that the request should be limited to documents and communications that relate to the misrepresentation or do-not-call claims in this case. Neither objection has merit. GCE's consideration of proposals or plans to transfer Grand Canyon University to a nonprofit are relevant to the allegations in the complaint, including the allegations concerning the purpose for creating Gazelle University. See Amended Complaint, ¶ ¶ 11, 13, 14, 21, 69; ECF No. 56, at 32. I request that GCE produce the responsive documents by no later than October 30.

GCE's Response: We disagree with your conclusion as to the relevance of documents responsive to this request without any temporal limitation. In an effort to compromise, we are assessing what documents GCE can produce that balances the parties' respective interests and comports with the Federal Rules' proportionality standard and does not impose an undue burden on GCE to identify, collect, process, and review documents of scant relevance. We anticipate making a production of responsive documents by the end of this month and will inform the FTC of the scope of such production.

**************************************************************************

FTC's Request: Requests 5, 7 and 10 encompass records that may be subject to the Order entered on October 9, regarding production of information from education records. GCE's Rule 26(a)(1) disclosures also disclose reliance on education records related to established business relationships, refunds issued to current and former students, and communications between GCE counselors and current students. Please confirm by October 24 that the appropriate notices have been sent to allow GCE to provide responses that contain personally identifiable information in accordance with the October 9 Order.

GCE's Response: GCE can confirm that documents responsive to Request No. 5 will not contain information subject to the FERPA Order. GCE is diligently working to identify and collect documents that are potentially responsive to Request Nos. 7 & 10. If GCE determines that responsive documents contain PII subject to the FERPA Order that cannot be produced in a format that avoids the disclosure of current or former student PII pursuant to 34 C.F.R. § 99.31(b)(1), GCE will follow the disclosure requirements in paragraph 9 of the FERPA Order.

**************************************************************************

Alston & Bird LLP                                                                                                www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 5

FTC's Request: We discussed Requests 6 and 8 during the October 9 conference without resolution. Specifically, you stated that you did not know the volume of recordings relating to students in the Doctoral Programs and would report back to us with this information. You stated that you would check with GCE about production of records from the contact management system and student information system and report back to us.

GCE's Response: Request 6 seeks records from the CRM and SIS systems. Request 8 seeks call recordings in the Calabrio system related to doctoral students. GCE anticipates producing documents responsive to Request No. 6 by the end of this month. The information contained in the student information system relevant to this action is uploaded into the CRM database and will be part of GCE's anticipated future productions. As to Request No. 8, which seeks call recordings, GCE estimates that it has over 50,000 call recordings in the Calabrio system related to doctoral students. In order to download these recordings, each one must be identified, accessed individually and downloaded, which takes a minimum of 5 minutes per call to download. GCE estimates that it would take over 1.5 years for a person (never taking any break) to download these recordings. This would be extraordinarily burdensome and not proportional to the needs of the case. GCE has already provided 200 call recordings during the FTC's investigation and will reproduce those call recordings in this action. GCE remains open to discussing the production of an additional subset of call recordings that would not unduly burden the Company and that would be proportional to the needs of the case.

## October 30, 2024 E-mail

FTC's Request: We have not received a response to my October 24 request that you confirm that you do not represent Jacquelin Kaercher and Steve Holmes in this matter, and that we are able to communicate with these individuals directly regarding this matter.

GCE's Response: We confirmed by email from Kathleen Benway on October 31, 2024, that Alston & Bird is not representing Jacquelin Kaercher and Steve Holmes.

**********************************************************************

FTC's Request: We have not received revised disclosures or a response to our objection (email, October 9) that GCE's initial disclosures [that list "Academic Counselors" as a category who are likely to have discoverable information] are improper. We request proper disclosures that provide "the name and, if known, the address and telephone number" for the Academic Counselors. The disclosure must include information available to GCE through reasonable investigation. *See Renfroe v. Quality Loan Serv. Corp. of Washington*, No. 2:17-CV-00194-SMJ, 2017 WL 8777463, at *2–3 (E.D. Wash. Oct. 26, 2017).]

GCE's Response: GCE's initial Rule 26(a)(1)(A)(i) disclosures, in which it identified "Academic Counselors" as a category was proper. At this time, GCE has not determined which, if any, Academic Counselors would be relevant to any claim or defense it has in this case. If GCE becomes aware that it will use particular Academic Counselors to support its claims or defense, it will amend its disclosures accordingly as required by the FRCP.

Alston & Bird LLP                                                                                   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 6

Please do not hesitate to contact us should you have any questions.

Sincerely,

*/s/ Derin B. Dickerson*
Derin B. Dickerson

cc: Gregory A. Ashe
    Patrick Roy
    Carlton B. Mosley

Alston & Bird LLP                                                                                                                         www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.