IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Grand Canyon Education Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-23-02711-PHX-DWL<br><br>**ORDER** |

　　　　On October 7, 2024, the Court issued an order addressing the procedures for complying with the Family Educational Rights and Privacy Act ("FERPA") in this case. (Doc. 79.) Under the October 7, 2024 order, Defendants are required to provide notice to students before disclosing certain personally identifiable information ("PII") during the discovery process: "Prior to disclosure of PII from education records in disclosures or responses to discovery requests, Defendants shall send notice pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9) to students whose education records are relevant to such request or contain information that Defendants would disclose in their response." (*Id.* ¶ 9.) The required notice must, in turn, inform the recipient of "the opportunity to object" and outline the objection process, which involves sending an "objection letter[]" to the Court within a specified timeframe. (*Id.* ¶ 10.) The objection letter "must include substantial reasons for objection." (*Id.*) "All objections will be evaluated by the Court upon receipt and you will be notified of the status of your objection." (*Id.*) "The Court will provide: (a) the Defendants with the names of any

individuals who submit an objection during the period set forth in the notice and (b) Plaintiff with the number of individuals who submit an objection during such period." (*Id.* ¶ 12.)

The Court has, to date, received one written objection. Although it is dated March 28, 2025, the Court did not receive it until recently. The objection letter reads, in its entirety: "I would like to object to the disclosure of information to protect my privacy." Although the letter is signed, such that it is possible to identify the objector's name from the signature, it does not contain the objector's mailing or email addresses or any other contact information.

Through this order, the Court concludes the objection should be overruled. The objection letter does not provide "substantial reasons for objection," as required by the October 7, 2024 order, and the privacy-related protections set forth in the October 7, 2024 order are, at any rate, sufficient to address any generalized privacy concerns.

This order provides the notice to Plaintiff required by paragraph 12 of the October 7, 2024 order. The Court will also provide *ex parte* notice to Defendants of the objector's name, as required by paragraph 12 of the October 7, 2024 order. Upon receipt of the objector's name, Defendants are ordered to provide a copy of this order to the objector, via the same service method that Defendants used to provide the initial FERPA notice to the objector.[1]

Dated this 28th day of April, 2025.

_____
Dominic W. Lanza
United States District Judge

---

[1] Because the objector did not provide any contact information in the objection letter, the Court is unable to provide direct notice of this ruling to the objector. The Court surmises, however, that Defendants possess the objector's contact information. Thus, requiring Defendants to provide this order to the objector will effectively provide the status update contemplated in the FERPA notice. (Doc. 79 ¶ 10 ["All objections will be evaluated by the Court upon receipt and you will be notified of the status of your objection."].)