MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY A. ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
           (202) 326-3719 (Ashe)
           (202) 326-3477 (Roy)
           (202) 326-2163 (Mosley)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education, Inc., *et al.*,<br><br>Defendants. | No. CV-23-02711-PHX-DWL<br><br>**NOTICE OF PLAINTIFF'S SUMMARY OF DISCOVERY DISPUTE** |

Pursuant to the Court's Case Management Order (ECF 70), Plaintiff Federal Trade Commission ("FTC") submits the following statement regarding the parties' dispute concerning the deadlines for completing fact discovery and pretrial disclosures. Although the Case Management Order provides for completion of fact discovery by May 15, Defendants have not substantially completed responding to production requests – including requests served in September 2024. All parties agree that the Case Management Order should be modified, but differ on interim deadlines. Plaintiff has requested that Defendants provide their statement of position in accordance with the summary procedure set forth in the Case Management Order. Defendant Grand Canyon Education, Inc. ("GCE"), has declined, stating that it plans to move separately; Defendant Brian E. Mueller has not responded separately.

The FTC seeks amended deadlines for completing fact discovery and pretrial disclosures required under Rule 26(a)(3) (ECF 70 ¶ 5) primarily because of ongoing document productions by Defendants, including responses to requests served in 2024. Some productions are also contingent on notices pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g et seq., that have yet to be issued (ECF 79 ¶ 9). The FTC requests that the Court require production of material responsive to the 2024 discovery requests by June 30, followed by completing responses to 2025 requests and depositions. The FTC proposes the Case Management Order be amended to provide:

| | |
|---|---|
| Defendant GCE shall substantially complete sending the notices to students regarding education records subject to FERPA by no later than | May 30 |
| Defendants shall complete production of documents in response to written discovery served in 2024 and Defendant GCE shall produce education records covered by FERPA notices in accordance with Paragraph 13 of the FERPA Order by no later than | June 30 |
| Responses to requests for document production and interrogatories served in 2025 shall be completed by no later than | August 8 |
| The deadline for completing deposition discovery is extended to | September 8 |
| The deadline for Pretrial Disclosures required under 26(a)(3) is extended to | September 12 |
| The deadline for Good Faith Settlement Talks (ECF 70 ¶ 11) is extended to | September 15 |
| The deadline for submitting discovery disputes, absent extraordinary circumstances, (ECF 70 ¶ 7.c) is extended to July 15 for disputes regarding written discovery served in 2025, and to September 12 for disputes arising from depositions noticed after May 15.[1] | |

The FTC's proposal is based on the following developments since the Case

---

[1] The proposed amendments will necessitate changes to the dates for expert discovery insofar as the Case Management Order contemplates that such discovery be deferred until after fact discovery is completed. The FTC proposes the following dates after the deadline for fact depositions: Expert Disclosures by the Party with Burden of Proof, 9/23/2025; Responding Party Expert Disclosures, 10/31/2025; Rebuttal Expert Disclosures, 11/25/2025; Expert Depositions completed by 1/9/2026; dispositive motions by 2/27/2026.

Management Order was entered:

- On September 6, 2024, the FTC served document requests relating to the nonprofit claims (ECF 115-3, Requests 1 and 2; ECF 97-1, Requests 1 and 2). Defendants brought serial challenges to this discovery, including an unsuccessful motion for protective order that this Court denied on March 6, 2025. ECF 144; *see also* ECF 99, ECF 120 (resolving discovery disputes regarding these requests). Defendants have not completed production of documents responsive to these requests.

- On September 6, 2024, the FTC also served document requests that included education records for which FERPA requires notice to students prior to disclosure in discovery. *See* ECF 79. In March 2025, in advance of a hearing on the parties' dispute regarding these notices, Defendant GCE agreed to issue FERPA notices for certain records responsive to Requests 7 and 10. ECF 148 at 7; Ex. B at 5 (Request 7). Issuance of notices to students identified in these records also removes the barrier to production of data responsive to the FTC's Interrogatory 1 to Defendant GCE, and Document Request 8 to Defendant Mueller. *See* ECF 148-1 at 5; ECF 148-2 at 4. Defendant GCE sent some FERPA notices in March and April (ECF 154, 164). However, GCE has not completed sending the notices it agreed to issue in advance of the April 2 hearing on FERPA notices (ECF 158), and has not committed to a date to produce the records and data subject to release based on the FERPA notices. ECF 79 ¶ 13.

- On September 6, 2024, and December 6, 2024, the FTC also served discovery requests concerning Defendant GCE's telemarketing, procedures for do-not-call compliance, and marketing of doctoral programs. *See* ECF 115-3 (Requests 3-10). On November 4, GCE reported that it anticipated completing production in response to the September 2024 requests "by January 31, 2024" [sic]. Ex. A at 2. In February, however, GCE announced limits on its search of ESI, and disagreements remain regarding the limits it has imposed. Moreover, Defendant GCE has not completed producing records

responsive to the December 2024 requests that do not include personal information subject to FERPA.

- In addition to the discovery regarding the nonprofit deception claims discussed above, the FTC has outstanding requests for production of documents to Defendant Mueller, served in September 2024, for which Defendant Mueller has not completed the production of responsive records, and has not reported when he will complete identification and production of nonprivileged records responsive to these requests.

- The FTC is also awaiting responses to discovery requests served in March 2025. Both Defendant GCE and Mueller have requested extensions or given responses that leave uncertain whether the parties will be able to resolve disputes regarding these 2025 requests. Defendant Mueller has refused to report when he reasonably anticipates producing responsive records. Defendant GCE has stated that, to the extent it does not object to the request, it anticipates completing its response by May 30 – after the May 15 deadline for completing fact discovery and providing pretrial disclosures. The FTC's proposed amendments include deadlines for disputes regarding this 2025 discovery and the production of responses.

- The FTC has taken six depositions, but the documents to be produced in response to the outstanding discovery requests will impact the selection of witnesses for additional depositions and the examination of those witnesses. The FTC seeks an extension that will permit it to notice and take the remaining depositions after it receives Defendants' discovery responses.

Accordingly, there is good cause for modifying the Case Management Order to set deadlines for the FERPA notices and completing responses to the 2024 discovery requests, followed by extension of the dates for depositions and pretrial disclosures. The FTC has been diligent in pursuing discovery pursuant to the Case Management Order, and is seeking responses to timely requests. The modifications the FTC proposes will advance efficient resolution of the case.

**Local Rule of Civil Procedure 7.2(j) Certification**

I certify that counsel for the Federal Trade Commission ("FTC") attempted to resolve this matter through written correspondence, telephone consultation, and sincere efforts as required by Local Rule of Civil Procedure 7.2(j) before reaching an impasse.

In particular, counsel for the FTC and all Defendants participated in a telephone conference on April 25, 2025, in which counsel for the parties discussed outstanding discovery disputes and modification of the deadlines for discovery. Counsel for Defendant GCE provided a written proposal for an amended schedule on Monday morning, April 28, 2025; counsel for the FTC provided a counterproposal at 5:00 pm that afternoon. Counsel for Defendants did not respond to the counterproposal, and counsel for the FTC sent a draft Joint Written Summary of Dispute setting forth the FTC's position and proposed schedule on May 1, 2025. Counsel for GCE responded to the FTC position in the Joint Written Summary on Friday, May 2, with a proposed alternative schedule; FTC counsel provided a proposed schedule and revised Joint Written Summary of Dispute the following Monday, May 5. Counsel for the FTC exchanged telephone calls and emails with Counsel for GCE regarding proposed schedules on May 5, 6, and 7. On May 6, Counsel for Defendant Mueller reported in a telephone call that he would follow Defendant GCE's position regarding the FTC's proposal. On May 7, in a telephone conference, counsel for Defendant GCE reported that Defendant GCE rejected the proposal circulated by FTC counsel on May 6 and would not provide a statement of position for the summary statement the FTC had circulated on May 1 and May 5, because GCE did not consider the Joint Summary of Written Dispute procedure to be applicable. Counsel for Defendant GCE stated that

1  Defendant GCE would file a motion to amend the Case Management Order rather than
2  follow the joint summary procedure.
3  Respectfully submitted,
4  DATED: May 7 2025                                FEDERAL TRADE COMMISSION

6                                                   By:   /S/
                                                          _____
7                                                         Michael E. Tankersley
                                                          Gregory A. Ashe
8                                                         Patrick Roy
                                                          Carlton B. Mosley
9                                                         FEDERAL TRADE COMMISSION
                                                          600 Pennsylvania Avenue NW
10                                                        Mail Stop CC-6316
                                                          Washington, DC 20580
11                                                        Telephone: (202) 326-2991
                                                          Email: mtankersley@ftc.gov
12
13                                                        Attorneys for Plaintiff
                                                          FEDERAL TRADE COMMISSION