Notice of Discovery Dispute

No. CV-23-002711-PHX-DWL

# Exhibit B

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Derin B. Dickerson                    Direct Dial: +1 404 881 7454          Email: derin.dickerson@alston.com

March 26, 2025

**VIA EMAIL**

Michael E. Tankersley
Division of Financial Practices
Federal Trade Commission
mtakersley@ftc.gov

Re:   *Federal Trade Commission v. Grand Canyon Education Inc. et al.*,
      Case No. 2:23-cv-02711-DWL

Dear Mr. Tankersley:

      This letter responds to your March 14, 2025 and March 24, 2025 letters. Once you have reviewed, please let us know if a call would be helpful to discuss any of the below items.

**Requests for Production Nos. 1-2**

      Requests 1 and 2 seek proposals, analyses, correspondence and other records pertaining to the transfer of the GCU campus and related assets to a nonprofit entity, and the subsequent marketing describing GCU as a nonprofit. We are currently reviewing documents from the shareholder action and the additional custodians set forth in our prior correspondence, subject to the application of the search terms contained in **Appendix A** of this letter. We will be producing these documents on a rolling basis.

      Your letter also takes issue with our production of relevant emails from Mr. Bachus from March 8, 2015 through December 31, 2016. However, we note that pursuant to our e-mail dated December 10, 2024, Mr. Bachus's e-mails beginning January 1, 2017 are included in the shareholder litigation documents, which as mentioned above, are being reviewed and will be produced on a rolling basis. Our agreement to review and produce documents dated March 8, 2015 through December 31, 2016 was, therefore, intended to supplement the productions made in the shareholder action.

      You also continue to insist that we collect and review documents potentially responsive to RFPs 1 and 2 through the date of the search. However, your proposal makes little sense for at least two reasons. First, the Project Gazelle transaction closed on July 1, 2018 – almost seven years ago. Second, the Department issued its decision as to GCU's nonprofit request on November 6, 2019, and per the Department's directive, GCU was no

Alston & Bird LLP                                                                                       www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 2
March 26, 2025

longer marketed as a "nonprofit" after that time (despite the fact that it has at all times maintained tax-exempt status under the Internal Revenue Code and is recognized as a nonprofit corporation by the State of Arizona). The FTC's operative complaint concedes this indisputable fact. (FAC ¶ 25). We nevertheless agreed to produce documents dated an additional six weeks beyond the Department's decision – and approximately seventeen months after Project Gazelle closed – to the end of 2019. Our agreement more than satisfies the FTC's request, and to require GCE to search for plainly irrelevant documents dated beyond that time would amount to a classic fishing expedition.

Last, as to the additional eight custodians listed in the FTC's February 14, 2025 letter, GCE has reviewed the request and will agree to add Chad Wilson and Shawna Barnet as e-mail custodians for RFPs 1 and 2, subject to the FTC's agreement as to the search parameters outlined herein (including the relevant time period set forth above and the search terms contained in Appendix A). This will bring the total number of custodians relevant to RFPs 1 and 2 alone to twenty-one individuals. The remaining requested custodians are not likely to maintain relevant documents and/or would be duplicative of the other custodians whose documents we have agreed to review and produce. By way of example, Bart Burkett and Chanelle Ison are primarily responsible for military enrollment and nursing school enrollment, respectively. Neither has responsibility for doctoral enrollment or the content of marketing, and thus, are unlikely to have documents relevant to the FTC's claims. Additionally, Drew Watkins and Dustin Norman are both former GCE employees who reported to Shawna Barnett, whom GCE has agreed to add as an e-mail custodian. Adding those individuals as e-mail custodians would therefore be unduly burdensome and unnecessarily duplicative.

**Requests for Production Nos. 3-4 and 9-10**

Requests 3, 4, 9, and 10 seek documents relating to: GCE's procedures for complying with 16 C.F.R. § 310.4(b)(1)(ii) and (iii) (Request 3); actions taken in response to violations or suspected violations of those procedures and the Telemarketing Sales Rule (Request 4); communications relating to continuation courses (Request 9); and complaints from students about GCU's Doctoral Programs (Request 10).

Regarding the additional eight custodians proposed in the FTC's February 14, 2025 letter, we will agree to add Teri Schobinger as an e-mail custodian. Your March 14, 2025 letter further proposes an *additional* eight managerial employee custodians. Only Request 9, however, seeks communications between counselors and their immediate supervisors. Managerial e-mails sent to and from counselors are contained in counselor e-mail inboxes and adding enrollment managers as custodians is therefore unnecessary and unduly burdensome.[1]

---

[1] You note that Nikki Mancuso and Julie Chaney were designated as custodians for RFPs 9 and 10 only and ask that they be designated as custodians for RFPs 3 and 4 as well. As set forth in my email of February 3, 2025, however, all search terms for RFPs 3, 4, 9 and 10 have been run against all custodians designated for *any* of those RFPs, and to the extent we identify responsive documents to any RFP within the universe of documents we've agreed to review, we will produce such documents, regardless of custodian.

Alston & Bird LLP                                                                                                                                www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 3
March 26, 2025

Your letter asks for an updated list of counselors that includes each counselor's title and date they ceased recruiting doctoral candidates (if any). It also proposes that the FTC choose 22 counselors to be added as e-mail custodians – more than double the number of custodians (10) whose documents GCE agreed to review and produce. Again, however, your proposal would result in an unduly burdensome document collection and review, with little (if any) benefit to the FTC. Requests 3 and 4 seek documents that would apply universally to all enrollment counselors, and thus doubling the number of enrollment counselor custodians will not result in the production of any non-duplicative relevant documents. As to Requests 9 (seeking communications related to continuation courses) and 10 (seeking complaints about the doctoral programs), GCE has already agreed to produce a number of relevant documents outside of the enrollment counselors' emails, including documents showing notes from counselors regarding telephone conversations, in person conversations, and SMS messages, and a spreadsheet showing student complaints. Any benefit of additional emails therefore does not outweigh the burden of more than doubling the volume of enrollment counselor emails subject to our review.

We are, nevertheless, willing to compromise in order to put this issue to rest so that we can collect and review emails as expeditiously as possible. Subject to your agreement as to search terms applicable to Requests 3, 4, 9 and 10 (discussed further below), we will agree to collect and review **15** enrollment counselors' emails and/or enrollment managers of your choosing. To be clear: we are offering that the FTC select 15 custodians *collectively*, between the population of enrollment counselors and managers. ***Please make your selection as quickly as possible, and no later than March 31 so that we may begin the collection and review process***.

**Appendix B** is a list of counselors during the relevant time period, title, and date they ceased recruiting doctoral candidates (if applicable).

Finally, your letter asks for "documents sufficient to show communications relating to the CRM template for the Student Services Welcome Email" and "communications about the Student Services Welcome Call related to length, cost, or course requirements for a Doctoral Program" in response to Request 9. We have already agreed to search for and produce communications including those "related to length, cost, or course requirements for a Doctoral Program" in response to Request 9, subject to the application of agreed-upon search terms. This agreement includes communications related to the Welcome Email and the Welcome Call to the extent such documents also relate to length, cost, or course requirements (if any). We will further agree to produce a copy of the Student Services Welcome Email and Welcome Call communications sent to doctoral students during the relevant time period in a report compiled from the CRM system (subject to our FERPA objections).

<u>**Search Terms applicable to RFPs 3, 4, 9 and 10**</u>

We have reviewed the FTC's proposed changes to the search terms provided. However, when applied only to documents belonging to the custodians we previously agreed upon, the proposed changes would result in 38,000 additional documents, which would require more than 200 additional hours of review to complete. The proposed changes additionally appear to result in numerous mis-hits. For example, as you can imagine, by adding the

Alston & Bird LLP                                                                                                                  www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 4
March 26, 2025

word "total" within 20 words of "doctoral," almost any report related to any doctoral program is being pulled even though unrelated to the claims in this action, such as reports related to total minutes counselors were on the phone. Likewise, adding in "program" or "degree" within 20 words of "requirement" also brings in numerous irrelevant documents that are not related to the time, length, or cost of the doctoral programs. We cannot agree to these proposed changes, especially when they are resulting in significant volumes of nonresponsive documents.

### Relevant Time Period applicable to RFPs 3, 4, 9 and 10

Your letter asks that GCE review and produce custodial e-mails through the date of the e-mail pull, i.e. December 2024. Expanding the applicable time period as you request would result in the addition of approximately 18,000 documents, which we estimate would require an additional 2 weeks for an *initial* review (and additional time associated with logging for privilege and providing FERPA notices, as applicable). Given this burden and the FTC's failure to provide *any* basis for requiring documents that date a full year after the complaint was filed in this action, we do not agree to the extended time period.

### Request No. 5

Request 5 seeks documentation for all Outbound Telephone Calls since July 1, 2018 that GCE contends were permissible under 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2). GCE notes that this process is an extremely burdensome undertaking. As you know, there are millions of telephone call records, hundreds of thousands of telephone numbers, and potentially hundreds of thousands of relevant student records establishing an EBR. We would need to locate and manually download each of those records, and review and provide FERPA notice as applicable prior to production. Where GCE has already produced documents demonstrating the existence of an EBR, the collection and production of such documents – solely so that the FTC can "check GCE's homework" – is not proportionate to the needs of this case. We are, nevertheless, continuing to assess your request and whether there may be a feasible solution. In the meantime, we will agree to collect and produce underlying source materials affirming EBR status for a sample of 100 of the calls made.

### Request No. 6

Request 6 seeks records from the CRM and student information system for individuals who received Outbound Telephone Calls since July 1, 2018 that GCE contends were permissible because the conditions in 16 C.F.R. § 310.4(b)(iii)(B)(1) or 16 C.F.R. § 310.4(b)(iii)(B)(2) were satisfied at the time the Outbound Telephone Call was initiated. We expect to produce this information shortly.

### Request No. 7

Request 7 seeks education records or other documents recording communications with doctoral students that relate to the requirements for GCU's doctoral programs, including all enrollment agreements. Your letter proposes for each month through the date of production, beginning with June 2019, GCE produce three enrollment agreements for each doctoral program that GCE marketed during that month, along with the documents provided in connection with those enrollment agreements, such as cost projection tables,

Alston & Bird LLP                                                                                                              www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 5
March 26, 2025

application forms, disclosure statements or descriptions of the program requirements or costs. We agree to your proposal and will collect and produce these documents.

**Request No. 11**

Request 11 seeks documents sufficient to show specified information for Outbound Telephone calls made by or on behalf of GCE. We expect to produce the updated spreadsheets soon. Please note that GCE has been diligently working on compiling the spreadsheets for over a month. Like many of the documents the FTC has requested, these reports cannot be generated at the click of a button but instead take many hours to compile from multiple sources.

**Request No. 12**

Request 12 seeks the internal do-not-call list regarding calls made by or on behalf of GCU and GCE. As we previously noted, GCE does not maintain in the normal course of business a document that lists the telephone number(s) of persons who requested not to receive telemarketing calls that also includes the history showing date(s) on which the numbers came on and off the list. However, GCE has agreed to compile a document with information responsive to this request. GCE has been diligently working on this request and expects to produce a responsive document soon.

**Request No. 13**

Request 13 seeks personnel files of enrollment counselors. Your letter confirms that tax forms and applications for employment do not need to be produced. If GCE intends on withholding any other categories of documents from the personnel files, we will notify you.

**FERPA Notices**

GCU began sending the first round of FERPA notices on March 24, 2025 and we will file the Certificate of Service pursuant to the FERPA Order shortly. The documents that require FERPA notification will be produced absent student objection pursuant to the Order after any objections are resolved.

**Discovery Cutoff**

Given the FTC's continued requests for expanding discovery, including additional e-mail custodians, changes to search terms, and expansion of requested relevant time periods; the FTC's delays in responding to us regarding proposed search terms; and the time required to compile documents responsive to the FTC's requests, GCE would like to confer regarding the extension of the fact discovery deadline (currently 5/15). We look forward to discussing shortly.

Please do not hesitate to contact us should you have any questions.

Sincerely,

*/s/ Derin B. Dickerson*
Derin B. Dickerson

cc: Gregory A. Ashe, Patrick Roy, Carlton B. Mosley, Laura Antonini

Alston & Bird LLP                                                                                                        www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.