**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV-23-02711-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Grand Canyon Education Incorporated, et al., | |
| Defendants. | |

Pending before the Court is the parties' joint notice of discovery dispute. (Doc. 177.) The Court concludes that oral argument is unnecessary and rules as follows.

At issue is the reasonableness of the search methodology that GCE intends to follow when searching for documents responsive to the FTC's third and fourth requests for production ("RFPs"), which seek documents related to GCE's procedures for complying with do-not-call ("DNC") requests.[1] GCE has agreed to review documents belonging to

---

[1] More specifically, RFP No. 3 seeks: "All Documents Relating To the Company's procedures for complying with 16 C.F.R. § 310.4(b)(1)(ii) and (iii), including Documents Relating To the adoption and implementation of such procedures; training associated with such procedures; monitoring or enforcing compliance with such procedures; the personnel responsible for implementing, monitoring, and enforcing compliance with such procedures; reporting and investigating alleged or suspected violations of 16 C.F.R. § 310.4(b)(1)(ii) and (iii) by the Company or any Telemarketer acting on behalf of the Company; and the dates for the above activities and any subsequent changes to these personnel, procedures, or activities. This Request encompasses Documents Relating To Company procedures in effect on or after July 1, 2018." (Doc. 148-1 at 7-8.) RFP No. 4 seeks: "All Documents Relating To actions the Company has taken since July 1, 2018 in response to violations, or suspected or alleged violations, of the Telemarketing Sales Rule, or the failure, or the suspected or alleged failure, of Company personnel or contractors to follow the Company's policies or procedures for compliance with the Telemarketing Sales Rule." (*Id.* at 8.)

the following 24 custodians: GCE's Chief Executive Officer; GCE's Chief Technology Officer ("who is responsible for developing GCE's technology related to DNC compliance"); GCE's VP of Operations ("who is responsible for the day-to-day implementation and monitoring of GCE's DNC compliance procedures"); GCE's VP of Learning & Development ("who is responsible for training GCE's counselors on DNC compliance policies and procedures"); the executive vice-president ("EVP") over GCE's enrollment counselors for the university's doctoral programs; GCE's Executive Director of Digital Marketing; GCE's Executive Creative Director for Marketing; GCE's manager for advanced skills in the Employee Learning & Development team; GCE's Process Manager for Business Analytics; and 15 "enrollment counselors and managers of the FTC's choosing." (Doc. 177 at 4-5 & n.5.) GCE has "also agreed to produce training materials, policies and procedures, enrollment counselors' personnel files, and other non-email documents relevant to GCE's DNC compliance." (*Id.* at 4 n.4.)

The FTC disagrees with the sufficiency of GCE's proposed approach, arguing that GCE should also be required to include four additional custodians in its search—namely, its four additional EVPs. (*Id.* at 2.) According to the FTC, these four additional custodians are necessary because "GCE employs hundreds of telemarketers organized into five enrollment operations. These five operations are headed by five [EVPs], and GCE has reported to the FTC and state authorities that the five EVPs manage its telemarketing and are responsible for enforcement. . . . For example, GCE's business records on the monthly review of individual telemarketers' compliance identify these [five] managers as supervisors of telemarketer performance." (*Id.* at 2-3.) GCE objects to the FTC's proposed expansion of the search on various grounds, including that (1) "[w]hile EVPs bear ultimate responsibility for enforcement of GCE's telemarketing procedures, in practice, it is the enrollment counselors' managers who monitor calls and enforce GCE's DNC policies . . . [and thus] it is GCE's counselors (who make calls to prospective students) and their managers (who directly oversee the counselors' activities) who are most likely to have documents relevant to the enforcement of GCE's DNC compliance"; and (2) "GCE

- 2 -

estimates that the 4 additional EVP custodians would result in tens of thousands of additional documents being added to the review universe . . . [and] further estimates that these additional documents would require approximately 30 additional working days for a team of reviewers to review, not including the additional time required to provide FERPA notices to impacted students and to log privileged documents." (*Id.* at 5-6.)

Although both sides' positions are reasonable, the Court concludes that GCE has the better of this dispute. GCE has already agreed to perform an expansive search that will undoubtedly be quite expensive and time-consuming to perform. GCE has also identified specific reasons to believe the four additional proposed custodians are not its key players when it comes to DNC compliance. The Court thus agrees with GCE's assertion that "lines must always be drawn somewhere in discovery, and GCE's proposals and subsequent compromises are more than reasonable to identify documents responsive to the FTC's requests." (*Id.* at 5.) Finally, and for related reasons, the Court concludes that requiring GCE to expand the scope of its search to include the four additional proposed custodians—which could result in a month of additional searching and reviewing time and a significant increase in the cost of the production effort—would violate Rule 26(b)(1)'s proportionality directive.

Accordingly,

**IT IS ORDERED** that the parties' joint notice of discovery dispute (Doc. 115) is **resolved** as discussed above.

Dated this 14th day of May, 2025.

Dominic W. Lanza
United States District Judge