**ALSTON & BIRD LLP**
Derin B. Dickerson, GA Bar #220620 (*admitted pro hac vice*)
Caroline R. Strumph, GA Bar #250168 *(admitted pro hac vice)*
Shanique C. Campbell, GA Bar #346659 (*admitted pro hac vice*)
1201 West Peachtree Street
Atlanta, GA  30309-3424
Telephone:  404-881-7000
derin.dickerson@alston.com
caroline.strumph@alston.com
shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*admitted pro hac vice*)
Graham Gardner, DC Bar # 1672612 (*admitted pro hac vice*)
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
kathleen.benway@alston.com
graham.gardner@alston.com

Lisa L. Garcia, CA Bar #301362 (*admitted pro hac vice*)
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1147
lisa.garcia@alston.com

*Attorneys for Defendant Grand Canyon Education, Inc.*

**GOMBOS LEYTON, PC**
Steven M. Gombos, VA Bar #30788 (*Admitted pro hac vice*)
David A. Obuchowicz, VA Bar #82483 (*Admitted pro hac vice*)
Jacob C. Shorter, VA Bar #82638 (*Admitted pro hac vice*)
11350 Random Hills Road #400
Fairfax, VA 22030
Telephone: 703-934-2660
sgombos@glpclaw.com

**CLEMENT & MURPHY, PLLC**
Paul D. Clement, VA Bar #37915 (*Admitted pro hac vice*)
Erin E. Murphy, VA Bar #73254 (*Admitted pro hac vice*)
Andrew C. Lawrence, MD Bar #1512160036 (*Admitted pro hac vice*)
Joseph J. DeMott, VA Bar #93981 (*Admitted pro hac vice*)
706 Duke Street
Alexandria, VA 22314
Telephone: 202-742-8900
paul.clement@clementmurphy.com

*Attorneys for Defendant Brian E. Mueller*

DECLARATION OF DERIN B. DICKERSON IN SUPPORT OF DEFENDANT GRAND CANYON EDUCATION, INC.'S AND DEFENDANT BRIAN E. MUELLER'S MOTION TO COMPEL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission,<br><br>          Plaintiff,<br>v.<br><br>Grand Canyon Education, Inc., et al.,<br><br>          Defendants. | No. 2:23-cv-02711-PHX-DWL<br><br>**DECLARATION OF DERIN B. DICKERSON IN SUPPORT OF DEFENDANT GRAND CANYON EDUCATION, INC.'S AND DEFENDANT BRIAN E. MUELLER'S MOTION TO COMPEL** |

I, Derin B. Dickerson, declare as follows:

1. I am an attorney licensed to practice in the State of Georgia and admitted *pro hac vice* to practice before this Court in the above-captioned matter. I am currently a partner at the law firm Alston & Bird, LLP, and counsel of record for Defendant Grand Canyon Education, Inc. ("GCE"). I have personal knowledge of the matters set forth in this Declaration, and if called upon to testify in court, I could and would do so competently.

2. On September 17, 2024, Plaintiff Federal Trade Commission (the "FTC") served its Initial Disclosures. A true and correct copy of the FTC's Intial Disclosures is attached hereto as **Exhibit A**.

3. On October 8, 2024, GCE served its First Set of Requests for Production ("Requests") on the FTC. A true and correct copy of those Requests is attached hereto as **Exhibit B**.

4. Also on October 8, 2024, GCE served its First Set of Interrogatories (the "Interrogatories") on the FTC. A true and correct copy of those Interrogatories is attached hereto as **Exhibit C**.

5. On November 7, 2024, the FTC served boilerplate responses and objections to the Requests. The FTC stated it was withholding documents based on the work product doctrine, the deliberative process privilege, the informant's privilege, and the law enforcement privilege in response to Request Nos. 1-7, 10, 12-20. A true and correct copy of the FTC's responses and objections to the Requests is attached hereto as **Exhibit D**.

6. Also on November 7, 2024, the FTC served boilerplate responses and objections to the Interrogatories. The FTC stated it was withholding documents based on the work product doctrine, the deliberative process privilege, the informant's privilege, and the law enforcement privilege in response to Request Nos. 1-4, 10-18. A true and correct copy of the FTC's responses and objections to the Interrogatories is attached hereto as **Exhibit E**.

7. On December 13, 2024, GCE electronically transmitted a letter to the FTC concerning, among other things, the FTC's boilerplate assertions of the work-product doctrine

and various governmental privileges in response to GCE's Requests and Interrogatories. A true and correct copy of the letter is attached hereto as **Exhibit F**.

8.  On January 6, 2025, the FTC served supplemental boilerplate responses and objections to GCE's Requests, repeating the assertions of work product and privilege. A true and correct copy of the FTC's supplemental responses and objections to the Requests is attached hereto as **Exhibit G**.

9.  On January 21, 2025, the FTC served supplemental boilerplate responses and objections to GCE's Interrogatories, repeating the assertions of work product and privilege. A true and correct copy of the FTC's supplemental responses and objections to the Interrogatories is attached hereto as **Exhibit H**.

10. On March 4, 2025, GCE electronically delivered a second letter objecting to the FTC's boilerplate and deficient assertions of the work product doctrine and governmental privileges. A true and correct copy of the letter is attached hereto as **Exhibit I**.

11. On March 21, 2205, the FTC served a conclusory and boilerplate privilege log (the "March Log"), as well as an accompanying transmittal letter, asserting the work product doctrine, the deliberative process privilege, the informant's privilege, and the law enforcement privilege to withhold over 700 documents. A true and correct copy of the FTC's transmittal letter is attached hereto as **Exhibit J**. A true and correct copy of the FTC's transmittal letter is attached hereto as **Exhibit K**.

12. On April 25, 2025, GCE electronically transmitted a third letter to the FTC objecting to the FTC's continued reliance on boilerplate and deficient assertions of the work product doctrine and governmental privileges. A true and correct copy of the letter is attached hereto as **Exhibit L**.

13. On May 6, 2025, the parties met-and-conferred to discuss the FTC's work product and privilege assertions. Despite plain deficiencies, the FTC continued to assert work product and privilege over the 700 communications in the March Log.

14. On May 15, 2025, the FTC electronically transmitted a follow-up letter to GCE in which it stated that it would withdraw work product claims over five communications with

outside counsel for EducationDynamics, a GCE contractor. Despite this, the FTC said it would continue to withhold these communications because they are purportedly not relevant to any claim or defense in this action. A true and correct copy of the letter is attached hereto as **Exhibit M**.

15. On May 22, 2025, the parties filed two joint discovery statements concerning the FTC's assertions of work product protection and governmental privileges. Attached as **Exhibit N** is Defendants submission required under Local Rule 37.1, which summarizes the requests for production, the objections received, and why those objections are deficient.

Respectfully submitted this 6th day of June, 2025.

/s/ Derin B. Dickerson
Derin B. Dickerson, GA Bar #220620
(*pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street
Atlanta, GA  30309-3424

*Attorney for Defendant Grand Canyon Education, Inc.*