# EXHIBIT B

Derin B. Dickerson, GA Bar #220620 (*Admitted pro hac vice*)
Caroline R. Strumph, GA Bar #250168 (*Admitted pro hac vice*)
Shanique C. Campbell, GA Bar #346659 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: derin.dickerson@alston.com
       caroline.strumph@alston.com
       shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
Email: kathleen.benway@alston.com

Lisa L. Garcia, CA Bar #301362 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: lisa.garcia@alston.com

*Attorneys for Grand Canyon Education, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Federal Trade Commission, | **Case No. 2:23-cv-02711-DWL** |
| Plaintiff, | Assigned to the Hon. Dominic W. Lanza |
| v. | **DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION** |
| Grand Canyon Education, Inc.; Grand Canyon University; and Brian Mueller, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Grand Canyon Education, Inc. ("GCE") hereby requests that Plaintiff the Federal Trade Commission respond to this First Set of Requests for Production (the "RFPs") separately and fully, subject to the Definitions and Instructions set forth herein. Plaintiff is requested to serve its responses within thirty (30) days of service of these RFPs.

## DEFINITIONS

For the purposes of these Requests, the specifically defined terms and phrases set forth below shall have the following meanings:

1. "Amended Complaint" refers to the Amended Complaint filed by You in the Litigation on September 5, 2024. (Dkt. # 62).

2. "Communication(s)" shall include every exchange of information by any means whether written, oral, or electronic and includes, without limitation, communications contained in any document or storage device of any type, as well as such oral communications as telephone communications, personal conferences, meetings, casual encounters or otherwise. Any document or tangible thing that contains, refers, reflects, or relates to any correspondence or communication shall also be deemed correspondence or a communication and shall be produced. Any document or file that is an attachment to electronic mail shall also be deemed correspondence or a communication and shall be produced with the electronic version.

3. "Document(s)" refers to written, printed, or electronic matter of any kind including electronically stored information ("ESI"); correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office and intra-office communications, diaries, appointment books or calendars, confirmations, social media or other Internet posts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing; electronic, mechanical, or electric data, records and representations of any kind, including without limitation, e-mail, tapes, cassettes, disks, computer hard drives, magnetic cards and recordings (whether or not ever printed out or displayed); and all graphic or manual records of representations of any

kind including, without limitation, photographs, microfiche, microfilm, videotape, DVDs, and motion pictures.

4. "GCE" refers to Defendant Grand Canyon Education, Inc.

5. "GCU" refers to Defendant Grand Canyon University.

6. "Litigation" refers to the above-captioned lawsuit, *Federal Trade Commission v. Grand Canyon Education, Inc., et al.*, presently pending in the United States District Court for the District of Arizona, Case No. 2:23-cv-02711-DWL.

7. "Person" or "Persons" refers to any natural person, firm, association, organization, partnership, business, trust, corporation, public entity, or other governmental agency.

8. "Plaintiff," "You," or "Your," refers to Plaintiff Federal Trade Commission, its attorneys, agents, and any other persons acting or purporting to act on its behalf.

9. The terms "related" or "relating to," "refer" or "referring to," "regarding," "reflecting," and "concerning" shall mean concerning, relating to, regarding, associated with, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, memorializing, or constituting, directly or indirectly, in whole or in part, or otherwise factually, legally, or logically connected to the subject matter of the particular request.

## **INSTRUCTIONS**

1. You must respond to each request fully, completely, separately, and in accordance with the Federal Rules of Civil Procedure and all applicable local rules.

2. You must produce all responsive documents of which You are in possession, custody, or control.

3. You must produce all non-identical copies, which differ from the original or from other copies produced, for any reason, including but not limited to, the existence of handwritten notes thereon.

4. If You object to a request or any portion of a request and/or do not produce all documents that are responsive to a request, You must state the basis for the objection or refusal to produce documents with specificity, and produce all documents responsive to those parts of each request to which You do not object.

5. If You claim that a requested document is privileged or constitutes an attorney's work product and, as a result, do not produce the document, (a) describe such document by date, type (*e.g.,* memorandum, letter, note), author, addressee, copyee, and subject matter; (b) state the basis for the purported privilege or claim of work product; and (c) provide any additional facts on which You base Your claim of privilege or protection.

6. If You object to a portion of any request, produce all documents responsive to that portion of the request to which no objection is lodged.

7. If You object to any request as overbroad, respond to the request as narrowed to conform to the objection.

8. Electronically-stored information responsive to these requests should be produced in electronic form, according to a format to be agreed upon by the parties or as set forth by Order of the Court.

9. The singular form of a word shall be interpreted to include the plural, and vice versa.

10. These requests are continuing to the extent provided for in Rule 26 of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all Documents relating to or reflecting Communications between You and any other Person, including but not limited to other public entities or governmental agencies, regarding GCU, GCE, or Defendant Brian Mueller.

**REQUEST FOR PRODUCTION NO. 2:** Produce all Documents and Communications identified in, described in, or used in formulating Your responses to GCE's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 3:** Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 4:** Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding GCU's nonprofit status. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 5:** Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding communications You allege consumers received from telemarketers on behalf of Defendants. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and Communications relating to, referencing, or evidencing Your allegations that Defendants' representations regarding GCU's nonprofit status or transition to a non-profit educational institutions were false or misleading or were not substantiated at the time the representations were made.

**REQUEST FOR PRODUCTION NO. 7:** Produce all Documents and Communications relating to, referencing, or evidencing Your allegation that Defendants' representations regarding the number of courses or credits, or the total charges to complete a doctoral degree at GCU were false or misleading or were not substantiated at the time the representations were made.

**REQUEST FOR PRODUCTION NO. 8:** For each consumer who You allege was misled or deceived by Defendants' representations regarding GCU's nonprofit status, or transition to a non-profit educational institution, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.

**REQUEST FOR PRODUCTION NO. 9:** For each consumer who You allege was misled or deceived by Defendants' representations regarding the number of courses or creditsto complete GCU's doctoral program or the cost of GCU's doctoral program, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.

**REQUEST FOR PRODUCTION NO. 10:** For each consumer who You allege received an outbound telephone call from Defendants after the consumer represented they did not wish to receive such a call, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications relating to the type of representation made and the basis for Your allegation that the representation was misleading.

**REQUEST FOR PRODUCTION NO. 11:** For each consumer who You allege received an outbound telephone call from Defendants related to GCU's doctoral program or nonprofit status and who was misled by Defendants' representations on that call, produce all Documents and Communications concerning the factual basis for that allegation.

**REQUEST FOR PRODUCTION NO. 12:** For each consumer who You allege received an outbound telephone call from Defendants and who is on the National Do Not Call

Registry, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications evidencing the consumer's placement on the National Do Not Call Registry.

**REQUEST FOR PRODUCTION NO. 13:** Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraphs 22 and 23 of the Amended Complaint that Defendants disseminated "digital and print advertising" "representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media."

**REQUEST FOR PRODUCTION NO. 14:** Produce All Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 59 of the Amended Complaint that students were "thwarted and delayed" from advancing through GCU's doctoral program by GCU's actions or inaction.

**REQUEST FOR PRODUCTION NO. 15:** Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 64 of the Amended Complaint that Defendants used "buried disclaimers, misleading statements, or presentations that distort the program requirements" to communicate to prospective students about GCU's doctoral programs.

**REQUEST FOR PRODUCTION NO. 16:** Produce all Documents and Communications concerning any inquiries, review, investigation, or other analysis supporting or related to Your determination that the representations that GCU or GCE made regarding the length and cost of GCU's doctoral program and GCU's nonprofit status were "deceptive" or "misleading" to consumers, as alleged in Paragraph 66 of Your Amended Complaint.

**REQUEST FOR PRODUCTION NO. 17:** Produce all Documents and Communications You intend to use to support Your allegations in the Amended Complaint or seek to introduce into evidence at trial.

**REQUEST FOR PRODUCTION NO. 18:** Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 13 of Your Amended Complaint that GCU is organized to sell educational services "for its own profit

and for the profit of GCE," including all Documents and Communications that demonstrate how each Defendant profits from GCU's sale of educational services.

**REQUEST FOR PRODUCTION NO. 19:** Produce all Documents and Communications relating to, referencing, or evidencing Your allegation in Paragraph 93 that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR.

**REQUEST FOR PRODUCTION NO. 20:** Produce all Documents and Communications You have obtained through online queries, information requests, or civil investigative demands from any of the following entities referenced in Section II of Your Initial Disclosures:  Arizona Corporation Commission; Alaska Department of Law, Commercial, Fair Business & Child Support Section; All Star Directories, Inc.; Arizona State Board for Private Postsecondary Education; Arizona Secretary of State, Business Services Division; CompliancePoint, Inc.; Colorado Department of Law, Consumer Protection Section; Cygnus Marketing Communications, Inc.; EducationDynamics, LLC; The Higher Learning Commission; Internet Archive; Indiana Office of the Attorney General, Consumer Protection Division; North Carolina Secretary of State, Telephonic Sellers Registration; Niche.com; Ohio Attorney General, Consumer Protection Unit; Oklahoma Attorney General; PossibleNow, Inc.; TriAd Media Solutions, Inc.; United States Department of Education; United States Department of the Treasury, Internal Revenue Service; United States Securities and Exchange Commission; Washington State Department of Licensing; West Virginia State Tax Department, Office of Business Registration.

Dated: October 8, 2024

DERIN B. DICKERSON (*Admitted Pro Hac Vice*)
KATHLEEN BENWAY (*Admitted Pro Hac Vice*)
CAROLINE R. STRUMPH (*Admitted Pro Hac Vice*)
SHANIQUE C. CAMPBELL (*Admitted Pro Hac Vice*)
LISA L. GARCIA (*Admitted Pro Hac Vice*)
**ALSTON & BIRD LLP**

By: /s/ *Derin B. Dickerson*
     Derin B. Dickerson

*Attorneys for Defendant Grand Canyon Education, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of October 2024, I caused the foregoing **DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION** to be served on counsel of record at the e-mail addresses listed below:

Brian Clifton Berggren
Michael E. Tankersley
Federal Trade Commission – Washington, DC
Bureau of Consumer Protection, Division of Enforcement
600 Pennsylvania Ave. NW, Mailstop 6316
Washington, DC 20580
Email: bberggren@ftc.gov
Email: mtankersley@ftc.gov

Carlton Benjamin Mosley
Federal Trade Commission - Washington
600 Pennsylvania Ave. NW, CC-9528
Washington, DC 20580
Email: cmosley@ftc.gov

*Counsel for Plaintiff*

                                                */s/ Derin B. Dickerson*
                                                Derin B. Dickerson