# EXHIBIT C

Derin B. Dickerson, GA Bar #220620 (*Admitted pro hac vice*)
Caroline R. Strumph, GA Bar #250168 (*Admitted pro hac vice*)
Shanique C. Campbell, GA Bar #346659 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: derin.dickerson@alston.com
   caroline.strumph@alston.com
   shanique.campbell@alston.com

Kathleen Benway, DC Bar #474356 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
950 F Street, NW
Washington, DC 20004
Telephone: 202-239-3034
Email: kathleen.benway@alston.com

Lisa L. Garcia, CA Bar #301362 (*Admitted pro hac vice*)
**ALSTON & BIRD LLP**
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: lisa.garcia@alston.com

*Attorneys for Grand Canyon Education, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | **Case No. 2:23-cv-02711-DWL** |
| Plaintiff, | Assigned to the Hon. Dominic W. Lanza |
| v. | **DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION** |
| Grand Canyon Education, Inc.; Grand Canyon University; and Brian Mueller, | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Grand Canyon Education, Inc. ("GCE") hereby requests that Plaintiff, the Federal Trade Commission, respond to this First Set of Interrogatories (the "Interrogatories") separately and fully, subject to the Definitions and Instructions set forth herein. Plaintiff is requested to serve its responses within thirty (30) days of service of these Interrogatories.

## **DEFINITIONS**

For the purposes of these Interrogatories, the specifically defined terms and phrases set forth below shall have the following meanings:

1. "Amended Complaint" refers to the Amended Complaint filed by You in the Litigation on September 5, 2024. (Dkt. # 62).

2. "Communication(s)" shall include every exchange of information by any means whether written, oral, or electronic and includes, without limitation, communications contained in any document or storage device of any type, as well as such oral communications as telephone communications, personal conferences, meetings, casual encounters or otherwise. Any document or tangible thing that contains, refers, reflects, or relates to any correspondence or communication shall also be deemed correspondence or a communication and shall be produced. Any document or file that is an attachment to electronic mail shall also be deemed correspondence or a communication and shall be produced with the electronic version.

3. "Document(s)" refers to written, printed, or electronic matter of any kind including electronically stored information ("ESI"); correspondence, memoranda, notes, opinions, compilations, chronicles, minutes, agendas, contracts, agreements, reports, summaries, inter-office and intra-office communications, diaries, appointment books or calendars, confirmations, social media or other Internet posts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing; electronic, mechanical, or electric data, records and representations of any kind, including without limitation, e-mail, tapes, cassettes, disks, computer hard drives, magnetic cards and recordings (whether or not ever printed out or displayed); and all graphic or manual records of representations of any

kind including, without limitation, photographs, microfiche, microfilm, videotape, DVDs, and motion pictures.

4.  "GCE" refers to Defendant Grand Canyon Education, Inc.

5.  "GCU" refers to Defendant Grand Canyon University.

6.  "Litigation" refers to the above-captioned lawsuit, *Federal Trade Commission v. Grand Canyon Education, Inc., et al.*, presently pending in the United States District Court for the District of Arizona, Case No. 2:23-cv-02711-DWL.

7.  "Person" or "Persons" refers to any natural person, firm, association, organization, partnership, business, trust, corporation, public entity, or other governmental agency.

8.  "Plaintiff," "You," or "Your," refers to Plaintiff Federal Trade Commission, its attorneys, agents, and any other persons acting or purporting to act on its behalf.

9.  The terms "related" or "relating to," "refer" or "referring to," "regarding," "reflecting," and "concerning" shall mean concerning, relating to, regarding, associated with, reflecting, referring to, having a relationship to, pertaining to, identifying, containing, pertinent to, comprising, setting forth, showing, disclosing, describing, explaining, summarizing, evidencing, memorializing, or constituting, directly or indirectly, in whole or in part, or otherwise factually, legally, or logically connected to the subject matter of the particular request.

# **INSTRUCTIONS**

1. You must respond to these Interrogatories fully, completely, separately, and in accordance with the Federal Rules of Civil Procedure and all applicable local rules.

2. If for any reason You cannot answer any Interrogatory or part thereof in full, You must answer to the extent possible and state the reasons for Your inability to provide a complete answer.

3. If You object to an Interrogatory or a portion of an Interrogatory, You must state the reasons for any objections with specificity and answer that part of the Interrogatory to which no objection is lodged.

4. If You object to any Interrogatory as overbroad, You must respond to the Interrogatory as narrowed to conform to the objection.

5. Whenever a date, amount, computation, or figure is requested, the exact date, amount, computation, or figure is to be given unless it is unknown. If it is unknown, the approximate or best estimate should be given, and the answer should state that the date, amount, computation, or figure provided is an approximation.

6. If You claim that any information requested herein is privileged or constitutes an attorney's work product and, as a result, You do not provide the requested information, please provide a written statement that describes the factual basis for the purported privilege or claim of work product in sufficient detail so as to permit the Court to adjudicate the validity of the claim.

7. For the purpose of interpreting or construing the scope of these Interrogatories, You are instructed to give words their most expansive and inclusive meanings. You should, therefore: (a) construe the words "and," as well as "or," in the disjunctive or conjunctive, as necessary to make the Interrogatory more inclusive; (b) construe the term "including" to mean "including, but not limited to"; (c) construe the word "any" to include and mean "each and every" and "any and all"; (d) construe the plural form of a word to include the singular and vice versa; and (e) construe a masculine noun or adjective to include the feminine and vice versa.

8. Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense.

9. To the extent required by the Federal Rules of Civil Procedure, local rules, or Court rules, these Interrogatories are continuing in nature. You are requested and required to supplement Your responses when appropriate or necessary to make correct and complete responses as required by the Federal Rules of Civil Procedure, local rules, and any order of the Court.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify every consumer with whom You have had any Communication pertaining to any of the allegations in Your Amended Complaint, and for each Communication, provide a brief description of the nature of the Communication, mode of the Communication, date of the Communication, substance of the Communication, and approximate length of the Communication.

**RESPONSE TO INTERROGATORY NO. 1:**

**INTERROGATORY NO. 2:** Identify every consumer with whom You have had any Communication whose complaint made to You gives rise to Your allegation that consumers were "thwarted" because they "cannot afford the additional costs and time necessary to fulfill GCU's requirements beyond the twenty courses identified as required," as alleged in Paragraph 63 of the Amended Complaint. For each Communication, provide a brief description of (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; (e) the substance of the Communication; and (f) GCU's alleged "requirements" beyond the courses identified as required.

**RESPONSE TO INTERROGATORY NO. 2:**

**INTERROGATORY NO. 3:** Identify every Communication You have had Persons currently or formerly employed by or affiliated with GCE or GCU, including any current or former students of GCU, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated, (b) the nature of the Communication, (c) the mode of the Communication,

(d) the date of the Communication, and (e) the substance of the Communication.

**RESPONSE TO INTERROGATORY NO. 3:**

**INTERROGATORY NO. 4:** Identify every communication You have had with a Person employed by or affiliated with any other state or federal government agency, including the Department of Education, Consumer Financial Protection Bureau, State Attorneys General, or the Department of Veteran Affairs, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; and (e) the substance of the Communication.

**RESPONSE TO INTERROGATORY NO. 4:**

**INTERROGATORY NO. 5:** Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and for which the telephone numbers were "collected through online and social media advertisements that do not clearly disclose to consumers the language purporting to authorize telemarketing," as alleged in Paragraph 41 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; (d) the specific language purporting to authorize telemarketing; and (e) the basis for Your belief that the referenced language does not satisfy an exemption to the National Do Not Call Registry.

**RESPONSE TO INTERROGATORY NO. 5:**

**INTERROGATORY NO. 6:** Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and "misrepresented, directly or indirectly, expressly or by implication, material information regarding GCU and its services, including, but not limited to representations that: [(a)] GCU is a non-profit institution; [(b)] GCU transitioned back to its prior manner of operation as a non-profit educational institution; [(c)] GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and [(d)] GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses," as alleged in Paragraph 89 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; and (d) the basis for Your belief that such outbound telephone call violated the Telemarketing Sales Rule.

**RESPONSE TO INTERROGATORY NO. 6:**

**INTERROGATORY NO. 7:** Identify by name and describe each and every advertisement or marketing material of any type, form, or medium that You claim misled consumers—affirmatively or by omission—regarding GCU's nonprofit status. For each such advertisement or marketing material, identify: (a) the date(s) or approximate date(s) on which the consumer viewed the advertisement or marketing material; (b) the medium in which the advertisement or marketing material was presented; and (c) the specific content or omission(s) in the advertisement or marketing material that the consumer told You was misleading regarding GCU's nonprofit status.

**RESPONSE TO INTERROGATORY NO. 7:**

**INTERROGATORY NO. 8:** Identify by name and describe each enrollment agreement, catalogue, online publication, chart, and other material or Document that You allege Defendants distributed and that You claim misled consumers—affirmatively or by omission—regarding GCU's doctoral programs. For each material or Document, identify (a) the material or Document distributed; (b) the date(s) or approximate dates(s) on which the consumer viewed the material; (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representation(s) were not true; and (d) the specific content or omission(s) in the material that the consumer told You was misleading regarding GCU's doctoral programs.

**RESPONSE TO INTERROGATORY NO. 8:**

**INTERROGATORY NO. 9:** Identify with specificity all misrepresentations You allege were made on GCU's website, including (a) each alleged representation by GCE; (b) each alleged representation by GCU; and (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representations and omissions were likely to deceive consumers.

**RESPONSE TO INTERROGATORY NO. 9:**

**INTERROGATORY NO. 10:** With respect to Your allegation in Paragraph 32 of Your Amended Complaint that "GCE has established job 'performance metrics' for telemarketers that include 'Annual Student Counts' that specify the number of consumers each telemarketer should enroll and retain," identify the factual basis, including all principal and material facts, for Your allegation and identify all Documents and Communications that support this

allegation.

**RESPONSE TO INTERROGATORY NO. 10:**

**INTERROGATORY NO. 11:** With respect to Your allegation in Paragraphs 22 and 23 of Your Amended Complaint that Defendants disseminated "digital and print advertising" "representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 11:**

**INTERROGATORY NO. 12:** With respect to Your allegation in Paragraph 24 of Your Amended Complaint that Defendants' representations regarding GCU's nonprofit status were "material," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 12:**

**INTERROGATORY NO. 13:** With respect to Your allegation in Paragraph 39 of Your Amended Complaint that GCE "provided its telemarketers with telephone numbers listed on the [Do Not Call] Registry even if GCE had no basis for claiming that telemarketing calls on

behalf of GCU to a given number were permissible," identify with specificity the factual basis, including all principal and material facts, for Your allegation that GCE had "no basis" for claiming that the telemarketing calls were permissible and identify all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 13:**

**INTERROGATORY NO. 14:** With respect to Your allegation in Paragraph 59 of Your Amended Complaint that "[s]tudents' ability to satisfy GCU's requirements may be, and has been, thwarted and delayed by GCU's actions or inaction, such as reassignment of faculty, inconsistent demands during the dissertation review process, and delays caused by the conduct of faculty appointed by GCU to various roles in the dissertation review process," identify (a) the factual basis, including all principal and material facts, for Your allegation; and (b) all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 14:**

**INTERROGATORY NO. 15:** With respect to Your allegations in Paragraphs 69 and 72 of Your Amended Complaint that Defendants made false or misleading statements regarding GCU being a non-profit institution and GCU's doctoral programs in connection with advertising, marketing, promotion, offering for sale, or sale of GCU educational services, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 15:**

**INTERROGATORY NO. 16:** Identify each and every Person that You understood to be an employee or affiliate of Grand Canyon University or Grand Canyon Education with whom it is Your understanding that a consumer Communicated—in any form, fashion, or medium—about GCU's nonprofit status, including the date(s) or approximate date(s) on which those discussions took place, the medium by which those discussions took place, and the employer or affiliate of each Person.

**RESPONSE TO INTERROGATORY NO. 16:**

**INTERROGATORY NO. 17:** Identify each and every Person that You understood to be an employee or affiliate of Grand Canyon University or Grand Canyon Education with whom it is Your understanding that a consumer Communicated—in any form, fashion, or medium—about any representations regarding the length of GCU's doctoral programs, including the date(s) or approximate date(s) on which those discussions took place, the medium by which those discussions took place, and the employer or affiliate of each Person at the time the Communication was made.

**RESPONSE TO INTERROGATORY NO. 17:**

**INTERROGATORY NO. 18:** Identify each and every false or misleading representation that you allege GCU or GCE made to the IRS, the Arizona Corporation Commission, or the Higher Learning Commission regarding GCU's non-profit status. For each such alleged

representation, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts upon which you claim the representation was false or misleading; and (c) all Documents, Communications, or conversations that support this allegation.

**RESPONSE TO INTERROGATORY NO. 18:**

Dated: October 8, 2024

DERIN B. DICKERSON (*Admitted Pro Hac Vice*)
KATHLEEN BENWAY (*Admitted Pro Hac Vice*)
CAROLINE R. STRUMPH (*Admitted Pro Hac Vice*)
SHANIQUE CAMPBELL (*Admitted Pro Hac Vice*)
LISA GARCIA (*Admitted Pro Hac Vice*)
**ALSTON & BIRD LLP**

By: /s/ *Derin B. Dickerson*
Derin B. Dickerson

*Attorneys for Defendant Grand Canyon Education, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of October 2024, I caused the foregoing **DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION** to be served on counsel of record at the e-mail addresses listed below:

Brian Clifton Berggren
Michael E. Tankersley
Federal Trade Commission – Washington, DC
Bureau of Consumer Protection, Division of Enforcement
600 Pennsylvania Ave. NW, Mailstop 6316
Washington, DC 20580
Email: bberggren@ftc.gov
Email: mtankersley@ftc.gov

Carlton Benjamin Mosley
Federal Trade Commission - Washington
600 Pennsylvania Ave. NW, CC-9528
Washington, DC 20580
Email: cmosley@ftc.gov

*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Derin B. Dickerson*
　　　　　　　　　　　　　　　　　　　　　　　Derin B. Dickerson