# EXHIBIT D

MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
            (202) 326-3719 (Ashe)
            (202) 326-3477 (Roy)
            (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br>    Plaintiff,<br>    v.<br>Grand Canyon Education, Inc., *et al.*,<br>    Defendants. | No. CV-23-02711-PHX-DWL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION** |

Pursuant to Fed. R. Civ. P. 34, Plaintiff, the Federal Trade Commission

("FTC"), by its undersigned attorneys, hereby makes the following objections and

provides the following responses to Defendant Grand Canyon Education, Inc.'s First

Set of Requests for Production of Documents. The FTC's responses represent the

FTC's present knowledge based on its investigation, information, and preparation to

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

1

date; the FTC reserves the right to supplement, revise, modify or otherwise change or amend its responses and objections to the First Set of Requests. The FTC responds to these requests in accordance with Federal Rules of Civil Procedure 34, and objects to the Requests to the extent that they seek to impose obligations beyond those authorized by the Rule.

Where the Commission responds that it will produce documents in response to a Request, the Commission will conduct a reasonable search of files created or collected in connection with the investigation that proceeded this Litigation that are likely to contain responsive material, and produce documents identified through such search if the documents are not privileged or protected by the work-product doctrine, and not subject to other objection regarding the scope of discovery. Fed. R. Civ. P. 26(b). A response that the Commission will produce Documents does not indicate that the Commission will search for or produce documents not in the possession, custody, or control of the FTC and its present employees, principals, officials, agents, attorneys, economists, and consultants either assigned to or reviewing this Litigation. The FTC will produce documents as they are kept in the regular course of business and follow the specifications for production of Electronically Stored Information ("ESI") in the stipulation exchanged by the parties.

The FTC generally objects to these Requests insofar as they encompass public records and Documents already in Defendant GCE's possession, custody, or control including documents produced to the FTC prior to initiation of this suit, tax returns and financial reports of GCU or GCE, Documents available to the public on the docket of suits identified in the Commission's initial disclosures, and filings with the Securities and Exchange Commission. To the extent a request seeks documents in GCE's

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

2

1   possession, custody, or control, the request is improper and disproportionate to the needs

2   of this case because GCE has more convenient access to the records, and production

3   would be unduly burdensome and unnecessarily expensive. *See* Fed. R. Civ. P. 26(b)(1),

4   (b)(2)(C)(i).

5          The Commission also objects to requests for production of "Communications" as

6   defined in the accompanying Definitions, as the definition of "Communications" that

7   accompanies these First Set of Requests is not confined to documents and tangible things

8   within the scope of Federal Rule of Procedure 34 and fails to describe the requested

9   records with reasonable particularity.

10         The Commission also objects to the breadth of the definition of "Plaintiff,"

11  "You," or "Your" that accompanies these First Set of Requests (Definition 8).  Requests

12  that incorporate this Definition fail to describe the requested records with reasonable

13  particularity, and are overly broad, unduly burdensome, and disproportionate to the

14  needs of the case to the extent that it defines these terms to include any individuals not

15  involved in the investigation of GCU and GCE that gave rise to this Litigation, and are

16  not assigned to or involved in the investigation or Litigation.  Furthermore, to the extent

17  this definition encompasses pre-decisional documents prepared for Commissioners by

18  their professional staffs, by the FTC's General Counsel, or by other FTC components in

19  aid of the Commission's decision to commence litigation, each of those documents

20  would be subject to the attorney-client privilege, the deliberative-process privilege, and

21  the work product doctrine.

22         The FTC will make an initial production the week of November 12, 2024, by

23  producing copies of electronic records in accordance with the parties' agreed ESI

24  protocol.  Following this initial production, the FTC will consult with Defendants to

25  determine if adjustments to the method of ESI production are appropriate.  The FTC will

26  PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

3

27

28

then produce the remainder of the documents to be produced in response to these

requests by providing electronic copies, and anticipates completing the production by

December 20, 2024.

## OBJECTIONS TO INDIVIDUAL REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce all Documents relating to or reflecting Communications between You and any other Person, including but not limited to other public entities or governmental agencies, regarding GCU, GCE, or Defendant Brian Mueller.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to or reflecting any communication between the agency and a Person that even mentions GCU, GCE or Defendant Brian Mueller, without regard to whether the communication is relevant to the claims or defenses in this Litigation.  The Request encompasses Documents that have no relevance to the claims or defenses in this action, and the burden of conducting a search to gather and produce "all Documents relating to or reflecting Communications" is not justified by the value of such a search and production to resolving the issues in this Litigation.  *See Regan-Touhy v. Walgreen Co.,* 526 F.3d 641, 649 (10th Cir. 2008).  The FTC also objects to the extent that this Request encompasses Documents containing communications between the Commission and Defendants or Defendants' counsel as GCE already has access to such Documents; a request that the FTC search for and re-produce such Documents is unduly burdensome and improper. The FTC also objects to the extent that this Request encompasses public records or Documents in GCE's possession, custody, or control, as GCE already has access to such Documents; a request that FTC search for and re-produce such Documents is unduly burdensome and improper.  The FTC  is withholding documents based on these objections.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

5

1    The FTC objects to this Request because it seeks Documents protected by the

2    attorney-client privilege, the deliberative process privilege, the informant's privilege, the

3    law enforcement evidentiary or investigatory files privilege, and the work product

4    doctrine.  Accordingly, the FTC will not produce Documents containing internal

5    Commission communications (including communications between Commissioners and

6    executives), Communications with informants and other law enforcement agencies,

7    Documents related to such communications, or memoranda and analyses prepared in

8    anticipation of litigation, or Documents containing protected Communications with third

9    parties.

10    The FTC will produce the civil investigative demands and requests for Documents

11    sent to businesses and agencies in investigating the allegations in this Litigation.

12    The FTC also will conduct a reasonable inquiry and produce non-privileged

13    Documents obtained from businesses, consumers and agencies relating to the allegations

14    in this Litigation, as described in the responses below to Requests 3, 4, 5, 7, 9, 10, 14, 19,

15    20.

16

17    **REQUEST FOR PRODUCTION NO. 2:**  Produce all Documents and

Communications identified in, described in, or used in formulating Your responses to

18    GCE's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.

19

20    **RESPONSE:** The FTC objects that this Request is overbroad, unduly burdensome, and

21    disproportionate to the needs of the case in that it purports to require the FTC to produce

22    "all Documents and Communications" identified in, described in, or used in formulating

23    Interrogatory Responses.  Furthermore, the Commission objects to the Request to produce

24    all "Communications" as overbroad, burdensome, and improper, as the definition of

25    "Communications" that accompanies these First Requests is not confined to documents

26

27

28

and tangible things within the scope of Federal Rule of Procedure 34.  To the extent this Request seeks public records or documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome because GCE has access to the Documents without the FTC re-producing them.  The FTC is withholding documents based on these objections.

The FTC objects to this Request because Documents used in formulating its Interrogatory responses are protected by the attorney-client privilege, the deliberative process privilege, the informant's privilege, the law enforcement evidentiary or investigatory files privilege, and the work product doctrine.  Accordingly, the FTC will not produce Documents containing internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will produce Documents identified in or described in the Interrogatory Responses that are not in Defendants' possession, custody, or control, as they are kept in the ordinary course of business and as described below in the responses to other requests.

**REQUEST FOR PRODUCTION NO. 3:**  Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs.  This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome and disproportionate

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

7

to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, reflecting, or prepared in connection with "any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs" without regard to whether the Document is relevant to the claims or defenses in this Litigation.  The Request encompasses Documents that have no relevance to the claims or defenses in this action, and the burden of conducting a search to gather and produce all Documents relating to, reflecting, or prepared in connection the broad scope of this Request is not justified by the value of such a search and production to resolving the issues in this Litigation. Furthermore, the Commission objects to the Request to produce all "Communications" as overbroad, burdensome, and improper, as the definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.  The FTC is withholding documents based on these objections.

The FTC objects to this Request because it seeks Documents protected by the attorney-client privilege, the deliberative process privilege, the law enforcement evidentiary or investigatory files privilege, the informant's privilege, and the work product doctrine.  The FTC objects to this Request because it seeks communications with, and documents that would identify individuals subject to the informant's privilege.  *See In re Perez*, 749 F.3d 849, 855 (9th Cir. 2014).  Accordingly, the FTC will not produce Documents that would identify informants, contain internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

8

1    The FTC also objects to this Request to the extent it covers Documents already in
2  Defendant GCE's possession, custody, or control including documents produced to the
3  FTC prior to initiation of this suit.  To the extent this Request seeks documents in GCE's
4  possession, custody, or control, the Request is unduly burdensome and improper as GCE
5  already has access to such records. it would be more convenient, less burdensome, and less
6  expensive for GCE to access such Documents than for the FTC to produce those
7  Documents.  The FTC is withholding documents based on these objections.

8    The FTC will produce consumer complaints submitted to the FTC that identify the
9  GCU doctoral program as the topic of the consumer's complaint, authorizations for release
10 of education records, and declarations in which consumers describe the marketing of the
11 GCU doctoral program.  The search and production will exclude public records and
12 Documents that the Defendants produced to the Commission prior to the initiation of this
13 suit.

14
15 **REQUEST FOR PRODUCTION NO. 4:**  Produce All Documents and
16 Communications relating to, reflecting, or prepared in connection with any complaints,
17 concerns, or questions any consumer raised regarding GCU's nonprofit status. This
18 request includes any Documents and Communications between You and any consumer
19 who you allege was misled or otherwise injured by GCU or GCE as alleged in the
20 Amended Complaint.

21 **RESPONSE:** The FTC objects to this Request to the extent it covers Documents already
22 in Defendant GCE's possession, custody, or control, or public records.  Concerns
23 regarding GCU's purported nonprofit status have been addressed in congressional
24 proceedings and litigation that have produced records accessible to GCE.  To the extent
25 this Request seeks public records or documents in GCE's possession, custody, or control,

1   the Request is improper and unduly burdensome because GCE has access to the

2   Documents without the FTC re-producing them.

3          The FTC objects that this Request fails to describe the requested records with

4   reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the

5   needs of the case in that it purports to require the FTC to search for and produce all

6   Documents relating to, reflecting, or prepared in connection with "any complaints,

7   concerns, or questions by any consumer regarding GCU's nonprofit status" without regard

8   to whether the Document is relevant to the claims or defenses in this Litigation.  The

9   burden of conducting a search to gather and produce all Documents relating to, reflecting,

10  or prepared in connection the broad scope of this Request is not justified by the value of

11  such a search and production to resolving the issues in this Litigation.  Furthermore, the

12  Commission objects to the Request to produce all "Communications" as overbroad,

13  burdensome, and improper, as the definition of "Communications" that accompanies these

14  First Requests is not confined to documents and tangible things within the scope of

15  Federal Rule of Procedure 34.  The FTC is withholding documents based on these

16  objections.

17         The FTC objects to this Request because it seeks Documents protected by the

18  attorney-client privilege, the deliberative process privilege, the law enforcement

19  evidentiary or investigatory files privilege, the informant's privilege, and the work product

20  doctrine.  The FTC objects to this Request because it seeks communications with, and

21  documents that would identify individuals subject to the informant's privilege.

22  Accordingly, the FTC will not produce Documents that would identify informants, contain

23  internal Commission communications, notes, drafts, communications with informants and

24  other law enforcement agencies, documents related to such communications, or

25

26  PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

27                                              10

28

memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will conduct a reasonable search and produce consumer complaints submitted to the FTC that reference representations that GCU is a nonprofit. The search and production will exclude Documents that the Defendants produced to the Commission prior to the initiation of this suit.

**REQUEST FOR PRODUCTION NO. 5:** Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding communications You allege consumers received from telemarketers on behalf of Defendants. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, reflecting, or prepared in connection with "any complaints, concerns, or questions by any consumer raised regarding" communications consumers received on behalf of Defendants, without regard to whether the Document is relevant to the claims or defenses in this Litigation. The Request encompasses Documents that have no relevance to the claims or defenses in this action, and the burden of conducting a search to gather and produce all Documents relating to, reflecting, or prepared in connection the broad scope of this Request is not justified by the value of such a search and production to resolving the issues in this Litigation. Furthermore, the Commission objects to the

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

11

Request to produce all "Communications" as overbroad, burdensome, and improper, as the definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34. The FTC is withholding documents based on these objections.

The FTC objects to this Request because it seeks Documents protected by the attorney-client privilege, the deliberative process privilege, the law enforcement evidentiary or investigatory files privilege, the informant's privilege, and the work product doctrine. The FTC objects to this Request because it seeks communications with, and documents that would identify individuals subject to the informant's privilege. Accordingly, the FTC will not produce Documents that would identify informants, that contain internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC also objects to this Request to the extent it covers Documents already in Defendant GCE's possession, custody, or control including documents produced to the FTC prior to initiation of this suit. To the extent this Request seeks documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome because GCE has access to the Documents without the FTC re-producing them.

The FTC will conduct a reasonable search for and produce consumer complaints submitted to the FTC that report telemarketing calls to telephone numbers on the National Do Not Call Registry and/or telephone calls to persons who had stated that they did not wish to receive telemarketing calls on behalf of GCU. As stated above, the FTC will also produce Documents in response to Requests 3 and 4, and those Documents also concern communications received from telemarketers on behalf of Defendants. The search and

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

12

1    production will exclude Documents that the Defendants produced to the Commission prior

2    to the initiation of this suit.

3
4    **REQUEST FOR PRODUCTION NO. 6:**    Produce all Documents and

     Communications relating to, referencing, or evidencing Your allegations that
5
     Defendants' representations regarding GCU's nonprofit status or transition to a non-
6
     profit educational institutions [sic] were false or misleading or were not substantiated at
7
     the time the representations were made.
8

9    **RESPONSE:** The FTC objects that this Request fails to describe the requested records

10   with reasonable particularity, and is overbroad, unduly burdensome and disproportionate

11   to the needs of the case in that it purports to require the FTC to search for and produce all

12   Documents relating to, reflecting, or evidencing the allegations that Defendants'

13   representations regarding GCU's nonprofit status or transition to a non-profit educational

14   institutions were false or misleading or were not substantiated at the time the

15   representations were made without regard to whether the Document is relevant to the

16   claims or defenses in this Litigation.  The burden of conducting a search to gather and

17   produce all Documents relating to, reflecting, or prepared in connection the broad scope of

18   this Request is not justified by the value of such a search and production to resolving the

19   issues in this Litigation.  Furthermore, the Commission objects to the Request to produce

20   all "Communications" as overbroad, burdensome, and improper, as the definition of

21   "Communications" that accompanies these First Requests is not confined to documents

22   and tangible things within the scope of Federal Rule of Procedure 34.  The FTC is

23   withholding documents based on these objections.

24        The FTC objects to this Request because it seeks Documents protected by the

25   attorney-client privilege, the deliberative process privilege, the law enforcement

26

28

evidentiary or investigatory files privilege, the informant's privilege, and the work product doctrine.  Accordingly, the FTC will not produce Documents containing internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC also objects to this Request to the extent it covers public records and Documents already in Defendant GCE's possession, custody, or control.  Records challenging GCU's purported nonprofit status in administrative, court and congressional proceedings are accessible to GCE.  Press and online descriptions of the allegations in this Litigation are likewise accessible to GCE.  To the extent this Request seeks public records or documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome because GCE has access to the Documents without the FTC re-producing them.

The FTC will conduct a reasonable search and produce consumer complaints submitted to the FTC that reference representations that GCU is a nonprofit.  The search and production will exclude Documents that the Defendants produced to the Commission prior to the initiation of this suit.  The FTC will also produce records obtained from the Internal Revenue Service and Arizona Corporations Commission, as described below in the response to Request 20.

**REQUEST FOR PRODUCTION NO. 7:**  Produce all Documents and Communications relating to, referencing, or evidencing Your allegation that Defendants' representations regarding the number of courses or credits, or the total

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

14

charges to complete a doctoral degree at GCU were false or misleading or were not substantiated at the time the representations were made.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, reflecting, or evidencing "Defendants' representations regarding the number of courses or credits, or the total charges to complete a doctoral degree at GCU were false or misleading or were not substantiated at the time the representations were made" without regard to whether the Document is relevant to the claims or defenses in this Litigation. The burden of conducting a search to gather and produce all Documents relating to, reflecting, or evidencing the referenced allegations is not justified by the value of such a search and production to resolving the issues in this Litigation. Furthermore, the Commission objects to the Request to produce all "Communications" as overbroad, burdensome, and improper, as the definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

The FTC also objects to this Request to the extent it covers public records and Documents already in Defendant GCE's possession, custody, or control. Records from the Department of Education's examination of GCU's representations regarding the number of courses or credits, or the total charges to complete a doctoral degree are accessible to GCE. Records of lawsuits and complaints by doctoral students are available to GCE or in its possession. Press and online descriptions of the allegations in this Litigation are likewise accessible to GCE. To the extent this Request seeks public records or documents in GCE's possession, custody, or control, the Request is improper and

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

15

1    unduly burdensome because GCE has access to the Documents without the FTC re-

2    producing them.  The FTC is withholding documents based on these objections.

3         The FTC objects to this Request because it seeks Documents protected by the

4    attorney-client privilege, the deliberative process privilege, the law enforcement

5    evidentiary or investigatory files privilege, the informant's privilege, and the work product

6    doctrine.  Accordingly, the FTC will not produce Documents that identify informants,

7    contain internal Commission communications, notes, drafts, communications with

8    informants and other law enforcement agencies, documents related to such

9    communications, or memoranda and analyses prepared in anticipation of litigation, or

10   Documents containing protected communications.

11        The FTC will conduct a reasonable search and produce consumer complaints

12   submitted to the FTC that reference representations the GCU doctoral program and

13   declarations from consumers regarding representations regarding the number of courses or

14   credits, or the total charges to complete a doctoral degree.  The search and production will

15   exclude public records and Documents that the Defendants produced to the Commission

16   prior to the initiation of this suit.

17   **REQUEST FOR PRODUCTION NO. 8:**  For each consumer who You allege was

18   misled or deceived by Defendants' representations regarding GCU's nonprofit status, or

19   transition to a non-profit educational institution, produce all Documents and

20   Communications concerning the factual basis for that allegation, including but not

21   limited to any advertisements, communications, or any other representations You allege

22   were made by Defendants.

23

24   **RESPONSE:** The Commission objects that this request mischaracterizes the allegations

25   and is, consequently, outside the scope of discovery.  The Commission's First Amended

26   PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

16

27

28

1    Complaint does not contain the allegation described in this Request.  The Request also

2    fails to describe an item or category of records with reasonable particularity as "all

3    Documents and Communications concerning the factual basis" for the absent allegation is

4    too vague to identify records with particularity.  The Commission's objection to the

5    definition of "Communications" is also applicable to this Request.  The Commission will

6    not produce Documents in response to this Request.

7           In the responses to other Requests herein, the FTC describes Documents that it will

8    produce regarding the allegations in the First Amended Complaint.

9    **REQUEST FOR PRODUCTION NO. 9:**  For each consumer who You allege was

10   misled or deceived by Defendants' representations regarding the number of courses or

11   credits to complete GCU's doctoral program or the cost of GCU's doctoral program,

12   produce  all Documents and Communications concerning the factual basis for that

13   allegation, including but not limited to any advertisements, communications, or any

14   other representations  You allege were made by Defendants.

15

16   **RESPONSE:** The Commission objects that this request mischaracterizes the allegations

17   and is, consequently, outside the scope of discovery.  The Commission's First Amended

18   Complaint does not contain the allegation described in this Request.  The Request also

19   fails to describe an item or category of records with reasonable particularity as "all

20   Documents and Communications concerning the factual basis" for the absent allegation is

21   too vague to identify records with particularity.  The Commission's objection to the

22   definition of "Communications" is also applicable to this Request.  The Commission will

23   not produce Documents in response to this Request.

24          In the responses to other Requests herein, the FTC describes Documents that it will

25   produce regarding the allegations in the First Amended Complaint.

26   PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR
PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

27                                                          17

28

**REQUEST FOR PRODUCTION NO. 10:**  For each consumer who You allege received an outbound telephone call from Defendants after the consumer represented they did not wish to receive such a call, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications relating to the type of representation made and the basis for Your allegation that the representation was misleading.

**RESPONSE:** The Commission objects that this request mischaracterizes the allegations and is, consequently, outside the scope of discovery.  The Commission's First Amended Complaint does not contain the allegation described in this Request.  The First Amended Complaint alleges that GCE telemarketers acting on behalf of GCU have initiated more than a million telemarketing calls to telephone numbers of consumers who had, prior to the call, specifically requested that telemarketing calls for GCU not be made to that telephone number (¶ 37), and does not state that this allegation is based on a representation that was misleading.

The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents concerning the factual basis of Paragraph 37.  Furthermore, the Commission objects to the Request to produce all "Communications" as overbroad, burdensome, and improper, as the definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

The factual basis for Paragraph 37 of the First Amended Complaint is in Documents in Defendant GCE's possession, custody, or control including documents

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

18

produced to the FTC prior to initiation of this suit.  Defendant GCE also has access to the National Do Not Call Registry.  Accordingly, the FTC objects that this Request is unduly burdensome to the extent this Request seeks documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome because GCE has access to the Documents without the FTC re-producing them.  The FTC is withholding documents based on these objections.

To the extent that this Request seeks internal FTC Documents and Communications concerning the allegations in Paragraph 37 of the First Amended Complaint, the FTC objects on the basis of the deliberative process privilege, attorney client privilege, informant's privilege and work-product doctrine.  Accordingly, the FTC will not produce Documents that identify informants, contain internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will produce records in which consumers reported unwanted telemarketing calls on behalf of GCU after they had, prior to the call, specifically stated that they did not want to receive telemarketing calls on behalf of GCU.  The search and production will exclude Documents that the Defendants produced to the Commission prior to the initiation of this suit.

**REQUEST FOR PRODUCTION NO. 11:**  For each consumer who You allege received an outbound telephone call from Defendants related to GCU's doctoral program or nonprofit status and who was misled by Defendants' representations on that call,

produce all Documents and Communications concerning the factual basis for that allegation.

**RESPONSE:** The Commission objects that this request mischaracterizes the allegations and is, consequently, outside the scope of discovery.  The Commission's First Amended Complaint does not contain the allegation described in this Request.  The Request also fails to describe an item or category of records with reasonable particularity as "all Documents and Communications concerning the factual basis" for the absent allegation is too vague to identify records with particularity.  The Commission's objection to the definition of "Communications" is also applicable to this Request.  The Commission will not produce Documents in response to this Request.

      In the responses to other Requests herein, the FTC describes Documents that it will produce regarding the allegations in the First Amended Complaint.

**REQUEST FOR PRODUCTION NO. 12:**  For each consumer who You allege received an outbound telephone call from Defendants and who is on the National Do Not Call Registry, produce all Documents and Communications concerning the factual basis for that allegation,  including any Documents or Communications evidencing the  consumer's placement on the National Do Not Call Registry.

**RESPONSE:** The FTC objects to this Request because Documents containing the factual basis for the allegation are in Defendant GCE's possession, custody, or control including documents produced to the FTC prior to initiation of this suit.  Defendant GCE also has access to the National Do Not Call Registry.  To the extent this Request seeks documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome because GCE has access to the Documents without the FTC re-producing them.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

20

1          To the extent that this Requests seeks "Documents  or  Communications

2   evidencing  the  consumer's placement on the National Do Not Call Registry" beyond the

3   Registry itself, the FTC objects that this Request fails to describe the requested records

4   with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate

5   to the needs of the case.  Outbound telemarketing calls to numbers on the National Do Not

6   Call Registry are prohibited without regard to the manner in which the consumer's number

7   is placed on the Registry.  Furthermore, the Commission objects to the Request to produce

8   all "Communications" as overbroad, burdensome, and improper, as the definition of

9   "Communications" that accompanies these First Requests is not confined to documents

10  and tangible things within the scope of Federal Rule of Procedure 34.  The FTC is

11  withholding documents based on these objections.

12         To the extent that this Request seeks internal FTC Documents and

13  Communications concerning outbound calls to consumers on the Do Not Call Registry the

14  FTC objects on the basis of the deliberative process privilege, attorney client privilege,

15  informant's privilege and work-product doctrine.  Accordingly, the FTC will not produce

16  Documents that identify informants, contain internal Commission communications, notes,

17  drafts, communications with informants and other law enforcement agencies, documents

18  related to such communications, or memoranda and analyses prepared in anticipation of

19  litigation, or Documents containing protected communications.

20         The FTC will produce records of consumers reporting unwanted telemarketing

21  calls on behalf of GCU to telephone numbers listed on the National Do Not Call Registry.

22  The search and production will exclude public records and Documents that the Defendants

23  produced to the Commission prior to the initiation of this suit.

24

25

26     PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR
               PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

27                                                    21

28

1  **REQUEST FOR PRODUCTION NO. 13:** Produce all Documents and

2  Communications relating to, supporting, substantiating, or evidencing Your allegation

3  in Paragraphs 22 and 23 of the Amended Complaint that Defendants disseminated

4  "digital and print advertising" "representing that GCU had transitioned back to a

5  nonprofit on websites, social media, press releases, video marketing and social media."

6

7  **RESPONSE:** The FTC objects that this Request fails to describe the requested records

8  with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate

9  to the needs of the case in that it purports to require the FTC to search for and produce all

10 Documents relating to, supporting, substantiating or evidencing allegations in Paragraph

11 22 and 23 of the Amended Complaint without regard to whether the Document is relevant

12 to the claims or defenses in this Litigation.  The burden of conducting a search to gather

13 and produce all Documents relating to, supporting, substantiating, or evidencing the

14 referenced allegations is not justified by the value of such a search and production to

15 resolving the issues in this Litigation.  Furthermore, the Commission objects to the

16 Request to produce all "Communications" as overbroad, burdensome, and improper, as the

17 definition of "Communications" that accompanies these First Requests is not confined to

18 documents and tangible things within the scope of Federal Rule of Procedure 34.

19     The FTC also objects to this Request to the extent it covers public records and

20 Documents already in Defendant GCE's possession, custody, or control.  The allegations

21 in Paragraphs 22 and 23 reference digital and print advertising produced by Defendants to

22 the Commission or other agencies prior to this Litigation.  To the extent this Request seeks

23 public records or documents in GCE's possession, custody, or control, the Request is

24 improper and unduly burdensome because GCE has access to the Documents without the

25 FTC re-producing them.  The FTC is withholding documents based on these objections.

26

27

28

Insofar as this Request seeks Documents that evaluate Defendants' advertising, the FTC objects to this Request because it seeks Documents protected by the work product doctrine, the attorney-client privilege, the deliberative process privilege, and the law enforcement evidentiary or investigatory files privilege. Accordingly, the FTC will not produce Documents containing internal Commission communications, notes, drafts, communications with other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will conduct a reasonable inquiry and produce non-privileged Documents obtained from businesses and agencies relating to the allegations in Paragraphs 22 and 23, as described in the response to Request 20. The search and production will exclude Documents that the Defendants produced to the Commission prior to the initiation of this suit.

**REQUEST FOR PRODUCTION NO. 14:** Produce All Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 59 of the Amended Complaint that students were "thwarted and delayed" from advancing through GCU's doctoral program by GCU's actions or inaction.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, supporting, substantiating or evidencing the allegation in Paragraph 59 without regard to whether the Document is relevant to the claims or defenses in this Litigation. The burden of conducting a search to gather and produce all Documents relating to, supporting, substantiating, or evidencing the referenced allegation is not

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

23

1   justified by the value of such a search and production to resolving the issues in this

2   Litigation.  Furthermore, the Commission objects to the Request to produce all

3   "Communications" as overbroad, burdensome, and improper, as the definition of

4   "Communications" that accompanies these First Requests is not confined to documents

5   and tangible things within the scope of Federal Rule of Procedure 34.

6          The FTC also objects to this Request to the extent it covers public records and

7   Documents already in Defendant GCE's possession, custody, or control.  Lawsuits and

8   complaints reflecting the allegation in Paragraph 59 are accessible to GCE.  To the extent

9   this Request seeks public records or documents in GCE's possession, custody, or control,

10  the Request is improper and unduly burdensome because GCE has access to the

11  Documents without the FTC re-producing them.  The FTC is withholding documents

12  based on these objections.

13         Insofar as this request seeks Documents that evaluate reports on students'

14  experience, the FTC objects to this Request because it seeks Documents protected by the

15  work product doctrine, the attorney-client privilege, the deliberative process doctrine, the

16  informant's privilege, and the law enforcement evidentiary or investigatory files privilege.

17  Accordingly, the FTC will not produce Documents that identify informants, contain

18  internal Commission communications, notes, drafts, communications with informants and

19  other law enforcement agencies, documents related to such communications, or

20  memoranda and analyses prepared in anticipation of litigation, or Documents containing

21  protected communications.

22         The FTC will produce consumer complaints and declarations as described in the

23  responses to Requests 3 and 20.  The search and production will exclude public records

24  and Documents that the Defendants produced to the Commission prior to the initiation of

25  this suit.

26

27

28

**REQUEST FOR PRODUCTION NO. 15:** Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 64 of the Amended Complaint that Defendants used "buried disclaimers, misleading statements, or presentations that distort the program requirements" to communicate to prospective students about GCU's doctoral programs.

**RESPONSE:** The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, supporting, substantiating or evidencing allegations in Paragraph 64 of the Amended Complaint without regard to whether the Document is relevant to the claims or defenses in this Litigation. The burden of conducting a search to gather and produce all Documents relating to, supporting, substantiating, or evidencing the referenced allegations is not justified by the value of such a search and production to resolving the issues in this Litigation. Furthermore, the Commission objects to the Request to produce all "Communications" as overbroad, burdensome, and improper, as the definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

The FTC also objects to this Request to the extent it covers public records and Documents already in Defendant GCE's possession, custody, or control. The allegations in Paragraph 64 refer to communications disseminated by Defendants and spreadsheet data produced by Defendants. Records from the Department of Education's examination of GCU's communications to prospective students and continuation course data are accessible to GCE. To the extent this Request seeks public records or documents in GCE's possession, custody, or control, the Request is improper and unduly burdensome

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Requests for Production to Plaintiff Federal Trade Commission

25

1  because GCE has access to the Documents without the FTC re-producing them.  The FTC

2  is withholding documents based on these objections.

3         Insofar as this request seeks Documents that evaluate disclaimers or data, the FTC

4  objects to this Request because it seeks Documents protected by the work product

5  doctrine, the attorney-client privilege, the deliberative process doctrine, the informant's

6  privilege, and the law enforcement evidentiary or investigatory files privilege.

7  Accordingly, the FTC will not produce Documents that identify informants, contain

8  internal Commission communications, notes, drafts, communications with informants and

9  other law enforcement agencies, documents related to such communications, or

10 memoranda and analyses prepared in anticipation of litigation, or Documents containing

11 protected communications.

12        The FTC will not be producing Documents in response to this Request because it is

13 presently unaware of non-privileged responsive Documents other than those already in

14 Defendants' possession, custody or control.

15

16 **REQUEST FOR PRODUCTION NO. 16:**  Produce all Documents and

17 Communications concerning any inquiries, review, investigation, or other analysis

18 supporting or related to Your determination that the representations that GCU or GCE

19 made regarding the length and cost of GCU's doctoral program and GCU's nonprofit

20 status were "deceptive" or "misleading" to consumers, as alleged in Paragraph 66 of

21 Your Amended Complaint.

22 **RESPONSE:** Insofar as this Request seeks Documents that evaluate representations made

23 by GCU or GCE, the FTC objects to this Request because it seeks Documents protected by

24 the work product doctrine, the attorney-client privilege, the deliberative process doctrine,

25 the informant's privilege, and the law enforcement evidentiary or investigatory files

26

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

26

27

28

privilege.  Accordingly, the FTC will not produce Documents containing internal

Commission communications, notes, drafts, communications with informants and other

law enforcement agencies, documents related to such communications, or memoranda and

analyses prepared in anticipation of litigation, or Documents containing protected

communications.

The FTC also objects to this Request to the extent it covers public records and

Documents already in Defendant GCE's possession, custody, or control.  The

representations described in Paragraph 66 appear in records Defendants produced to the

Commission or other agencies.  Records from GCU's application to the Department of

Education regarding transfer of control and subsequent litigation, and the Department of

Education's inquiry into the GCU doctoral programs are accessible to GCE.  To the extent

this Request seeks public records or documents in GCE's possession, custody, or control,

the Request is improper and unduly burdensome because GCE has access to the

Documents without the FTC re-producing them.

The FTC objects that this Request fails to describe the requested records with

reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the

needs of the case in that it purports to require the FTC to search for and produce all

Documents concerning any inquiries, review, investigation, or other analysis supporting or

related to Paragraph 66 of the Amended Complaint without regard to whether the

Document is relevant to the claims or defenses in this Litigation.  The burden of

conducting a search to gather and produce all Documents any inquiries, review, or

investigation "related to" the referenced allegation is not justified by the value of such a

search and production to resolving the issues in this Litigation.  Furthermore, the

Commission objects to the Request to produce all "Communications" as overbroad,

burdensome, and improper, as the definition of "Communications" that accompanies these

First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34. The FTC is withholding documents based on these objections.

The FTC will produce documents obtained from businesses, agencies, and consumers in connection with its investigation of GCU and GCE as described elsewhere in these responses. The search and production will exclude public records and Documents that the Defendants produced to the Commission prior to the initiation of this suit.

**REQUEST FOR PRODUCTION NO. 17:** Produce all Documents and Communications You intend to use to support Your allegations in the Amended Complaint or seek to introduce into evidence at trial.

**RESPONSE:** The FTC objects to this Request as premature, as well as ambiguous, overly broad, and disproportionate to the needs of the case to the extent that it requests production of "all Documents and Communications" and requires the FTC to speculate which documents or communications it intends to introduce at trial or otherwise support the allegations in the Amended Complaint. Discovery has recently commenced; it is too early to ascertain what facts will be contested and the evidence the Commission may use to establish liability and redress. Moreover, the FTC objects to this Request because deliberations regarding potential evidence is protected by the work product doctrine.

The FTC will not be producing Documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 18:** Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 13 of Your Amended Complaint that GCU is organized to sell educational services "for its own profit and for the profit of GCE," including all Documents and

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

28

1    Communications that demonstrate how each Defendant profits from GCU's sale of

2    educational services.

3

4    **RESPONSE:** The FTC objects to this Request to the extent it covers public records and

     Documents already in Defendant GCE's possession, custody, or control.  GCE already has
5
     access to the records regarding Project Gazelle, contracts and transactions arising from
6
     Project Gazelle, and revenues and profits of GCU.  GCE likewise has access to the district
7
     and appellate court records in *Grand Canyon University v. Cardona* and the *Grand*
8
     *Canyon Securities Litig.*  To the extent this Request seeks public records or documents in
9
     GCE's possession, custody, or control, the Request is improper and unduly burdensome
10
     because GCE has access to the Documents without the FTC re-producing them.
11
              The FTC also objects that this Request fails to describe the requested records with
12
     reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the
13
     needs of the case in that it purports to require the FTC to search for and produce all
14
     Documents relating to, supporting, substantiating, or evidencing Paragraph 13 without
15
     regard to whether the Document is relevant to the claims or defenses in this Litigation.
16
     The burden of conducting a search to gather and produce all Documents relating to,
17
     supporting, substantiating, or evidencing the referenced allegation is not justified by the
18
     value of such a search and production to resolving the issues in this Litigation.
19
     Furthermore, the Commission objects to the Request to produce all "Communications" as
20
     overbroad, burdensome, and improper, as the definition of "Communications" that
21
     accompanies these First Requests is not confined to documents and tangible things within
22
     the scope of Federal Rule of Procedure 34.  The FTC is withholding documents based on
23
     these objections.
24

25

28

Insofar as this request seeks Documents that evaluate the allegations in Paragraph 13, the FTC objects to this Request because it seeks Documents protected by the work product doctrine, the attorney-client privilege, the deliberative process privilege, and the law enforcement evidentiary or investigatory files privilege.  Accordingly, the FTC will not produce Documents containing internal Commission communications, notes, drafts, communications with other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will produce records obtained from the Internal Revenue Service as described below in response to Request 20.

**REQUEST FOR PRODUCTION NO. 19:** Produce all Documents and Communications relating to, referencing, or evidencing Your allegation in Paragraph 93 that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR.

**RESPONSE:**  The FTC objects that this Request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce all Documents relating to, supporting, substantiating, or evidencing substantial injury and prospective injury to consumers without regard to whether the Document is relevant to the claims or defenses in this Litigation.  The burden of conducting a search to gather and produce all such Documents is not justified by the value of such a search and production to resolving the issues in this Litigation.  Furthermore, the Commission objects to the Request to produce all "Communications" as overbroad, burdensome, and improper, as the

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

30

definition of "Communications" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

The FTC also objects to this Request to the extent it covers public records and Documents already in Defendant GCE's possession, custody, or control. The Commission's initial disclosures describe an estimate of the injury to consumers based on Defendants' records. The request that the FTC re-produce Defendants' records is unreasonably burdensome and duplicative. The FTC is withholding documents based on these objections.

Insofar as this Request seeks Documents that evaluate the substantial injury to consumers, the FTC objects to this Request because it seeks Documents protected by the work product doctrine, the attorney-client privilege, the deliberative process privilege, the informant's privilege, and the law enforcement evidentiary or investigatory files privilege. Accordingly, the FTC will not produce Documents containing internal Commission communications, notes, drafts, communications with informants and other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or Documents containing protected communications.

The FTC will produce consumer complaints and declarations, and Documents obtained from businesses and agencies, as described in the responses to other requests. The search and production will exclude public records and Documents that the Defendants produced to the Commission prior to the initiation of this suit.

**REQUEST FOR PRODUCTION NO. 20:** Produce all Documents and Communications You have obtained through online queries, information requests, or civil investigative demands from any of the following entities referenced in Section II of

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

31

1  Your Initial Disclosures: Arizona Corporation Commission; Alaska Department of Law,

2  Commercial, Fair Business & Child Support Section; All Star Directories, Inc.; Arizona

3  State Board for Private Postsecondary Education; Arizona Secretary of State, Business

4  Services Division; CompliancePoint, Inc.; Colorado Department of Law, Consumer

5  Protection Section; Cygnus Marketing Communications, Inc.; EducationDynamics,

6  LLC; The Higher Learning Commission; Internet Archive; Indiana Office of the

7  Attorney General, Consumer Protection Division; North Carolina Secretary of State,

8  Telephonic Sellers Registration; Niche.com; Ohio Attorney General, Consumer

9  Protection Unit; Oklahoma Attorney General; PossibleNow, Inc.; TriAd Media

10  Solutions, Inc.; United States Department of Education; United States Department of the

11  Treasury, Internal Revenue Service; United States Securities and Exchange Commission;

12  Washington State Department of Licensing; West Virginia State Tax Department, Office

13  of Business Registration.

14  **RESPONSE:**

15      The FTC objects that this Request fails to describe the requested records with

16  reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the

17  needs of the case in that it purports to require the FTC to search for and produce all

18  Communications and incorporates the definition of "Communications" that accompanies

19  these First Requests, which is not confined to documents and tangible things within the

20  scope of Federal Rule of Procedure 34.  The FTC is withholding material based on this

21  objection, and its response below is limited to the portion of the Request that seeks

22  Documents referenced in Section II of the FTC's Initial Disclosures.

23

24

25

28

- Arizona Corporation Commission

    The FTC will produce filings with the Arizona Corporation Commission referenced in its Initial Disclosures.

    The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- Alaska Department of Law, Commercial, Fair Business & Child Support Section

    The FTC will produce records from this agency referenced in its Initial Disclosures.

    The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- All Star Directories, Inc.

    The FTC will produce Documents obtained from this company in response to a civil investigative demand relating to investigation of GCU and GCE marketing with the exception of records that contain lead information produced to the FTC.  The FTC objects to producing lead records because Defendants already possess the lead information relevant to claims or defenses in this action.  To the extent the lead records are within the scope of discovery, it is more convenient, less burdensome, and less expensive for GCE to access its records, and this discovery request is unduly burdensome.  The FTC's production will not include Documents covered by these objections.

    The FTC objects to this request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

33

documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- <u>Arizona State Board for Private Postsecondary Education</u>

The FTC will produce Documents obtained from this agency referenced in its Initial Disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and the request for production of such records is unreasonably burdensome.

- <u>Arizona Secretary of State, Business Services Division</u>

The FTC will produce filings with the Arizona Secretary of State, Business Services Division referenced in its Initial Disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- <u>CompliancePoint, Inc.</u>

The FTC will produce Documents obtained from CompliancePoint, Inc. referenced in its Initial Disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and the request for production of such records is unreasonably burdensome.

- <u>Colorado Department of Law, Consumer Protection Section</u>

The FTC will produce records from this agency referenced in its Initial Disclosures.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

34

1    The FTC objects to this Request to the extent it is not limited to this Litigation, and

2  calls for production of documents not obtained for purposes of this Litigation; such

3  documents are not related to the claims or defenses and request for production of such

4  records is unreasonably burdensome.

5  • Cygnus Marketing Communications,  Inc.

6    The FTC will produce Documents obtained from this company in response to a

7  civil investigative demand relating to investigation of GCU and GCE marketing with the

8  exception of records that contain lead information produced to the FTC.  The FTC objects

9  to producing lead records because Defendants already possess the lead information

10  relevant to claims or defenses in this action.  To the extent the lead records are within the

11  scope of discovery, it is more convenient, less burdensome, and less expensive for GCE to

12  access its records, and this discovery request is unduly burdensome.  The FTC's

13  production will not include Documents covered by these objections.

14    The FTC objects to this Request to the extent it is not limited to this Litigation, and

15  calls for production of documents not obtained for purposes of this Litigation; such

16  documents are not related to the claims or defenses and request for production of such

17  records is unreasonably burdensome.

18  • EducationDynamics, LLC

19    The FTC will produce Documents obtained from this company in response to a

20  civil investigative demand relating to investigation of GCU and GCE marketing with the

21  exception of records that contain lead information produced to the FTC.  The FTC objects

22  to producing lead records because Defendants already possess the lead information

23  relevant to claims or defenses in this action.  To the extent the lead records are within the

24  scope of discovery, it is more convenient, less burdensome, and less expensive for GCE to

25  access its records, and this discovery request is unduly burdensome.  The FTC also objects

26

27

28

to the production of documents that identify entities from which the company purchased leads and the terms of acquisition of such leads, and will not produce the records because the documents are not relevant to claims or defenses in this action.  The FTC's production will not include Documents covered by these objections.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- The Higher Learning Commission

The FTC will produce Documents obtained from this agency referenced in its initial disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and the request for production of such records is unreasonably burdensome.

- Internet Archive

The FTC will produce records of the Internet Archive referenced in its Initial Disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- Indiana Office of the Attorney General, Consumer Protection Division

The FTC will produce records from this agency referenced in its Initial Disclosures.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF FEDERAL TRADE COMMISSION

36

1    The FTC objects to this Request to the extent it is not limited to this Litigation, and

2    calls for production of documents not obtained for purposes of this Litigation; such

3    documents are not related to the claims or defenses and request for production of such

4    records is unreasonably burdensome.

5    • North Carolina Secretary of State, Telephonic Sellers Registration

6          The FTC will produce records from this agency referenced in its Initial Disclosures.

7          The FTC objects to this Request to the extent it is not limited to this Litigation, and

8    calls for production of documents not obtained for purposes of this Litigation; such

9    documents are not related to the claims or defenses and request for production of such

10   records is unreasonably burdensome.

11   • Niche.com

12         The FTC will produce records from this company referenced in its Initial

13   Disclosures.

14         The FTC objects to this Request to the extent it is not limited to this Litigation, and

15   calls for production of documents not obtained for purposes of this Litigation; such

16   documents are not related to the claims or defenses and request for production of such

17   records is unreasonably burdensome.

18   • Ohio Attorney General, Consumer Protection Unit

19         The FTC will produce records from this agency referenced in its Initial Disclosures.

20         The FTC objects to this Request to the extent it is not limited to this Litigation, and

21   calls for production of documents not obtained for purposes of this Litigation; such

22   documents are not related to the claims or defenses and request for production of such

23   records is unreasonably burdensome.

24   • Oklahoma Attorney General

25         The FTC will produce records from this agency referenced in its Initial Disclosures.

26

27

28

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

- PossibleNow, Inc.

The FTC will produce Documents obtained from PossibleNow, Inc. referenced in its Initial Disclosures.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and the request for production of such records is unreasonably burdensome.

- TriAd Media Solutions, Inc.

The FTC will produce Documents obtained from this company in response to a civil investigative demand relating to investigation of GCU and GCE marketing with the exception of records that contain lead information produced to the FTC.  The FTC objects to producing lead records because Defendants already possess the lead information relevant to claims or defenses in this action.  To the extent the lead records are within the scope of discovery, it is more convenient, less burdensome, and less expensive for GCE to access its records, and this discovery request is unduly burdensome.  The FTC's production will not include Documents covered by these objections.

The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

1   • United States Department of Education

2           The FTC objects that this Request is unreasonably burdensome insofar as the

3   documents it describes are duplicates of documents already in Defendant's possession.

4   The FTC objects to this Request with regard to documents that are not in Defendant's

5   possession because it is overbroad and encompasses communications protected by the law

6   enforcement evidentiary or investigatory files privilege, the deliberative process privilege,

7   and the work product doctrine, and information that is not relevant to the claims or

8   defenses in this Litigation.  Accordingly, the FTC will not produce communications with

9   informants or inter-agency communications with the Department of Education.

10          The FTC will produce redacted communications between the FTC and the

11  Department of Education that have been released pursuant to the Freedom of Information

12  Act, 5 U.S.C. § 552.

13  • United States Department of the Treasury, Internal Revenue Service

14          The FTC will produce records from the Internal Revenue Service referenced in it is

15  Initial Disclosures.

16          The FTC objects to this Request to the extent it is not limited to this Litigation, and

17  calls for production of documents not obtained for purposes of this Litigation; such

18  documents are not related to the claims or defenses and request for production of such

19  records is unreasonably burdensome.  The FTC also objects to this Request insofar as it

20  encompasses GCU tax returns as GCE has access to these public documents.

21  • United States Securities and Exchange Commission

22          The FTC objects that this Request is unreasonably burdensome because the

23  documents it describes are duplicates of documents already in Defendant's possession.

24  All documents the Commission has received from the United States Securities and

25  Exchange Commission in connection with this Litigation are public filings by GCE.

26

27

28

1    The FTC also objects that this Request is unduly burdensome to the extent it is not

2    limited to this Litigation, and calls for production of documents not obtained for purposes

3    of this Litigation; such documents are not related to the claims or defenses and request for

4    production of such records is unreasonably burdensome.

5    • <u>Washington State Department of Licensing</u>

6        The FTC will produce records from this agency referenced in its Initial Disclosures.

7        The FTC objects to this Request to the extent it is not limited to this Litigation, and

8    calls for production of documents not obtained for purposes of this Litigation; such

9    documents are not related to the claims or defenses and request for production of such

10   records is unreasonably burdensome.

11   • <u>West Virginia State Tax Department, Office of Business Registration.</u>

12       The FTC will produce records from this agency referenced in its Initial Disclosures.

13       The FTC objects to this Request to the extent it is not limited to this Litigation, and

14   calls for production of documents not obtained for purposes of this Litigation; such

1  documents are not related to the claims or defenses and request for production of such

2  records is unreasonably burdensome.

3  DATED: November 7, 2024                    Respectfully submitted,

4                                             FEDERAL TRADE COMMISSION

5

6                                             By:   */s/ Michael E. Tankersley*
                                                   Michael E. Tankersley
7                                                  Carlton Mosley
                                                   Patrick Roy
8                                                  FEDERAL TRADE COMMISSION
                                                   600 Pennsylvania Avenue NW
9                                                  Washington, D.C. 20580
                                                   Telephone: (202) 326-2991
10                                                 Email: mtankersley@ftc.gov

11                                                 *Attorneys for Plaintiff*
                                                   *FEDERAL TRADE COMMISSION*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

28