# EXHIBIT E

MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
             (202) 326-3719 (Ashe)
             (202) 326-3477 (Roy)
             (202) 326-2163 (Mosley)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission,<br>            Plaintiff,<br>        v.<br>Grand Canyon Education, Inc., *et al.*,<br>            Defendants. | No. CV-23-02711-PHX-DWL<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION** |

In accordance with Federal Rules of Civil Procedure 26 and 33, plaintiff Federal Trade Commission ("FTC" or "Commission") hereby responds to Defendant Grand Canyon Education, Inc.'s First Set of Interrogatories to Plaintiff Federal Trade Commission. The FTC's responses to the Interrogatories represent the FTC's present knowledge based on its investigation, information, and preparation to date. The FTC reserves the right to supplement, revise, modify, or otherwise change or amend its responses to the Interrogatories.

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    The FTC objects to the Interrogatories to the extent that they seek to impose on the FTC any obligations beyond those provided for in the Federal Rules of Civil Procedure.

2.    The Commission objects that each Interrogatory that includes the defined term "Communications" is overbroad and unduly burdensome because Communications is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests identification of every interaction with information in any form or context.  Furthermore, the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication —and this First Set of Interrogatories defines "related" in a manner that encompasses information that is far removed from subject matter of the Interrogatory.  The burden of compiling a description of each "deemed" Communication outweighs any likely benefit.

3.    The Commission objects to each Interrogatory that includes the term "any." The instructions construe "any" to mean "each and every" and "any and all."  Each Interrogatory requesting "each and every" and "any and all" information fails to describe the information requested with reasonable particularity.  In addition, the burden of producing the information requested by the Interrogatories for each and every exchange encompassed within every Interrogatory would outweigh any likely benefit.

4.    The FTC objects that these Interrogatories —including Interrogatories that incorporate the definition of "Communications" and construction of "any" — seek information that is not discoverable pursuant to the Federal Rules of Civil Procedure and is exempt from disclosure by law, including information protected from disclosure by statute, the attorney-client privilege, the work product doctrine, the deliberative process privilege, the law enforcement evidentiary or investigatory files privilege, the

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

2

government informant's privilege, or any other applicable privilege of law. The FTC does not intend to waive any of the privileges asserted in this objection by any inadvertent reference to, or production of, protected documents or information. The Amended Complaint is the work product of FTC attorneys, paralegals, and support staff investigating of potential violations of federal law in anticipation of litigation, the FTC's deliberative process, and investigatory procedures. Documents, communications and conversations relating to, analyzing, evaluating, selecting, gathering, and describing information in the course of such investigation is protected by the work-product doctrine, and some materials are protected from disclosure by statute, the attorney-client privilege, the deliberative process privilege, the law enforcement evidentiary or investigatory files privilege, and the government informant's privilege. The foundation for the FTC's privileges and withholding under the work-product doctrine will be further set forth in a privilege log.

5. The FTC objects to the instruction to provide full and complete responses because these Interrogatories broadly demand identification or narrative descriptions of all facts, Documents, Communications, conversations, or transactions concerning an allegation or purported allegation. Such requests are overly broad, unduly burdensome, and improper. *See FTC v. Am. eVoice, Ltd.*, No. CV 13-03-M-DLC, 2017 WL 476617, at *7 (D. Mont. Feb. 3, 2017); *Wilcox v. Changala*, No. CV-10- 3048, 2012 WL 12844083 (E.D. Wash. Jan. 18, 2012); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).

6. The FTC objects that these Interrogatories are misdirected, premature, and unduly burdensome because they request that the FTC provide comprehensive accounts and detailed information that relates to the affirmative defenses for which Defendants have not provided a foundation, has not been provided in discovery or is the subject of outstanding requests, or is uniquely accessible to Defendants. The Commission does not have general access to relevant unredacted education records as Defendants have not

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

3

1   initiated or completed the notice procedures in accordance with the Order entered in this

2   action on October 9, 2024, and without discovery the Commission does not have access

3   to details requested in these Interrogatories.  Defendants also have unique access to

4   information regarding the content of and changes to websites, enrollment agreements,

5   catalogues, advertising and marketing solicitations,  and  other  material.  The burden of

6   requiring the Commission to provide details that the Commission must obtain through

7   discovery —such as distribution dates for agreements or advertising —outweighs the

8   benefit of such discovery and is not proportional to the needs of this Litigation,

9   particularly given Defendants' control of such information, the limitations on discovery,

10  and the stage of discovery.

11                  **I.**        **INTERROGATORY RESPONSES**

12  **INTERROGATORY  NO. 1:**      Identify every consumer with whom You have had

13  any Communication pertaining to any of the allegations in Your Amended Complaint,

14  and for each Communication, provide a brief description of the nature of the

15  Communication, mode of the Communication, date of the Communication, substance of

16  the Communication, and approximate length of the Communication.

17  **INTERROGATORY NO. 1 RESPONSE**

18          The FTC objects that this Interrogatory fails to describe the information requested

19  with reasonable particularity, is ambiguous, and is overbroad in requesting identification

20  of *every* consumer with whom the FTC has had *any* Communication pertaining to the

21  allegations in the *entire* Amended Complaint, as it is not limited to consumers who have

22  information relevant to the claims or defenses in this action, nor is it proportional to the

23  needs of the Litigation.  The Interrogatory's request for the date, length, nature, and

24  substance of every such Communication is also overbroad and unduly burdensome.  The

25  FTC further objects to this Interrogatory as duplicative, as the FTC has already disclosed

26  in its Rule 26(a)(1) persons who are likely to have discoverable information.

27  Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

4

28

1    The Interrogatory is also overbroad and unduly burdensome because

2 "Communications" is defined in this Set of Interrogatories to include "every exchange of

3 information by any means . . . without limitation" and, thus, requests identification of

4 every interaction with information in any form or context.  Furthermore, the definition of

5 Communications states that anything that "relates to any correspondence or

6 communication" is "deemed" to be a correspondence or communication— and this First

7 Set of Interrogatories defines "related" in a manner that encompasses information that is

8 far removed from subject matter of the Interrogatory.  The burden of compiling a

9 description of each "deemed" Communication outweighs any likely benefit.

10    In addition, the instructions of this Set of Interrogatories construe "any" to mean

11 "each and every" and "any and all."  The burden of producing the information requested

12 by the Interrogatory for each and every exchange encompassed within this Interrogatory

13 would outweigh any likely benefit.

14    Insofar as this request seeks identification of communications with consumers

15 that support principal and material allegations in the Amended Complaint, the FTC

16 responds that information responsive to this request is ascertainable from Documents

17 that will be produced in response to Defendant GCE's First Set of Document requests.

18 Reports from consumers who have contacted the FTC and reported unwelcome

19 telemarketing calls on behalf of GCU to persons on do-not-call lists, issues regarding the

20 GCU doctoral program or referenced GCU's representations that it is a non-profit will be

21 produced in response to those Requests.  Authorizations to access education records will

22 be produced in the response to those Requests.  Furthermore, statements that consumers

23 have provided to the FTC or other agencies regarding these topics will also be produced

24 in response to those First Set of Requests.

25    The FTC will not provide further details in response to this Interrogatory and

26 objects that Communications with consumers in preparation for litigation or trial

27

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

5

28

regarding the conduct alleged in the Amended Complaint, and the recollections and mental impressions of Commission staff regarding such Communications, are protected by the work-product doctrine, and details requested by the Interrogatory (e.g., dates and duration) are protected work product and the burden of compiling such details is not proportional to the needs of the case.

**INTERROGATORY NO. 2:**    Identify every consumer with whom You have had any Communication whose complaint made to You gives rise to Your allegation that consumers were "thwarted" because they "cannot afford the additional costs and time necessary to fulfill GCU's requirements beyond the twenty courses identified as required," as alleged in Paragraph 63 of the Amended Complaint. For each Communication, provide a brief description of (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; (e) the substance of the Communication; and (f) GCU's alleged "requirements" beyond the courses identified as required.

**INTERROGATORY NO. 2 RESPONSE**

The FTC objects to this Interrogatory as ambiguous and overbroad in requesting identification of *every* consumer with whom the FTC has had *any* Communication pertaining to the allegations in Paragraph 63 of the Amended Complaint and is not limited to principal and material support or the ordinary meaning of communications, nor is it proportional to the needs of the Litigation.  The Interrogatory's request for the date, length, nature, and substance of every such Communication is also overbroad and unduly burdensome.  The Interrogatory is also overbroad and unduly burdensome because "Communications" is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

6

identification of every interaction with information in any form or context.  Furthermore, the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication— and this First Set of Interrogatories defines "related" in a manner that encompasses information that is far removed from subject matter of the Interrogatory. The burden of compiling a description of each "deemed" Communication outweighs any likely benefit.

In addition, the instructions of this Set of Interrogatories construe "any" to mean "each and every" and "any and all."  The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

Insofar as this Interrogatory seeks identification of Communications with consumers that principally and materially support allegations in Paragraph 63 of the Amended Complaint allegations in the Amended Complaint, information responsive to this Interrogatory is ascertainable from Documents from consumers who have contacted the FTC and reported experiences that support Paragraph 63 of the Amended Complaint and from Documents in Defendants' possession, custody, or control.  Responsive, non-privileged documents will be produced in response to GCE's First Set of Document Requests.

The FTC will not provide further details in response to this Interrogatory and objects that Communications with consumers in preparation for litigation or trial regarding the conduct alleged in the Amended Complaint, and the recollections and mental impressions of Commission staff regarding such Communications, are protected by the work-product doctrine.  Details requested by the Interrogatory (e.g., dates and duration) are protected work product and the burden of compiling such details is not proportional to their relevance or the needs of the case.

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

7

1  **INTERROGATORY NO. 3:**    Identify every Communication You have had [sic]

2  Persons currently or formerly employed by or affiliated with GCE or GCU, including any

3  current or former students of GCU, pertaining to any of the allegations in Your

4  Amended Complaint. For each Communication, identify (a) the name of the Person

5  with whom You communicated, (b) the nature of the Communication, (c) the mode of

6  the Communication, (d) the date of the Communication, and (e) the substance of the

7  Communication.

8  **INTERROGATORY NO. 3 RESPONSE**

9       The FTC construes this Interrogatory as a request for identification of

10  Communications *with* Persons currently or formerly employed by or affiliated with GCE

11  or GCU— excluding Communications that FTC staff have had with counsel for GCE or

12  GCU and GCE's designee during pre-complaint investigation of GCE and GCU's

13  conduct and during this Litigation.

14       The FTC objects to this Interrogatory as ambiguous and overbroad in requesting

15  identification of *every* Communication, and is not limited to communications of

16  significance or by ordinary meaning of communications, nor is it proportional to the

17  needs of the Litigation.  The Interrogatory's request for the date, nature, and substance of

18  every such Communication is also overbroad and unduly burdensome.  The

19  Interrogatory is also overbroad and unduly burdensome because "Communications" is

20  defined in this Set of Interrogatories to include "every exchange of information by any

21  means . . . without limitation" and, thus, requests identification of every interaction with

22  information in any form or context.  Furthermore, the definition of Communications

23  states that anything that "relates to any correspondence or communication" is "deemed"

24  to be a correspondence or communication— and this First Set of Interrogatories defines

25  "related" in a manner that encompasses information that is far removed from subject

26  matter of the Interrogatory.  The burden of compiling a description of each "deemed"

27  PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

8

28

1    Communication outweighs any likely benefit.

2          In addition, the instructions of this Set of Interrogatories construe "any" to mean

3    "each and every" and "any and all."  The burden of producing the information requested

4    by the Interrogatory for each and every exchange encompassed within this Interrogatory

5    would outweigh any likely benefit.

6          The FTC objects that this Interrogatory  seeks information protected by the

7    informant's privilege.  *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014).  Furthermore,

8    communications with other Persons affiliated with GCE or GCU in preparation for

9    litigation or trial regarding the conduct alleged in the Amended Complaint, and the

10   recollections and mental impressions of Commission staff regarding such

11   Communications, are protected by the work-product doctrine.  Details requested by the

12   Interrogatory (e.g., dates and duration) are protected work product and the burden of

13   compiling such details is not proportional to their relevance or the needs of the case.

14   The Commission does not currently have any Communications to describe that are not

15   protected by the aforementioned privileges or the work-product doctrine.

16

17   **INTERROGATORY NO. 4:**  Identify every communication You have had with a

18   Person employed by or affiliated with any other state or federal government agency,

19   including the Department of Education, Consumer Financial Protection Bureau, State

20   Attorneys General, or the Department of Veteran Affairs, pertaining to any of the

21   allegations in Your Amended Complaint.  For each Communication, identify (a) the

22   name of the Person with whom You communicated; (b) the nature of the

23   Communication; (c) the mode of the Communication; (d) the date of the

24   Communication; and (e) the substance of the Communication.

25   **INTERROGATORY NO. 4 RESPONSE**

26          The FTC objects to this Interrogatory as ambiguous and overbroad in requesting

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF FEDERAL TRADE COMMISSION

9

27

28

identification of *every* communication, and is not limited to significant communications or the ordinary meaning of communications, nor is it proportional to the needs of the Litigation. The Interrogatory's request for the date, nature, and substance of every such Communication is also overbroad and unduly burdensome. The Interrogatory is also overbroad and unduly burdensome because "Communications" is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests identification of every interaction with information in any form or context. Furthermore, the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication— and this First Set of Interrogatories defines "related" in a manner that encompasses information that is far removed from subject matter of the Interrogatory. The burden of compiling a description of each "deemed" Communication outweighs any likely benefit.

In addition, the instructions of this Set of Interrogatories construe "any" to mean "each and every" and "any and all." The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

The FTC objects to this Request on the basis of the law enforcement evidentiary or investigatory files privilege, the deliberative process privilege, and the work-product doctrine. Accordingly, the FTC will not produce communications with other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or communications and documents with third parties protected by the work product privilege. The FTC also objects to this Interrogatory as ambiguous and overbroad in requesting identification of "every communication" with any Person "employed by or affiliated with any other state or federal government agency" and will construe the Interrogatory as seeking substantive

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

10

non-privileged communications requesting information regarding Defendants'

marketing, and exclude automated online queries for public records.

The FTC responds that it has communicated with the following agencies to

request information regarding Defendants' telemarketing, application for recognition, or

consumer complaints:

- Alaska Department of Law, Commercial, Fair Business & Child Support Section
- Arizona Secretary of State, Business Services Division
- Colorado Department of Law, Consumer Protection Section
- Indiana Office of the Attorney General, Consumer Protection Division
- North Carolina Secretary of State, Telephonic Sellers Registration
- Ohio Attorney General, Consumer Protection Unit
- Oklahoma Attorney General, TRACR
- Washington State Department of Licensing
- West Virginia State Tax Department, Office of Business Registration
- United States Department of the Treasury, Internal Revenue Service
- United States Department of Education.

The non-privileged information regarding the mode, substance and date of the

communication may be ascertained from Documents the FTC will produce in response

to GCE's First Set of Document requests.

**INTERROGATORY NO. 5:**      Identify every instance in which Defendants initiated

an outbound telephone call to a consumer in the United States to induce the purchase of

educational services and for which the telephone numbers were "collected through

online and social media advertisements that do not clearly disclose to consumers the

language purporting to authorize telemarketing," as alleged in Paragraph 41 of Your

Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; (d) the specific language purporting to authorize telemarketing; and (e) the basis for Your belief that the referenced language does not satisfy an exemption to the National Do Not Call Registry.

**INTERROGATORY NO. 5 RESPONSE**

The FTC objects that this Interrogatory is misdirected and premature because it seeks material relevant to an affirmative defense for which Defendants have yet to provide a foundation.  The Interrogatory seeks the basis for an affirmative defense that consumers on the Do Not Call Registry authorized telemarketing calls on behalf of GCU.  The Telemarketing Sales Rule ("TSR") requires that such authorization be proven by the seller or telemarketer such that the seller or telemarketer: "[c]an demonstrate that the seller has obtained the express agreement, in writing, of such person to place calls to that person.  Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person."  16 C.F.R. § 310.4(b)(1)(iii)(B)(1).  Defendants have the burden of securing written consent as required by the TSR and maintaining evidence to prove such authorization.  *See* 16 C.F.R. § 310.5.  Accordingly, it is incumbent on Defendants to identify every instance in which Defendants initiated an outbound telephone call permitted by such authorization, including the date of the call, the Person who authorized the call, and the specific language purporting to authorize telemarketing.  As Defendants have not produced business records that show authorization or set forth the authorization language for particular calls, this Interrogatory is premature.  The burden of demonstrating that the authorization was properly presented to the consumer, and signed by the consumer is on Defendants.  Defendant GCE has acknowledged that it has

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

12

been unable to produce such evidence for more than 2.7 million calls, and has not produced evidence for tens of millions of other calls.  The FTC does not have business records demonstrating outbound telephone call details or authorization, and considers all such outbound calls to be in violation of the TSR in the absence of Defendants producing admissible evidence that an individual gave valid consent to an authorization that complied with the TSR.

Furthermore, the FTC objects to the Interrogatory's request for identification of "the name of the Person who received the outbound telephone call from Defendants" and "the substance of the call."  The Interrogatory's request for these irrelevant details is not within the proper scope of discovery, and a response would require expense that exceeds any benefit.  The TSR violation arises from making an outbound telemarketing call to a given telephone number, without authorization, and does not depend on the name of the Person who received the call.  In addition, all outbound calls made in connection with Defendants' program to induce the purchase of educational services are subject to the TSR.

Information identifying the date of outbound calls to telephone numbers obtained through these solicitations should be in business records of GCE that are the subject of ongoing discovery in this action.  To the extent that Defendants claim that they obtained proper authorization for these outbound telephone calls through solicitations that used one of the four digital forms from GCE's records reproduced in the Amended Complaint, the Amended Complaint sets forth multiple reasons why these four solicitations would not constitute valid express authorization for an outbound telemarketing call under the TSR.  Amended Complaint ¶¶ 41-46.

**INTERROGATORY NO. 6:**    Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

13

the purchase of educational services and "misrepresented, directly or indirectly, expressly or by implication, material information regarding GCU and its services, including, but not limited to representations that: [(a)] GCU is a non-profit institution; [(b)] GCU transitioned back to its prior manner of operation as a non-profit educational institution; [(c)] GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and [(d)] GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses," as alleged in Paragraph 89 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; and (d) the basis for Your belief that such outbound telephone call violated the Telemarketing Sales Rule.

**INTERROGATORY NO. 6 RESPONSE**

The FTC objects that this Interrogatory represents at least four discrete Interrogatories in its subparts [(a)]-[(d)]. Each Interrogatory is overbroad and unduly burdensome in requesting narrative details on every instance in which Defendants initiated an outbound call that involved any of the conduct described. Moreover, the Interrogatories are misdirected and premature at this early stage of discovery. The Interrogatories are also predicated on a distortion of Paragraph 89 of the Amended Complaint. Paragraph 89 alleges that Defendants have made the identified representations "in connection with the telemarketing of educational service," and prior factual allegations describe how these representations were made in connection with Defendants' telemarketing. Amended Complaint ¶¶ 22-23, 28-34, 50-56, 64-65. The violations of the TSR described in Paragraph 89 do not rest on representations in individual instances in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services. Based on GCE's records, GCE telemarketers made approximately 17 million telemarketing

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

14

1 calls annually marketing GCU educational services. The four Interrogatories requesting

2 details on "every instance" of such outbound calls including a particular representation

3 are unduly burdensome and not proportional to the needs of discovery in this action, as

4 such details are not necessary to demonstrate violations of the TSR. In addition, GCE

5 has not produced the recordings, diaries of telemarketer communications, and other

6 records detailing the telemarketers' activities in ongoing discovery.

7

8 **INTERROGATORY NO. 7:** Identify by name and describe each and every

9 advertisement or marketing material of any type, form, or medium that You claim

10 misled consumers— affirmatively or by omission—regarding GCU's nonprofit status.

11 For each such advertisement or marketing material, identify: (a) the date(s) or

12 approximate date(s) on which the consumer viewed the advertisement or marketing

13 material; (b) the medium in which the advertisement or marketing material was

14 presented; and (c) the specific content or omission(s) in the advertisement or marketing

15 material that the consumer told You was misleading regarding GCU's nonprofit status.

16 **INTERROGATORY NO. 7 RESPONSE**

17        The FTC objects that this contention Interrogatory is misdirected and premature

18 at this early stage of discovery. Moreover, the request for details on "each and every

19 advertisement or marketing material of any type, form, or medium that You claim" is

20 unduly burdensome, not proportional to the needs of discovery in this action, as such

21 details are not necessary to demonstrate violations of the TSR. Defendant GCE

22 disseminated digital and print advertising through multiple channels; details regarding

23 particular dates, which consumers viewed the advertisement, or what consumers reported

24 are not required to demonstrate that Defendants circulated representations regarding

25 GCU's non-profit status. Furthermore, the information regarding the advertisements and

26 marketing material, the media used to disseminate them, and the dates they were

27

28

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

15

presented to consumers are in Defendants' possession, custody, and control.  In addition, the Amended Complaint does not allege consumers reported specific content or omission(s) in the advertisement or marketing material regarding GCU's nonprofit status was misleading.

**INTERROGATORY NO. 8:**  Identify by name and describe each enrollment agreement, catalogue, online publication, chart, and other material or Document that You allege Defendants distributed and that You claim misled consumers— affirmatively  or  by omission—regarding GCU's doctoral programs.  For each material or Document, identify (a) the material or Document distributed; (b) the date(s) or approximate dates(s) on which the consumer viewed the material; (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representation(s) were not true; and (d) the specific content or omission(s) in the material that the consumer told You was misleading regarding GCU's doctoral programs.

**INTERROGATORY NO. 8 RESPONSE**

The FTC objects that subparts (c) and (d) represent discrete questions and, therefore, this Interrogatory represents at least three separate Interrogatories.  The Interrogatories are ambiguous and unduly burdensome, and misdirected insofar as they demand the Commission provide detailed information on matters uniquely within Defendants' possession at this stage of discovery.  The Commission does not have general access to relevant unredacted education records as Defendants have not initiated or completed the notice procedures in accordance with the Order entered in this action on October 9, 2024, and without discovery the Commission does not have details regarding the dates materials were in use.  The burden of cataloguing the distribution dates for each enrollment agreement, catalogue,  online  publication,  chart,  and  other

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

16

1  material outweighs the benefit of such discovery, and Defendants are uniquely in

2  possession of such information.  Subpart (b) is also overbroad and unduly burdensome in

3  requesting narrative details on every instance in which the consumer viewed the

4  material.  Defendants recruited thousands of consumers for doctoral programs during the

5  relevant time period, and Defendants have sole possession of the education records that

6  would provide even a partial record of when consumers viewed enrollment agreements

7  and other material.  Subpart (c) demands facts about Defendants' knowledge of

8  unspecified "representation(s)" — a demand contrary to the preceding text of the

9  Interrogatory which requires identifying and describing "each material."  Subpart (d) is

10 ambiguous and unduly burdensome as the Amended Complaint does not allege and there

11 is no requirement that a consumer report to the Commission "the specific content or

12 omission(s) in the material" was misleading.

13

14 **INTERROGATORY NO. 9:**  Identify with specificity all misrepresentations You

15 allege were made on GCU's website, including (a) each alleged representation by GCE;

16 (b) each alleged representation by GCU; and (c) the principal and material facts that

17 form the basis for Your allegation that each Defendant knew the representations and

18 omissions were likely to deceive consumers.

19 **INTERROGATORY NO. 9 RESPONSE**

20      The Commission objects that this Interrogatory is overbroad, ambiguous, and

21 unduly burdensome.  The Interrogatory encompasses "all misrepresentations" made on

22 GCU's website without limitation.  GCU's website is extensive, is frequently modified,

23 and contains numerous representations on matters that are tangential to or outside the

24 scope of this litigation.  Further, the Interrogatory requests identification "with

25 specificity all misrepresentations You allege were made on GCU's website" without

26 identifying any specific allegation.  Identifying and providing the details requested by

27

28

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

17

1  the Interrogatory regarding all misrepresentations would entail burden and expense

2  outweighs any likely benefit to resolving the issues involved in this Litigation.

3  Moreover, subpart (c)'s request for "the principal and material facts that form the basis

4  for Your allegation that each Defendant knew the representations and omissions were

5  likely to deceive consumers" does not reference any paragraph of the Amended

6  Complaint.  This Interrogatory is also misdirected and premature at this stage of discovery

7  as Defendants have yet to provide relevant discovery.

8

9  **INTERROGATORY NO. 10:**  With respect to Your allegation in Paragraph 32 of

10  Your Amended Complaint that "GCE has established job 'performance metrics' for

11  telemarketers that include 'Annual Student Counts' that specify the number of consumers

12  each telemarketer should enroll and retain," identify the factual basis, including all

13  principal and material facts, for Your allegation and identify all Documents and

14  Communications that support this allegation.

15  **INTERROGATORY NO. 10 RESPONSE**

16      The Commission responds to the portion of this Interrogatory that requests the

17  factual basis for Paragraph 32 of the Amended Complaint, and objects to the remainder

18  of the Interrogatory as overbroad, unduly burdensome, and premature.

19      Paragraph 32 of the Amended Complaint is based on exhibits and statements filed

20  in the summary judgment record of MacKillop v. Grand Canyon University, D. Mass.,

21  Docket No. 1:18-cv-1119, and D. Ariz., Docket No. 2:23cv467, Grand Canyon

22  University Counselor and University Development Counselor Job Expectations (GCE-

23  FTC-CID-010-00000118- GCE-FTC-CID-010-00000135), and Corrective Action Plans.

24      The portion of the Interrogatory demanding "all principal and material facts" and

25  "all Documents and Communications that support this allegation," is overbroad, unduly

26  burdensome, and premature.  The Commission objects to the request for "all principal

27

28

and material facts" for the allegation because of the volume of Corrective Action Plans, personnel reviews of hundreds of GCE telemarketers, and related documents is enormous, and the truth of this allegation may be established without all such facts, and Defendant GCE has superior access to the facts.  The Commission objects to the portion of the Interrogatory that requests "all Documents and Communications that support this allegation" because a request to search for and describe all Documents and Communications that support these allegations would require descriptions of many Documents and Communications of marginal, indirect, or secondary support.  Cataloging all such Documents and Communications that support this allegation would be unreasonably burdensome and not proportional to the needs of this case as the requirements and procedures are evident in general policy documents and exemplars.  The Interrogatory is overbroad and unduly burdensome because Communications is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests identification of every interaction in which telemarketer expectation and metrics would appear.  The Interrogatory is overbroad and unduly burdensome because the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication – and defines "related" in a manner that encompasses information that is far removed from the actual evidence of the representation.  The burden of compiling a description of each "deemed" Communication outweighs any likely benefit.

In addition, the instructions of this set of Interrogatories construe "any" to mean "each and every" and "any and all."  The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

Finally, the Commission objects to the Interrogatory's unqualified demand for all Documents and Communications as it encompasses information prepared in anticipation

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

19

1  of litigation and, therefore, protected by the work-product doctrine and deliberative

2  process privilege.

3

4  **INTERROGATORY NO. 11:**  With respect to Your allegation in Paragraphs 22 and 23

5  of Your Amended Complaint that Defendants disseminated digital and print

6  advertising representing that GCU had transitioned back to a nonprofit on websites, social

7  media, press releases, video marketing and social media," identify (a) the Defendant

8  that made the representation; (b) the factual basis, including all principal and

9  material facts, for Your allegation; and (c) all Documents, Communications, or

10  conversations that support this allegation.

11  **INTERROGATORY NO. 11 RESPONSE**

12      The Commission responds only to subpart (a) of this Interrogatory.

13      (a) Defendant GCE, as exclusive marketer for GCU and performing services

14  under the Master Services Agreement, and Defendant GCU, which authorized the

15  advertising, marketing, promotion, offering for sale, or sale of GCU educational

16  services, disseminated digital and print advertising, like the example that appears in

17  Paragraph 22 of the Amended complaint, stating that GCU had transitioned back to a

18  nonprofit.

19      (b), (c)  The remaining subparts of these compound Interrogatories are overbroad,

20  unduly burdensome, and premature at this early stage of discovery, particularly given

21  Defendants' failure to produce relevant Documents.  The Commission objects to the

22  request for "all principal and material facts" for the allegation as unduly burdensome and

23  premature because of the volume of advertising and marketing materials.  The

24  Commission objects to subpart (c)'s request for "all Documents, Communications, or

25  conversations that support this allegation" because it is overbroad, unduly burdensome,

26  and premature.  A request to search for and describe all Documents, Communications, or

27

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

20

28

conversations that support these allegations would require descriptions of many

Documents, Communications, or conversations of marginal, indirect, or secondary

support.  Cataloging all such Documents, Communications, or conversations that support

this allegation would be unreasonably burdensome and not proportional to the needs of

this case as the representations span multiple years, and often repeated in materials for

different years and programs.  The Interrogatory is overbroad and unduly burdensome

because Communications is defined in this Set of Interrogatories to include "every

exchange of information by any means . . . without limitation" and, thus, requests

identification of every interaction with a website, email, messaging platform, social

media, announcement, securities disclosure, flyer, brochure, presentation, or other media

in which Grand Canyon University representations appear.  The Interrogatory is

overbroad and unduly burdensome because the definition of Communications states that

anything that "relates to any correspondence or communication" is "deemed" to be a

correspondence or communication— and defines "related" in a manner that encompasses

information that is far removed from the actual evidence of the representation.  The

burden of compiling a description of each "deemed" Communication outweighs any

likely benefit.  Demanding all Documents, Communications, or conversations that

support this allegation is also premature at this stage of discovery, in which Defendants

have not yet produced relevant Documents.

In addition, the instructions of this Set of Interrogatories construe "any" to mean

"each and every" and "any and all."  The burden of producing the information requested

by the Interrogatory for each and every exchange encompassed within this Interrogatory

would outweigh any likely benefit.

Finally, the Commission objects to the Interrogatory's unqualified demand for all

Documents, Communications, and conversations as it encompasses information prepared

in anticipation of litigation and, therefore, protected by the work-product doctrine and

1   deliberative process privilege.

2

3   **INTERROGATORY NO. 12:**  With respect to Your allegation in Paragraph 24 of

4   Your Amended Complaint that Defendants' representations regarding GCU's

5   nonprofit status were "material," identify (a) the Defendant that made the representation;

6   (b) the factual basis, including all principal and material facts, for Your allegation;

7   and (c) all Documents, Communications, or conversations that support this allegation.

8   **INTERROGATORY NO. 12 RESPONSE**

9       The FTC objects that this Interrogatory is ambiguous because it does not track the

10  text of Paragraph 24 of the Amended Complaint, which quotes two statements

11  describing the marketing impact of representations that GCU was a nonprofit.  The FTC

12  construes the Interrogatory as seeking the factual basis for the statements set forth in

13  Paragraph 24.  The statements appear in an article published by The Motley Fool,

14  transcribing a video interview of Brian Mueller recorded on Oct. 1, 2018, under the title

15  "Grand Canyon Education CEO Brian Mueller weighs in on the education field," and the

16  edited transcript of the LOPE – Q4 2018 Grand Canyon Education Inc. Earnings Call,

17  Feb. 20, 2019.  The transcripts report that Defendant Mueller made the quoted

18  statements.

19      The FTC objects to portions of subparts (b) and (c) of the Interrogatory

20  demanding "all principal and material facts" and "all Documents and Communications

21  that support this allegation," because they are overbroad, and unduly burdensome.  The

22  documents reporting the statements are sufficient to support the allegation, Defendant

23  GCE has superior access to the facts, and no legitimate purpose is served by demanding

24  that the FTC detail additional facts for this uncontested allegation.  The Commission

25  objects to the portion of the Interrogatory that requests "all Documents,

26  Communications, and conversations" because it would be unreasonably

27

28

1   burdensome to require the FTC to catalog such information to establish that the statements

2   were made.  The Interrogatory is overbroad and unduly burdensome because

3   Communications is defined in this Set of Interrogatories to include "every exchange of

4   information by any means . . . without limitation" and, thus, requests identification of

5   every interaction in which telemarketer expectation and metrics would appear.  The

6   Interrogatory is overbroad and unduly burdensome because the definition of

7   Communications states that anything that "relates to any correspondence or

8   communication" is "deemed" to be a correspondence or communication – and defines

9   "related" in a manner that encompasses information that is far removed from the actual

10  evidence of the representation.  The burden of compiling a description of each "deemed"

11  Communication outweighs any likely benefit.

12      In addition, the instructions of this Set of Interrogatories construe "any" to mean

13  "each and every" and "any and all."  The burden of producing the information requested

14  by the Interrogatory for each and every exchange encompassed within this Interrogatory

15  would outweigh any likely benefit.

16      The Commission objects to the Interrogatory's unqualified demand for all

17  Documents, Communications, and conversations as it encompasses information prepared

18  in anticipation of litigation and, therefore, protected by the work-product doctrine and

19  deliberative process privilege.

20      If the Interrogatory is intended to request a legal analysis or precedent

21  demonstrating that Defendants' representations regarding GCU's nonprofit status were

22  "material," the FTC objects that the Interrogatory improperly requests legal analysis

23  protected by the work product doctrine.

24

25  **INTERROGATORY NO. 13:**  With respect to Your allegation in Paragraph 39 of

26  Your Amended Complaint that GCE "provided its telemarketers with telephone numbers

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

23

27

28

1   listed on the [Do Not Call] Registry even if GCE had no basis for claiming that

2   telemarketing calls on behalf of GCU to a given number were permissible," identify

3   with specificity the factual basis, including all principal and material facts, for Your

4   allegation that GCE had "no basis" for claiming that the telemarketing calls were

5   permissible and identify all Documents, Communications, or conversations that support

6   this allegation.

7   **INTERROGATORY NO. 13 RESPONSE**

8         In response to a civil investigative demand from the Commission, Defendant

9   GCE produced data reporting the results of its efforts to identify records that would show

10  that telemarketing calls made by GCE to telephone numbers on the National Do Not Call

11  Registry were permissible under 16 C.F.R. § 310.4(v)(1)(iii)(B).

12        The data is labelled GCE-FTC-CID-013-00000001.txt and GCE-FTC-CID-018-

13  00000005.txt.  The data contains entries for more than 1.9 million telephone calls for

14  which no basis for exemption under 16 C.F.R. § 310.4(v)(1)(iii)(B) could be identified.

15  The data also contains entries for more than 800,000 additional telephone calls for which

16  the entry for identifying documentation to support a claim that express written

17  authorization was provided for the call is blank or reports that such documentation could

18  not be located with entries that state "No Lead Form Screenshot Available" or "No

19  Standardized EWC at time of Inquiry."  The absence of basis for telemarketing calls to

20  telephone numbers on the Do Not Call Registry was also addressed in the testimony of

21  Grand Canyon Education designee Dilek Marsh, and GCE's responses to Civil

22  Investigative Demand Interrogatory F.7(ii) (Oct. 5, 2023).

23        The FTC objects to portions of the Interrogatory demanding it to identify "all

24  principal and material facts" and "all Documents, Communications, or conversations that

25  support this allegation," because they are overbroad, and unduly burdensome.  The data

26  and testimony described above is sufficient to support the allegation, Defendant GCE

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

24

has superior access to the facts, and no legitimate purpose is served by demanding that the FTC detail additional facts for this uncontested allegation.  The Commission objects to the portion of the Interrogatory that requests "all Documents, Communications, and conversations" because it would be unreasonably burdensome to require the FTC to catalog such information for this allegation.  The Interrogatory is overbroad and unduly burdensome because Communications is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests identification of every interaction in which telemarketer expectation and metrics would appear.  The Interrogatory is overbroad and unduly burdensome because the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication— and defines "related" in a manner that encompasses information that is far removed from the actual evidence of the representation.  The burden of compiling a description of each "deemed" Communication outweighs any likely benefit.

In addition, the instructions of this Set of Interrogatories construe "any" to mean "each and every" and "any and all."  The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

Finally, the Commission objects to the Interrogatory's unqualified demand for all Documents, Communications, and conversations to the extent that it encompasses information prepared in anticipation of litigation and, therefore, protected by the work-product doctrine and deliberative process privilege.

**INTERROGATORY NO. 14:**  With respect to Your allegation in Paragraph 59 of Your Amended Complaint that "[s]tudents' ability to satisfy GCU's requirements may be, and has been, thwarted and delayed by GCU's actions or inaction, such as reassignment

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

25

1    of faculty, inconsistent demands during the dissertation review process, and delays

2    caused by the conduct of faculty appointed by GCU to various roles in the dissertation

3    review process," identify (a) the factual basis, including all principal and material facts,

4    for Your allegation; and (b) all Documents, Communications, or conversations that

5    support this allegation.

6    **INTERROGATORY NO. 14 RESPONSE**

7      The Commission objects that this Interrogatory is overbroad, unduly burdensome,

8    and premature at this early stage of discovery, particularly given Defendants' failure to

9    produce relevant Documents. The Commission objects to the request for "all principal

10    and material facts" for the allegation as unduly burdensome and premature because of

11    the volume of materials describing delays, personnel changes, inconsistent demands, and

12    other failures in the doctoral program. Defendants enrolled more than 7,500 consumers

13    in doctoral programs during the period described in the Amended Complaint, and these

14    programs precipitated hundreds of requests and appeals related to faculty, inconsistent

15    demands, and delays.

16      The Commission objects to subpart (c)'s request for "all Documents,

17    Communications, or conversations that support this allegation" because it is overbroad,

18    unduly burdensome, and premature. A request to search for and describe all Documents,

19    Communications, or conversations that support Paragraph 59 would require descriptions

20    of many Documents, Communications, or conversations of marginal, indirect, or

21    secondary support. Cataloging all such all Documents, Communications, or

22    conversations that support this allegation would be unreasonably burdensome and not

23    proportional to the needs of this case as the representations span multiple years, and often

24    repeated in materials for different years and programs. The Interrogatory is overbroad

25    and unduly burdensome because Communications is defined in this Set of

26    Interrogatories to include "every exchange of information by any means . . . without

27

28

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

26

1   limitation" and, thus, requests identification of every interaction with a website, email,

2   messaging platform, social media, announcement, securities disclosure, flyer, brochure,

3   presentation, or other media in which information about the allegations in Paragraph 59

4   appear.  The Interrogatory is overbroad and unduly burdensome because the definition of

5   Communications states that anything that "relates to any correspondence or

6   communication" is "deemed" to be a correspondence or communication – and defines

7   "related" in a manner that encompasses information that is far removed from the actual

8   evidence of the representation.  The burden of compiling a description of each "deemed"

9   Communication outweighs any likely benefit.  Demanding all Documents,

10  Communications, or conversations that support this allegation is also premature at this

11  stage of discovery, in which Defendants have not yet produced relevant Documents.

12       In addition, the instructions of this set of Interrogatories construe "any" to mean

13  "each and every" and "any and all."  The burden of producing the information requested

14  by the Interrogatory for each and every exchange encompassed within this Interrogatory

15  would outweigh any likely benefit.

16       Finally, the Commission objects to the Interrogatory's unqualified demand for all

17  Documents, Communications, and conversations as it encompasses information prepared

18  in anticipation of litigation and, therefore, protected by the work-product doctrine and

19  deliberative process privilege.

20

21  **INTERROGATORY NO. 15:** With respect to Your allegations in Paragraphs 69 and 72

22  of Your Amended Complaint that Defendants made false or misleading statements

23  regarding GCU being a non-profit institution and GCU's doctoral programs in

24  connection  with advertising, marketing, promotion, offering for sale, or sale of GCU

25  educational services, identify (a) the Defendant that made the statement; (b) the

26  factual basis, including all principal and material facts, for Your allegation; and (c) all

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF FEDERAL TRADE COMMISSION

27

1  Documents, Communications, or conversations that support this allegation.

2  **INTERROGATORY NO. 15 RESPONSE**

3      The FTC objects that this compound Interrogatory is multiple Interrogatories.

4  The Interrogatory references Paragraph 69 and Paragraph 72 of the Amended Complaint,

5  each of which describe two representations. Construed as four Interrogatories directed at

6  each of the four representations, the FTC responds only to subpart (a).

7      (a) Defendant GCE, as exclusive marketer for GCU and performing services

8  under the Master Services Agreement, and Defendant GCU, which authorized the

9  advertising, marketing, promotion, offering for sale, or sale of GCU educational

10  services, have represented that:

11      GCU is a non-profit institution;

12      GCU transitioned back to its prior manner of operating as a non-profit institution;

13      GCU doctoral degrees that include a dissertation are typically completed in twenty

14          courses or 60 credits; and

15      GCU's total charges for doctoral degrees that include a dissertation are the tuition

16          and fees for twenty courses.

17  The representations in GCE and GCU advertising, marketing, promotion, and offering

18  for sale of GCU educational services included statements attributed to Defendant

19  Mueller stating that GCU is a non-profit educational institution and/or had reverted to

20  the non-profit status that GCU held from 1949 to 2004.

21      (b), (c)  The remaining subparts of these compound Interrogatories are overbroad,

22  unduly burdensome, and premature at this early stage of discovery, particularly given

23  Defendants' failure to produce relevant Documents.  The Commission objects to the

24  request for "all principal and material facts" for the allegation as unduly burdensome and

25  premature because of the volume of advertising and marketing materials.  The

26  Commission objects to subpart (c)'s request for "all Documents, Communications, or

27  Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

28

conversations that support this allegation" because it is overbroad, unduly burdensome, and premature. A request to search for and describe all Documents, Communications, or conversations that support these allegations would require descriptions of many Documents, Communications, or conversations of marginal, indirect, or secondary support. Cataloging all such all Documents, Communications, or conversations that support this allegation would be unreasonably burdensome and not proportional to the needs of this case as the representations span multiple years, and often repeated in materials for different years and programs. The Interrogatory is overbroad and unduly burdensome because Communications is defined in this Set of Interrogatories to include "every exchange of information by any means . . . without limitation" and, thus, requests identification of every interaction with a website, email, messaging platform, social media, announcement, securities disclosure, flyer, brochure, presentation, or other media in which Grand Canyon University representations appear. The Interrogatory is overbroad and unduly burdensome because the definition of Communications states that anything that "relates to any correspondence or communication" is "deemed" to be a correspondence or communication — and defines "related" in a manner that encompasses information that is far removed from the actual evidence of the representation. The burden of compiling a description of each "deemed" Communication outweighs any likely benefit. Demanding all Documents, Communications, or conversations that support this allegation is also premature at this stage of discovery, in which Defendants have not yet produced relevant Documents.

In addition, the instructions of this Set of Interrogatories construe "any" to mean "each and every" and "any and all." The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

Finally, the Commission objects to the Interrogatory's unqualified demand for all

PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO PLAINTIFF FEDERAL TRADE COMMISSION

29

1   Documents, Communications, and conversations as it encompasses information prepared

2   in anticipation of litigation and, therefore, protected by the work-product doctrine and

3   deliberative process privilege.

4

5   **INTERROGATORY NO. 16:**  Identify each and every Person that You understood to

6   be an employee or affiliate of Grand Canyon University or Grand Canyon Education with

7   whom it is Your understanding that a consumer Communicated—in any form,

8   fashion, or medium—about GCU's nonprofit status, including the date(s) or

9   approximate date(s) on which those discussions took place, the medium by which those

10  discussions took place, and the employer or affiliate of each Person.

11  **INTERROGATORY NO. 16 RESPONSE**

12          The FTC objects that this Interrogatory is overbroad and unduly burdensome in

13  requesting identification of *each and every* employee or affiliate of Grand Canyon

14  University or Grand Canyon Education with whom a  consumer  Communicated—*in  any*

15  *form,  fashion,  or medium*—about GCU's nonprofit status.  Identification of each and

16  every Person is unnecessarily burdensome and not proportional to the needs of this

17  Litigation.  GCE has employed hundreds of telemarketers, many identified as GCU

18  counselors or advisors, and has recruited tens of consumers for since July 1, 2018.  The

19  expense and burden of compiling narrative details on every  instance in which consumers

20  Communicated in any form with an employee or affiliate of Grand Canyon University or

21  Grand Canyon Education about representations about GCU's nonprofit status would

22  outweigh any likely benefits from such discovery.  Moreover, to the extent that such

23  Communications are memorialized, Defendants have superior access to relevant records.

24  The Interrogatory is overbroad and unduly burdensome because Communications is

25  defined in this Set of Interrogatories to include "every exchange of information by any

26  means . . . without limitation" and, thus, requests the date and details of every consumer

27

28

1  interaction with a website, email, messaging platform, social media, announcement,

2  securities disclosure, flyer, brochure, presentation, or other media in which Grand

3  Canyon University is identified as a nonprofit.  The Interrogatory is overbroad and

4  unduly burdensome because the definition of Communications states that anything that

5  "relates to any correspondence or communication" is "deemed" to be a correspondence

6  or communication— and defines "related" in a manner that encompasses information

7  that is far removed from a Communication with a consumer.  The burden of compiling

8  the date, medium and Persons for each "deemed" Communication outweighs any likely

9  benefit.  Furthermore, the Interrogatories are misdirected and premature at this early

10  stage of discovery as Defendants have not yet produced information identifying their

11  telemarketers or their records of their Communications with such consumers.

12      In addition, the instructions of this Set of Interrogatories construe "any" to mean

13  "each and every" and "any and all."  The burden of producing the information requested

14  by the Interrogatory for each and every exchange encompassed within this Interrogatory

15  would outweigh any likely benefit.

16      Finally, the Commission objects to the Interrogatory's unqualified demand for all

17  Documents, Communications, and conversations as it encompasses information prepared

18  in anticipation of litigation and, therefore, protected by the work-product doctrine, the

19  informant's privilege, and deliberative process privilege.

20

21  **INTERROGATORY NO. 17:**  Identify each and every Person that You understood to

22  be an employee or affiliate of Grand Canyon University or Grand Canyon Education with

23  whom it is Your understanding that a consumer Communicated—in any form,

24  fashion, or medium—about any representations regarding the length of GCU's

25  doctoral programs, including the date(s) or approximate date(s) on which those

26  discussions took place, the medium by which those discussions took place, and the

27    PLAINTIFF'S RESPONSE TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF INTERROGATORIES TO
PLAINTIFF FEDERAL TRADE COMMISSION

28

31

1  employer or affiliate of each Person at the time the Communication was made.

2  **INTERROGATORY NO. 17 RESPONSE**

3      The FTC objects that this Interrogatory is overbroad and unduly burdensome in

4  requesting identification of *each and every* employee or affiliate of Grand Canyon

5  University or Grand Canyon Education with whom a  consumer  Communicated—*in any*

6  *form, fashion, or medium*—about *any* representations regarding the length of

7  GCU's doctoral programs." Identification of each and every Person is unnecessarily

8  burdensome and not proportional to the needs of this Litigation.  GCE has employed

9  hundreds of telemarketers, many identified as GCU counselors or advisors, and has

10  recruited thousands of consumers for doctoral programs.  The expense and burden of

11  compiling narrative details on every  instance in which consumers  Communicated in any

12  form with an employee or affiliate of Grand Canyon University or Grand Canyon

13  Education about representations about the length of doctoral programs would outweigh

14  any likely benefits from such discovery.  Moreover, to the extent that such

15  Communications are memorialized, Defendants have superior access to relevant records.

16  The Interrogatory is overbroad and unduly burdensome because Communications is

17  defined in this Set of Interrogatories to include "every exchange of information by any

18  means . . . without limitation" and, thus, requests the date and details of every consumer

19  interaction with a website, email, messaging platform, social media, announcement,

20  securities disclosure, flyer, brochure, presentation, or other media in which the length of

21  Grand Canyon University doctoral programs is referenced.  The Interrogatory is

22  overbroad and unduly burdensome because the definition of Communications states that

23  anything that "relates to any correspondence or communication" is "deemed" to be a

24  correspondence or communication— and defines "related" in a manner that encompasses

25  information that is far removed from a Communication with a consumer.  The burden of

26  compiling the date, medium and Persons for each "deemed" Communication outweighs

27  Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

32

28

any likely benefit.  The Interrogatory is also overbroad because not all Communications regarding the length of doctoral programs concern the total costs, number of courses, or number of credits misrepresented by Defendants. Furthermore, the Interrogatories are misdirected and premature at this early stage of discovery as Defendants have not yet produced information identifying their telemarketers, the consumers recruited for doctoral programs, or their records of Communications with such consumers.

In addition, the instructions of this Set of Interrogatories construe "any" to mean "each and every" and "any and all."  The burden of producing the information requested by the Interrogatory for each and every exchange encompassed within this Interrogatory would outweigh any likely benefit.

Finally, the Commission objects to the Interrogatory's unqualified demand for all Documents, Communications, and conversations as it encompasses information prepared in anticipation of litigation and, therefore, protected by the work-product doctrine, the informant's privilege, the law enforcement privilege, and the deliberative process privilege.

**INTERROGATORY NO. 18:**  Identify each and every false or misleading representation that you allege GCU or GCE made to the IRS, the Arizona Corporation Commission, or the Higher Learning Commission regarding GCU's non-profit status. For each such alleged representation, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts upon which you claim the representation was false or misleading; and (c) all Documents, Communications, or conversations that support this allegation.

**INTERROGATORY NO. 18 RESPONSE**

(a) Defendant Mueller filed articles of incorporation with the Arizona Corporation Commission that represent that Gazelle University was organized and operated

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

33

1   exclusively for charitable, religious, and scientific purposes within the meaning of

2   Section 501(c)(3) of the Internal Revenue Code.  The articles of incorporation also

3   represented that no part of the net earnings or assets of Gazelle University shall inure to

4   the benefit of, or be distributable on the dissolution or otherwise to, any trustee, officer,

5   contributor or other private person or individual; and no property of Gazelle University

6   shall be used or operated by Gazelle University or by any other person so as to benefit

7   any trustee, officer, contributor, or any other person, through the distribution of profits,

8   payment of excessive charges or compensation or the more advantageous pursuit of his

9   or her business profession.  Defendant Mueller and Gazelle University subsequently

10  presented these articles to the IRS and Higher Learning Commission.

11      (b) Facts demonstrating that statements in the articles are false or misleading are

12  described in the Department of Education Review of the Change in Ownership and

13  Conversion to Nonprofit Status of Grand Canyon University, OPEID 00107400 (Nov. 6,

14  2019); the Department of Education Reconsideration Review of the Change in

15  Ownership to Nonprofit Status of Grand Canyon University, OPE ID: 00107400 (Jan.

16  12, 2021); the Order on Motions for Summary Judgment in Grand Canyon University v.

17  Cardona, No. CV-21-00177-PHX-SRB, ECR 96 (D. Ariz., Dec. 1, 2022), the

18  administrative and summary judgment record in that Grand Canyon University v.

19  Cardona, and the U.S. House Committee on Education and Labor Hearing on For-Profit

20  College Conversions: Examining Ways to Improve Accountability and Prevent Fraud,

21  Ser. No. 117- 7 (April 20, 2021).  The Commission objects to the request for "all

22  principal and material facts upon which you claim the representation was false or

23  misleading" as unduly burdensome and premature for the reasons described below.

24      (c) The Commission objects to subpart (c)'s request for "all Documents,

25  Communications, or conversations that support this allegation" because it is overbroad,

26  unduly burdensome, and premature.  A request to search for and describe all Documents,

27

28

Plaintiff's Response to Defendant Grand Canyon Education, Inc.'s First Set Of Interrogatories to Plaintiff Federal Trade Commission

34

1  Communications, or conversations that support this allegation would require descriptions

2  of many Documents, Communications, or conversations of marginal, indirect, or

3  secondary support.  Cataloging all such all Documents, Communications, or

4  conversations that support this allegation would be unreasonably burdensome and not

5  proportional to the needs of this case given that discussions of re-characterizing Grand

6  Canyon University date back to at least 2014, and findings and communications rejecting

7  its claims to nonprofit status have occurred in the courts, legislature, and public

8  pronouncements.  Demanding all Documents, Communications, or conversations that

9  support this allegation is also premature at this stage of discovery, in which Defendants

10  have not yet produced relevant Documents.

11      Finally, the Commission objects to the Interrogatory's unqualified demand for all

12  Documents, Communications, and conversations as it encompasses information prepared

13  in anticipation of litigation and, therefore, protected by the work-product doctrine and

14  deliberative process privilege.

15  DATED: November 7, 2024          Signing for Objections,

16

17                          /s/ Michael E. Tankersley
                        Michael E. Tankersley
18                        Carlton Mosley
                        Patrick Roy
19                        FEDERAL TRADE COMMISSION
                        600 Pennsylvania Avenue NW
20                        Washington, D.C. 20580
                        Telephone: (202) 326-2991
21                        Email: mtankersley@ftc.gov

22                        *Attorneys for Plaintiff*
                        *FEDERAL TRADE COMMISSION*

23

24

25

26

28

1

**VERIFICATION**

2      As authorized representative of the Federal Trade Commission, I, Sandhya P.

3  Brown, verify that the Answers in the foregoing Responses to Defendant Grand Canyon

4  Education, Inc.'s First Set of Interrogatories to Plaintiff Federal Trade Commission are

5  based on a reasonable inquiry and non-privileged information available to the Federal

6  Trade Commission, and are true and correct to the best of my information and belief.

7      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

8  statements made in this declaration are true and correct.

9  EXECUTED on this 7th day of November 2024.

10

11

12                                        _____

13                                        Sandhya P. Brown
                                          Associate Director
14                                        Division of Financial Practices
                                          Bureau of Consumer Protection
15                                        Federal Trade Commission

16

17

18

19

20

21

22

23

24

25

26

27

28