# EXHIBIT F

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Derin B. Dickerson                Direct Dial: +1 404 881 7454                Email: derin.dickerson@alston.com

December 13, 2024

**VIA EMAIL**

Michael E. Tankersley
Division of Financial Practices
Federal Trade Commission
mtakersley@ftc.gov

Re:     *Federal Trade Commission v. Grand Canyon Education Inc. et al.*,
          Case No. 2:23-cv-02711-DWL

Dear Mr. Tankersley:

We write to address deficiencies in the Federal Trade Commission's ("FTC" or "Plaintiff") responses to Grand Canyon Education, Inc.'s ("GCE") first set of discovery (Interrogatories and Requests for Production) and production of documents.

## Improper Boilerplate Objections

The FTC's discovery responses are replete with boilerplate objections that are asserted without any explanation. These objections are improper for several reasons. First, the FTC's "overbroad" and "ambiguous" objections are improper as each interrogatory and request is narrowly tailored and clearly written to seek specific information and documents related to the allegations in the Amended Complaint. Second, the FTC's "burdensome" objections are improper because the FTC fails to identify any burden associated with responding to the respective interrogatories or requests or how each interrogatory or request is costly, time-consuming, or disproportionate to the needs of the case. Third, the FTC's "relevance" objections are improper because, as explained below, each interrogatory and request seek information relevant to the "claim[s] or defense[s]" in this action in compliance with FRCP 26(b)(1).

In addition, the FTC's reliance on boilerplate objections based on various privileges, including attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine to withhold communications with informants and other law enforcement agencies is improper. It is well-established in the Ninth Circuit that "boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of

Alston & Bird LLP                                                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

documents are insufficient to assert a privilege." *Burlington Northern & Santa Fe. Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005). To withhold documents or information on the basis of a privilege, the FTC must provide sufficient information for GCE (and potentially the Court) to assess the propriety of the privilege.

We note, however, that the FTC's privilege objections fail as a matter of law. First, facts obtained from informants and other law enforcement agencies are not protected by the work-product doctrine. *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018) ("discoverable facts are not protected by the work-product doctrine"). The FTC's reliance on the deliberative process privilege is similarly misplaced. The deliberative process privilege (which is not absolute) applies only to disclosures of confidential inter-agency memoranda on matters of law or policy. *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, 1116 (9th Cir. 1988); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267, 141 S. Ct. 777, 785 (2021) (the deliberative process privilege shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated). The FTC cannot rely on this privilege to withhold communications with informants and other law enforcement agencies. We request that the FTC retract its objections based on the deliberative process privilege and produce response documents in short order.

The FTC cannot rely on the so-called informant's privilege to refuse to provide information. The informant's privilege protects only the identity of the informant – it does not serve as a basis for a complete denial of discovery. *Westinghouse Elec. Corp. v. Burlington*, 122 U.S. App. D.C. 65, 351 F.2d 762, 769 (1965) ("only the identity of the informer, not the content of the communication, is privileged"). Importantly, even disclosure of the informants' identity is not always protected and is proper here because such information is relevant and essential to GCE's presentation of its case. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (holding informant's privilege must give way where the disclosure of an informer's identity is "relevant and helpful to the defense of an accused," or "essential to a fair determination of a cause"). Therefore, it is not proper to withhold communications with informants or their identity and other law enforcement agencies on this basis.

Finally, the law enforcement evidentiary or investigatory files privilege is inapplicable here because those privileges apply only to the decision-making processes of government agencies. *Baker v. Dupnik*, No. CV 09-0015-TUC-HCE, 2010 U.S. Dist. LEXIS 145682, at *14 (D. Ariz. Jan. 26, 2010). To qualify for the privilege, information sought must be both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated. *Id.* Notably, factual material is not considered deliberative. *Id.*

The FTC must withdraw these objections and produce responsive documents immediately. GCE also responds to the individual responses to interrogatories and requests for production below.

Alston & Bird LLP                                                                                           www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 3

## Interrogatories

***Interrogatory No. 1:*** *Identify every consumer with whom You have had any Communication pertaining to any of the allegations in Your Amended Complaint, and for each Communication, provide a brief description of the nature of the Communication, mode of the Communication, date of the Communication, substance of the Communication, and approximate length of the Communication.*

There is no merit to Plaintiff's objections to this interrogatory. Under, Plaintiff objects to this interrogatory on the grounds that it is ambiguous and fails to describe the information with particularity. There is no basis for this objection as the FTC does not even attempt to identify what part of the interrogatory is allegedly ambiguous. To be sure, the interrogatory is clear on its face as it seeks the identity of any consumer with which the FTC communicated relating to the FTC's allegations in the Amended Complaint. There is nothing unclear or ambiguous about this request. Nonetheless, to remove all doubt, we clarify that "allegations in Your Amended Complaint" refers to allegations related to GCE's non-profit status, representations regarding the length and cost of doctoral programs; and alleged do not call violations.

Next, Plaintiff objects to this interrogatory on the grounds that is it is overbroad and unduly burdensome, but the FTC does not explain how the interrogatory is allegedly overbroad and burdensome. To the contrary, the interrogatory is narrowly tailored to seek only communications related to the allegations in the Amended Complaint. The FTC fails to explain how such a request is overbroad. Indeed, the request is narrowly tailored to seek information expressly within the scope of discovery as defined by the Federal Rules of Civil Procedure, i.e. information related to the claims or defenses of a party. *See* Fed. R. Civ. P. 26(b)(1). The scope of the subject matter also necessarily limits the time period to the time that Plaintiff has been investigating the claims in the Amended Complaint. Thus, the interrogatory is not overbroad as to time.

Plaintiff also objected to the interrogatory on the grounds that it is not limited to consumers who have information relevant to the claims or defenses in the action. GCE disagrees. The request only seeks information "pertaining to any of the allegations in Your Amended Complaint" – and information pertaining to the allegations are inherently relevant to the claims in the action.

Plaintiff also objected to the interrogatory as unduly burdensome because it seeks the date, length, nature and substance of every communication. This objection is unfounded. Under FRCP 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Here, the interrogatory seeks information that is directly relevant to the claims in this action, and Plaintiff has not provided an explanation as to why responding to this interrogatory would be burdensome. Moreover, courts regularly compel responses to similar interrogatories seeking details about communications. See e.g. *Westfall v. Ass'n of Univs. for Rsch. in Astronomy*, No. CV-22-00161-TUC-RM, 2023 U.S. Dist. LEXIS 19760, at *8 (D. Ariz. Feb. 6, 2023) (compelling response to interrogatory seeking "every communication,"

Page 4

including "the date and place of the communication, the form of the communication, the parties to the communication, all witnesses to the communication, the form of the communication, and the substance of the communication, in as verbatim a form as possible").

Similarly, Plaintiff objects that the definitions of the terms "communications" and "related" are overbroad, but Plaintiff does not identify how. The definitions make it clear that the interrogatory seeks any communication (written, oral, or electronic) with a consumer that is related to the claims in the Amended Complaint.

Lastly, Plaintiff contends responsive information is contained in reports from consumers, but the responsive information is not contained within the documents produced. The reports produced from consumers do not include details related to all communications with the FTC (which is what this interrogatory seeks). They merely contain written information submitted to the HLC and the Arizona Board for Private Postsecondary Education. In addition, factual details about these conversations with the FTC are not protected by the attorney work product doctrine and therefore the facts discussed should be disclosed. *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018) ("discoverable facts are not protected by the work-product doctrine").

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> ***Interrogatory No. 2:*** *Identify every consumer with whom You have had any Communication whose complaint made to You gives rise to Your allegation that consumers were "thwarted" because they "cannot afford the additional costs and time necessary to fulfill GCU's requirements beyond the twenty courses identified as required," as alleged in Paragraph 63 of the Amended Complaint. For each Communication, provide a brief description of (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; (e) the substance of the Communication; and (f) GCU's alleged "requirements" beyond the courses identified as required.*

Plaintiff objects to this interrogatory on the same grounds as the interrogatory above. For the same reasons as above, Plaintiff's boilerplate objections are improper. This interrogatory is narrowly tailored to seek only information about consumers who made complaints related to the claims in paragraph 63 of the Amended Complaint. The documents produced do not answer this interrogatory as they do not contain details about communications with the FTC. And as stated above, factual details about these conversations are not protected by the attorney work product doctrine or any other privilege or immunity, and this interrogatory requires a response. *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018) ("discoverable facts are not protected by the work-product doctrine").

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Plaintiff's claim that the information responsive to this interrogatory is ascertainable from the documents is not true because those documents do not contain any information about communications with the FTC – only the FTC has this information.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 3:_** _Identify every Communication You have had [sic] Persons currently or formerly employed by or affiliated with GCE or GCU, including any current or former students of GCU, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated, (b) the nature of the Communication, (c) the mode of the Communication, (d) the date of the Communication, and (e) the substance of the Communication._

Plaintiff objects to this interrogatory on the same grounds as the interrogatory above (Interrogatory No. 2), and for the same reasons as above, Plaintiff's objections are improper. The interrogatory is narrowly tailored to seek information related to the allegations in the Amended Complaint.

In addition, Plaintiff included boilerplate privilege objections but failed to explain what documents were being withheld on this basis. For the reasons stated above, it is not proper for Plaintiff to withhold information on this basis.

The FTC must withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 4:_** _Identify every communication You have had with a Person employed by or affiliated with any other state or federal government agency, including the Department of Education, Consumer Financial Protection Bureau, State Attorneys General, or the Department of Veteran Affairs, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; and (e) the substance of the Communication._

Plaintiff's ambiguous, overbroad, and burdensome objections are improper. The interrogatory is not ambiguous as it seeks communications with specific agencies related to the allegations in the Amended Complaint. This interrogatory is not overbroad simply because it seeks "every" communication – this is particularly so because the request limits the communications sought by subject matter. Specifically, the interrogatory seeks only communications with government agencies related to the allegations in the Amended Complaint. As explained above, courts regularly compel responses to similar requests. _Westfall v. Ass'n of Univs. for Rsch. in Astronomy,_ No. CV-22-00161-TUC-RM, 2023 U.S. Dist. LEXIS 19760, at *9 (D. Ariz. Feb. 6, 2023) (compelling response to interrogatory that stated "Identify and describe in detail each and every communication, whether written, recorded, electronic, or oral, you have had with any state, local or federal agency with respect to any claims or allegations you have made against [Defendant].") Plaintiff fails to explain how the interrogatory is burdensome.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 6

Communications with other law enforcement agencies are not protected by the boilerplate law enforcement evidentiary or investigatory files privilege, the deliberative process privilege, or the work-product doctrine as explained above. It is unclear what information Plaintiff is withholding based on these objections.

The FTC must withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 5:_** _Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and for which the telephone numbers were "collected through online and social media advertisements that do not clearly disclose to consumers the language purporting to authorize telemarketing," as alleged in Paragraph 41 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; (d) the specific language purporting to authorize telemarketing; and (e) the basis for Your belief that the referenced language does not satisfy an exemption to the National Do Not Call Registry._

Plaintiff objects to this interrogatory on the grounds that it is misdirected and premature because it seeks material relevant to an affirmative defense for which GCE has yet to provide a foundation. This is not a proper basis to withhold information. This interrogatory does not seek the basis for an affirmative defense – it seeks the factual basis for an allegation made by Plaintiff in the Amended Complaint (i.e., that telephone numbers were collected through online and social media advertisements that did not clearly disclosure to consumers the language purporting to authorize telemarketing) – only Plaintiff would know this information. In addition, the interrogatory is not premature as it seeks information related to an allegation specifically made in the Amended Complaint. If Plaintiff's allegation in paragraph 41 of the Amended Complaint has a factual basis, Plaintiff should be able to respond to this interrogatory. If Plaintiff's allegation in paragraph 41 of the Amended Complaint is speculative and has no basis, please confirm that in your response and amend the complaint with withdraw any allegations that do not comport with Federal Rule of Civil Procedure 11.

The FTC must withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 6:_** _Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and "misrepresented, directly or indirectly, expressly or by implication, material information regarding GCU and its services, including, but not limited to representations that: [(a)] GCU is a non-profit institution; [(b)] GCU transitioned back to its prior manner of operation as a non-profit educational institution; [(c)] GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and [(d)] GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses," as alleged in Paragraph 89 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone_

*call from Defendants; (b) the date of the call; (c) the substance of the call; and (d) the basis for Your belief that such outbound telephone call violated the Telemarketing Sales Rule.*

Plaintiff objects to this interrogatory on the basis that it improperly contains subparts. This is not a proper basis upon which to withhold information.[1]

Plaintiff also objects on the basis that the interrogatory is misdirected and premature but does not provide an explanation. But for the same reasons as stated above, the interrogatory is properly directed to Plaintiff, who made the specific allegation in the Amended Complaint.

If Plaintiff does not have information responsive to this interrogatory, please state so or otherwise amend the response.

> ***Interrogatory No. 7:*** *Identify by name and describe each and every advertisement or marketing material of any type, form, or medium that You claim misled consumers— affirmatively or by omission—regarding GCU's nonprofit status. For each such advertisement or marketing material, identify: (a) the date(s) or approximate date(s) on which the consumer viewed the advertisement or marketing material; (b) the medium in which the advertisement or marketing material was presented; and (c) the specific content or omission(s) in the advertisement or marketing material that the consumer told You was misleading regarding GCU's nonprofit status.*

Plaintiff objects to this interrogatory on the basis that it was misdirected and premature at this early stage of discovery (without any real explanation), which is not a proper ground to withhold information. Plaintiff's objection to this interrogatory is puzzling given that it is based on a specific allegation made in the Amended Complaint. If Plaintiff's Amended Complaint comports with Federal Rule of Civil Procedure 11, Plaintiff should have information responsive to this interrogatory. Plaintiff's burdensome objection is also without merit as the request directly relates to the claims in the action and therefore is proportional to the needs of the case.

GCE does not know, and is entitled to know, which advertisements form the basis of Plaintiff's non-profit claims.

The FTC must withdraw the above objections and identify the advertisements responsive to this interrogatory.

---

[1] Interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question. *Reed v. Barcklay*, No. CV-11-1339-PHX-JAT (BSB), 2013 U.S. Dist. LEXIS 209122, at *5 (D. Ariz. Apr. 30, 2013). Here, the subparts are logically subsumed within and related to the primary issue. The interrogatory seeks information related to a specific allegation that GCE made certain misrepresentations during telephone calls with consumers in the Amended Complaint and asks for information related to those calls – the subparts describe the information requests related to those calls and are logically related.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

> ***Interrogatory No. 8:*** *Identify by name and describe each enrollment agreement, catalogue, online publication, chart, and other material or Document that You allege Defendants distributed and that You claim misled consumers—affirmatively or by omission—regarding GCU's doctoral programs. For each material or Document, identify (a) the material or Document distributed; (b) the date(s) or approximate dates(s) on which the consumer viewed the material; (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representation(s) were not true; and (d) the specific content or omission(s) in the material that the consumer told You was misleading regarding GCU's doctoral programs.*

Plaintiff objects to this interrogatory on the basis that it improperly contains subparts. This is not a proper basis upon which to withhold information. Moreover, the subparts in this interrogatory are not discrete questions but are instead logically or factually subsumed within and necessarily related to the primary question. Plaintiff's objection that it does not have responsive materials is puzzling as the Amended Complaint contains specific allegations about such documents.

Plaintiff must withdraw the above objections and provide a supplemental response to this interrogatory specifically identifying the material Plaintiff alleges misled consumers.

> ***Interrogatory No. 9:*** *Identify with specificity all misrepresentations You allege were made on GCU's website, including (a) each alleged representation by GCE; (b) each alleged representation by GCU; and (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representations and omissions were likely to deceive consumers.*

Plaintiff's boilerplate objections that the interrogatory is overbroad, ambiguous, and unduly burdensome are without merit. Plaintiff claims the interrogatory is overbroad because it asks for "all misrepresentations," but the interrogatory only asks for misrepresentations that form the basis of Plaintiff's allegation that the representations were likely to deceive consumers. The interrogatory is not ambiguous, but to be clear, the interrogatory seeks the misrepresentations that Plaintiff alleges in the Amended Complaint were likely to deceive consumers. The interrogatory is also not burdensome because it seeks only information related to alleged misrepresentations made on GCU's website.

Plaintiffs also objects that the interrogatory is misdirected and premature without explanation. This is not a proper objection. The interrogatory is neither premature nor misdirected as it seeks only information regarding Plaintiff's allegations made in the Amended Complaint. To comply with Federal Rule of Civil Procedure 11, Plaintiff must have some basis for the allegations in its Complaint.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> ***Interrogatory No. 10:*** *With respect to Your allegation in Paragraph 32 of Your Amended Complaint that "GCE has established job 'performance metrics' for telemarketers that include 'Annual Student Counts' that specify the number of consumers each telemarketer should enroll and retain," identify the factual basis,*

Alston & Bird LLP                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

> *including all principal and material facts, for Your allegation and identify all Documents and Communications that support this allegation.*

Plaintiff objects to the portion of the interrogatory that requests "all Documents and Communications that support this allegation" because a request to search for and describe all documents and communications that support these allegations would require descriptions of many documents and communications of marginal, indirect, or secondary support. But the breadth of discovery under FRCP 26(b) requires a response because the interrogatory seeks information related to Plaintiff's claims, and Plaintiff has not described why responding to this interrogatory would not be proportional to the needs of the case. Documents and communications that support this allegation are directly relevant to the claims in this action, and the interrogatory is proportional to the needs of the case.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **<u>Interrogatory No. 11</u>:** *With respect to Your allegation in Paragraphs 22 and 23 of Your Amended Complaint that Defendants disseminated digital and print advertising representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

Plaintiff objects to subparts (b) and (c) as overbroad and premature without any explanation. This is not a proper basis upon which to withhold information as explained above in the response to Interrogatory No. 6. The interrogatory is not overbroad as it is narrowly drafted to seek only information related to the specific allegations that GCE disseminated digital and print advertising representing that GCU had transitioned back to a nonprofit. The interrogatory seeks only information related to those specific claims in the Amended Complaint. The interrogatory is also not premature. Plaintiff must have a basis for the allegations in the Amended Complaint. If Plaintiff has no evidentiary basis for its allegations that Defendants disseminated advertisements representing that GCU had transitioned back to a nonprofit, please confirm that fact.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it has not identified what information it is withholding on that basis. Please identify what information Plaintiff is withholding on the basis of this privilege with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **<u>Interrogatory No. 12</u>:** *With respect to Your allegation in Paragraph 24 of Your Amended Complaint that Defendants' representations regarding GCU's nonprofit status were "material," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

Alston & Bird LLP                                                                                          www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Plaintiff's objections that this interrogatory is overbroad and unduly burdensome are unfounded. Plaintiff claims that the documents that report the statements are sufficient to support the allegations. This is untrue. Unless Plaintiff does not have any additional evidence supporting its allegation that the statements in those documents are material, Plaintiff is required to respond to this interrogatory identifying that evidence. GCE is entitled to this information and documents that support Plaintiff's allegations that such claims were material. The boilerplate overbroad and burdensome objections are improper as the interrogatory seeks only information related to a specific allegation in the Amended Complaint, and Plaintiff has not explained how the interrogatory is burdensome.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it's unclear what documents it is withholding on that basis. Please identify what information Plaintiff is withholding on the basis of this privilege with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

Plaintiff's allegation that the interrogatory seeks legal analysis is also wrong as it seeks the "factual basis" and does not seek the legal reasoning behind the allegation.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> ***Interrogatory No. 14:*** *With respect to Your allegation in Paragraph 59 of Your Amended Complaint that "[s]tudents' ability to satisfy GCU's requirements may be, and has been, thwarted and delayed by GCU's actions or inaction, such as reassignment of faculty, inconsistent demands during the dissertation review process, and delays caused by the conduct of faculty appointed by GCU to various roles in the dissertation review process," identify (a) the factual basis, including all principal and material facts, for Your allegation; and (b) all Documents, Communications, or conversations that support this allegation.*

Plaintiff objects to this interrogatory as overbroad and premature. As explained above, these boilerplate objections are baseless because the interrogatory seeks information related to the factual basis for allegations made in the Amended Complaint. The interrogatory is not overbroad as it is tailored to only seek information related to a specific allegation in the Amended Complaint. The interrogatory seeks directly relevant information and is therefore proportional to the needs of the case. Plaintiff's objection that the interrogatory seeks information protected by the work product doctrine is wrong – the interrogatory seeks facts and documents supporting the allegation.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it's unclear what documents it is withholding on that basis.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> ***Interrogatory No. 15:*** *With respect to Your allegations in Paragraphs 69 and 72 of Your Amended Complaint that Defendants made false or misleading statements regarding GCU being a non-profit institution and GCU's doctoral programs in connection with advertising, marketing, promotion, offering for sale, or sale of GCU educational services, identify (a) the Defendant that made the statement; (b)*

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

Plaintiff objects to this interrogatory on the grounds that it is compound because it seeks information about two allegations in the Amended Complaint – both of which discuss alleged misrepresentations. This is an improper objection and not a basis to withhold information. Plaintiff specifically objected to subparts (b) and (c) as overbroad, premature, and burdensome. But these objections are unfounded because the interrogatory seeks information directly relevant to Plaintiff's claims in the Amended Complaint and is therefore proportional to the needs of the case.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 16:_** *Identify each and every Person that You understood to be an employee or affiliate of Grand Canyon University or Grand Canyon Education with whom it is Your understanding that a consumer Communicated—in any form, fashion, or medium—about GCU's nonprofit status, including the date(s) or approximate date(s) on which those discussions took place, the medium by which those discussions took place, and the employer or affiliate of each Person.*

Plaintiff objects to this interrogatory on the grounds that it is burdensome and not proportional to the needs of the case. GCE disagrees and Plaintiff has not provided any facts to demonstrate that burden. *Herndon v. Logan's Roadhouse, Inc.*, No. CV 11-1906-PHX-PGR, 2012 U.S. Dist. LEXIS 103449, at *4 (D. Ariz. July 25, 2012) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.").

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it has not identified what information it is withholding on that basis. Please identify what information Plaintiff is withholding on the basis of this privilege with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 17:_** *Identify each and every Person that You understood to be an employee or affiliate of Grand Canyon University or Grand Canyon Education with whom it is Your understanding that a consumer Communicated—in any form, fashion, or medium—about any representations regarding the length of GCU's doctoral programs, including the date(s) or approximate date(s) on which those discussions took place, the medium by which those discussions took place, and the employer or affiliate of each Person at the time the Communication was made.*

Plaintiff's overbroad and burdensome objections are improper. For the same reasons, Plaintiff's objections are without merit because the interrogatory seeks information related to representations about the length of GCU's doctoral programs – one

Alston & Bird LLP                                                                                        www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

of the chief allegations in the Amended Complaint. This information is within the scope of discovery.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege and informant's privilege, but it's unclear what documents it is withholding on that basis. Please identify what information Plaintiff is withholding on the basis of this privilege with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 18:_** _Identify each and every false or misleading representation that you allege GCU or GCE made to the IRS, the Arizona Corporation Commission, or the Higher Learning Commission regarding GCU's non-profit status. For each such alleged representation, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts upon which you claim the representation was false or misleading; and (c) all Documents, Communications, or conversations that support this allegation._

Plaintiff objects to subpart (c) on the grounds that it is overbroad and premature, and protected by the work product doctrine and deliberative process privilege but failed to explain how these objections apply. Subpart (c) seeks documents and communications that support Plaintiff's allegation that GCE made false and misleading representations to three specific entities. It is tailored to only seek factual information related to specific alleged misrepresentations to specific third parties – this request is not overbroad and is directly relevant to the claims in the Amended Complaint. The interrogatory is not premature as it seeks information related to allegations that Plaintiff made in the Amended Complaint.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it's unclear what documents it is withholding on that basis.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

### Requests for Production

> **_Request No. 1:_** _Produce all Documents relating to or reflecting Communications between You and any other Person, including but not limited to other public entities or governmental agencies, regarding GCU, GCE, or Defendant Brian Mueller._

Plaintiff objects to this request with boilerplate objections of failure to describe with particularity, overbreadth, and burden. GCE agrees that the responsive documents may be limited to documents related to the claims in this action.

Plaintiff objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges. The attorney-client privilege only applies to communications between a lawyer and their client _for the purpose of seeking legal advice_. _Briggs v. Cty. of Maricopa_, No. CV-18-02684-PHX-EJM, 2021 U.S. Dist. LEXIS 61386

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

at *17 (D. Ariz. Mar. 30, 2021); *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Deliberative process privilege only applies to disclosure of confidential inter-agency memoranda on matters of law or policy. *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, 1116 (9th Cir. 1988). Informer's privilege only protects the identity of the informant. *Westinghouse Elec. Corp. v. Burlington*, 122 U.S. App. D.C. 65, 351 F.2d 762, 769 (1965) ("only the identity of the informer, not the content of the communication, is privileged"). Law enforcement evidentiary or investigatory files privilege only apples to criminal investigations. *States of Am. v. Hardrives, Inc*., No. CIV 90-1656 PHX RGS (MM), 1991 U.S. Dist. LEXIS 22094, at *13 (D. Ariz. Feb. 4, 1991). And work product privilege only covers a lawyer's mental impressions, conclusions, opinions, and legal theories. *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011). Communications with informants and other law enforcement agencies do not fall under any of these categories and should not be excluded. Additionally, the Plaintiff's boilerplate objections and blanket refusals to produce information are insufficient to assert a privilege. *Burlington Northern & Santa Fe. Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Evanston Ins. Co. v. Murphy*, No. CV-19-04954-PHX-MTL, 2020 U.S. Dist. LEXIS 136146 at *8 (D. Ariz. July 31, 2020) ("Conclusory statements of privilege, without affidavits or other competent support, are not enough for the Court to find privilege.").

GCE requests that all non-privileged documents be produced immediately.

>    **_Request No. 2:_** *Produce all Documents and Communications identified in, described in, or used in formulating Your responses to GCE's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.*

> Plaintiff objects to this request with the boilerplate overbroad, burdensome, and disproportionate to the needs of the case objections without any explanation. But the request is tailored to documents and communications specifically identified in the responses to the interrogatories.

Plaintiff also objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges. For the same reasons as above in the general objections section, communications with informants and other law enforcement agencies should not be withheld.

Plaintiff also objects to this request on the grounds that it is overbroad and stated it is withholding documents on this basis but have not explained which documents are being withheld on this basis.

GCE requests that all non-privileged documents and communications be produced immediately.

>    **_Request No. 3:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs. This request includes any Documents and*

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

> *Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Plaintiff again objects with boilerplate overbroad, burdensome, and disproportionate to the needs of the case objections without any explanation; these are improper. The request is tailored to seek documents related to marketing and promotion of doctoral programs – a specific allegation in the Amended Complaint.

Plaintiff objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 4:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding GCU's nonprofit status. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Plaintiff objects to this request on the grounds that GCE already has these documents. GCE does not have communications and documents between Plaintiff and consumers. GCE is not seeking complaints within its possession – only documents and communications that are not in its possession.

Plaintiff also objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of communications with informants and other law enforcement agencies is not proper as explained in the above general objections.

Plaintiff also objected to this request on the basis that it fails to describe the requested records with reasonable particularity, is overbroad, and burdensome. The request is clear in that it seeks documents and communications relating to complaints regarding GCU's nonprofit status. It's not overbroad because it only seeks documents related to complaints about GCU's nonprofit status. It's also not disproportionate to the case as it seeks documents that are directly relevant to the claims in this action.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 5:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding communications You allege consumers received from telemarketers on behalf of Defendants. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 15

Again, Plaintiff objects with the same boilerplate objections on the grounds that the request fails to describe the records with particularity, is overbroad, and burdensome. The objections are without merit as they clearly seek documents and communications related to complaints, concerns, or questions any consumer raised issues about receiving phone calls – this is specifically related to the TSR claims.

Plaintiff also includes the same boilerplate objections: attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges. For the same reasons as above in our general objections, communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 6:_** *Produce all Documents and Communications relating to, referencing, or evidencing Your allegations that Defendants' representations regarding GCU's nonprofit status or transition to a non-profit educational institutions [sic] were false or misleading or were not substantiated at the time the representations were made.*

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, and burdensome without any explanation. Again, the request is not overbroad as it seeks only documents and communications relating to the specific allegation that representations about GCU's nonprofit status were misleading.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections, and communications with informants and other law enforcement agencies should not be withheld. GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 7:_** *Produce all Documents and Communications relating to, referencing, or evidencing Your allegation that Defendants' representations regarding the number of courses or credits, or the total charges to complete a doctoral degree at GCU were false or misleading or were not substantiated at the time the representations were made.*

Plaintiff's repeated boilerplate overbroad, burdensome, and disproportionate to the needs of the case objections fail as Plaintiff does not provide any explain for the basis of these objections. The request seeks only documents and communications related to a specific allegation – that representations about the length and cost of doctoral programs were false and misleading. It is not overbroad and because it seeks documents directly related to Plaintiff's claims in this action, it is proportional to the needs of the case.

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 8:_** *For each consumer who You allege was misled or deceived by Defendants' representations regarding GCU's nonprofit status, or transition to a non-profit educational institution, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.*

Plaintiff confusingly objects to this request on the grounds that the allegations are mischaracterized because the Amended Complaint "does not contain the allegation described in this Request."  But the Amended Complaint alleges that Defendants represented that GCU is a nonprofit institution and transition back to its prior manner of operating as a nonprofit institution and that those representations are "false or misleading, or were not substantiated at the time the representations were made."  First Amended Complaint, ¶¶ 69-70.  Plaintiff further contends that the request fails to describe an item or category of records with reasonable particularity because of the alleged "absent allegation" but the request is clear on its face.  It seeks documents and communications related to the allegation that consumers were misled about GCU's non-profit status or transition back to its non-profit status.  GCE requests that Plaintiff withdraw its objections and provide a supplemental response based on this clarification.

> **_Request No. 9:_** *For each consumer who You allege was misled or deceived by Defendants' representations regarding the number of courses or credits to complete GCU's doctoral program or the cost of GCU's doctoral program, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.*

Plaintiff objects to this request on the grounds that it mischaracterizes the allegations in the Amended Complaint, stating that the Amended Complaint does not contain those allegations.  Again, this is puzzling as the Amended Complaint alleges that Defendants represented that GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits, that GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses, and that these representations were "false or misleading, or were not substantiated at the time the representations were made."  First Amended Complaint, ¶¶ 72-73.  GCE requests that Plaintiff withdraw its objections and provide a supplemental response.

> **_Request No. 10:_** *For each consumer who You allege received an outbound telephone call from Defendants after the consumer represented they did not wish to receive such a call, produce all Documents and Communications concerning the*

Alston & Bird LLP                                                                                          www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*factual basis for that allegation, including any Documents or Communications relating to the type of representation made and the basis for Your allegation that the representation was misleading.*

Again, Plaintiff objects to this request based on an alleged mischaracterization of allegations.  The Amended Complaint alleges that GCE "initiated or caused others to initiate an outbound telephone call to a person who has previously stated that he or she does not wish to receive such a call."  First Amended Complaint, ¶ 91.  There is no mischaracterization.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

**_Request No. 11:_** *For each consumer who You allege received an outbound telephone call from Defendants related to GCU's doctoral program or nonprofit status and who was misled by Defendants' representations on that call, produce all Documents and Communications concerning the factual basis for that allegation.*

Plaintiff objects to this request based on an alleged mischaracterization of allegations.  The Amended Complaint alleges that in connection with the telemarketing of educational services, Defendants have misrepresented that GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses.  First Amended Complaint, ¶ 89.  There is no mischaracterization.

**_Request No. 12:_** *For each consumer who You allege received an outbound telephone call from Defendants and who is on the National Do Not Call Registry, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications evidencing the consumer's placement on the National Do Not Call Registry.*

Plaintiff objects to this request on the grounds that GCE has possession of the documents requested, but the request does not seek documents that Plaintiff does not have possession, custody, or control of.  If Plaintiff does not have any responsive documents in its possession, custody, or control, please state so in the response.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objection and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

**_Request No. 13:_** *Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraphs 22 and 23 of the Amended Complaint that Defendants disseminated "digital and print*

Alston & Bird LLP                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

*advertising" "representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media."*

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, burdensome, and disproportionate to the needs of the case. These are unfounded as the request is narrowly tailored to a specific allegation in the Amended Complaint. Because the documents and communications sought are directly related to claims in this action, they are proportional to the needs of the case.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **Request No. 14:** *Produce All Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 59 of the Amended Complaint that students were "thwarted and delayed" from advancing through GCU's doctoral program by GCU's actions or inaction.*

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case. Plaintiff's objection that the request seeks documents that are not relevant to the claims or defenses is particularly confusing because the request seeks documents and communications that support a specific allegation made in the Amended Complaint – and those are clearly relevant to the claims in this action.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **Request No. 15:** *Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 64 of the*

> *Amended Complaint that Defendants used "buried disclaimers, misleading statements, or presentations that distort the program requirements" to communicate to prospective students about GCU's doctoral programs.*

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegation Plaintiff makes in the Amended Complaint. The request therefore seeks documents that are relevant to the claims in this action.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff. that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in the general objections section and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 16:_** *Produce all Documents and Communications concerning any inquiries, review, investigation, or other analysis supporting or related to Your determination that the representations that GCU or GCE made regarding the length and cost of GCU's doctoral program and GCU's nonprofit status were "deceptive" or "misleading" to consumers, as alleged in Paragraph 66 of Your Amended Complaint.*

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegations Plaintiff makes in the Amended Complaint related to deceptive and misleading representations. The request therefore seeks documents that are relevant to the claims in this action.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections nd communications with informants and other law enforcement agencies should not be withheld.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff, that are not available in the public record or already in GCE's possession.

Alston & Bird LLP                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

GCE requests that all non-privileged documents and communications be produced immediately.

> ***Request No. 17:*** *Produce all Documents and Communications You intend to use to support Your allegations in the Amended Complaint or seek to introduce into evidence at trial.*

Plaintiff objects to this request as premature, ambiguous, overbroad, and disproportionate to the needs of the case, but fails to provide any support for these objections. GCE requests that all non-privileged documents and communications be produced immediately.

> ***Request No. 18:*** *Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 13 of Your Amended Complaint that GCU is organized to sell educational services "for its own profit and for the profit of GCE," including all Documents and Communications that demonstrate how each Defendant profits from GCU's sale of educational services.*

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff,

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegation Plaintiff makes in the Amended Complaint that GCU is organized to sell educational services "for its own profit and for the profit of GCE." The request therefore seeks documents that are relevant to the claims in this action, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> ***Request No. 19:*** *Produce all Documents and Communications relating to, referencing, or evidencing Your allegation in Paragraph 93 that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR.*

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegation Plaintiff makes in the Amended Complaint that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR. The request therefore seeks

documents that are relevant to the claims in this action.  The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 20:_** *Produce all Documents and Communications You have obtained through online queries, information requests, or civil investigative demands from any of the following entities referenced in Section II of Your Initial Disclosures: Arizona Corporation Commission; Alaska Department of Law, Commercial, Fair Business & Child Support Section; All Star Directories, Inc.; Arizona State Board for Private Postsecondary Education; Arizona Secretary of State, Business Services Division; CompliancePoint, Inc.; Colorado Department of Law, Consumer Protection Section; Cygnus Marketing Communications, Inc.; EducationDynamics, LLC; The Higher Learning Commission; Internet Archive; Indiana Office of the Attorney General, Consumer Protection Division; North Carolina Secretary of State, Telephonic Sellers Registration; Niche.com; Ohio Attorney General, Consumer Protection Unit; Oklahoma Attorney General; PossibleNow, Inc.; TriAd Media Solutions, Inc.; United States Department of Education; United States Department of the Treasury, Internal Revenue Service; United States Securities and Exchange Commission; Washington State Department of Licensing; West Virginia State Tax Department, Office of Business Registration.*

Plaintiff's objections that the request fails to describe the requested records with reasonable particularity, and is overbroad, unduly burdensome, and disproportionate to the needs of the case are baseless.  The request clearly seeks documents and communications with specifically named third parties that were identified in Plaintiff's initial disclosures.

GCE requests that Plaintiff produce all non-privileged documents and communications with each of these entities.

Please do not hesitate to contact us should you have any questions.

Sincerely,

*/s/ Derin B. Dickerson*
Derin B. Dickerson

cc: Gregory A. Ashe
    Patrick Roy
    Carlton B. Mosley
    Esi Kovacs

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.