# EXHIBIT G

MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY A. ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
          (202) 326-3719 (Ashe)
          (202) 326-3477 (Roy)
          (202) 326-2163 (Mosley)
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| Federal Trade Commission, Plaintiff, v. Grand Canyon Education, Inc., *et al.*, Defendants. | No. CV-23-02711-PHX-DWL<br><br>**FTC'S FIRST SUPPLEMENT TO ITS RESPONSES AND OBJECTIONS TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
|---|---|

Pursuant to Fed. R. Civ. P. 34, Plaintiff, the Federal Trade Commission ("FTC"), by its undersigned attorneys, hereby makes the following supplement to its objections and provides the following supplement to its responses to Defendant Grand Canyon Education, Inc.'s First Set of Requests for Production of Documents. The FTC's responses represent the FTC's present knowledge based on its investigation, information, and preparation to date; the FTC reserves the right to supplement, revise, modify or otherwise change or amend its responses and objections to this Request in light of any documents or information that it subsequently may obtain or discover.

## I. SUPPLEMENTAL GENERAL OBJECTIONS

### A. Work Product Protections

Prior to filing suit against Defendants, the FTC conducted a non-public law enforcement investigation into whether entities marketing the services of Grand Canyon University (GCU) or overseeing the marketing of such services have, in violation of the FTC Act, 15 U.S.C. § 45, engaged in deceptive, unfair, or otherwise unlawful acts or practices in connection with the advertising, marketing, offering for sale, or sale of, educational services, or have violated the Telemarketing Sales Rule, 16 C.F.R. Part 310, by making telemarketing calls to persons on the National Do-Not-Call Registry or to persons who have stated that they do not wish to receive such telemarketing calls. Because GCU and Grand Canyon Education, Inc. ("GCE" had litigated or were litigating several suits challenging their marketing practices, FTC staff anticipated litigation when it conducted this investigation. Public dockets showed that, prior the initiation of the FTC's investigation, several suits had been filed concerning GCU's or GCE's marketing practices, including suits alleging that its telemarketing practices improperly incentivize recruiters to telemarket or violated the Telephone Consumer Protect Act; or that GCU misrepresented its educational programs. GCE's transfer of assets in 2018 prompted shareholder actions and a GCU suit against the Department of Education regarding its nonprofit status that indicated that the FTC must anticipate litigation regarding whether GCU is subject to the authority of the FTC or representations that GCU is a nonprofit. The FTC is withholding documents that reflect the work product of staff conducting this investigation, including notes, drafts, and internal communications, based on the work product doctrine.

In addition, in the course of its investigation and during this litigation, FTC staff has had conversations with former employees of Defendants as well as staff of other law enforcement agencies. Because FTC staff are not scriveners taking dictation, any written

record of such conversations are necessarily protected by the word product doctrine. First, they may directly or indirectly reveal the attorney's mental processes, opinion work product. Second, their reliability as accurate reflections of the witness's statements is a function of many factors, including the conditions of the interview, the contemporaneousness of the writing, and the editorial discretion of the attorney. Third, discovery and use of such material creates a danger of converting the attorney from advocate to witness. Finally, the information contained in such memoranda generally is of limited utility, especially where the witness him or herself is available to the opposing party. The FTC is withholding documents that reflect the work product of staff, including written summaries of conversations with former employees and staff of other law enforcement agencies.

**B. Deliberative Process and Attorney-Client Privileges**

The FTC's investigation involved multiple instances in which staff recommended action by the FTC Commissioners. The staff recommended, and the FTC Commissioners approved, the use of compulsory process for the production of documents, answers to written questions, and oral testimony. 16 C.F.R. § 2.7. FTC staff also recommended that the FTC Commissioners authorize staff to file the complaint pursuant to 15 U.S.C. § 53, 56(a), and 57b, and 15 U.S.C. § 6105. FTC staff also recommended that the FTC Commissioners authorize staff to file an amended complaint with additional allegations regarding GCU. Materials regarding staff recommendations, communications about the recommendations, and the deliberative process that led to these FTC actions is protected by the deliberative process privilege, and the FTC is withholding materials covered by these requests to protect that deliberative process. The documents over which the FTC asserts the deliberative process privilege were generated in the process of investigating possible law violations, recommendations for the use of investigative tools and enforcement options; and deliberations regarding litigation

options and positions. The documents were used by FTC staff attorneys, managers and other governmental agencies in formulating their proposals and recommendations. Disclosure of these materials and communications would inhibit frank discussions, comments, and legal advice by FTC and other government agency personnel. Some of the internal communications that the FTC is withholding are also protected attorney-client communications. Staff communications regarding the approval of compulsory process and initiation of an enforcement actions include communications for the purpose of requesting or providing legal advice regarding the matters that were the subject of recommendations.

### C. Law Enforcement Privilege and Relevance

FTC staff communicated with staff of other law enforcement agencies regarding the FTC's work product, the work of the correspondent agencies, and information relevant to investigation of GCU and GCE. The FTC has withheld some of these communications as protected by the law enforcement privilege and work product doctrine. Law enforcement agencies must be able to communicate with each other openly and honestly with confidence that inter-agency communications will be kept confidential—particularly when conducting investigations that, like the FTC's investigation of GCE and GCU, are not public. Such communications allow agencies to avoid duplicative work, share information about targets, and more efficiently and effectively enforce laws. Disclosure of information exchanged in the course of confidential inter-agency consultation in law enforcement investigations would reveal techniques and procedures, and hamper the agencies' ability to work cooperatively and bring appropriate actions. The disclosure of the documents over which this privilege is claimed would disseminate information about law enforcement tactics, deliberative processes, and judgments regarding evidence and testimony, including information regarding the techniques and procedures through which law enforcement agencies share

information. Disclosure of confidential communications regarding law enforcement investigations would harm the FTC's law enforcement efforts and those of agencies with which the FTC communicates; it would make agencies less likely to communicate openly and honestly with the FTC in the future for fear that their communications, and their decisions to pursue (or not pursue) certain matters would not be kept confidential. Disclosures that signal to other law enforcement agencies that their communications with the FTC may not remain confidential will jeopardize the FTC's law enforcement efforts.

The FTC also notes that documents reflecting communications with staff of other law enforcement agencies are not relevant to whether Defendants violated Section 5 of the FTC Act or the Telemarketing Sales Rule. Nor are they relevant to any asserted affirmative defenses. Among other things, the defense of equitable estoppel requires a showing that a defendant relied on the plaintiff's misleading representation.

### D. Law Enforcement and Confidential Informants Privileges

The FTC has been contacted by employees or former employees who reported information regarding marketing practices of the Defendants. Some employees and former employees have expressed fear that reprisals might occur if their communication with law enforcement authorities was disclosed. Informants who communicated with such authorities might be subjected to intimidation or harassment. GCU has specifically made public statements denouncing investigations by the FTC and other federal agencies in terms suggest that those who identify with GCU or similar institutions should view persons who communicate with law enforcement with hostility because they are disloyal, dishonest, or biased. Disclosure of information from informants would undermine the FTC's law enforcement function because persons with knowledge of law violations may fail to share information with the FTC because they fear reprisal or retaliation. Even if the information from such informants is not admissible evidence or is not used by the

FTC to support a law enforcement action, reports from informants may help the FTC to identify and gather evidence that aids in identifying legal violations and the persons responsible for such violations. Disclosure of information from such informants would jeopardize the FTC's efforts in this and other law enforcement investigations.

## II. SUPPLEMENTAL RESPONSES AND OBJECTIONS TO INDIVIDUAL REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 3:** Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.

**SUPPLEMENTAL RESPONSE:**

The FTC's production to date includes consumer complaints submitted to the FTC that identify the GCU doctoral program as the topic of the consumer's complaint, authorizations for release of education records, and declarations in which consumers describe the marketing of the GCU doctoral program. The FTC has also produced documents obtained from businesses, agencies, and consumers in connection with its investigation of GCU and GCE as described elsewhere in these responses (see Response to Request for Production 20), and those productions include documents that contain

complaints by consumers regarding GCU's doctoral programs, or GCE's marketing or promotion of GCU's doctoral programs.

**REQUEST FOR PRODUCTION NO. 9:** For each consumer who You allege was misled or deceived by Defendants' representations regarding the number of courses or credits to complete GCU's doctoral program or the cost of GCU's doctoral program, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.

**SUPPLEMENTAL RESPONSE:**

Advertisements, and representations regarding the number of courses or credits to complete GCU's doctoral program or the cost of GCU's doctoral program appear in public records and documents produced to the FTC in response to Civil Investigative Demands to Defendants GCU and GCE. The FTC is not producing such records because they are already accessible to Defendants.

As described in response to other Requests (*see* Response to Requests for Production 3, 20), the FTC has produced documents obtained from businesses, agencies, and consumers in connection with its investigation of GCU and GCE, and those documents include advertisements, and representations regarding the number of courses or credits to complete GCU's doctoral program or the cost of GCU's doctoral program.

**REQUEST FOR PRODUCTION NO. 17:** Produce all Documents and Communications You intend to use to support Your allegations in the Amended Complaint or seek to introduce into evidence at trial.

**SUPPLEMENTAL RESPONSE:**

The claims set forth in the Amended Complaint are supported by advertisements, catalogues, enrollment agreements, cost estimates, recordings, call records, student enrollment data, and other documents produced to the FTC in response to Civil Investigative Demands to Defendants GCU and GCE or available in public records. The FTC is not producing such records because they are already accessible to Defendants. The claims in the Amended Complaint are also supported by documents in the administrative record of the change in ownership application for Grand Canyon University, publicly available tax returns and investor disclosures, and administrative record of the review in Office of Hearings & Appeals, Docket No. 23-24-SF. The FTC is not producing such records because they are already accessible to Defendants.

As described in response to other Requests (*see* Response to Requests for Production 3, 20), the FTC has produced documents obtained from businesses, agencies, and consumers in connection with its investigation of GCU and GCE. Those documents include advertisements, catalogues, enrollment agreements, consumer complaints, and other documents that support the claims set forth in the Amended Complaint.

**REQUEST FOR PRODUCTION NO. 20:** Produce all Documents and Communications You have obtained through online queries, information requests, or civil investigative demands from any of the following entities referenced in Section II of Your Initial Disclosures: Arizona Corporation Commission; Alaska Department of Law, Commercial, Fair Business & Child Support Section; All Star Directories, Inc.; Arizona State Board for Private Postsecondary Education; Arizona Secretary of State, Business Services Division; CompliancePoint, Inc.; Colorado Department of Law, Consumer Protection Section; Cygnus Marketing Communications, Inc.; EducationDynamics, LLC; The Higher Learning Commission; Internet Archive; Indiana Office of the

Attorney General, Consumer Protection Division; North Carolina Secretary of State, Telephonic Sellers Registration; Niche.com; Ohio Attorney General, Consumer Protection Unit; Oklahoma Attorney General; PossibleNow, Inc.; TriAd Media Solutions, Inc.; United States Department of Education; United States Department of the Treasury, Internal Revenue Service; United States Securities and Exchange Commission; Washington State Department of Licensing; West Virginia State Tax Department, Office of Business Registration.

**SUPPLEMENTAL RESPONSE:**

Records produced by the FTC in response to Request 20 bear the following Document Identifiers:

Arizona Corporation Commission, FTCvGCE-FTC000001 - FTCvGCE-FTC000028

Alaska Department of Law, Commercial, Fair Business & Child Support Section, FTCvGCE-FTC014695 - FTCvGCE-FTC014725

All Star Directories, Inc., FTCvGCE-FTC000893 - FTCvGCE-FTC009718

Arizona State Board for Private Postsecondary Education , FTCvGCE-FTC000497 - FTCvGCE-FTC000675, FTCvGCE-FTC000876 - FTCvGCE-FTC000890

Arizona Secretary of State, Business Services Division, FTCvGCE-FTC000460 - FTCvGCE-FTC000473

CompliancePoint, Inc., FTCvGCE-FTC012686 - FTCvGCE-FTC014694, FTCvGCE-FTC-15131 - FTCvGCE-FTC015134

Colorado Department of Law, Consumer Protection Section, FTCvGCE-FTC014726 - FTCvGCE-FTC015023

Cygnus Marketing Communications, Inc., FTCvGCE-FTC009719 - FTCvGCE-FTC010101

EducationDynamics, LLC, FTCvGCE-FTC010102 - FTCvGCE-FTC010167

The Higher Learning Commission, FTCvGCE-FTC000676 - FTCvGCE-FTC000849

Indiana Office of the Attorney General, Consumer Protection Division, FTCvGCE-FTC015024 - FTCvGCE-FTC015047

Internet Archive, FTCvGCE-FTC015154 - FTCvGCE-FTC015163

North Carolina Secretary of State, FTCvGCE-FTC015048 - FTCvGCE-FTC015060

Niche.com, FTCvGCE-FTC000089 - FTCvGCE-FTC000452, FTCvGCE-FTC000852 - FTCvGCE-FTC000860

Ohio Attorney General, Consumer Protection Unit, FTCvGCE-FTC015061 - FTCvGCE-FTC015074

Oklahoma Attorney General, FTCvGCE-FTC015075 - FTCvGCE-FTC015097

PossibleNow, Inc., FTCvGCE-FTC000453 - FTCvGCE-FTC000459, FTCvGCE-FTC000861 - FTCvGCE-FTC000875

TriAd Media Solutions, Inc., FTCvGCE-FTC010168 - FTCvGCE-FTC012681

United States Department of Education, FTCvGCE-FTC000072 - FTCvGCE-FTC000074, FTCvGCE-FTC015135 - FTCvGCE-FTC015136

United States Department of the Treasury, Internal Revenue Service, FTCvGCE-FTC000474 - FTCvGCE-FTC000496, FTCvGCE-FTC000850 - FTCvGCE-FTC000851, FTCvGCE-FTC000891 - FTCvGCE-FTC000892

Washington State Department of Licensing, FTCvGCE-FTC015098 - FTCvGCE-FTC015124

West Virginia State Tax Department, Office of Business Registration, FTCvGCE-FTC015125 - FTCvGCE-FTC015130

DATED: January 6, 2025

Respectfully submitted,
FEDERAL TRADE COMMISSION

By: /s/ *Michael E. Tankersley*
Michael E. Tankersley
Gregory Ashe
Carlton Mosley
Patrick Roy
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Washington, D.C. 20580
Telephone: (202) 326-2991
Email: mtankersley@ftc.gov

*Attorneys for Plaintiff*
*FEDERAL TRADE COMMISSION*

FTC'S FIRST SUPPLEMENT TO ITS RESPONSES AND OBJECTIONS TO DEFENDANT GRAND CANYON EDUCATION, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

10