# EXHIBIT I

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Derin B. Dickerson                    Direct Dial: +1 404 881 7454                    Email: derin.dickerson@alston.com

March 4, 2025

**VIA EMAIL**

Michael E. Tankersley
Division of Financial Practices
Federal Trade Commission
mtakersley@ftc.gov

Re:    *Federal Trade Commission v. Grand Canyon Education Inc. et al.*,
        Case No. 2:23-cv-02711-DWL

Dear Mr. Tankersley:

We write in response to the Federal Trade Commission's ("FTC" or "Plaintiff") supplemental responses and objections to Grand Canyon Education, Inc.'s ("GCE") first set of requests for production of documents and first set of interrogatories.

### FTC's Supplemental General Objections to Requests for Production

Work Product Protections

GCE agrees that the FTC may withhold documents that qualify under the work product doctrine beginning when it initiated its "non-public law enforcement investigation" into the claims that are subject of this action. But the FTC further contends that it may withhold documents that date back *prior to* the initiation of FTC's investigation because *other* third parties were engaged in certain unspecified litigation with GCE or GCU at the time. GCE disagrees. That GCU may have filed suit against the Department of Education regarding its nonprofit status does not, as the FTC contends, "indicat[e] that the FTC must anticipate litigation regarding . . . representations that GCU is a nonprofit" and somehow convert any FTC materials related to that separate lawsuit into work product for purposes of this lawsuit. *See Eastman v. Thompson*, 636 F. Supp. 3d 1078, 1086 (C.D. Cal. 2022) (finding documents discussing reactions to various state court filings were "not prepared in anticipation of litigation and . . . thus not protected work product").

Alston & Bird LLP                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 2

In addition, facts obtained from informants and other law enforcement agencies are not protected by the work-product doctrine. *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018) ("discoverable facts are not protected by the work-product doctrine"). Therefore, documents that reflect such facts obtained from former employees and other law enforcement agencies are not protected under the work product doctrine and must be produced. And to the extent those same documents also reflect attorney mental impressions, those portions of the document reflecting attorney mental impressions may be redacted. Nor is the FTC's argument persuasive that information summarizing communications with current or former students is "of limited utility" when "the witness him or herself is available to the opposing party." The FTC has not identified these so-called informant current and former students to GCE, so they are not "available" at all. The FTC must identify the current and former students it has spoken with if it intends to object to the production of documents or information on this basis.

Deliberative Process and Attorney-Client Privileges

GCE agrees that confidential intra-agency memoranda and communications may be protected under the deliberative process privilege—but only to the extent that they contain recommendations of law or policy. *National Wildlife Federation v. United States Forest Service*, 861 F.2d 1114, 1116 (9th Cir. 1988); *United States Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (the deliberative process privilege shields from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated). GCE notes that in order to qualify for the deliberative process privilege, information sought must be both (1) predecisional or antecedent to the adoption of agency policy and (2) deliberative, meaning it must actually be related to the process by which policies are formulated. *Baker v. Dupnik*, No. CV 09-0015-TUC-HCE, 2010 U.S. Dist. LEXIS 145682, at *14 (D. Ariz. Jan. 26, 2010). Notably, factual material is not considered deliberative. *Id.* at *16. *Blue Mts. Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 n.4 (9th Cir. 2024) ("The privilege does not apply, however, to any factual information upon which the agency has relied."); *National Wildlife Federation*, 861 F.2d at 1118 ("memoranda consisting *only* of compiled factual material or *purely* factual material contained in deliberative memoranda" are not protected). Please confirm that in response to GCE's requests for production and interrogatories you are not withholding any memoranda, documents, or information reflecting factual information upon which the FTC has relied.

Law Enforcement Privilege and Relevance

The FTC maintains that it is entitled to withhold certain communications with other law enforcement agencies under the law enforcement privilege. The law enforcement privilege is a "qualified privilege" that is to be "narrowly construed." *United States of Am. v. Hardrives, Inc.*, No. CIV 90-1656 PHX RGS (MM), 1991 U.S. Dist. LEXIS 22094, at *5 (D. Ariz. Feb. 4, 1991). It typically applies only to criminal investigations, and only after the party asserting the privilege has "state[d] with specificity the rational of the claimed privilege" and "specif[ied] which documents or class of documents are privileged and for what reasons." *Id.* at *13. Indeed, it is the FTC who bears the burden

Alston & Bird LLP

www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 3

of establishing the existence and applicability of this privilege. *Id.* (citing *Kerr v. United States Dist. Ct. for North. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975)).

The FTC's assertion of this privilege over certain unidentified documents and blanket statement that documents reflecting communications with staff of other law enforcement agencies are "not relevant" is incorrect. Communications with other law enforcement agencies related to the FTC's claims or GCE's defenses in this action—for example, any communications discussing alleged misrepresentations by GCE, facts learned through discussion with actual or prospective GCU students, or other facts supporting the FTC's claims and GCE's related defense in this litigation—are relevant and discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant"); *Xfinity Mobile v. Globalgurutech LLC*, No. CV-22-01950-PHX-SMB, 2024 U.S. Dist. LEXIS 75321, at *4 (Dist. Ariz. Apr. 24, 2024) ("[P]rivileges will be construed narrowly because they impede full and free discovery of the truth."). It is improper to withhold these documents and communications based on the FTC's unsupported view of privilege and relevance, and those documents and communications should be produced immediately. *Evanston Ins. Co. v. Murphy*, No. CV-19-04954-PHX-MTL, 2020 U.S. Dist. LEXIS 136146 at *8 (D. Ariz. July 31, 2020) ("Conclusory statements of privilege, without affidavits or other competent support, are not enough for the Court to find privilege.").

<u>Law Enforcement and Confidential Informants Privileges</u>

The FTC has no basis to withhold *information* received from informants based on the so-called informant's privilege. The informant's privilege protects the *identity* of the informant (if anything at all)—it does not serve as a basis for a complete denial of discovery. *Westinghouse Elec. Corp. v. Burlington*, 351 F.2d 762, 769 (D.C. 1965) ("only the identity of the informer, not the content of the communication, is privileged"). Importantly, even disclosure of the informants' identity is not always protected. Such disclosure is proper here because it is relevant and essential to GCE's presentation of its case. *See Roviaro v. United States*, 353 U.S. 53, 60-61 (1957) (holding informant's privilege must give way where the disclosure of an informer's identity is "relevant and helpful to the defense of an accused," or "essential to a fair determination of a cause"). For example, whether the FTC's informants held (or presently hold) roles that provide them with firsthand knowledge of Defendants' marketing practices instead of mere speculation is relevant and essential to Defendants' defenses. Further, whether those same informants complied with or abided by Defendants' policies and practices is also essential information that goes to the credibility and accuracy of any information conveyed by them to the FTC.

Therefore, it is not proper to withhold communications with informants, the identity of those informants, or communications with other law enforcement agencies on this basis, and that information should be produced immediately.

Page 4

<u>Privilege Log</u>

Finally, to the extent the FTC stands on the various privilege objections asserted throughout its initial and supplemental responses, it must timely produce a comprehensive privilege log pursuant to the ESI protocol in this litigation.

## Interrogatories

The FTC served supplemental responses to certain of GCE's first interrogatories but failed to provide a supplemental response for others or to address the arguments raised in GCE's letter dated December 13, 2024 letter. GCE addresses those interrogatories in turn below.

> ***Interrogatory No. 1:*** *Identify every consumer with whom You have had any Communication pertaining to any of the allegations in Your Amended Complaint, and for each Communication, provide a brief description of the nature of the Communication, mode of the Communication, date of the Communication, substance of the Communication, and approximate length of the Communication.*

Plaintiff did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

There is no merit to Plaintiff's objections to this interrogatory. First, Plaintiff objects to this interrogatory on the grounds that it is ambiguous and fails to describe the information with particularity. There is no basis for this objection as the FTC does not even attempt to identify what part of the interrogatory is allegedly ambiguous. To be sure, the interrogatory is clear on its face as it seeks the identity of any consumer with which the FTC communicated relating to the FTC's allegations in the Amended Complaint. There is nothing unclear or ambiguous about this request. Nonetheless, to remove all doubt, we clarify that "allegations in Your Amended Complaint" refers to allegations related to GCE's non-profit status, representations regarding the length and cost of doctoral programs; and alleged do not call violations.

Next, Plaintiff objects to this interrogatory on the grounds that is it is overbroad and unduly burdensome, but the FTC does not explain how the interrogatory is allegedly overbroad and burdensome. To the contrary the request is narrowly tailored to seek information expressly within the scope of discovery as defined by the Federal Rules of Civil Procedure, i.e. information related to the claims or defenses of a party. *See* Fed. R. Civ. P. 26(b)(1). The scope of the subject matter also necessarily limits the time period to the time that Plaintiff has been investigating the claims in the Amended Complaint. Thus, the interrogatory is not overbroad as to time.

Plaintiff also objected to the interrogatory on the grounds that it is not limited to consumers who have information relevant to the claims or defenses in the action. GCE disagrees. The request only seeks information "pertaining to any of the allegations in Your Amended Complaint" – and information pertaining to the allegations are inherently relevant to the claims in the action.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 5

Plaintiff also objected to the interrogatory as unduly burdensome because it seeks the date, length, nature and substance of every communication. This objection is unfounded. Under FRCP 26(b)(1), parties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Here, the interrogatory seeks information that is directly relevant to the claims in this action, and Plaintiff has not provided an explanation as to why responding to this interrogatory would be burdensome. Moreover, courts regularly compel responses to similar interrogatories seeking details about communications. *See e.g.*, *Westfall v. Ass'n of Univs. for Rsch. in Astronomy*, No. CV-22-00161-TUC-RM, 2023 U.S. Dist. LEXIS 19760, at *8 (D. Ariz. Feb. 6, 2023) (compelling response to interrogatory seeking "every communication," including "the date and place of the communication, the form of the communication, the parties to the communication, all witnesses to the communication, the form of the communication, and the substance of the communication, in as verbatim a form as possible").

Similarly, Plaintiff objects that the definitions of the terms "communications" and "related" are overbroad, but Plaintiff does not identify how. The definitions make it clear that the interrogatory seeks any communication (written, oral, or electronic) with a consumer that is related to the claims in the Amended Complaint.

Lastly, Plaintiff contends responsive information is contained in reports from consumers, but the responsive information is not contained within the documents produced. The reports produced from consumers do not include details related to all communications with the FTC (which is what this interrogatory seeks). They merely contain written information submitted to the HLC and the Arizona Board for Private Postsecondary Education. In addition, factual details about these conversations with the FTC are not protected by the attorney work product doctrine and therefore the facts discussed should be disclosed. *ARA Inc.*, 2018 U.S. Dist. LEXIS 94074, at *2 ("discoverable facts are not protected by the work-product doctrine").

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory:

> **_Interrogatory No. 2:_** *Identify every consumer with whom You have had any Communication whose complaint made to You gives rise to Your allegation that consumers were "thwarted" because they "cannot afford the additional costs and time necessary to fulfill GCU's requirements beyond the twenty courses identified as required," as alleged in Paragraph 63 of the Amended Complaint. For each Communication, provide a brief description of (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; (e) the substance of the Communication; and (f) GCU's alleged "requirements" beyond the courses identified as required.*

Plaintiff did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Alston & Bird LLP                                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 6

Plaintiff objects to this interrogatory on the same grounds as the interrogatory above. For the same reasons as above, Plaintiff's boilerplate objections are improper. This interrogatory is narrowly tailored to seek only information about consumers who made complaints related to the claims in paragraph 63 of the Amended Complaint. The documents produced do not answer this interrogatory as they do not contain details about communications with the FTC. And as stated above, factual details about these conversations are not protected by the attorney work product doctrine or any other privilege or immunity, and this interrogatory requires a response. *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018) ("discoverable facts are not protected by the work-product doctrine").

Plaintiff's claim that the information responsive to this interrogatory is ascertainable from the documents is not true because those documents do not contain any information about communications with the FTC – only the FTC has this information.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 3:_** *Identify every Communication You have had [sic] Persons currently or formerly employed by or affiliated with GCE or GCU, including any current or former students of GCU, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated, (b) the nature of the Communication, (c) the mode of the Communication, (d) the date of the Communication, and (e) the substance of the Communication.*

The FTC originally objected to this interrogatory on the same grounds as the interrogatory above (Interrogatory No. 2). The FTC's supplemental response acknowledges that it is in possession of responsive communications submitted "via online forms" and other "communications by email" that it is withholding pursuant to the so-called informant's privilege. For the reasons outlined in our response to the FTC's general objections set forth earlier in this letter, any effort to withhold responsive information (and the underlying forms and email communications referenced in the response) pursuant to the informant's privilege is improper.

Nor is it proper for the FTC to withhold information responsive to this interrogatory based on the work-product privilege. Again, the work-product privilege does not protect discoverable facts. And the FTC's argument that information summarizing communications with current or former students is of questionable reliability or is "of limited utility as evidence" is not a valid basis for withholding that information. Nor does the FTC cite any authority that supports its position, including its unilateral determination of what which evidence may be of "utility" to GCE.

Plaintiff must withdraw the above objections, provide a supplemental response to this interrogatory that actually provides the requested information, and produce the forms and communications referenced in Plaintiff's supplemental response.

> **_Interrogatory No. 4:_** *Identify every communication You have had with a Person employed by or affiliated with any other state or federal government agency, including the Department of Education, Consumer Financial Protection Bureau,*

Page 7

*State Attorneys General, or the Department of Veteran Affairs, pertaining to any of the allegations in Your Amended Complaint. For each Communication, identify (a) the name of the Person with whom You communicated; (b) the nature of the Communication; (c) the mode of the Communication; (d) the date of the Communication; and (e) the substance of the Communication.*

The FTC's supplemental response indicates that responsive information relating to correspondence with the Department of Veterans Affairs is "ascertainable from emails produced in response to GCE's Requests for Production of Documents." To the extent Plaintiff is relying on documents produced in the case to respond to this interrogatory, Plaintiff must "specify[] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," Fed. R. Civ. P. 33(d), including by identifying by bates number the specific documents it contends supply the requested information. And to the extent the documents identified pursuant to Rule 33(d) do not provide a complete answer to the interrogatory, Plaintiff must also supplement its response with that missing information. *Biao Wang v. Zymergen Inc.*, No. 21-cv-06028-PCP (SVK), 2023 U.S. Dist. LEXIS 235257, at *6 (N.D. Cal. Dec. 14, 2023) ("[to] satisfy the strictures of Rule 33(d) . . . responsive documents must be identified by bates number, at a minimum."); *Universal Dyeing & Printing, Inc. v. Zoetop Bus. Co., Ltd.*., No. CV 22-3741 FLA (RAOx), 2023 U.S. Dist. LEXIS 231251, at *41-42 (C.D. Cal. June 23, 2023) (requiring party to identify responsive documents by bates number and "provide any missing information" in a supplemental response "[i]f the business records do not provide a complete answer to the interrogatory").

Further, Plaintiff's argument that information summarizing communications with current or former students is of questionable reliability or is "of limited utility as evidence" is not a valid basis for withholding that information. Nor does Plaintiff cite any authority that supports its position, including its unilateral determination of what which evidence may be of "utility" to GCE.

Plaintiff's ambiguous, overbroad, and burdensome objections are improper.  The interrogatory is not ambiguous as it seeks communications with specific agencies related to the allegations in the Amended Complaint.  This interrogatory is not overbroad simply because it seeks "every" communication – this is particularly so because the request limits the communications sought by subject matter. Specifically, the interrogatory seeks only communications with government agencies related to the allegations in the Amended Complaint.  As explained above, courts regularly compel responses to similar requests. *Westfall v. Ass'n of Univs. for Rsch. in Astronomy,* No. CV-22-00161-TUC-RM, 2023 U.S. Dist. LEXIS 19760, at *9 (D. Ariz. Feb. 6, 2023) (compelling response to interrogatory that stated, "Identify and describe in detail each and every communication, whether written, recorded, electronic, or oral, you have had with any state, local or federal agency with respect to any claims or allegations you have made against [Defendant].").  Plaintiff fails to explain how the interrogatory is burdensome.

Communications with other law enforcement agencies are not protected by the boilerplate law enforcement evidentiary or investigatory files privilege, the deliberative process privilege, or the work-product doctrine as explained above.  It is unclear what information Plaintiff is withholding based on these objections.

Alston & Bird LLP                                                                                                      www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 8

The FTC must withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 5:_** _Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and for which the telephone numbers were "collected through online and social media advertisements that do not clearly disclose to consumers the language purporting to authorize telemarketing," as alleged in Paragraph 41 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone call from Defendants; (b) the date of the call; (c) the substance of the call; (d) the specific language purporting to authorize telemarketing; and (e) the basis for Your belief that the referenced language does not satisfy an exemption to the National Do Not Call Registry._

The FTC did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Plaintiff objects to this interrogatory on the grounds that it is misdirected and premature because it seeks material relevant to an affirmative defense for which GCE has yet to provide a foundation. This is not a proper basis to withhold information. This interrogatory does not seek the basis for an affirmative defense – it seeks the factual basis for an allegation made by Plaintiff in the Amended Complaint (i.e., that telephone numbers were collected through online and social media advertisements that did not clearly disclosure to consumers the language purporting to authorize telemarketing) – only Plaintiff would know this information. In addition, the interrogatory is not premature as it seeks information related to an allegation specifically made in the Amended Complaint. If Plaintiff's allegation in paragraph 41 of the Amended Complaint has a factual basis, Plaintiff should be able to respond to this interrogatory. If Plaintiff's allegation in paragraph 41 of the Amended Complaint is speculative and has no basis, please confirm that in your response and amend the complaint with withdraw any allegations that do not comport with Federal Rule of Civil Procedure 11.

The FTC must withdraw the above objections and provide a supplemental response to this interrogatory.

> **_Interrogatory No. 6:_** _Identify every instance in which Defendants initiated an outbound telephone call to a consumer in the United States to induce the purchase of educational services and "misrepresented, directly or indirectly, expressly or by implication, material information regarding GCU and its services, including, but not limited to representations that: [(a)] GCU is a non-profit institution; [(b)] GCU transitioned back to its prior manner of operation as a non-profit educational institution; [(c)] GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and [(d)] GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses," as alleged in Paragraph 89 of Your Amended Complaint. For each instance, identify (a) the name of the Person who received the outbound telephone_

Page 9

> *call from Defendants; (b) the date of the call; (c) the substance of the call; and (d) the basis for Your belief that such outbound telephone call violated the Telemarketing Sales Rule.*

The FTC did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Plaintiff objects to this interrogatory on the basis that it improperly contains subparts. This is not a proper basis upon which to withhold information.[1]

Plaintiff also objects on the basis that the interrogatory is misdirected and premature but does not provide an explanation. But for the same reasons as stated above, the interrogatory is properly directed to Plaintiff, who made the specific allegation in the Amended Complaint.

If Plaintiff does not have information responsive to this interrogatory, please state so or otherwise amend the response.

> ***Interrogatory No. 7:*** *Identify by name and describe each and every advertisement or marketing material of any type, form, or medium that You claim misled consumers— affirmatively or by omission—regarding GCU's nonprofit status. For each such advertisement or marketing material, identify: (a) the date(s) or approximate date(s) on which the consumer viewed the advertisement or marketing material; (b) the medium in which the advertisement or marketing material was presented; and (c) the specific content or omission(s) in the advertisement or marketing material that the consumer told You was misleading regarding GCU's nonprofit status.*

The FTC's supplemental response identifies a "nonexclusive list" of advertisements and marketing statements identified by discovery production numbers "in which Defendants represent that Grand Canyon University is a nonprofit or has returned to its nonprofit roots." The FTC's response does not, however, state what content or omission it contends was misleading in each identified document, among other details requested by this interrogatory. Further, the FTC must supplement this list to identify any additional responsive documents or information—whether produced into the case with a discovery production number or otherwise. GCE is entitled to know which advertisements form the basis of the FTC's claims and why the FTC contends those advertisements support its

---

[1]    Interrogatory subparts are to be counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question. *Reed v. Barcklay*, No. CV-11-1339-PHX-JAT (BSB), 2013 U.S. Dist. LEXIS 209122, at *5 (D. Ariz. Apr. 30, 2013). Here, the subparts are logically subsumed within and related to the primary issue. The interrogatory seeks information related to a specific allegation that GCE made certain misrepresentations during telephone calls with consumers in the Amended Complaint and asks for information related to those calls – the subparts describe the information requested related to those calls and are logically related.

Alston & Bird LLP                                                                                        www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

claims. A "nonexclusive list" without the additional information sought by this interrogatory is not sufficient.

The FTC must further supplement this interrogatory.

***Interrogatory No. 8:*** *Identify by name and describe each enrollment agreement, catalogue, online publication, chart, and other material or Document that You allege Defendants distributed and that You claim misled consumers—affirmatively or by omission—regarding GCU's doctoral programs. For each material or Document, identify (a) the material or Document distributed; (b) the date(s) or approximate dates(s) on which the consumer viewed the material; (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representation(s) were not true; and (d) the specific content or omission(s) in the material that the consumer told You was misleading regarding GCU's doctoral programs.*

The FTC's supplemental response identifies a "nonexclusive list" of program applications and agreements identified by discovery production numbers "in which Defendants distributed misleading representations regarding GCU's doctoral programs." The FTC also cites generally to a webpage that includes links to more than 85 historical GCU Academic Catalogs and states that the catalogs "with periodic revisions" "contain deceptive representations regarding GCU's doctoral programs." The FTC's response does not, however, state what content or omission it contends was misleading in each identified document, among other details requested by this interrogatory. Further, the FTC must supplement this list to identify any additional responsive documents or information—whether produced into the case with a discovery production number or otherwise. GCE is entitled to know which documents or materials form the basis of the FTC's claims and why the FTC contends those materials support its claims. A "nonexclusive list" without the additional information sought by this interrogatory is not sufficient.

The FTC must further supplement this interrogatory.

***Interrogatory No. 9:*** *Identify with specificity all misrepresentations You allege were made on GCU's website, including (a) each alleged representation by GCE; (b) each alleged representation by GCU; and (c) the principal and material facts that form the basis for Your allegation that each Defendant knew the representations and omissions were likely to deceive consumers.*

The FTC's supplemental response identifies a "nonexclusive list" of web addresses "used by Defendants to publish deceptive descriptions of the requirements of doctoral programs." This supplemental response wholly fails to engage with the interrogatory and the information it requests. The FTC does not identify what representation or omission on each webpage it contends constitutes a *mis*representation or is likely to deceive consumers, which representations it contends *GCE* made, or any facts supporting its allegation that each Defendant "knew" the representations or omissions were likely to deceive. Further, the FTC must supplement this list to identify any additional responsive information. GCE is entitled to know what information forms the basis of the FTC's claims and why the FTC contends that information supports its claims. A "nonexclusive list" without the additional information sought by this interrogatory is not sufficient.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 11

The FTC must further supplement this interrogatory.

***Interrogatory No. 10:*** *With respect to Your allegation in Paragraph 32 of Your Amended Complaint that "GCE has established job 'performance metrics' for telemarketers that include 'Annual Student Counts' that specify the number of consumers each telemarketer should enroll and retain," identify the factual basis, including all principal and material facts, for Your allegation and identify all Documents and Communications that support this allegation.*

The FTC did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Plaintiff objects to the portion of the interrogatory that requests "all Documents and Communications that support this allegation" because a request to search for and describe all documents and communications that support these allegations would require descriptions of many documents and communications of marginal, indirect, or secondary support. But the breadth of discovery under FRCP 26(b) requires a response because the interrogatory seeks information related to Plaintiff's claims, and Plaintiff has not described why responding to this interrogatory would not be proportional to the needs of the case. Documents and communications that support this allegation are directly relevant to the claims in this action, and the interrogatory is proportional to the needs of the case.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

***Interrogatory No. 11:*** *With respect to Your allegation in Paragraphs 22 and 23 of Your Amended Complaint that Defendants disseminated digital and print advertising representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

The FTC's supplemental response points to the same "nonexclusive list" of advertisements and marketing statements that it identified in response to Interrogatory No. 7. GCE is entitled to know what information forms the basis of the FTC's claims and why the FTC contends that information supports its claims. A "nonexclusive list" is not sufficient.

The FTC's response also fails to identify the Defendant it contends made the representation. The FTC must supplement to provide this information.

Further, the FTC objects to this interrogatory and states that it is withholding documents and communications on the basis of the deliberative process privilege. But it has not sufficiently described what information it is withholding on that basis, and GCE can think of none that would be both responsive to this interrogatory and properly withheld under the deliberative process privilege. The deliberative process privilege does not apply to factual information, *Blue Mts. Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 n.4 (9th Cir. 2024), and this interrogatory expressly requests the *factual* basis for the FTC's

Alston & Bird LLP                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 12

allegations and documents supporting that factual basis. It also requests that the FTC identify the Defendant who made the representation—again, a request for factual information.

The FTC must further supplement this interrogatory as set forth above. If the FTC will not supplement portions of its response based on its privilege claim, the FTC must identify the information it is withholding on the basis of its privilege claim with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

> ***Interrogatory No. 12:*** *With respect to Your allegation in Paragraph 24 of Your Amended Complaint that Defendants' representations regarding GCU's nonprofit status were "material," identify (a) the Defendant that made the representation; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

The FTC's supplemental response fails to provide any substantive response to this interrogatory. The FTC objects to this interrogatory and states that it is withholding documents, communications, and information on the basis of the deliberative process privilege. But it has not sufficiently described what information it is withholding on that basis, and GCE can think of none that would be both responsive to this interrogatory and properly withheld under the deliberative process privilege. The deliberative process privilege does not apply to factual information, *Blue Mts. Biodiversity Project*, 99 F.4th at 445 n.4, and this interrogatory expressly requests the *factual* basis for the FTC's allegations and documents supporting that factual basis. It also requests that the FTC identify the Defendant who made the representation—again, a request for factual information.

The FTC must further supplement this interrogatory to provide a substantive response. If the FTC will not supplement portions of its response based on its privilege claim, the FTC must identify the information it is withholding on the basis of its privilege claim with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

> ***Interrogatory No. 14:*** *With respect to Your allegation in Paragraph 59 of Your Amended Complaint that "[s]tudents' ability to satisfy GCU's requirements may be, and has been, thwarted and delayed by GCU's actions or inaction, such as reassignment of faculty, inconsistent demands during the dissertation review process, and delays caused by the conduct of faculty appointed by GCU to various roles in the dissertation review process," identify (a) the factual basis, including all principal and material facts, for Your allegation; and (b) all Documents, Communications, or conversations that support this allegation.*

The FTC's supplemental response fails to provide any substantive response to this interrogatory. The FTC objects to this interrogatory and states that it is withholding documents, communications, and information on the basis of the deliberative process privilege. But it has not sufficiently described what information it is withholding on that basis, and GCE can think of none that would be both responsive to this interrogatory and properly withheld under the deliberative process privilege. The deliberative process privilege does not apply to factual information, *Blue Mts. Biodiversity Project*, 99 F.4th at

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 13

445 n.4, and this interrogatory expressly requests the *factual* basis for the FTC's allegations and documents supporting that factual basis.

The FTC must further supplement this interrogatory to provide a substantive response. If the FTC will not supplement portions of its response based on its privilege claim, the FTC must identify the information it is withholding on the basis of its privilege claim with sufficient specificity for GCE (and the Court) to assess the propriety of the privilege.

> ***Interrogatory No. 15:*** *With respect to Your allegations in Paragraphs 69 and 72 of Your Amended Complaint that Defendants made false or misleading statements regarding GCU being a non-profit institution and GCU's doctoral programs in connection with advertising, marketing, promotion, offering for sale, or sale of GCU educational services, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts, for Your allegation; and (c) all Documents, Communications, or conversations that support this allegation.*

The FTC did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Plaintiff objects to this interrogatory on the grounds that it is compound because it seeks information about two allegations in the Amended Complaint – both of which discuss alleged misrepresentations. This is an improper objection and not a basis to withhold information. Plaintiff specifically objected to subparts (b) and (c) as overbroad, premature, and burdensome. But these objections are unfounded because the interrogatory seeks information directly relevant to Plaintiff's claims in the Amended Complaint and is therefore proportional to the needs of the case.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

> ***Interrogatory No. 17:*** *Identify each and every Person that You understood to be an employee or affiliate of Grand Canyon University or Grand Canyon Education with whom it is Your understanding that a consumer Communicated—in any form, fashion, or medium—about any representations regarding the length of GCU's doctoral programs, including the date(s) or approximate date(s) on which those discussions took place, the medium by which those discussions took place, and the employer or affiliate of each Person at the time the Communication was made.*

The FTC's supplemental response identifies a "nonexclusive list" of GCE employees engaged in telemarketing on behalf of GCU who made misleading representations regarding the length of GCU's doctoral programs. The FTC's response does not, however, state the dates on which those discussions took place or the medium by which those discussions took place. GCE is entitled to know what information forms the basis of the FTC's claims. A "nonexclusive list" of employees without the additional information sought by this interrogatory is, thus, not sufficient.

The FTC must further supplement this interrogatory.

Alston & Bird LLP                                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 14

***Interrogatory No. 18:*** *Identify each and every false or misleading representation that you allege GCU or GCE made to the IRS, the Arizona Corporation Commission, or the Higher Learning Commission regarding GCU's non-profit status. For each such alleged representation, identify (a) the Defendant that made the statement; (b) the factual basis, including all principal and material facts upon which you claim the representation was false or misleading; and (c) all Documents, Communications, or conversations that support this allegation.*

The FTC did not provide any supplemental response to this interrogatory or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC withdraw its objections and supplement its response immediately:

Plaintiff objects to subpart (c) on the grounds that it is overbroad and premature, and protected by the work product doctrine and deliberative process privilege but failed to explain how these objections apply. Subpart (c) seeks documents and communications that support Plaintiff's allegation that GCE made false and misleading representations to three specific entities. It is tailored to only seek factual information related to specific alleged misrepresentations to specific third parties – this request is not overbroad and is directly relevant to the claims in the Amended Complaint. The interrogatory is not premature as it seeks information related to allegations that Plaintiff made in the Amended Complaint.

Plaintiff also objects to this interrogatory on the basis of the deliberative process privilege, but it's unclear what documents it is withholding on that basis.

GCE requests that Plaintiff withdraw the above objections and provide a supplemental response to this interrogatory.

## Requests for Production

The FTC served supplemental responses to certain of GCE's first requests for production but failed to provide a supplemental response for others or to address the arguments raised in GCE's letter dated December 13, 2024 letter. GCE addresses those requests for production in turn below.

***Request No. 1:*** *Produce all Documents relating to or reflecting Communications between You and any other Person, including but not limited to other public entities or governmental agencies, regarding GCU, GCE, or Defendant Brian Mueller.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects to this request with boilerplate objections of failure to describe with particularity, overbreadth, and burden. GCE agrees that the responsive documents may be limited to documents related to the claims in this action.

Plaintiff objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not

Page 15

automatically covered by any of these privileges.  The attorney-client privilege only applies to communications between a lawyer and their client *for the purpose of seeking legal advice*.  *Briggs v. Cty. of Maricopa*, No. CV-18-02684-PHX-EJM, 2021 U.S. Dist. LEXIS 61386 at *17 (D. Ariz. Mar. 30, 2021); *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  Deliberative process privilege only applies to disclosure of confidential inter-agency memoranda on matters of law or policy.  *National Wildlife Federation*, 861 F.2d at 1116.  Informer's privilege only protects the identity of the informant.  *Westinghouse Elec. Corp.*, 351 F.2d at 769 ("only the identity of the informer, not the content of the communication, is privileged").  Law enforcement evidentiary or investigatory files privilege only apples to criminal investigations. *Hardrives*, 1991 U.S. Dist. LEXIS 22094, at *13.  And work product privilege only covers a lawyer's mental impressions, conclusions, opinions, and legal theories.  *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011).  Communications with informants and other law enforcement agencies do not fall under any of these categories and should not be excluded.  Additionally, the Plaintiff's boilerplate objections and blanket refusals to produce information are insufficient to assert a privilege. *Burlington Northern & Santa Fe. Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Evanston Ins. Co.*, 2020 U.S. Dist. LEXIS 136146 at *8  ("Conclusory statements of privilege, without affidavits or other competent support, are not enough for the Court to find privilege.").

GCE requests that all non-privileged documents be produced immediately.

**<u>Request No. 2:</u>** *Produce all Documents and Communications identified in, described in, or used in formulating Your responses to GCE's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects to this request with the boilerplate overbroad, burdensome, and disproportionate to the needs of the case objections without any explanation. But the request is tailored to documents and communications specifically identified in the responses to the interrogatories.

Plaintiff also objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine.  A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges.  For the same reasons as above in the general objections section, communications with informants and other law enforcement agencies should not be withheld.

Plaintiff also objects to this request on the grounds that it is overbroad and stated it is withholding documents on this basis but have not explained which documents are being withheld on this basis.

GCE requests that all non-privileged documents and communications be produced immediately.

Alston & Bird LLP                                                                                    www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 16

> **_Request No. 3:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions by any consumer regarding GCU's doctoral programs or GCE's marketing or promotion of GCU's doctoral programs. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Plaintiff initially objected to this request. In its supplemental responses, Plaintiff stated that it produced documents in response to this request, including student complaints, but it's unclear whether Plaintiff withdraws its initial objections and whether the production is complete. GCE requests that all non-privileged documents and communications be produced immediately, or if they have been produced, requests confirmation that Plaintiff's production is complete.

> **_Request No. 4:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding GCU's nonprofit status. This request includes any Documents and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects to this request on the grounds that GCE already has these documents. GCE does not have communications and documents between Plaintiff and consumers. GCE is not seeking complaints within its possession – only documents and communications that are not in its possession.

Plaintiff also objects to this request on the basis of the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of communications with informants and other law enforcement agencies is not proper as explained in the above general objections.

Plaintiff also objected to this request on the basis that it fails to describe the requested records with reasonable particularity, is overbroad, and burdensome. The request is clear in that it seeks documents and communications relating to complaints regarding GCU's nonprofit status. It's not overbroad because it only seeks documents related to complaints about GCU's nonprofit status. It's also not disproportionate to the case as it seeks documents that are directly relevant to the claims in this action.

GCE requests that all non-privileged documents and communications be produced immediately.

> **_Request No. 5:_** *Produce All Documents and Communications relating to, reflecting, or prepared in connection with any complaints, concerns, or questions any consumer raised regarding communications You allege consumers received from telemarketers on behalf of Defendants. This request includes any Documents*

Alston & Bird LLP                                                                www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 17

*and Communications between You and any consumer who you allege was misled or otherwise injured by GCU or GCE as alleged in the Amended Complaint.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Again, Plaintiff objects with the same boilerplate objections on the grounds that the request fails to describe the records with particularity, is overbroad, and burdensome. The objections are without merit as they clearly seek documents and communications related to complaints, concerns, or questions any consumer raised issues about receiving phone calls – this is specifically related to the TSR claims.

Plaintiff also includes the same boilerplate objections: attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges. For the same reasons as above in our general objections, communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

***Request No. 6:*** *Produce all Documents and Communications relating to, referencing, or evidencing Your allegations that Defendants' representations regarding GCU's nonprofit status or transition to a non-profit educational institutions [sic] were false or misleading or were not substantiated at the time the representations were made.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, and burdensome without any explanation. Again, the request is not overbroad as it seeks only documents and communications relating to the specific allegation that representations about GCU's nonprofit status were misleading.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections, and communications with informants and other law enforcement agencies should not be withheld. GCE requests that all non-privileged documents and communications be produced immediately.

***Request No. 7:*** *Produce all Documents and Communications relating to, referencing, or evidencing Your allegation that Defendants' representations*

Alston & Bird LLP                                                                                                      www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 18

*regarding the number of courses or credits, or the total charges to complete a doctoral degree at GCU were false or misleading or were not substantiated at the time the representations were made.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff's repeated boilerplate overbroad, burdensome, and disproportionate to the needs of the case objections fail as Plaintiff does not provide any explain for the basis of these objections.  The request seeks only documents and communications related to a specific allegation – that representations about the length and cost of doctoral programs were false and misleading.  It is not overbroad and because it seeks documents directly related to Plaintiff's claims in this action, it is proportional to the needs of the case.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

***Request No. 8:*** *For each consumer who You allege was misled or deceived by Defendants' representations regarding GCU's nonprofit status, or transition to a non-profit educational institution, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff confusingly objects to this request on the grounds that the allegations are mischaracterized because the Amended Complaint "does not contain the allegation described in this Request."  But the Amended Complaint alleges that Defendants represented that GCU is a nonprofit institution and transition back to its prior manner of operating as a nonprofit institution and that those representations are "false or misleading, or were not substantiated at the time the representations were made."  First Amended Complaint, ¶¶ 69-70.  Plaintiff further contends that the request fails to describe an item or category of records with reasonable particularity because of the alleged "absent allegation" but the request is clear on its face.  It seeks documents and communications related to the allegation that consumers were misled about GCU's non-profit status or transition back to its non-profit status.  GCE requests that Plaintiff withdraw its objections and provide a supplemental response based on this clarification.

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 19

> **Request No. 9:** *For each consumer who You allege was misled or deceived by Defendants' representations regarding the number of courses or credits to complete GCU's doctoral program or the cost of GCU's doctoral program, produce all Documents and Communications concerning the factual basis for that allegation, including but not limited to any advertisements, communications, or any other representations You allege were made by Defendants.*

Plaintiff states in its supplemental response that it produced documents obtained from businesses, agencies, and consumers in connection with its investigation of GCU and GCE and those documents include advertisements and representations about the number of courses or credits to complete GCU's doctoral program or the cost of the program.  It's unclear whether Plaintiff withdraws its initial objections and whether the production is complete.  GCE requests that all non-privileged documents and communications be produced immediately, or if they have been produced, requests confirmation that Plaintiff's production is complete.

> **Request No. 10:** *For each consumer who You allege received an outbound telephone call from Defendants after the consumer represented they did not wish to receive such a call, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications relating to the type of representation made and the basis for Your allegation that the representation was misleading.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below. The FTC must produce all responsive, non-privileged documents immediately:

Again, Plaintiff objects to this request based on an alleged mischaracterization of allegations. The Amended Complaint alleges that GCE "initiated or caused others to initiate an outbound telephone call to a person who has previously stated that he or she does not wish to receive such a call." First Amended Complaint, ¶ 91. There is no mischaracterization.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

> **Request No. 11:** *For each consumer who You allege received an outbound telephone call from Defendants related to GCU's doctoral program or nonprofit status and who was misled by Defendants' representations on that call, produce all Documents and Communications concerning the factual basis for that allegation.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below. The FTC must produce all responsive, non-privileged documents immediately:

Alston & Bird LLP                                                                        www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  Fort Worth  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

Page 20

Plaintiff objects to this request based on an alleged mischaracterization of allegations.  The Amended Complaint alleges that in connection with the telemarketing of educational services, Defendants have misrepresented that GCU doctoral degrees that include a dissertation are typically completed in twenty courses or 60 credits; and GCU's total charges for doctoral degrees that include a dissertation are the tuition and fees for twenty courses.  First Amended Complaint, ¶ 89.  There is no mischaracterization.

> **_Request No. 12:_** *For each consumer who You allege received an outbound telephone call from Defendants and who is on the National Do Not Call Registry, produce all Documents and Communications concerning the factual basis for that allegation, including any Documents or Communications evidencing the consumer's placement on the National Do Not Call Registry.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter.

Plaintiff originally objected to this request on the grounds that GCE has possession of the documents requested. That is not a valid basis to withhold responsive documents in discovery. If Plaintiff does not have any responsive documents in its possession, custody, or control, please state so in the response. Otherwise, the FTC must produce all responsive documents.

Further, the attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objection and communications with informants and other law enforcement agencies should not be withheld.

We reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

> **_Request No. 13:_** *Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraphs 22 and 23 of the Amended Complaint that Defendants disseminated "digital and print advertising" "representing that GCU had transitioned back to a nonprofit on websites, social media, press releases, video marketing and social media."*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, burdensome, and disproportionate to the needs of the case.  These are unfounded as the request is narrowly tailored to a specific allegation in the Amended Complaint.  Because the documents and communications sought are directly related to claims in this action, they are proportional to the needs of the case.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents

Page 21

in the possession, custody, or control of Plaintiff, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

*__Request No. 14:__ Produce All Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 59 of the Amended Complaint that students were "thwarted and delayed" from advancing through GCU's doctoral program by GCU's actions or inaction.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff objects with the same boilerplate objections: the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case. Plaintiff's objection that the request seeks documents that are not relevant to the claims or defenses is particularly confusing because the request seeks documents and communications that support a specific allegation made in the Amended Complaint – and those are clearly relevant to the claims in this action.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

*__Request No. 15:__ Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 64 of the Amended Complaint that Defendants used "buried disclaimers, misleading statements, or presentations that distort the program requirements" to communicate to prospective students about GCU's doctoral programs.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from

Page 22

the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegation Plaintiff makes in the Amended Complaint. The request therefore seeks documents that are relevant to the claims in this action.

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in the general objections section and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

**_Request No. 17:_** *Produce all Documents and Communications You intend to use to support Your allegations in the Amended Complaint or seek to introduce into evidence at trial.*

In its supplemental response, Plaintiff described the records responsive to the request, however, it's unclear whether Plaintiff withdraws its initial objections and whether the production is complete. GCE requests that all non-privileged documents and communications be produced immediately, or if they have been produced, requests confirmation that Plaintiff's production is complete.

**_Request No. 18:_** *Produce all Documents and Communications relating to, supporting, substantiating, or evidencing Your allegation in Paragraph 13 of Your Amended Complaint that GCU is organized to sell educational services "for its own profit and for the profit of GCE," including all Documents and Communications that demonstrate how each Defendant profits from GCU's sale of educational services.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

As to Plaintiff's objection that the request seeks documents in the public record and documents already in the possession of GCE, GCE confirms it is only seeking documents in the possession, custody, or control of Plaintiff,

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related

Page 23

to a specific allegation Plaintiff makes in the Amended Complaint that GCU is organized to sell educational services "for its own profit and for the profit of GCE." The request therefore seeks documents that are relevant to the claims in this action, that are not available in the public record or already in GCE's possession.

The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

*Request No. 19:* *Produce all Documents and Communications relating to, referencing, or evidencing Your allegation in Paragraph 93 that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR.*

Plaintiff did not provide any supplemental response to this request or otherwise respond to GCE's position set forth in its December 13, 2024 letter. GCE's statement from the December 13, 2024 letter is provided below, and we reiterate our demand that the FTC produce all responsive, non-privileged documents immediately:

Plaintiff's boilerplate objections (the request fails to describe the records with particularity, is overbroad, burdensome and disproportionate to the needs of the case) are baseless. This request describes with particularity the documents it seeks, which are related to a specific allegation Plaintiff makes in the Amended Complaint that consumers are suffering, have suffered and will continue to suffer substantial injury as a result of Defendants' violations of the FTC Act and the TSR. The request therefore seeks documents that are relevant to the claims in this action. The attorney-client privilege, deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine objections fail for the same reasons as described above in our general objections and communications with informants and other law enforcement agencies should not be withheld.

GCE requests that all non-privileged documents and communications be produced immediately.

*Request No. 20:* *Produce all Documents and Communications You have obtained through online queries, information requests, or civil investigative demands from any of the following entities referenced in Section II of Your Initial Disclosures: Arizona Corporation Commission; Alaska Department of Law, Commercial, Fair Business & Child Support Section; All Star Directories, Inc.; Arizona State Board for Private Postsecondary Education; Arizona Secretary of State, Business Services Division; CompliancePoint, Inc.; Colorado Department of Law, Consumer Protection Section; Cygnus Marketing Communications, Inc.; EducationDynamics, LLC; The Higher Learning Commission; Internet Archive; Indiana Office of the Attorney General, Consumer Protection Division; North Carolina Secretary of State, Telephonic Sellers Registration; Niche.com; Ohio*

Alston & Bird LLP                                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

Page 24

*Attorney General, Consumer Protection Unit; Oklahoma Attorney General; PossibleNow, Inc.; TriAd Media Solutions, Inc.; United States Department of Education; United States Department of the Treasury, Internal Revenue Service; United States Securities and Exchange Commission; Washington State Department of Licensing; West Virginia State Tax Department, Office of Business Registration.*

In its supplemental responses, Plaintiff identified the records responsive to the request, however, it's unclear whether Plaintiff withdraws its initial objections and whether the production is complete. GCE requests that all non-privileged documents and communications be produced immediately, or if they have been produced, requests confirmation that the production is complete.

*     *     *

GCE requests a substantive response to this letter by March 10, 2025. Should the FTC fail to respond, GCE will prepare a joint statement regarding all outstanding discovery disputes reflected in this letter for the FTC's review and submission to the court.

Please do not hesitate to contact us should you have any questions.


Sincerely,


*/s/ Derin B. Dickerson*
Derin B. Dickerson

cc: Gregory A. Ashe
    Patrick Roy
    Carlton B. Mosley
    Esi Kovacs

Alston & Bird LLP                                                                    www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.