# EXHIBIT J



UNITED STATES OF AMERICA
### FEDERAL TRADE COMMISSION
WASHINGTON, D.C. 20580

Michael Tankersley
Division of Financial Practices
mtankersley@ftc.gov
(202) 326-2991

March 21, 2025

**By Email: Derin.Dickerson@alston.com, JShorter@glpclaw.com**

Jacob Shorter
Gombos Leyton PC
11350 Random Hills Road, Suite 400
Fairfax, VA 22030

Derin Dickerson
Alston & Bird LLP
1 Atlantic Center
1201 W Peachtree St. NW, Ste. 4200
Atlanta, GA 30309-3424

Re:   FTC v. Grand Canyon Education, Inc., et al., D. Ariz. No. 2:23-cv-02711

Counsel:

Contemporaneous with this letter, we are serving the FTC's log itemizing protected material. The log identifies documents that have been withheld based on the work product doctrine and privileges set forth in the Commission's response to Defendants' requests for production.

Questions and objections regarding the invocation of privileges and work product protection appear repeatedly in Mr. Shorter's letter of February 13, 2025 asserting deficiencies in the FTC's response and objections to Defendant Mueller's first set of requests for production and first set of interrogatories, and Mr. Dickerson's letter of March 4, 2025 asserting deficiencies in the FTC's supplemental response and objections to Grand Canyon Education, Inc.'s first set of requests for production and first set of interrogatories. Several of the challenges in those letters misconstrue or mischaracterize the FTC's position.

The work of FTC attorneys, investigators and support staff is protected by the attorney work product doctrine. While it is true that the work product doctrine does not protect facts, that does not mean that otherwise protected documents or communications lose their work product status because they may contain some factual information. Courts have long held that witness interview materials are core attorney work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947). As the Court explained, if attorneys were forced to write out all that witnesses told them and deliver it to opposing counsel, much of what is now put down in writing would remain unwritten and subject to inaccuracy and untrustworthiness. *Id*. at 510-11. Moreover, while some factual narrative may be present in a document, for the most part, the factual recitations are intermixed with or reflect FTC counsels' mental impressions, conclusions, opinions, or legal theories. For example, disclosure would reveal not only the questions that FTC staff chose to

FTC v. Grand Canyon Education, Inc., et al., D. Ariz. No. 2:23-cv-02711               March 21, 2025
                                                                                                Page 2

ask, but also the answers they thought worthy of writing down. The work product doctrine shields from discovery material that would disclose the selection, organization, and characterization of facts and, thereby reveals theories, opinions, or mental impressions of attorneys and their assistants working in anticipation of litigation. *See United States ex rel. Samandi v. Materials and Electrochemical Research Corp.*, 2009 U.S. Dist. LEXIS 140921, at *22-23 (D. Ariz. Jul. 13, 2009); *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 208, 210–11 (N.D. Cal. 1992). The FTC has produced factual materials, such as declarations and complaints submitted by consumers. It is appropriately asserting work-product protection for communications between the FTC and such consumers in anticipation of litigation. *See FTC v. Ivy Capital, Inc.*, Inc., No. 2:11-CV-00283-JCM, 2012 WL 1883507, at *7 (D. Nev. May 22, 2012).

      Litigation was reasonably anticipated during the FTC's investigation in light of prior litigation initiated by, or against, GCE and GCU. GCE misconstrues our reference to this prior litigation, however, when it asserts that the FTC improperly treats material from prior litigation as work product for purposes of this suit. The FTC's discussion of prior litigation in its Supplemental Response was to explain why it anticipated litigation at the outset of its nonpublic investigation. The FTC relies on the work product protection to protect the analysis, thoughts and mental impressions of its staff in investigating the alleged misconduct.

      With respect to your assertion that the law enforcement privilege is not applicable in the context of civil law enforcement investigations, we disagree. Although the Ninth Circuit has not definitely opined on this subject, several other courts of appeal and several district courts within the Ninth Circuit have recognized such a privilege. We also disagree that the privilege only protects the name of a confidential informant, particularly where the identities of the individuals can be surmised based on the information provided, the type of relationship the information derived from, and/or the date of the communications. Moreover, by preserving an informer's anonymity (particularly where the informer may be a whistleblower), the privilege encourages cooperation not only from the informer, but also from others.

      In specifying that work product protection and privileges protect specific materials, we do not mean to infer or concede that those materials are relevant to the claims or defenses presented in the complaint, or reasonably within the scope of discovery. Defendants' discovery requests are broad, and many materials covered by these sweeping requests do not relate to the misconduct identified in the complaint. The work product doctrine and privileges identified are one of multiple basis for the FTC's objection to discovery of such materials. Similarly, defendants' discovery requests often are not limited to requests for facts, but broadly demand documents, conversations, or other information related to the subject of the request. In doing so, the requests encompass protected information, and the FTC has asserted objections to withhold related information protected by the work product doctrine or privileges.

      In sum, the FTC stands by its invocation of the work product doctrine and the deliberative process, attorney-client, and law enforcement privileges. Of course, we take our obligations under Rule 26(e) seriously and will serve additional supplementations as warranted. Next week we will make a supplemental production of materials identified in the course of preparing the log of protected materials.

FTC v. Grand Canyon Education, Inc., et al., D. Ariz. No. 2:23-cv-02711   March 21, 2025
Page 3

Please let us know if you have further questions regarding the production.

Sincerely,

*/s/Michael E. Tankersley*
Michael E. Tankersley

cc:   Kathleen Benway, Kathleen.Benway@alston.com
Shanique C Campbell, shanique.campbell@alston.com
Lisa Garcia, lisa.garcia@alston.com
Gardner, Graham**,** Graham.Gardner@alston.com
Caroline Rawls Strumph, caroline.strumph@alston.com
David Obuchowicz, DObuchowicz@glpclaw.com
Steven M. Gombos, sgombos@glpclaw.com