# EXHIBIT L

# ALSTON & BIRD

One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
404-881-7000 | Fax: 404-881-7777

Derin B. Dickerson　　　　　　　Direct Dial: +1 404 881 7454　　　　Email: derin.dickerson@alston.com

April 25, 2025

**VIA EMAIL**

Michael E. Tankersley
Division of Financial Practices
Federal Trade Commission

mtankersley@ftc.gov

Re:　*Federal Trade Commission v. Grand Canyon Education Inc. et al.*,
　　　Case No. 2:23-cv-02711-DWL

Dear Mr. Tankersley:

We write regarding your April 15, 2025 production of documents related to Jacquelin Kaercher and your March 21, 2025 privilege log (the "March Log").[1]

In particular, we are gravely concerned by the FTC's selective waiver of privilege regarding Ms. Kaercher on the eve of her deposition. This improper, last-minute reversal deprived GCE and Mr. Brian Mueller from having a meaningful ability to prepare for Ms. Kaercher's deposition and has resulted in an inefficient and wasteful use of Defendants' and the Court's resources. Please confirm that all communications involving Ms. Kaercher that are in the FTC's possession, custody, or control have now been produced so that we may schedule Defendants' deposition of Ms. Kaercher at this time.

We also remain concerned that the FTC continues to improperly withhold documents it intends to use in later depositions or trial. As we've raised on numerous occasions, it is improper to fully withhold responsive documents on the basis of an alleged "informant's privilege," which protects at most the informant's identity and not the contents of those documents. The FTC's invocation of the "informant's privilege" is *particularly* egregious where – as with Ms. Kaercher

---

[1] Although not the subject of this letter, GCE maintains that the FTC's invocation of various governmental privileges, including the informant's privilege, law enforcement privilege, and deliberative process privilege, remain deficient for the reasons outlined in GCE's meet-and-confer letters dated December 13, 2024 and March 4, 2024. GCE reserves all rights to seek production of documents currently withheld on those grounds.

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

LEGAL02/45902828v8

Page 2
April 25, 2025

– the FTC previously disclosed the purported informant's identity and yet continued to withhold responsive documents on the basis of the privilege, until the eve of the so-called "informant's" deposition.

We therefore renew our request that the FTC produce all documents on its March Log over which the FTC claims "informant's privilege," *at a minimum* in redacted form. We further request that the FTC at this time either (1) confirm, and commit, that it will not seek or use any testimony of these individuals in any way during its prosecution of this case, or, (2) if the FTC cannot commit to this path, immediately produce all responsive documents relating to these individuals in fully unredacted form.[2]

Additionally, without waiving any of Defendants' other objections, we want to address your broad assertions in the March Log of work product protection over communications with third parties—including, in some instances, where you have not even identified the sender, recipient, subject line, or other basic information regarding the withheld information.

As you are aware, under well-established Ninth Circuit law, work product protection can be waived when shared with a third party lacking a common legal interest. *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2019 WL 3815719, at *3 (N.D. Cal. Apr. 19, 2019) ("A party can waive the protection of the attorney work product doctrine via questions and conversation with a third party who has no 'common interest' with the party seeking protection."); *see also SEC v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (holding that government could not assert work product doctrine over communications with third party because third party and government did not have any "common interest" in the proceedings). Moreover, courts require not only a shared legal interest but a showing of confidentiality in order to maintain work product protection over materials and information shared with third parties. *See, e.g., Crosby v. California Physicians' Serv.*, No. 8:17-cv-01970-CJC-JDE, 2020 WL 2510651, at *3 (C.D. Cal. Feb. 26, 2020) ("There must be a reasonable basis for believing the [third party] will keep the disclosed material confidential.")   It is the burden of the asserting party to show "an agreement of confidentiality or common interest." *Shenwick*, 2019 WL 3815719, at *3.

Yet the March Log contains numerous entries that reflect communications with third parties with no such common interest, and in many cases, no identification of the third party at all. Even assuming *arguendo* that such documents were ever entitled to work product protection (which we do not concede), any such protection was waived when the FTC shared these documents with the respective third parties.  By way of example:

- **Attorneys for EducationalDynamics.**  You assert work product protection over emails with attorneys at Manatt, Phelps & Phillips LLP, who represent EducationalDynamics, a third-party contractor **hired by GCE** to generate leads.  EducationDynamics's legal interests are not aligned with the FTC in this litigation; if anything, EducationDynamics's legal interests are aligned *with GCE* and the company is adverse to the FTC given its

---

[2] GCE reserves its right to object to the withholding of these documents, and to petition the Court for their production.

Alston & Bird LLP                                                                                                      www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

LEGAL02/45902828v8

- relationship with GCE and conduct at issue. There is no basis to claim work product protection over communications with a contractor for the opposing party, especially absent any joint defense or confidentiality agreement. Those documents must immediately be produced.

- **Consumers (GCU Students).** You claim work product protection over communications with "consumers," i.e., current or former GCU students. There is no basis to conclude these individuals shared a common legal interest with the FTC or agreed to keep information learned from the FTC confidential—particularly where some of these students may have been communicating with GCU and/or other governmental agencies about the matters relevant to the FTC's claims.

- **Nameless "[protected]" individuals.** The March Log includes multiple entries where the sender or recipient is marked as "[protected]" (*e.g.*, p. 30). Without identifying the individual or explaining their roles or affiliations, Defendants and the Court cannot evaluate whether the FTC's assertion of work product protections is valid. *Flynn v. Love*, No. 3:19-CV-00239-MMD-CLB, 2021 WL 4893069, at *3 (D. Nev. Oct. 19, 2021) ("For a privilege log to be deemed adequate, it must give enough information for the court to determine whether a protection or privilege exists."). The FTC must immediately disclose the identities, roles, and affiliations of these unnamed individuals so that Defendants can assess whether a common legal interest could exist sufficient to preserve work product protection. To the extent these unnamed individuals also current and former students, the work product claim fails for the same reasons outlined above—the absence of any common legal interest or agreement to maintain confidentiality—and the documents must be produced.

- **Other Federal Agencies.** You also claim work product protection over communications with various governmental agencies, including the IRS and CFPB. As you know, these agencies operate independently, with different missions, authorities, and legal interests. For this reason, courts have repeatedly held that privilege and work product protections are not freely transferrable across government entities. *See, e.g.*, *Wayne Land & Min. Grp., LLC v. Del. River Basin Comm'n*, No. 3:16-CV-00897, 2020 WL 762835, at *6–8 (M.D. Pa. Feb. 14, 2020) (no work product protection for information shared between agencies in absence of common legal interest). To the extent you claim that a common interest existed between the FTC and the governmental agencies listed in your privilege log, please provide facts to substantiate that contention. Without a clear common legal interest, these communications are not protected and must be produced.

Please produce an amended privilege log and all such documents described above no later than May 1. We are available to meet and confer at your convenience next week.

Alston & Bird LLP　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

LEGAL02/45902828v8

Page 4
April 25, 2025

Sincerely,

*/s/ Derin B. Dickerson*
Derin B. Dickerson

cc: Gregory A. Ashe
    Patrick Roy
    Carlton B. Mosley
    Gregory Ashe
    Laura Antonini

Alston & Bird LLP                                                                                                                              www.alston.com

Atlanta  |  Beijing  |  Brussels  |  Charlotte  |  Dallas  |  London  |  Los Angeles  |  New York  |  Raleigh  |  San Francisco  |  Silicon Valley  |  Washington, D.C.

LEGAL02/45902828v8