Steven M. Gombos, VA Bar #30788 (admitted PHV)
David A. Obuchowicz, VA Bar #82483 (admitted PHV)
Jacob C. Shorter, VA Bar #82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road, Suite #400
Fairfax, VA 22030
Telephone: (703) 934-2660
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar #37915 (admitted PHV)
Erin E. Murphy, VA Bar #73254 (admitted PHV)
Andrew C. Lawrence, MD Bar #1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar #93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendant Grand Canyon University and Brian E. Mueller*

**United States District Court**
**for the District of Arizona**

| | |
|---|---|
| Federal Trade Commission,<br><br>Plaintiff,<br><br>v.<br><br>Grand Canyon Education, Inc.; Grand Canyon University; and Brian E. Mueller,<br><br>Defendants. | No. 2:23-cv-02711-DWL<br><br>**Declaration of David A. Obuchowicz in Support of Defendant Grand Canyon Education's and Defendant Brian Mueller's Motion to Compel** |

I, David A. Obuchowicz, hereby declare as follows:

1. I am over eighteen years of age and reside in Virginia. I am counsel of record for Defendant Brian Mueller in the above-referenced matter, and I am admitted *pro hac vice* to practice in this court.

2. I have personal knowledge of the facts set forth herein and could competently testify thereto if called as a witness.

3. In the above-referenced case, Mr. Mueller served his First Requests for Production on Plaintiff Federal Trade Commission ("FTC") on November 7, 2024. A true and accurate copy of Mr. Mueller's First Requests for Production is attached as **Exhibit 1**.

4. Mr. Mueller also served his First Interrogatories on the FTC on November 7, 2024. A true and accurate copy of Mr. Mueller's First Interrogatories is attached as **Exhibit 2**.

5. The FTC served its responses to Mr. Mueller's First Requests for production on December 9, 2024. The FTC asserted the work product protection and one or more executive privilege objections, including the deliberative process privilege, the informant's privilege, and the law enforcement privilege, to all 14 of Mr. Mueller's requests. A true and accurate copy of the FTC's Supplemental Response to Mr. Mueller's First Requests for Production is attached as **Exhibit 3**.

6. The FTC also served its responses to Mr. Mueller's First Interrogatories on December 9, 2024. The FTC asserted one or more of the work product doctrine, deliberative process privilege, informant's privilege, or the law enforcement privilege to all nine Interrogatories. The FTC's Response to Defendant Mueller's First Set of Interrogatories is attached as **Exhibit 4**.

7. Counsel for Mr. Mueller sent the FTC a letter on February 13, 2025, concerning, among other things, the FTC's boilerplate assertions of the work product doctrine, deliberative process privilege, informant's privilege, and the law-enforcement privileges. A true and accurate copy of the February 13, 2025 letter is attached as **Exhibit 5**.

1        8.     The FTC served supplemental responses to Defendant Mueller's First Interrogatories on March 12, 2025. The supplemental responses included "Supplemental General Objections," which provided mostly generic descriptions of the policy interests the various executive protections are intended to protect. A true and accurate copy of the FTC's Supplemental Response to Defendant Mueller's First Set of Interrogatories is attached as **Exhibit 6**.

      9.     The FTC served on Defendants a privilege log and accompanying letter on March 21, 2025 in which the FTC identified over 700 documents it was withholding based one or more of the work product doctrine, deliberative process privilege, informant's privilege, or law enforcement privileges. The letter is attached to the Declaration of Derin B. Dickerson (which is also provided in support of Defendant's Motion to Compel) as **Exhibit J**, and the privilege log is attached to Mr. Dickerson's Declaration as **Exhibit K**. Those exhibits are not being reproduced with this Declaration.

      10.     The parties met and conferred during a May 6, 2025 video call to discuss the FTC's assertion of the various privileges. The parties were unable to come to an agreement, as the FTC refused to withdraw its privilege claims or produce redacted versions of the communications.

      11.     On May 15, 2025, counsel for Mr. Mueller sent a follow-up letter to the FTC, which again raised concerns about the FTC's failure to justify its privilege claims. The May 15, 2025 letter to the FTC is attached as **Exhibit 7**.

      12.     The FTC sent a letter to Defendants on May 15, 2025, notifying that it had withdrawn its work product claims for five communications with a GCE contractor but nonetheless refused to produce those communications for the purported reason that they were not relevant to any claim or defense in the case. A true and accurate copy of that letter is attached as **Exhibit M** to Mr. Dickerson's Declaration and is not being reproduced here.

      13.     Unable to resolve their disputes about the FTC's privilege claims, the parties filed two joint discovery statements with the Court on May 22, 2025 (ECF Docs. 182 and 183).

1  I declare under penalty of perjury under the laws of the United States of America
2  that the foregoing is true and correct to the best of my knowledge.
3
4  Executed on June 6, 2025, in Fairfax, Virginia.
5
6  /s/ David A. Obuchowicz
   David A. Obuchowicz, Va. Bar #82483
7  Gombos Leyton, P.C.
   11350 Random Hills Rd., Ste. 400
8  Fairfax, Va. 22030
   Phone: (703) 934-2660
9  Fax: (703) 934-9840
10 Email: dobuchowicz@glpclaw.com
   Attorney for Defendant Brian Mueller
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28