# Exhibit 1

1   Steven M. Gombos, VA Bar No. 30788 (admitted PHV)
2   David A. Obuchowicz, VA Bar No. 82483 (admitted PHV)
    Jacob C. Shorter, VA Bar No. 82638 (admitted PHV)
3   GOMBOS LEYTON, PC
4   11350 Random Hills Road, Suite 400
    Fairfax, Virginia 22030
5   Telephone: (703) 934-2660
    Facsimile: (703) 934-9840
6   Email: sgombos@glpclaw.com

7   Paul D. Clement, VA Bar No. 37915 (admitted PHV)
8   Erin E. Murphy, VA Bar No. 73254 (admitted PHV)
    Andrew C. Lawrence, MD Bar No. 1512160036 (admitted PHV)
9   Joseph J. DeMott, VA Bar No. 93981 (admitted PHV)
10  CLEMENT & MURPHY, PLLC
    706 Duke Street
11  Alexandria, VA 22314
    Telephone: (202) 742-8900
12  Email: paul.clement@clementmurphy.com

13  *Attorneys for Defendant Brian E. Mueller*

14

15                    **United States District Court**
                       **for the District of Arizona**
16

| 17 | **Federal Trade Commission,** | No. 2:23-cv-02711-PHX-DWL |
|---|---|---|
| 18 | **Plaintiff,** | |
| 19 | **v.** | **Brian E. Mueller's First Set of Requests for the Production of Documents** |
| 20 | **Grand Canyon Education, Inc.; Grand Canyon University; and Brian E.** | |
| 21 | **Mueller,** | |
| 22 | **Defendants.** | |

23          Defendant Brian E. Mueller (Defendant or Mr. Mueller), by and through his

24  counsel, propounds his First Set of Requests for Production of Documents (Requests) to

25  Plaintiff Federal Trade Commission (FTC) pursuant to Rule 34 of the Federal Rules of

26  Civil Procedure to be answered within thirty days from the date of service.

27

                                   1

1

2 **Definitions**

3     A.     The terms "Plaintiff," "you," "your," and "yours," mean the Federal Trade

4 Commission (FTC) and any of its agents, representatives, employees, attorneys, experts,

5 consultants, independent contractors, and/or other person or entity acting, and/or

6 purporting to act on behalf of the FTC.

7     B.     As used herein, the term "Defendant" refers singularly and collectively to

8 Brian Mueller, Grand Canyon University, and/or Grand Canyon Education.

9     C.     The term "GCU" refers to Grand Canyon University and/or Gazelle

10 University.

11     D.     The term "GCE" refers to Grand Canyon Education, Inc.

12     E.     The term "Investigation" refers to the FTC's investigation of GCU (Matter

13 No. 2223054) and GCE (Matter No. 2223050), which began with the issuance of Civil

14 Investigative Demands to GCU and GCE, respectively, on or around May 18, 2022, as

15 part of its non-public investigation.

16     F.     The term "governmental agency" refers to any agency, division, unit,

17 employee, or agent of the United States or any state therein. The term includes, but is not

18 limited to, the Internal Revenue Service, the Consumer Financial Protection Bureau, the

19 United States Department of Education, state Attorneys General, and state licensing and

20 educational oversight bodies.

21     G.     The term "Litigation" means the lawsuit and related pleadings styled *FTC*

22 *v. GCE, et al.*, No. 2:23-cv-02711-PHX-DWL (D. Ariz.), including any amendment

23 thereto (ECF 62).

24     H.     As used herein, the terms "document" or "documents" include records,

25 writings, transcripts, statements, books, reports, memoranda, notes, correspondence,

26 schedules, maps, plats or other paper containing information written, electronically stored

27 information (including electronic mail, texts, posts made to social media, or messages

2

1    sent via social media, etc.), computer recorders, stored on computer disc, tape drive, hard

2    drive, external storage device, floppy disc, CD Rom, DVD Disc or some other form of

3    computer information storage device, typewritten, printed, orally transcribed, or in any

4    form in your possession or the possession of your agents, representatives and unless

5    privileged, their attorney(s).

6          I.     As used herein, the term "student consumer group" means any non-

7    government entity (including its employees, staff, agents, or affiliated groups) that

8    advocates for students, including (though not limited to) the Century Foundation,

9    Veterans Education Success, the National Student Legal Defense Network, Center for

10    American Progress, the Project on Predatory Student Lending, and the Republic Report.

11         J.     As used herein, the term "student" means any individual who enrolled in, or

12    (to the best of Your knowledge) considered enrolling in, a GCU educational program.

13         K.     "Relate to" or "Relating to" means concerning, reflecting, referring to,

14    describing, evidencing, proving, disproving, summarizing, containing, analyzing,

15    explaining, mentioning, discussing, describing, supporting, or constituting.

16         L.     For any request seeking documents referenced in Plaintiff's response to an

17    interrogatory, the term "referenced" means documents Plaintiff expressly mentions in its

18    response as well as those documents Plaintiff consulted, reviewed, or analyzed in

19    preparing its response to the specific interrogatory.

20         M.    As used herein, the term "communication" means the expression, sharing,

21    or conveying of thought or information through verbal, non-verbal, or electronic means.

22    When a request seeks a "communication" or "communications" with an entity, those

23    terms include all responsive documents or information exchanged between you and that

24    entity.

25         N.     As used herein, the term "social media" means any form of electronic

26    communication (such as websites or applications for social networking and

27    microblogging) through which users create and participate in online communities to share

1   information, ideas, personal or commercial messages, and other content (such as videos

2   and memes).

3                        **Instructions**

4      I.       These Requests are continuing in nature and require you to supplement

5   your response if you obtain further or different information before trial.  If you are unable

6   to answer any of the Requests or any portion of them completely, please so indicate and

7   answer to the extent possible setting forth the reasons for your inability to answer more

8   fully and providing all knowledge or information you have concerning the unanswered

9   portion(s).

10      II.      Where the name or identity of a person is relevant to any response, please

11   indicate the full name, home address, business address, telephone number and

12   relationship to you for such person.

13      III.     Unless otherwise indicated, these requests refer to the time, place, and

14   circumstances of the occurrence(s) complained of in the First Amended Complaint (ECF

15   Doc. No. 62) including any prior versions of the complaint or amendment thereto (FAC).

16      IV.     Where documents in possession or control of Plaintiff are requested, such

17   request includes the possession or control of Plaintiff's agents, representatives, and,

18   unless privileged, Plaintiff's attorneys.

19      V.      Your answer to each discovery request should include all documents within

20   your custody, possession, or control, including, but not limited to, all documents in the

21   possession of your representatives, agents, or employees. The fact that you may not have

22   physical possession of any document does not relieve you or your obligation to produce

23   documents legally under your control or over which you are entitled to exercise

24   dominion.

25      VI.     Pursuant to Fed. R. Civ. P. 34(b), you are instructed to produce responsive

26   documents as they are kept in the ordinary course of business or in a manner organized

27   and labeled to correspond with the discovery request(s) to which they are responsive.

VII.    To the extent you object to any discovery request, set forth the reasons for your objection. If you assert any privilege or legal doctrine as grounds for not answering any discovery request, in whole or in part, provide a privilege log containing the information described below. If you object to any discovery request or part thereof, please produce all documents to which your objection does not apply.

VIII.    If any document or any portion of a document is withheld or redacted, on a claim of privilege or otherwise, a log is to be provided separately identifying for each withheld document or portion of a document:

    a.    Its type (e.g., memo, letter, email, etc.);

    b.    Its title;

    c.    Its author(s), and any other individual who assisted in its preparation;

    d.    Its addressee(s);

    e.    Its recipient(s);

    f.    Its date;

    g.    A description of the subject matter sufficient to support the claim of privilege or other reason for withholding the document;

    h.    The privilege claimed, including a statement of the ground and/or authority on which you rely in withholding or redacting the document; and

    i.    The part or portion of the document for which the privilege is asserted.

IX.    If in answering these discovery requests you claim any ambiguity in either a discovery request or a definition or instruction applicable thereto, please identify in your response the language that you consider ambiguous and state the interpretation you are using in responding.

X.      If any request calls for the production of a portion of a document, you must produce the entire document. This instruction likewise covers all copies of specified documents in your custody, possession or control, as well as copies of documents in the possession, custody, or control of your attorneys, agents, employees, or representatives, regardless of the actual physical location of the documents or copies thereof.

XI.     If you contend you are unable to produce any document requested below, produce such document to the extent you are able to do so, explain why you are unable to produce the remainder of such document, and set forth a description of the investigation or other acts you have performed in attempting to locate or produce such document.

XII.    If any document responsive to any request below previously existed, but has been destroyed, erased, lost, or become unavailable in any manner, identify the nature of the document and information contained therein, the date it became unavailable, and the reason it became unavailable.

XIII.   As used herein, all plural items include the singular, and all singular terms include the plural. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

**Requests for Production of Documents**

1.      Documents relating to or referring to the Litigation or any of the facts and/or people mentioned in the Litigation.

2.      Documents containing or referencing Your communications with any governmental agency between the dates January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.

3.      Documents you received, either directly or otherwise, from any governmental agency between the dates of January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.

4.      Documents containing or referencing Your communications with any student between the dates of January 1, 2018 and the present, including without limitation the individuals identified on <u>Attachment C</u> of your Rule 26 Initial Disclosures.

5.      Documents containing or referencing Your communications with any plaintiff or putative class member (including their attorneys or agents) in the actions and proceedings involving Defendants identified on pages three and four of your initial disclosures (*Carr et al. v. Grand Canyon University*, USDC AZ, Docket No. 2:19-05214; *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v. Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon Education Inc.*, USDC W. Pa., Docket No. 1:18-00314; *In Re Grand Canyon Education, Inc. Securities Litigation*, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*, USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE, Docket No. 1:20-00801).

6.      Documents or communications supporting Your allegations in Paragraph 7 of the FAC that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".

7.      Documents or communications supporting Your allegations in Paragraph 14 of the FAC that "Gazelle/GCU was organized by GCE and Defendant Mueller to advance GCE's for-profit business and to advance Defendant Mueller's interests."

8.      Documents or communications supporting Your allegations in Paragraph 17 of the FAC that "the fees GCE received from GCU are not subject to any limit and are not proportionate to GCU's costs for providing services to GC[U]."

9.      Documents or communications supporting Your allegations in Paragraph 55 of the FAC that "Defendants train telemarketers for GCU doctoral degree marketing

1  campaigns with materials that describe the GCU doctoral programs as requiring twenty
2  courses, which include only three dissertation courses."

3      10.    Documents containing or referencing Your communications with any
4  current or former employee of any Defendant, including employees of any third-party
5  acting on behalf of any Defendant, related to the Litigation.

6      11.    Documents containing or referencing Your communications with any
7  Student Consumer Group related to any Defendant and/or the facts in the Litigation.

8      12.    Documents or communications reflecting any review, investigation, or
9  action by the FTC against an institution of higher education (other than GCU) related to
10  statements and/or disclosures of the time, courses, credits, or costs to pursue a doctoral
11  since January 1, 2018.

12      13.    Documents containing or referencing communications about the
13  Investigation or Lawsuit involving You and/or FTC Chairs and/or Commissioners.

14      14.    Documents or communications referencing the FTC's consideration of any
15  Defendant at any meeting under 16 C.F.R. § 4.15 or by written circulation, including but
16  not limited to, agendas, meeting minutes, transcripts, recordings, and any documents or
17  information considered at such meeting (or by written circulation).

18

19  Dated:  November 7, 2024.                    Respectfully submitted,

20                                              /s/David A. Obuchowicz
                                                Gombos Leyton, P.C.
21                                              11350 Random Hills Road, Suite 400
                                                Fairfax, Virginia 22030
22                                              Telephone: (703) 934-2660
                                                Facsimile: (703) 934-9840
23                                              Email: sgombos@glpclaw.com

24                                              Attorney for Defendant Brian Mueller
25

26

27

                                    8

**Certificate of Service**

I hereby certify that on November 7, 2024, I have or will have caused the foregoing document to be served on the following counsel of record by email:

**Attorneys for Plaintiff FTC**
Michael Tankersley (mtankersley@ftc.gov)
Patrick Roy (proy@ftc.gov)
Gregory Ashe (gashe@ftc.gov)
Carlton Mosley (cmosley@ftc.gov)

**Attorneys for Defendant GCE**
Derin Dickerson (derin.dickerson@alston.com)
Kathleen Benway (kathleen.benway@alston.com)
Caroline Strumph (caroline.strumph@alston.com)
Shanique Campbell (shanique.campbell@alston.com)
Lisa Garcia (Lisa.Garcia@alston.com)
Graham Gardner  (Graham.Gardner@alston.com)

/s/ David A. Obuchowicz