# Exhibit 2

Steven M. Gombos, VA Bar No. 30788 (admitted PHV)
David A. Obuchowicz, VA Bar No. 82483 (admitted PHV)
Jacob C. Shorter, VA Bar No. 82638 (admitted PHV)
GOMBOS LEYTON, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone/Facsimile: (703) 934-2660/9840
Email: sgombos@glpclaw.com

Paul D. Clement, VA Bar No. 37915 (admitted PHV)
Erin E. Murphy, VA Bar No. No. 73254 (admitted PHV)
Andrew C. Lawrence, MD Bar No. 1512160036 (admitted PHV)
Joseph J. DeMott, VA Bar No. 93981 (admitted PHV)
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Telephone: (202) 742-8900
Email: paul.clement@clementmurphy.com

*Attorneys for Defendant Brian E. Mueller*

**United States District Court**
**for the District of Arizona**

| | |
|---|---|
| **Federal Trade Commission,** | No. 2:23-cv-02711-PHX-DWL |
| **Plaintiff,** | **Brian E. Mueller's First Interrogatories** |
| v. | |
| **Grand Canyon Education, Inc.; Grand Canyon University; and Brian E. Mueller,** | |
| **Defendants.** | |

Defendant Brian E. Mueller (Defendant or Mr. Mueller), by and through his counsel, propounds his First Interrogatories (Interrogatories) to Plaintiff Federal Trade Commission (FTC) pursuant to Rule 33 of the Federal Rules of Civil Procedure to be answered within thirty days from the date of service.

**Definitions**

A. The terms "Plaintiff," "you," "your," and "yours," mean the Federal Trade Commission (FTC) and any of its agents, representatives, employees, attorneys, experts, consultants, independent contractors, and/or other person or entity acting, and/or purporting to act on behalf of the FTC.

B. As used herein, the term "Defendant" refers singularly and collectively to Brian Mueller, Grand Canyon University, and/or Grand Canyon Education.

C. The term "GCU" refers to Grand Canyon University and/or Gazelle University.

D. The term "GCE" refers to Grand Canyon Education, Inc.

E. The term "governmental agency" refers to any agency, division, unit, employee, or agent of the United States or any state therein. The term includes, but is not limited to, the Internal Revenue Service, the Consumer Financial Protection Bureau, the United States Department of Education, state Attorneys General, and state licensing and educational oversight bodies.

F. When the phrases "identify," "describe," or "describe in detail" are employed in these Interrogatories, please supply a full description and narrative account of the act, transaction, relationship, thing or occurrence inquired into, and identify the dates, places, persons involved and any witness to the act, transaction, relationship, thing or occurrence. These phrases also require that you:

(1) with respect to a natural person, state his/her full name, last known address, telephone number, occupation, and business address;

(2) with respect to a firm, corporation, governmental agency or department, or artificial person, state its full name and location and the identity of the person at such firm, corporation, governmental agency or department, or artificial person having knowledge of the information requested;

    (3) when applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, author or preparer or recipient(s) thereof, its present location and custodian thereof;

    (4) with respect to any communication, oral, written, or electronic, state the date, time, location, content, substance, and identify each participant or witness to any such communication, as well as identify, including the bates numbers of any documents reflecting or memorializing any such communication produced in response to a Request for Documents;

    (5) with respect to any event or occurrence, state the date, place, and other factual information related to each event or occurrence.

  G. The term "Investigation" refers to the FTC's investigation of GCU (Matter No. 2223054) and GCE (Matter No. 2223050), which began with the issuance of Civil Investigative Demands to GCU and GCE, respectively.

  H. The term "Lawsuit" means the lawsuit styled *FTC v. GCE, et al.*, No. 2:23-cv-02711-PHX-DWL (D. Ariz.).

  I. As used herein, the terms "document" or "documents" include records, writings, transcripts, statements, books, reports, memoranda, notes, correspondence, schedules, maps, plats or other paper containing information written, electronically stored information (including electronic mail, texts, chats, posts made to social media, or messages sent via social media, etc.), computer recorders, stored on computer disc, tape drive, hard drive, external storage device, floppy disc, CD Rom, DVD Disc or some other form of computer information storage device, typewritten, printed, orally transcribed, or in any form in your possession or the possession of your agents, representatives and unless privileged, their attorney(s).

  J. As used herein, the term "student" means any individual who enrolled in, or (to the best of Your knowledge) considered enrolling in, a GCU educational program.

K. As used herein, the term "student consumer group" means any non-government entity (including its employees, staff, agents, or affiliated groups) that advocates for students, including (though not limited to) the Century Foundation, Veterans Education Success, the National Student Legal Defense Network, Center for American Progress, the Project on Predatory Student Lending, and the Republic Report.

L. "Relate to" or "Relating to" means concerning, reflecting, referring to, describing, evidencing, proving, disproving, summarizing, containing, analyzing, explaining, mentioning, discussing, describing, supporting, or constituting.

M. For any request seeking documents referenced in Plaintiff's response to an interrogatory, the term "referenced" means documents Plaintiff expressly mentions in its response as well as those documents Plaintiff consulted, reviewed, or analyzed in preparing its response to the specific interrogatory.

N. As used herein, the term "communication" means the expression, sharing, or conveying of thought or information through verbal, non-verbal, or electronic means. When a request seeks a "communication" or "communications" with an entity, those terms include all responsive documents or information exchanged between you and that entity.

O. As used herein, the term "social media" means any form of electronic communication (such as websites or applications for social networking, workplace productivity, and microblogging) through which users create and participate in online communities to share information, ideas, personal or commercial messages, and other content (such as videos and memes).

**Instructions**

A. These Interrogatories are continuing in nature and require you to supplement your response if you obtain further or different information before trial. If you are unable to answer any of the Interrogatories or any portion of them completely, please so indicate and answer to the extent possible setting forth the reasons for your

inability to answer more fully and providing all knowledge or information you have concerning the unanswered portion(s).

     B.    Unless otherwise indicated, these Interrogatories refer to the time, place, and circumstances of the occurrence(s) complained of in the First Amended Complaint (ECF Doc. No. 62) filed herein including any prior complaints or amendment thereto.

     C.    When information is requested, such requests include information within the knowledge of Your agents, representatives, and, unless privileged, Your attorneys.

     D.    To the extent you object to any Interrogatory, set forth the reasons for your objection. If you assert any privilege or legal doctrine as grounds for not answering any Interrogatory, in whole or in part, provide a privilege log containing the information described below. If you object to any Interrogatory or part thereof, please answer the part to which your objection does not apply.

     E.    If you claim any privilege with respect to any interrogatory or any portion of any interrogatory, specify the privilege you are claiming. In addition, for each piece of information withheld (either entirely or partially in redacted form) on the account of any privilege, you shall identify the following:

          a.    the general subject matter of the information;
          b.    the individual(s) from whom such information was received;
          c.    the date(s) such information was known to you;
          d.    the date(s) such information was communicated to any person or entity and the identity(ies) of any such person or entity.

     F.    If in answering these discovery requests You claim any ambiguity in either a discovery request or a definition or instruction applicable thereto, please identify in your response the language that you consider ambiguous and state the interpretation you are using in responding.

     G.    If You claim that any Interrogatory is overly broad, respond to the Interrogatory as narrowed to conform to the objection.

H.    If any Interrogatory calls for the identification or description of a portion of a document, you must identify the entire document. This instruction likewise covers all copies of specified documents in your custody, possession or control, as well as copies of documents in the possession, custody, or control of your attorneys, agents, employees, or representatives, regardless of the actual physical location of the documents or copies thereof.

I.    If any document responsive to any request below previously existed, but has been destroyed, erased, lost, or become unavailable in any manner, identify the nature of the document and information contained therein, the date it became unavailable, and the reason it became unavailable.

J.    As used herein, all plural items include the singular, and all singular terms include the plural. The past tense of a verb used herein includes the present tense and the present tense includes the past tense.

**Interrogatories**

**INTERROGATORY No. 1**: Identify Your communications with any student consumer group and/or student advocacy group about or concerning or relating to any Defendant, individually or collectively.

**Response:**

**INTERROGATORY No. 2:** Identify each communication You have had, from January 1, 2018 to the present, with any current or former employee, agent, contractor, or representative of any Defendant.

**Response:**

**INTERROGATORY No. 3:** Identify each meeting held under 16 C.F.R. § 4.15 (or by written circulation) at or during which any Defendant was discussed, mentioned or considered, including the date of any such meetings, the people in attendance, a description and of the matter(s) discussed, mentioned or considered, and a summary of the FTC's decision or resolution with respect to the matter.

1 **Response:**

2 **INTERROGATORY No. 4:** Identify each communication You have had with any
3 plaintiff or putative class member (including their attorneys or agents) in the actions and
4 proceedings involving Defendants identified on pages three and four of your initial
5 disclosures (*Carr et al v. Grand Canyon University*, USDC AZ, Docket No. 2:19-05214;
6 *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v.
7 Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon
8 Education Inc.*, USDC w. Pa., Docket No. 1:18-00314; In Re Grand Canyon Education,
9 Inc. Securities Litigation, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon
10 University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*,
11 USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*,
12 USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE,
13 Docket No. 1:20-00801).

14 **Response:**

15 **INTERROGATORY No. 5:** Identify all facts and documents that relate to, reference,
16 and/or support your allegations in paragraph 7 of the First Amended Complaint that Brian
17 Mueller "acting along or in concert with others, [] has formulated, directed, controlled,
18 had the authority to control, or participated in the . . . acts and practices described in [the
19 First Amended Complaint]".

20 **Response:**

21 **INTERROGATORY No. 6:** Identify all facts and documents that relate to, reference,
22 and/or support your allegations in paragraph 66 of the First Amended Complaint that
23 Defendants "engaged in the unlawful acts and practices willfully, and knowing that their
24 representations were misleading and their telemarketing practices did not comply with
25 restrictions on abusive telemarketing practices."

26 **Response:**

27

7

**INTERROGATORY No. 7:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 14 of the First Amended Complaint that "Gazelle/GCU was organized by GCE and Defendant Mueller [for Gazelle University/GCU's own profit, and] to advance GCE's for-profit business and to advance Defendant Mueller's interests."

**Response:**

**INTERROGATORY No. 8:** If You contend that the terms of the Master Services Agreement between GCU and GCE disproportionally benefit GCE or are otherwise unfair to GCU, identify all facts and documents supporting that contention.

**Response:**

**INTERROGATORY No. 9:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 55 of the First Amended Complaint that "Defendants train telemarketers for GCU doctoral degree marketing campaigns with materials that describe the GCU doctoral programs as requiring twenty courses, which include only three dissertation courses."

**Response:**

Dated: November 7, 2024.

Respectfully submitted,

/s/David A. Obuchowicz
Gombos Leyton, P.C.
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 934-2660
Facsimile: (703) 934-9840
Email: dobuchowicz@glpclaw.com

Attorney for Defendant Brian Mueller

## Certificate of Service

I hereby certify that on November 7, 2024, I have or will have caused the foregoing document to be served on the following counsel of record by email:

**Attorneys for Plaintiff FTC**
Michael Tankersley (mtankersley@ftc.gov)
Patrick Roy (proy@ftc.gov)
Gregory Ashe (gashe@ftc.gov)
Carlton Mosley (cmosley@ftc.gov)


**Attorneys for Defendant GCE**
Derin Dickerson (derin.dickerson@alston.com)
Kathleen Benway (kathleen.benway@alston.com)
Caroline Strumph (caroline.strumph@alston.com)
Shanique Campbell (shanique.campbell@alston.com)
Lisa Garcia (Lisa.Garcia@alston.com)
Graham Gardner  (Graham.Gardner@alston.com)

/s/ David A. Obuchowicz