# Exhibit 3

1  MICHAEL E. TANKERSLEY (DC Bar # 411978)
   mtankersley@ftc.gov
2  GREGORY A. ASHE (VA Bar # 39131)
   gashe@ftc.gov
3  PATRICK ROY (DC Bar # 1023521)
   proy@ftc.gov
4  CARLTON B. MOSLEY (DC Bar # 1644552)
   cmosley@ftc.gov
5  Federal Trade Commission
6  600 Pennsylvania Avenue NW
   Mail Stop CC-6316
7  Washington, DC 20580
8  Telephone: (202) 326-2991 (Tankersley)
               (202) 326-3719 (Ashe)
9              (202) 326-3477 (Roy)
               (202) 326-2163 (Mosley)
10
11 Attorneys for Plaintiff
   FEDERAL TRADE COMMISSION
12                      UNITED STATES DISTRICT COURT
                             DISTRICT OF ARIZONA
13  Federal Trade Commission,              No. CV-23-02711-PHX-DWL
14            Plaintiff,
        v.                                 **FTC'S RESPONSE TO DEFENDANT**
15  Grand Canyon Education, Inc., *et al.*, **MUELLER'S FIRST SET OF**
            Defendants.                     **REQUESTS FOR PRODUCTION TO**
16                                          **PLAINTIFF FEDERAL TRADE**
                                            **COMMISSION**
17

18        Pursuant to Fed. R. Civ. P. 34, Plaintiff, the Federal Trade Commission

19  ("FTC"), by its undersigned attorneys, hereby makes the following objections and

20  provides the following responses to Defendant Mueller's First Set of Requests for

21  Production of Documents.  The FTC's responses represent the FTC's present

22  knowledge based on its investigation, information, and preparation to date; the FTC

23  reserves the right to supplement, revise, modify or otherwise change or amend its

24  responses and objections to the First Set of Requests.

25

26

The FTC responds to these requests in accordance with Federal Rules of Civil Procedure 34, and objects to the Requests to the extent that they seek to impose obligations beyond those authorized by the Rule, or duplicative production of identical copies of documents. The FTC disregards instructions II, III, XI and XII because they describe types of information that is not discoverable through a Rule 34 request for production. The FTC also disregards instruction VII and VIII insofar as they are inconsistent with or are intended to displace the stipulated Order Regarding ESI Protocol in this action (ECF No. 95).

Where the FTC responds that it will produce documents in response to a Request, the FTC will conduct a reasonable search of files created or collected in connection with the investigation that proceeded this Litigation that are likely to contain responsive material, and produce documents identified through such search if the documents are not privileged or protected by the work product doctrine, and not subject to other objection regarding the scope of discovery. Fed. R. Civ. P. 26(b). A response that the FTC will produce documents does not indicate that the FTC will search for or produce documents not in the possession, custody, or control of the FTC and its present employees, principals, officials, agents, attorneys, economists, and consultants either assigned to or reviewing this Litigation. The FTC will produce documents as they are kept in the regular course of business and follow the specifications for production of Electronically Stored Information ("ESI") in the stipulation exchanged by the parties.

## OBJECTIONS TO DEFINITIONS

The FTC objects to the breadth of the definition of "Plaintiff," "you," or "you" that accompanies these First Set of Requests. Requests that incorporate this Definition fail to describe the requested records with reasonable particularity, and are overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it

1  defines these terms to include any individuals not involved in the investigation of GCU

2  and GCE that gave rise to this Litigation, and are not assigned to or involved in the

3  investigation or Litigation.  Furthermore, to the extent this definition encompasses pre-

4  decisional documents prepared for Commissioners by their professional staffs, by the

5  FTC's General Counsel, or by other FTC components in aid of the FTC's decision to

6  commence litigation, each of those documents would be subject to the attorney-client

7  privilege, the deliberative-process privilege, and the work product doctrine.

8       The FTC generally objects to these Requests insofar as they encompass public

9  records and documents already in Defendant Mueller's possession, custody, or control

10 including documents produced to the FTC prior to initiation of this suit, tax returns and

11 financial reports of GCU or GCE, documents available to the public on the docket of

12 suits identified in the Commission's initial disclosures, and filings with the Securities

13 and Exchange Commission.  To the extent a request seeks documents in Defendants'

14 possession, custody, or control, the request is improper and disproportionate to the needs

15 of this case because Defendant Mueller has more convenient access to the records, and

16 production would be unduly burdensome and unnecessarily expensive.  *See* Fed. R. Civ.

17 P. 26(b)(1), (b)(2)(C)(i).

18      The FTC objects to requests that include the term "Defendant," because the term

19 is defined to refer "singularly and collectively to Brian Mueller, Grand Canyon

20 University, and/or Grand Canyon Education."  Because of this definition, requests that

21 use the term "Defendant" do not describe the records requested with reasonable

22 particularity and are ambiguous.

23      The FTC is disregarding the definition of the term "referenced," which is

24 described as being applicable to "any request seeking documents referenced in Plaintiff's

25 response to an interrogatory," (Definitions, L).  The requests that are accompanied by

26 this definition to not state that they seek documents "referenced in Plaintiff's response to

1   an interrogatory." The definition is either inapplicable to these requests, or does not

2   describe the requests to which it is applicable, or the records requested, with reasonable

3   particularity.

4       The FTC also objects to requests for production of "communications" as defined

5   in the accompanying Definitions, as the definition of "communications" that

6   accompanies Defendant Mueller's First Set of Requests is not confined to documents

7   and tangible things within the scope of Federal Rule of Procedure 34 and fails to

8   describe the requested records with reasonable particularity.

9       The FTC will produce copies of nonprivileged documents, labelled in accordance

10  with the ESI Protocol in this action, in response to Requests 5, 11 and 14. The FTC  is

11  producing copies of documents responsive to Request 14 contemporaneously with these

12  responses (FTCvGCE-FTC012682 – FTCvGCE-FTC012685). The FTC is producing

13  documents responsive to Requests 5 and 11 in conjunction with productions in response

14  to First Set of Requests by Defendant Grand Canyon Education, Inc. ("GCE"), that it

15  anticipates completing by December 20, 2024. The FTC will not produce documents

16  specifically in response to Defendant Mueller's Requests 1-3, 6-10, 11, 12, or 13.

17  Records that the FTC has or will produce in response to the First Set of Requests by

18  Defendant GCE may be responsive to these requests, and the FTC has or will produce

19  copies of those documents to Defendant Mueller. The FTC will not make a duplicative

20  production of those documents in response to Defendant Mueller's requests.

21

22

23

24

25

26

1     **RESPONSES TO INDIVIDUAL REQUESTS FOR PRODUCTION**

2    **1.     Documents relating to or referring to the Litigation or any of the facts and/or**

3    **people mentioned in the Litigation.**

4    **Response to Request for Production 1:**

5          The FTC objects that this Request fails to describe the requested records with

6    reasonable particularity, as it encompasses "any of the facts and/or people mentioned in

7    the Litigation," without limitation, and defines "relating or referring to" to include

8    "concerning, reflecting, referring to, describing, evidencing, proving, disproving,

9    summarizing, containing, analyzing, explaining, mentioning, discussing, describing,

10   supporting, or constituting."  Such all-encompassing requests for documents fail to

11   provide the reasonable particularity required by Rule 34.  *See Calleros v. Rural Metro of*

12   *San Diego, Inc.*, 2018 WL 1744599, at *7 (S.D. Cal. Apr. 11, 2018); *Lopez v. Chertoff*,

13   2009 WL 1575214, at *2 (E.D. Cal. June 2, 2009).

14         Furthermore, the request is overbroad, unduly burdensome, and disproportionate to

15   the needs of the case in that it demands the FTC search for and produce, without

16   limitation, documents reflecting or referring to the Litigation and any of the facts or

17   people, without regard to whether the document or the manner in which it relates or refers

18   to the Litigation, facts, or people is relevant to the claims or defenses in this Litigation.

19   *See* MANUAL FOR COMPLEX LITIGATION, 4TH  § 11.443, at 75 (2004) (describing demands

20   such as those for "'all documents relating or referring to'" an issue, party, or claim as

21   indiscriminate, overly broad, and unduly burdensome).  The Request encompasses

22   documents that have no relevance to the claims or defenses in this action, and documents

23   that relate or refer solely to uncontested facts.  The burden of conducting a search to gather

24   and produce documents relating to or referring to the Litigation, facts mentioned, and

25   people mentioned is not justified by the value of such a search and production to resolving

26   the issues in this Litigation.

1    The FTC also objects that this Request is duplicative of requests for documents to

2  which the FTC has responded by producing nonprivileged documents described with

3  reasonable particularity.  Furthermore, the FTC objects insofar as this request

4  encompasses documents to which Defendant Mueller already has access because the

5  documents are in the possession, custody, or control of one or more of the Defendants, or

6  are public records.  A request that the FTC search for and re-produce documents

7  accessible to Defendant Mueller through public records, access to Defendants' records, or

8  the FTC's response to document requests is duplicative, unduly burdensome, and

9  improper.

10    The FTC objects to this Request because it seeks documents protected by the

11  attorney-client privilege, the deliberative process privilege, the informant's privilege, the

12  law enforcement evidentiary or investigatory files privilege, and the work product

13  doctrine.  Accordingly, the FTC will not produce documents containing internal FTC

14  communications (including communications between Commissioners and executives),

15  Communications with informants and other law enforcement agencies, documents related

16  to such communications, or memoranda and analyses prepared in anticipation of litigation,

17  or documents containing protected Communications with third parties.

18    The FTC  is withholding documents based on these objections.  In response to

19  other, particularized requests, the FTC has or will produce documents that are within the

20  sweep of this request, but will not produce any documents specifically based on this

21  Request.

22

23

24

25

26

**2.    Documents containing or referencing Your communications with any governmental agency between the dates January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

**Response to Request for Production 2:**

The FTC objects that this request is duplicative or significantly overlaps with Defendant GCE's Document Request No. 1, and the portion of GCE's Document Request No. 20 that names government agencies.  The FTC responded to these requests on November 7, 2024, and it has or will produce communications with governmental agencies as set forth in the FTC's response to those requests.  The FTC incorporates and repeats its objections to Defendant GCE's Document Requests 1 and 20, as they are also applicable to Defendant Mueller's request.

Accordingly, the FTC objects that this Request fails to describe the requested records with reasonable particularity, as it covers, without limitation, documents that relate to any Defendant and any facts alleged in the Litigation.  The Request is overbroad, unduly burdensome and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce documents containing or referencing any Defendant or facts alleged in the Litigation, without regard to whether the facts are contested, and without regard for whether the communication or the reference to the facts is relevant to the claims or defenses in this Litigation.  The FTC makes information about its official actions, including the identity of the Defendants in this action and the complaints in this litigation, available to the public and in response to inquiries, and this request demands production of communications with government agencies without regard to whether the communication involved information the FTC generally provides to the public regarding litigation.  The Request encompasses documents that inform agencies of the Complaint and Amended Complaint, and communications that have no relevance to resolving the claims or defenses in this action.  The burden of conducting a search to

gather and produce such documents is not justified by the value of such a search and production to resolving the issues in this Litigation. The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not obtained for purposes of this Litigation; such documents are not related to the claims or defenses and request for production of such documents is unreasonably burdensome.

The FTC also objects to the extent that this Request encompasses public records or documents in Defendant Mueller's possession, custody, or control, as GCE and GCU already have access to such documents. Records from GCU's application to the Department of Education regarding transfer of control and subsequent litigation, and the Department of Education's inquiry into the GCU doctoral programs are accessible to Defendant Mueller. A request that FTC search for and re-produce such documents is unduly burdensome and improper.

The FTC also objects to this Request because it seeks documents protected by the deliberative process privilege, the law enforcement evidentiary or investigatory files privilege, and the work product doctrine. Accordingly, the FTC will not produce documents containing internal FTC communications (including communications between Commissioners and executives), Communications with other law enforcement agencies, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation, or documents containing protected Communications with third parties.

The FTC is withholding documents based on these objections; it will not produce any documents based on this Request apart from those described in the FTC's response to Defendant GCE's Document Request No. 1, and the portions of GCE's Document Request No. 20 that identify government agencies.

**3.       Documents you received, either directly or otherwise, from any governmental agency between the dates of January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

**Response to Request for Production 3:**

The FTC objects that this request is duplicative or significantly overlaps with Defendant Mueller's Request No. 2, Defendant GCE's Document Request No. 1, and the portion of GCE's Document Request No. 20 that names government agencies.  The FTC responded to GCE's Document Requests on November 7, 2024, and it has or will produce communications with governmental agencies as set forth in the FTC's response to those requests.  The FTC incorporates and repeats its objections to Defendant GCE's Document Requests 1 and 20, as they are also applicable to Defendant Mueller's request.

Accordingly, the FTC objects that this Request fails to describe the requested records with reasonable particularity, as it covers, without limitation, documents that relate to any Defendant and any facts alleged in the Litigation.  The Request is overbroad, unduly burdensome and disproportionate to the needs of the case in that it purports to require the FTC to search for and produce documents containing or referencing any facts alleged in the Litigation, without regard to whether the facts are contested, and without regard for whether the communication or the reference to the facts is relevant to facts that are contested, or to claims or defenses in this Litigation.  The burden of conducting a search to gather and produce such documents is not justified by the value of such a search and production to resolving the issues in this Litigation.  The FTC objects to this Request to the extent it is not limited to this Litigation, and calls for production of documents not received in connection with this Litigation or the pre-complaint investigation; such documents are not related to the claims or defenses and request for production of such records is unreasonably burdensome.

1    The FTC also objects to the extent that this Request encompasses public records or

2    documents in Defendant Mueller's possession, custody, or control, as GCE and GCU

3    already have access to such documents.  Records from GCU's application to the

4    Department of Education regarding transfer of control and subsequent litigation, and the

5    Department of Education's inquiry into the GCU doctoral programs are accessible to

6    Defendant Mueller.  A request that FTC search for and re-produce such documents is

7    unduly burdensome and improper.

8    The FTC also objects to this Request because it seeks documents protected by the

9    deliberative process privilege, the law enforcement evidentiary or investigatory files

10   privilege, and the work product doctrine.  Accordingly, the FTC will not produce

11   documents containing internal FTC communications (including communications between

12   Commissioners and executives), communications with other law enforcement agencies,

13   documents related to such communications, or memoranda and analyses prepared in

14   anticipation of litigation, or documents containing protected communications with third

15   parties.

16   The FTC is withholding documents based on these objections; it will not produce

17   any documents based on this Request apart from those described in the FTC's response

18   to Defendant GCE's Document Request No. 1, and the portions of GCE's Document

19   Request No. 20 that identify government agencies.

20

21   **4.    Documents containing or referencing Your communications with any student**

22   **between the dates of January 1, 2018 and the present, including without limitation**

23   **the individuals identified on __Attachment C__ of your Rule 26 Initial Disclosures.**

24   **__Response to Request for Production 4:__**

25   The FTC objects that this request is duplicative or significantly overlaps with

26   Defendant GCE's Document Requests Nos. 3, 4 and 5, to which the FTC responded on

November 7, 2024.  The FTC has or will produce communications with students as set forth in that response.  The FTC incorporates and repeats its objections to Defendant GCE's Document Requests Nos. 3, 4 and 5, as they are also applicable here to the extent Defendant Mueller's unqualified request for documents containing or referencing communications with "any student between the dates of January 1, 2018 and the present," describes documents responsive to Defendant GCE's Document Requests Nos. 3, 4 and 5.

The FTC objects to the request because it fails to describe the requested records with reasonable particularity.  The request fails to describe the requested records with reasonable particularity because Defendant's expansive definition of communication encompasses any conveying of thought or information, and it encompasses records "referencing" such communications, without limitation to the context, substance or nature of the reference.

The request for documents containing or referencing your communications with any student is also overly broad and unduly burdensome as it is not limited to students or communications relevant to the claims or defenses in this Litigation.  Requiring the FTC to search for and produce communications from any individual who enrolled in, or considered enrolling in, a GCU educational program would require searching, reviewing and producing documents that do not concern representations regarding characterization of GCU as a nonprofit, doctoral programs, or do-not-call requests.  The burden of fulling this request not proportional to the needs of discovery in this action, or reasonably limited to documents relevant to the claims and defenses.

The FTC also objects to this Request to the extent it covers documents available to Defendant Mueller because they are in the Defendants' possession, custody, or control including documents the FTC provided prior to initiation of this suit.  To the extent this Request seeks documents in Defendants' possession, custody, or control, the Request is

1  improper and unduly burdensome because Defendant Mueller has access to the documents

2  without the FTC re-producing them.

3        The FTC objects to this Request because it seeks documents protected by the

4  attorney-client privilege, the deliberative process privilege, the law enforcement

5  evidentiary or investigatory files privilege, the informant's privilege, and the work product

6  doctrine.  The FTC objects to this Request because it seeks communications with, and

7  documents that would identify individuals subject to the informant's privilege.

8  Accordingly, the FTC will not produce documents that would identify informants, that

9  contain internal FTC communications, notes, drafts, communications with informants and

10  other law enforcement agencies, documents related to such communications, or

11  memoranda and analyses prepared in anticipation of litigation, or documents containing

12  protected communications.

13        The FTC  is withholding documents based on these objections. The FTC refers

14  Defendant Mueller to the FTC's November 7, 2024, response to Defendant GCE's

15  Document Requests, which describes particular documents the FTC has or will produce

16  in response to those requests.  The FTC will not duplicate that production or additional

17  documents in response to this request.

18

19  **5.      Documents containing or referencing Your communications with any plaintiff**

20  **or putative class member (including their attorneys or agents) in the actions and**

21  **proceedings involving Defendants identified on pages three and four of your initial**

22  **disclosures (*Carr et al. v. Grand Canyon University*, USDC AZ, Docket No. 2:19-**

23  **05214; *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707;**

24  ***Young v. Grand Canyon University*, 11ᵗʰ Cir., Docket No. 21-12564; *Fellows v. Grand***

25  ***Canyon Education Inc.*, USDC W. Pa., Docket No. 1:18-00314; *In Re Grand Canyon***

26  ***Education, Inc. Securities Litigation*, USDC DE, Docket No. 1:20-00639; *Ogdon v.***

1  *Grand Canyon University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon*

2  *Education, Inc.*, USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand*

3  *Canyon University*, USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon*

4  *Education, Inc*., USDC DE, Docket No. 1:20-00801).

5  **Response to Request for Production 5:**

6      The FTC objects to the request for production of documents regarding putative

7  class members because the request fails to describe the requested records with reasonable

8  particularity, and FTC does not have access to information identifying putative class

9  members.  Furthermore, to request for documents regarding putative class members is

10 unreasonably burdensome and disproportionate to the benefit of such materials to

11 discovery in this action as requiring the FTC to obtain the identity of putative class

12 members would be burdensome and require information uniquely accessible to

13 Defendants.

14     The FTC objects that the request for documents "referencing Your

15 Communication with any plaintiff or putative class member" in the listed actions,

16 including their attorneys and agents does not identify documents with particularity and is

17 overbroad and unduly burdensome.  "Communication" is defined in the document

18 requests in a manner that encompasses documents filed in the listed actions, and

19 requesting that the FTC produce documents and information received from public filings

20 made in these actions – including the complaints, briefs, and evidentiary submissions –

21 is unduly burdensome and not proportional to the needs of discovery in this action.  The

22 dockets of the listed actions contain voluminous documents regarding Defendants'

23 activities in marketing educational services.  Requiring production of all documents the

24 FTC has received from publicly available filings from these actions is unduly

25 burdensome.  Furthermore, the request demands production of communications without

26 regard to whether the communication pertained to the claims or defenses in the

1  Amended Complaint.  Furthermore, "communication" is defined in this Set of

2  Interrogatories to include the conveying of thought or information, and, thus, demands

3  identification of interactions without regard to whether substantive information is

4  conveyed, and communications that have no significance to the claims and defenses in

5  this action.  The request demands production of documents "referencing" such

6  communications, without regard for the nature of the reference or whether the

7  documents relate to claims or defenses in this action.  The documents that simply

8  reference material from the listed actions bear little or no relevance to contested facts in

9  this Litigation or the claims and defenses, and the burden of searching for and producing

10  such documents.

11       The FTC objects to this Request because it seeks documents protected by the

12  attorney-client privilege, the deliberative process privilege, and the work product

13  doctrine.  Documents that could reveal deliberations and mental impressions of FTC

14  attorneys regard the listed actions and proceedings in anticipation of litigation are

15  protected work product.  Accordingly, the FTC will not produce documents that contain

16  protected material, such as  internal FTC communications, notes, drafts, documents

17  related to such communications, or memoranda and analyses prepared in anticipation of

18  litigation.

19       The FTC is withholding documents based on these foregoing objections. The FTC

20  construes this request narrowly as a request for direct verbal communications between the

21  FTC staff assigned to represent the FTC in this action and a plaintiff or putative class

22  member (including their attorneys or agents) in the listed actions and proceedings.  The

23  FTC will produce documents containing communications with named plaintiffs

24  (including their representatives) in the listed actions and proceedings that are not

25  protected by the work product doctrine or privileged.

26

6.      **Documents or communications supporting Your allegations in Paragraph 7 of the FAC that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".**

**Response to Request for Production 6:**

The FTC objects that this Request fails to identify the requested documents with reasonable particularity because it requests that the FTC provide a comprehensive production of documents and communications that support the allegations in paragraph 7 of the First Amended Complaint, an allegation that, in turn, references acts and practices of GCE and GCU that span more than a decade.  Furthermore, the request fails to describe the requested records with reasonable particularity because Defendant's expansive definition of communication encompasses any conveying of thought or information.  The FTC also objects to the request to produce "communications" as overbroad, burdensome, and improper, as the definition of "communication" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

Furthermore, the request for documents or communications supporting the control, participation, or other involvement by Defendant Mueller in the activities encompassed by the entire complaint would require an excessively laborious and time-consuming search and production of documents and communications regarding transactions and events, many of which are uncontested.  Defendant's definition of communication multiplies this burden, as it encompasses any conveying of thought or information.  The burden of producing such a comprehensive response would far outweigh any benefit to the needs of this case, particularly given that Defendant Mueller's control of, and participation in, the activities of GCE and GCU is established by his offices, and corporate records of GCE and GCU documenting his authority, role

and official statements.  This request is also unduly burdensome because documents

supporting the allegations are public records and records within Defendant Mueller's

possession, custody, or control; the FTC objects that the request that it search for, and

produce or re-produce documents that are already available to Defendant Mueller would

impose a burden that is unreasonable and  not proportional to the needs of the case.

The FTC further objects that the request that the FTC produce documents and

communications supporting the allegations in paragraph 7 of the First Amended

Complaint is premature, and requests documents protected by the work product doctrine,

deliberative process privilege, informant's privilege, and law enforcement privilege by

requesting facts and documents prepared in anticipation of litigation, and agency

investigation and evaluation of the activities of the Defendants.  The Request is not

limited to documents that are primary or significant support for specific, contested facts,

and Defendants have yet to provide relevant discovery regarding Defendant Mueller's

actions.

The FTC is withholding documents based on these foregoing objections and will

not produce documents in response to this Request.

**7.      Documents or communications supporting Your allegations in Paragraph 14
of the FAC that "Gazelle/GCU was organized by GCE and Defendant Mueller to
advance GCE's for-profit business and to advance Defendant Mueller's interests."**
**Response to Request for Production 7:**

The FTC objects that this Request fails to identify the requested documents with

reasonable particularity because it requests that the FTC provide a comprehensive

identification of documents and communications that support the allegations in

paragraph 14 of the First Amended Complaint, an allegation that, in turn, refers to multi-

year organizational activities that are discussed in voluminous documents, including

SEC filings, IRS applications, applications to the Department of Education, accreditation proceedings, litigation by Grand Canyon University against the Department of Education, and suits by investors against Grand Canyon Education, Inc.  Furthermore, the request fails to describe the requested records with reasonable particularity because Defendant's expansive definition of communication encompasses any conveying of thought or information.  The FTC also objects to the request to produce "communications" as overbroad, burdensome, and improper, as the definition of "communication" that accompanies these First Requests is not confined to documents and tangible things within the scope of Federal Rule of Procedure 34.

This request is also unduly burdensome.  The request for documents or communications supporting Paragraph 14 would require an excessively laborious and time-consuming search and description of transactions and events, many of which are uncontested.  Defendant's definition of communication multiplies this burden, as it encompasses any conveying of thought or information. The burden of producing such a comprehensive response would far outweigh any benefit to the needs of this case, particularly given the statements and presentations describing the benefits of the effort to investors.  This request is also unduly burdensome because documents supporting the allegations are public records and records within Defendant Mueller's possession, custody, or control; the FTC objects that the request that it search for, and produce or re-produce documents that are already available to Defendant Mueller would impose a burden that is unreasonable and  not proportional to the needs of the case.

The FTC further objects that the request that the FTC produce documents and communications supporting the allegations in paragraph 14 of the First Amended Complaint is premature, and requests documents protected by the work product doctrine, deliberative process privilege, informant's privilege, and law enforcement privilege by

1  requesting facts and documents prepared in anticipation of litigation, and agency

2  investigation and evaluation of the activities of the Defendants.

3      The FTC is withholding documents based on these foregoing objections and will

4  not produce documents in response to this Request.

5

6  **8.      Documents or communications supporting Your allegations in Paragraph 17**

7  **of the FAC that "the fees GCE received from GCU are not subject to any limit and**

8  **are not proportionate to GCU's costs for providing services to GC[U]."**

9  **<u>Response to Request for Production 8:</u>**

10      The allegation is supported by the Master Services Agreement between Gazelle

11  University and Grand Canyon Education, Inc., Exhibit D (GCU-FTC-007180-7182);

12  Notes to Consolidated Financial Statements of Grand Canyon University since 2018;

13  Notes to Consolidated Financial Statements of Grand Canyon Education, Inc., since 2018;

14  Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment in

15  Grand Canyon University v. Cardona, No. 2:21-cv-00177, ¶ 58.c.

16      The FTC objects to producing the documents identified above as these documents

17  are already in Defendants' possession.  The FTC objects that the burden of identifying or

18  producing additional documents is not proportionate to the needs of this case because the

19  fee arrangements appear in multiple documents accessible to Defendants.  The FTC also

20  objects to the request to produce "communications" as overbroad, burdensome, and

21  improper, as the definition of "communication" that accompanies these First Requests is

22  not confined to documents and tangible things within the scope of Federal Rule of

23  Procedure 34.  The FTC objects that documents prepared in the course of investigating and

24  preparing for litigation of this matter are protected by the work product doctrine, the

25  attorney-client privilege, and the deliberative process privilege.

26

1    The FTC is withholding documents based on these foregoing objections and will

2    not produce documents in response to this Request.

3

4    **9.      Documents or communications supporting Your allegations in Paragraph 55**

5    **of the FAC that "Defendants train telemarketers for GCU doctoral degree marketing**

6    **campaigns with materials that describe the GCU doctoral programs as requiring**

7    **twenty courses, which include only three dissertation courses."**

8    <u>**Response to Request for Production 9:**</u>

9        The FTC objects that this Request fails to identify the requested documents with

10   reasonable particularity because it requests that the FTC search for and produce, without

11   limitation, documents and communications that support the allegations in paragraph 55

12   of the First Amended Complaint.  Paragraph 55 references training of scores of

13   telemarketers involved in marketing multiple degree programs described in catalogues,

14   enrollment agreements, websites, tuition calculators and charts that Defendants

15   repeatedly modified without altering representations that the GCU doctoral programs

16   required twenty courses, three of which are dissertation courses.  The FTC also objects

17   to the request to produce "communications" as overbroad, burdensome, and improper, as

18   the definition of "communication" that accompanies these First Requests is not confined

19   to documents and tangible things within the scope of Federal Rule of Procedure 34.

20       Furthermore, the FTC objects that requesting such a compilation of every

21   document and communications supporting Paragraph 55 is unduly burdensome because

22   Defendants have previously identified and authenticated training presentations that

23   exemplify the practice described in Paragraph 55.  *See, e.g.,* GCE-FTC-CID-003-

24   00006221, GCE-FTC-CID-003-00006146, GCE-FTC-CID-003-00006071.  Identifying

25   every document or communication supporting the allegation that such training occurred

26   would require an excessively laborious and time-consuming search and description of

transactions and events, many of which are uncontested.  The burden of producing such a comprehensive response would far outweigh any benefit to the needs of this case.  .

The FTC objects to producing the documents identified above as these documents are already in Defendants' possession.  The FTC objects that the burden of identifying or producing additional documents is not proportionate to the needs of this case.  The FTC objects that documents prepared in the course of investigating and preparing for litigation of this matter are protected by the work product doctrine, the attorney-client privilege, and the deliberative process privilege.

The FTC further objects that the request that the FTC identify documents or communications that relate to or reference the allegations in paragraph 55 of the First Amended Complaint seeks information protected by the work product doctrine, deliberative process privilege, informant's privilege, and law enforcement privilege by requesting facts and documents prepared in anticipation of litigation, and agency investigation and evaluation of the activities of the Defendants.

The FTC is withholding documents based on these foregoing objections and will not produce documents in response to this Request.

**10.    Documents containing or referencing Your communications with any current or former employee of any Defendant, including employees of any third-party acting on behalf of any Defendant, related to the Litigation.**

**Response to Request for Production 10:**

The FTC objects to the request because it fails to describe the requested records with reasonable particularity.  The request fails to describe the requested records with reasonable particularity because it encompasses records "referencing" such communications, without limitation to the context, substance, or nature of the reference,

1  and because Defendant's expansive definition of communication encompasses any

2  conveying of thought or information.

3      The FTC objects to this Request as ambiguous and overbroad in requesting

4  documents containing or referencing communications with a present, with any current or

5  former employee, agent, contractor, or representative of any Defendant without limitation

6  or qualification.  The request is not limited to communications of significance, or by

7  ordinary meaning of communications, or to communications relevant to the claims or

8  defenses in this Litigation.  The FTC also objects to that this request is overbroad in

9  encompassing press releases, published pleadings or inquiries for, or communication of,

10  public information regarding any Defendant and/or the facts in this Litigation.  Public FTC

11  announcements regarding this action are available to Defendants' current or former

12  employees and are encompassed by Defendant's definition of communications.  Collecting

13  and producing such documents would not advance the resolution of the claims or defenses

14  in this Litigation, and the burden of producing such documents is not proportional to the

15  needs of the case.  The request is also unduly burdensome because FTC's public

16  announcements and public information regarding this action are available to Defendants,

17  the burden of searching for and producing documents containing such information is

18  disproportionate to any benefit for discovery.

19      The FTC objects that this Request seeks information protected by the informant's

20  privilege.  *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014).  Communications with a current

21  or former employee, agent, contractor, or representative in anticipation of litigation or

22  preparation for trial regarding the conduct alleged in the Amended Complaint, and the

23  recollections and mental impressions of FTC staff regarding such Communications, are

24  protected by the work product doctrine.  Documents, including internal FTC

25  communications (including communications between Commissioners and executives),

26  communications with other law enforcement agencies, documents related to such

FTC's Response to Defendant Mueller's First Set Of Requests for Production to Plaintiff Federal
Trade Commission                                                        21

1  communications, or documents containing protected communications with third parties,

2  that reference such Communications are also protected by the work product doctrine, the

3  attorney-client privilege, the deliberative process privilege, and the law enforcement

4  evidentiary or investigatory files privilege.  Any communications responsive to a narrower

5  request for communications discussing activities described in the Commission's claims in

6  this Litigation are protected by the aforementioned privileges or the work product

7  doctrine.

8       The FTC  is withholding documents based on these objections, and will not

9  produce any documents specifically based on this Request.

10

11  **11.    Documents containing or referencing Your communications with any Student**

12  **Consumer Group related to any Defendant and/or the facts in the Litigation.**

13  **Response to Request for Production 11:**

14       The Commission objects to the request for production of "communications with

15  any Student Consumer Group related to any Defendant" because it fails to describe the

16  requested records with reasonable particularity, is ambiguous, and encompasses records

17  that are not related to claims or issues in this Litigation.  The request fails to describe the

18  requested records with reasonable particularity because it encompasses records

19  "referencing" such communications, without limitation to the context, substance, or nature

20  of the reference, and because Defendant's expansive definition of communication

21  encompasses any conveying of thought or information.

22       The FTC also objects to that this request is overbroad in encompassing press

23  releases, published pleadings or inquiries for, or communication of, public information

24  regarding any Defendant and/or the facts in this Litigation.  Public Commission

25  announcements regarding this action are available to Student Consumer Groups and are

26  encompassed by Defendant's definition of communications.  Collecting and producing

such documents would not advance the resolution of the claims or defenses in this Litigation, and the burden of producing such documents is not proportional to the needs of the case.  The request is also unduly burdensome because FTC's public announcements and public information regarding this action are available to Defendants, the burden of searching for and producing documents containing such information is disproportionate to any benefit for discovery.

The FTC objects to production of documents "referencing Your communications with any Student Consumer Group related to any Defendant and/or the facts in the Litigation" because the documents are protected by the attorney-client privilege, the deliberative process privilege, and the law enforcement evidentiary or investigatory files privilege, and the work product doctrine.  Accordingly, the FTC will not produce documents that contain protected material, such as internal FTC communications, notes, drafts, documents related to such communications, or memoranda and analyses prepared in anticipation of litigation.

The FTC is withholding documents based on these foregoing objections.

The FTC will produce documents that are not protected by the work product doctrine or privileged containing communications with representatives of a Student Consumer Group representing class members.

**12.     Documents or communications reflecting any review, investigation, or action by the FTC against an institution of higher education (other than GCU) related to statements and/or disclosures of the time, courses, credits, or costs to pursue a doctoral since January 1, 2018.**

**Response to Request for Production 12:**

The FTC objects that this Request fails to describe the requested records with reasonable particularity; it covers documents or communications without limitation, and it

encompasses "any review, investigation or action by the FTC."  Furthermore, the

accompanying definitions define "related to" expansively to include "concerning,

reflecting, referring to, describing, evidencing, proving, disproving, summarizing,

containing, analyzing, explaining, mentioning, discussing, describing, supporting, or

constituting."  The FTC also objects to the request to produce "communications" as

overbroad, burdensome, and improper, as the definition of "communication" that

accompanies these First Requests is not confined to documents and tangible things within

the scope of Federal Rule of Procedure 34.

The FTC objects that the request is not within the scope of discovery or

proportional to the needs of the case because it demands material regarding institutions of

higher education other than GCU.

The FTC objects that information regarding investigations by the FTC and

documents obtained in the course of such investigations is protected by statute.  If the FTC

was conducting a nonpublic review or investigation, or considering an action within the

scope of this request against an institution of higher education, the FTC Act requires that

relevant material be confidential, subject to exceptions that are not applicable here.  15

U.S.C. § 57b-2(b)-(c); 16 C.F.R. 4.10(d)-(e).  Disclosure of documents or information that

would reveal a nonpublic FTC review, investigation, or potential action against an

institution of higher education is generally prohibited by the FTC Act, and the FTC does

not comment on the existence or absence of such investigations, reviews, or potential

actions that remain confidential.

The law enforcement privilege, work product doctrine, the attorney-client and

deliberative process privilege, would also be applicable if the FTC was conducting a

review or investigation, or considering an action within the scope of this request against an

institution of higher education.

1    The FTC is withholding documents based on these foregoing objections and will

2    not produce documents in response to this Request.

3

4    **13.    Documents containing or referencing communications about the Investigation**

5    **or Lawsuit involving You and/or FTC Chairs and/or Commissioners.**

6    **Response to Request for Production 13:**

7    The FTC objects that this Request fails to describe the requested records with

8    reasonable particularity and is ambiguous in that it covers, without limitation, documents

9    containing or referencing communications about the Investigation or Lawsuit and which

10    "involv[e]" "You" (*i.e.*, "the [FTC] and any of its agents, representatives, employees,

11    attorneys, experts, consultants, independent contractors, and/or other person or entity

12    acting, and/or purporting to act on behalf of the FTC), Chairs, Commissioners without

13    regard to whether the document is relevant to the claims or defenses in this Litigation.

14    Accordingly, the request covers any document containing or referencing communications

15    about the Investigation or Lawsuit if any FTC personnel are parties to the communication.

16    The Request does not provide a reasonably specific description of the documents

17    requested and encompasses documents that have no relevance to the claims or defenses in

18    this action.

19    The FTC also objects that the request is unduly burdensome.  The burden of

20    conducting a search to gather and produce "all documents containing or referencing

21    communications" about activities that began in May 2022, and without limitation to the

22    personnel involved in the communication, the substance of the communication, or whether

23    the communication concerns contested facts, or is relevant to a specified claim or defense,

24    is enormous because the request lacks reasonable limitations. The burden of searching for

25    and producing documents to satisfy such an unfocused request is not proportional to the

26

1  needs of this Litigation, and not justified by the value of such a search and production to

2  resolving the issues in this Litigation.

3       The FTC also objects to the extent that this Request covers documents containing

4  communications between the FTC and Defendants or Defendants' counsel as Defendant

5  Mueller already has access to such documents; a request that the FTC search for and re-

6  produce such documents is unduly burdensome.  The FTC also objects to the extent that

7  this Request encompasses public records or documents in Defendant Mueller's possession,

8  custody, or control, as Defendant Mueller already has access to such documents; a request

9  that FTC search for and re-produce such documents is unduly burdensome.  The FTC also

10 objects that the request is duplicative insofar as it encompasses documents that contain

11 FTC civil investigative demands and correspondence with businesses, consumers and

12 agencies that the FTC has produced or stated will be produced in response to Defendant

13 GCE's First Set of Document Requests.

14      The FTC objects to this Request because it seeks documents protected by the

15 attorney-client privilege, the deliberative process privilege, the informant's privilege, the

16 law enforcement evidentiary or investigatory files privilege, and the work product

17 doctrine.  Accordingly, the FTC will not produce documents containing internal FTC

18 communications (including communications between Commissioners and executives),

19 communications with informants and other law enforcement agencies, documents related

20 to such communications, or memoranda and analyses prepared in anticipation of litigation,

21 or documents containing protected communications with third parties.

22      The FTC is withholding documents based on these foregoing objections and will

23 not produce documents in response to this Request.  As noted previously, the FTC's

24 response to Defendant GCE's First Set of Document Requests describe documents

25 containing communications about the Investigation with third parties, including entities

26 to which the FTC addressed civil investigative demands, and consumers who reported

1  experiences with telemarketing calls by or on behalf of Grand Canyon University,

2  nonprofit representations, or the Grand Canyon University doctoral programs.  The FTC

3  will not duplicate that production in response to this Request.

4

5  **14.    Documents or communications referencing the FTC's consideration of any**

6  **Defendant at any meeting under 16 C.F.R. § 4.15 or by written circulation, including**

7  **but not limited to, agendas, meeting minutes, transcripts, recordings, and any**

8  **documents or information considered at such meeting (or by written circulation).**

9  **Response to Request for Production No. 14:**

10      The FTC objects that this Request fails to describe the requested records with

11  reasonable particularity, and is overbroad, unduly burdensome and disproportionate to the

12  needs of the case in that it purports to require the FTC to search for and produce all

13  documents or communications referencing the FTC's consideration of any Defendant at

14  any meeting under 16 C.F.R. § 4.15 or by written circulation, and documents or

15  information considered at such meeting without regard to whether the document is

16  relevant to the claims or defenses in this Litigation.  The Request for documents

17  "referencing" consideration of any Defendant lacks reasonable particularity.  Furthermore,

18  both the expansive request for documents "referencing" consideration and the unqualified

19  request for  any documents or information considered at such meeting (or by written

20  circulation)" encompass documents that have no relevance to the claims or defenses in this

21  action.  Furthermore, the request fails to describe the requested records with reasonable

22  particularity because Defendant's expansive definition of communication encompasses

23  any conveying of thought or information.  The FTC also objects to the request to produce

24  "communications" as overbroad, burdensome, and improper, as the definition of

25  "communication" that accompanies these First Requests is not confined to documents and

26  tangible things within the scope of Federal Rule of Procedure 34.

1   The FTC also objects that the request is unduly burdensome and not limited to
2   production of documents proportional to the needs of this case.  Because of the definition
3   of communications, the unqualified term "referencing", and the request for any documents
4   considered at a meeting or circulation without limitation to the topic, the request
5   encompasses documents that have no substantive relevance to the claims and defenses,
6   and the burden of conducting a search to gather and produce all documents or
7   communications with the broad scope of this Request is not justified by the value of such a
8   search and production to resolving the issues in this Litigation.

9   The FTC objects to this Request because it seeks documents protected by the
10  attorney-client privilege, the deliberative process privilege, the informant's privilege, the
11  law enforcement evidentiary or investigatory files privilege, and the work product
12  doctrine.  Documents describing proposed action and the basis for proposed action
13  regarding Defendants in connection with a process for FTC action are protected
14  communications.  Defendant Mueller has not properly pled or identified a basis for
15  disregarding the privileges that protect agency deliberations, law enforcement activities,
16  and work product.  Accordingly, the FTC will not produce documents containing internal
17  FTC communications, notes, communications with informants and other law enforcement
18  agencies, documents related to such communications, or memoranda and analyses
19  prepared in anticipation of litigation.

20  The FTC is withholding documents based on these objections.  The FTC produces
21  with this response the record of the Commission votes to approve the filing of the

22
23
24
25
26

1  Complaint and First Amended Complaint (FTCvGCE-FTC012682 – FTCvGCE-

2  FTC012685).

3                                                      Respectfully submitted,
                                                       FEDERAL TRADE COMMISSION
4  December 9, 2024

5

6                                            By:      */s/ Michael E. Tankersley*
                                                       Michael E. Tankersley
7                                                      Gregory A. Ashe
                                                       Carlton B. Mosley
8                                                      Patrick Roy
                                                       FEDERAL TRADE COMMISSION
9                                                      600 Pennsylvania Avenue NW
                                                       Washington, D.C. 20580
10                                                     Telephone: (202) 326-2991
                                                       Email: mtankersley@ftc.gov
11
                                                       *Attorneys for Plaintiff*
12                                                     *FEDERAL TRADE COMMISSION*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FEDERAL
TRADE
COMMISSION

# Commission Circulation

| 1. Circulation Type | | 2. Document Number | 2a. Related Document Number |
|---|---|---|---|
| ☐ Part 3 Adjudication  ☒ Vote  ☐ Information  ☐ Topping | | 609213 | 609024 |

| 3. Matter Name | 4. Matter Number | 5. Circulation Date |
|---|---|---|
| Grand Canyon University | 2223054 | 12/20/2023 |

**6. Circulated By**

Chair Lina M. Khan

**7. Document Title**

MOTION TO AUTHORIZE STAFF TO FILE A SECTION 13(b) COMPLAINT

**8. Circulating Commissioner's Advisor**

Tom Dahdouh

**9. Action**

☒   I move that this staff recommendation, in which I concur, be approved.

A vote is respectfully requested by COB today, 12/20/2023.

---

### TO BE COMPLETED BY THE OFFICE OF THE SECRETARY STAFF

| Majority Vote | Voting Deadline |
|---|---|
| | |

Notified Commissioners

| Voting Deadline Tolled *(Withdrawal of Vote)* | New Voting Deadline *(Extended by Circulation)* | Effective Date of Action  12/20/2023 |
|---|---|---|
| Document Type | Confidentiality Code | Entry Initials | Check Initials | Document Location |

FTC Form **213** (rev. 04/2023)

FTCvGCE-FTC012682

## COMMISSIONER VOTING RECORD

| | Vote | Khan | Slaughter | Bedoya | Comm. (Vacant) | Comm. (Vacant) |
|---|---|---|---|---|---|---|
| | Yes | Date LK-RM 12/20/2023<br>Time | Date 12/20/2023<br>RS -RM<br>Time | Date 12/20/2023<br>AB - RM<br>Time | Date<br>Time | Date<br>Time |
| | No | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | Abstain | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | Vote Withdrawn | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| Vote Reinstated | Yes | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | No | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | Abstain | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | Recused | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |
| | Not Participating | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time | Date<br>Time |

*Under Rule 4.14(b), a quorum consists of the majority of Commissioners in office and not recused from the matter. Commissioners who indicate to the Office of the Secretary that they are "Not Participating" are excluded from the formation of a quorum. For example, if four Commissioners are in office and not recused, three must be ready to participate by voting "Yes," "No," or "Abstain" to have a quorum for the transaction of business.*

FTCvGCE-FTC012683



FEDERAL
TRADE
COMMISSION

# Commission Circulation

| 1. Circulation Type | 2. Document Number | 2a. Related Document Number |
|---|---|---|
| ☐ **Part 3 Adjudication**  ☒ **Vote**  ☐ **Information**  ☐ **Topping** | 611536 | 611501 |

| 3. Matter Name | 4. Matter Number | 5. Circulation Date |
|---|---|---|
| Grand Canyon University | X240015 | 09/04/2024 |

**6. Circulated By**

Chair Lina M. Khan

**7. Document Title**

MOTION TO AUTHORIZE STAFF TO FILE AN AMENDED COMPLAINT

**8. Circulating Commissioner's Advisor**

Tom Dahdouh

**9. Action**

☒ I move that this staff recommendation, in which I concur, be approved.

A vote is respectfully requested by COB today.

---

### TO BE COMPLETED BY THE OFFICE OF THE SECRETARY STAFF

| Majority Vote | Voting Deadline |
|---|---|
|  |  |

Notified Commissioners

| Voting Deadline Tolled *(Withdrawal of Vote)* | New Voting Deadline *(Extended by Circulation)* | Effective Date of Action |
|---|---|---|
|  |  |  |

| Document Type | Confidentiality Code | Entry Initials | Check Initials | Document Location |
|---|---|---|---|---|
|  |  |  |  |  |

FTC Form **213** (rev. 04/2024)

FTCvGCE-FTC012684

## COMMISSIONER VOTING RECORD

| Vote | | Khan | Slaughter | Bedoya | Holyoak | Ferguson |
|---|---|---|---|---|---|---|
| Yes | | LK/NX/DD Date 9-4-24 Time 3:37 PM | RS/AK/DD Date 9-4-24 Time 3:39 PM | AB/AR/DD Date 9-4-24 Time 4:32 PM | Date Time | Date Time |
| No | | Date Time | Date Time | Date Time | Date Time | Date Time |
| Abstain | | Date Time | Date Time | Date Time | Date Time | Date Time |
| Vote Withdrawn | | Date Time | Date Time | Date Time | Date Time | Date Time |
| Vote Reinstated | Yes | Date Time | Date Time | Date Time | Date Time | Date Time |
| | No | Date Time | Date Time | Date Time | Date Time | Date Time |
| | Abstain | Date Time | Date Time | Date Time | Date Time | Date Time |
| Recused | | Date Time | Date Time | Date Time | Date Time | Date Time |
| Not Participating | | Date Time | Date Time | Date Time | MH/EJ/DD Date 9-4-24 Time 4:54 PM | AF/MP/DD Date 9-4-24 Time 4:52 PM |

*Under Rule 4.14(b), a quorum consists of the majority of Commissioners in office and not recused from the matter. Commissioners who indicate to the Office of the Secretary that they are "Not Participating" are excluded from the formation of a quorum. For example, if four Commissioners are in office and not recused, three must be ready to participate by voting "Yes," "No," or "Abstain" to have a quorum for the transaction of business.*

FTCvGCE-FTC012685