# Exhibit 4

1   MICHAEL E. TANKERSLEY (DC Bar # 411978)
    mtankersley@ftc.gov
2   GREGORY ASHE (VA Bar # 39131)
    gashe@ftc.gov
3   PATRICK ROY (DC Bar # 1023521)
    proy@ftc.gov
4   CARLTON B. MOSLEY (DC Bar # 1644552)
    cmosley@ftc.gov
5   Federal Trade Commission
6   600 Pennsylvania Avenue NW
    Mail Stop CC-6316
7   Washington, DC 20580
8   Telephone: (202) 326-2991 (Tankersley)
              (202) 326-3719 (Ashe)
9             (202) 326-3477 (Roy)
              (202) 326-2163 (Mosley)
10
11  Attorneys for Plaintiff
    FEDERAL TRADE COMMISSION
12

13                UNITED STATES DISTRICT COURT
                       DISTRICT OF ARIZONA
14
    Federal Trade Commission,           No. CV-23-02711-PHX-DWL
15          Plaintiff,
        v.                              **PLAINTIFF'S RESPONSE TO**
16  Grand Canyon Education, Inc., *et al.*,  **DEFENDANT MUELLER'S FIRST**
            Defendants.                 **SET OF INTERROGATORIES TO**
17                                      **PLAINTIFF FEDERAL TRADE**
                                        **COMMISSION**
18

19        In accordance with Federal Rules of Civil Procedure 26 and 33, Plaintiff Federal

20  Trade Commission ("FTC" or "Commission") hereby responds to Defendant Mueller's

21  First Set of Interrogatories to Plaintiff Federal Trade Commission.  The FTC's responses

22  to the Interrogatories represent the FTC's present knowledge based on its investigation,

23  information, and preparation to date.  The FTC reserves the right to supplement, revise,

24  modify, or otherwise change or amend its responses to the Interrogatories.

25

26

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1.    The FTC objects to the Interrogatories to the extent that they seek to impose on the FTC any obligations beyond those provided for in the Federal Rules of Civil Procedure.  The FTC also disregards Instruction VII and VIII insofar as they are inconsistent with or are intended to displace the Stipulated Order Regarding ESI Protocol in this action (ECF No. 95).

2.    The Commission objects to the breadth of the definition of "Plaintiff," "you," "your" or "yours" that accompanies these First Set of Requests.  Interrogatories that incorporate this Definition are overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that it defines these terms to include any individuals not involved in the investigation of GCU and GCE that gave rise to this Litigation, and are not assigned to or involved in the investigation or Litigation.  Furthermore, to the extent this definition encompasses pre-decisional documents prepared for Commissioners by their professional staffs, by the FTC's General Counsel, or by other FTC components in aid of the Commission's decision to commence litigation, the definition encompasses material subject to the attorney-client privilege, the deliberative-process privilege, and the work product doctrine.

3.    The Commission objects to requests that include the term "Defendant," because the term is defined to refer "singularly and collectively to Brian Mueller, Grand Canyon University, and/or Grand Canyon Education."  Because of this definition, requests that use the term "Defendant" are ambiguous.

4.    The FTC objects to definitions that provide that terms or phrases request "a full description and narrative account of the act, transaction relationship, thing or occurrence inquired into, and identify the dates places, persons involved and any witnesses to the act, transaction, relationship thing or occurrence," and demand, through enumerated subparts, additional details for each person, entity, writing, communication or

occurrence.  *See* Definition F.  Interrogatories requesting such narratives and details are overly broad, unduly burdensome, and improper.  *See FTC v. Am. eVoice, Ltd.*, No. CV 13-03-M-DLC, 2017 WL 476617, at \*7 (D. Mont. Feb. 3, 2017); *Wilcox v. Changala*, No. CV-10- 3048, 2012 WL 12844083 (E.D. Wash. Jan. 18, 2012); *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007).  Furthermore, the Commission objects that requests incorporating these definitions are unduly burdensome and harassing because the identifying information regarding the persons, firms, agencies, writings, communications and events are already available to Defendants and often uniquely within Defendants' control.  Such details are also available in public records and documents already in Defendant Mueller's possession, custody, or control, including documents that were produced to the FTC prior to initiation of this suit, tax returns and financial reports of GCU or GCE, Documents available to the public on the docket of suits identified in the Commission's initial disclosures, and filings with the Securities and Exchange Commission ("SEC").  To the extent a request seeks details from such sources, the request is improper and disproportionate to the needs of this case because Defendant Mueller has more convenient access to the information, and demanding that the FTC create a comprehensive narrative, with details identifying persons, firms, writings, communications or events, is unduly burdensome, unnecessarily expensive, and harassing.  *See* Fed. R. Civ. P. 26(b)(1), (b)(2)(C)(i).

The FTC objects that these Interrogatories are misdirected, premature, and unduly burdensome because they request that the FTC provide comprehensive accounts and detailed information that has not been provided in discovery or is the subject of outstanding requests, or is uniquely accessible to Defendants.  The Commission does not have general access to information regarding Defendants' employees, or to relevant education records as Defendants have not initiated or completed the notice procedures in accordance with the Order entered in this action on October 9, 2024.  Without discovery,

1    the Commission does not have access to details requested in these Interrogatories.

2    Defendants also have unique access to information regarding the content of and changes

3    to websites, enrollment agreements, catalogues, advertising and marketing solicitations,

4    and other material. The burden of requiring the Commission to provide details that the

5    Commission must obtain through discovery outweighs the benefit of such discovery and

6    is not proportional to the needs of this Litigation, particularly given Defendants' control

7    of such information, the limitations on discovery, and the stage of discovery. Insofar as

8    the Interrogatories seek a complete recitation of supporting facts, or identification of

9    witnesses, events, communications, or documents that provide substantial support for

10   allegations, requests for unnecessarily comprehensive and detailed answers are premature

11   at this stage. Many facts and events are not contested, the content of documents is not in

12   dispute, and Defendants have yet to provide discovery necessary for the complete response

13   demanded by the Interrogatories.

14   5.      The Commission is disregarding the definition of the term "referenced," which is

15   described as being applicable to "any request seeking documents referenced in Plaintiff's

16   response to an interrogatory," (Definitions M). The interrogatories are not document

17   requests and do not include the term "referenced." The definition is either inapplicable

18   to these interrogatories, or must be disregarded to avoid ambiguity.

19                          **INTERROGATORY RESPONSES**

20   **INTERROGATORY No. 1**: Identify Your communications with any student consumer

21   group and/or student advocacy group about or concerning or relating to any Defendant,

22   individually or collectively.

23   **INTERROGATORY RESPONSE NO. 1:**

24          The FTC objects that this Interrogatory fails to describe the information requested

25   with reasonable particularity, is ambiguous, and is overbroad in requesting the FTC

26   identify communications with any student consumer group and/or student advocacy

27

28

group about or concerning or relating to any Defendant individually or collectively without regard to whether the communication pertained to the claims or defenses in the Amended Complaint, without regard to whether the communication involved information the FTC generally provides to the public regarding litigation, or whether the recipient of the information was identified as a representative of a student consumer group and/or student advocacy group.  The FTC makes information about its official actions, including the claims and defenses in this action, available to the public and in response to inquiries, and student consumer groups and student advocacy group may receive information through these channels.  *See, e.g., https://www.ftc.gov/legal-library/browse/cases-proceedings/grand-canyon-universitygrand-canyon-education; https://www.ftc.gov/news-events/news/press-releases/2023/12/ftc-sues-grand-canyon-university-deceptive-advertising-illegal-telemarketing; https://www.ftc.gov/legal-library/browse/testimony;https://www.ftc.gov/foia/foia-reading-room.*  Identification of these communications is not relevant to claims or defenses in this action, nor is it proportional to the needs of the Litigation.  The Interrogatory is also overbroad and unduly burdensome because "communications" is defined in this Set of Interrogatories to include the conveying of thought or information, including non-verbal communication, and, thus, demands identification of interactions without regard to whether substantive information is conveyed, and communications that have no significance to the claims and defenses in this action. The Interrogatory's request for the date, time, location, content, each participant or witness, and labels on any document with such communications (Definition F(4)), is also overbroad and unduly burdensome.

The FTC further objects that communications made in preparation for litigation or trial are protected by the work-product doctrine, and details requested by the Interrogatory are protected work product.  Furthermore, the Interrogatory's request for the date, time, location, content, substance, each participant or witness, and labels on any

1  document associated with such communications (Definition F(4)), is also overbroad and

2  unduly burdensome. and the burden of compiling such details for protected

3  communications is not proportional to the needs of the case.

4        The FTC construes this Interrogatory to seek communications between the FTC

5  staff assigned to represent the FTC in this action with a student consumer group and/or

6  student advocacy group about this Litigation.  On September 24, 2024, counsel

7  representing the FTC in this Litigation communicated with counsel for plaintiffs in *Smith*

8  *v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410, a suit that the

9  Commission has identified as a related case.  Among the counsel of record for plaintiffs

10  in *Smith v. Grand Canyon Education, Inc.,* are attorneys for the National Student Legal

11  Defense Network.  Details regarding the attorneys representing plaintiffs in *Smith v.*

12  *Grand Canyon Education, Inc.*, are available in the public docket and pleadings in that

13  action.  The FTC objects that the Interrogatory's request for additional details demanded

14  by instructions or definitions is unduly burdensome as information on counsel for these

15  plaintiffs is available to Defendants, and substantive information is protected by the

16  work product doctrine.

17

18  **INTERROGATORY No. 2:** Identify each communication You have had, from January

19  1, 2018 to the present, with any current or former employee, agent, contractor, or

20  representative of any Defendant.

21  **INTERROGATORY RESPONSE NO. 2:**

22        The FTC objects to this Interrogatory as ambiguous and overbroad in requesting

23  identification of each communication with any current or former employee, agent,

24  contractor, or representative of any Defendant.  The Interrogatory is not limited to

25  communications of significance, or by ordinary meaning of communications, or to

26  communications relevant to the claims or defenses in this Litigation.  The Interrogatory

27

28

is also overbroad and unduly burdensome because "communications" is defined in this Set of Interrogatories to include the conveying of thought or information, including non-verbal communication, and, thus, demands identification of interactions without regard to whether substantive information is conveyed, and communications that have no significance to the claims and defenses in this action. Furthermore, the Interrogatory's request that the FTC catalogue the date, time, location, content, substance, each participant or witness, and labels on any document associated with such communications (Definition F(4)), is also overbroad and unduly burdensome. The details demanded by the instructions and definitions bear little or no relevance to the claims and defenses in this action, and the burden of compiling such details for protected communications is not proportional to the needs of the case.

The FTC objects that this Interrogatory seeks information protected by the informant's privilege. *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014). Communications with a current or former employee, agent, contractor, or representative in anticipation of litigation or preparation for trial regarding the conduct alleged in the Amended Complaint, and the recollections and mental impressions of Commission staff regarding such Communications, are protected by the work-product doctrine. Details requested by the Interrogatory are protected work product and the burden of compiling such details for protected communications is not proportional to their relevance or the needs of the case. Any communications responsive to a narrower request for communications discussing activities described in the Commission's claims in this Litigation are protected by the aforementioned privileges or the work-product doctrine.

**INTERROGATORY No. 3:** Identify each meeting held under 16 C.F.R. § 4.15 (or by written circulation) at or during which any Defendant was discussed, mentioned or considered, including the date of any such meetings, the people in attendance, a

1  description and of the matter(s) discussed, mentioned or considered, and a summary of

2  the FTC's decision or resolution with respect to the matter.

3  **INTERROGATORY RESPONSE NO. 3:**

4        The FTC objects to this Interrogatory as ambiguous and overbroad in requesting

5  that the FTC identify each meeting held under 16 C.F.R. § 4.15 or by written circulation

6  where any Defendant was discussed, mentioned, or considered, and does not limit the

7  Interrogatory to meetings and matters related to this Litigation.  The Interrogatory's

8  request for the date, people in attendance, and matters "discussed, mentioned or

9  considered" for each meeting is also overbroad and unduly burdensome, especially with

10 respect to meetings that are irrelevant to the Litigation.  Furthermore, the Interrogatory's

11 request that the FTC identify each participant or witness, and labels on any document

12 associated with such meetings (Definition F(4)), is also overbroad and unduly

13 burdensome. The FTC further objects to the Interrogatory inasmuch as it requests

14 information protected by the work-product doctrine, the informant's privilege, and the

15 deliberative process privilege.

16       The FTC construes this Interrogatory to be limited to Commission meetings to

17 vote on matters relating to the Litigation.  On December 20, 2023, the Commission

18 voted 3-0 to approve a motion to authorize filing the Complaint in this Litigation.  On

19 September 4, 2024, the Commission voted 3-0-2 (two Commissioners not participating)

20 to approve a motion to authorize filing the First Amended Complaint in this Litigation.

21

22 **INTERROGATORY No. 4:**  Identify each communication You have had with any

23 plaintiff or putative class member (including their attorneys or agents) in the actions and

24 proceedings involving Defendants identified on pages three and four of your initial

25 disclosures (*Carr et al v. Grand Canyon University*, USDC AZ, Docket No. 2:19-05214;

26 *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v.*

27

28

1  *Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon*
2  *Education Inc.*, USDC W. Pa., Docket No. 1:18-00314; In Re Grand Canyon Education,
3  Inc. Securities Litigation, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon*
4  *University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*,
5  USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*,
6  USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE,
7  Docket No. 1:20-00801).

8  **INTERROGATORY RESPONSE NO. 4:**

9       The FTC objects that this Interrogatory fails to describe the information requested
10 with reasonable particularity, is ambiguous, and is overbroad in requesting the FTC
11 identify "each communication" any plaintiff or putative class member in the listed
12 proceedings, including their attorneys and agents. "Communication" is defined in the
13 Interrogatories in a manner that encompasses documents filed in the listed actions, and
14 requesting that the FTC identify documents and information received from public filings
15 made in these actions – including the complaints, briefs, and evidentiary submissions –
16 is unduly burdensome and not proportional to the needs of discovery in this action. The
17 dockets of the listed actions contain voluminous documents regarding Defendants'
18 activities in marketing educational services. Requiring identification of all documents
19 the Commission has received from publicly available filings from these actions is unduly
20 burdensome. Furthermore, the Interrogatory requests identification of communications
21 without regard to whether the communication pertained to the claims or defenses in the
22 Amended Complaint. Furthermore, the Interrogatory's request that the FTC catalogue
23 the date, time, location, content, substance, each participant or witness, and labels on any
24 document associated with such communications (Definition F(4)), is also overbroad and
25 unduly burdensome. The details demanded by these instructions and definitions bear
26 little or no relevance to the claims and defenses, and the burden of compiling such

27

28

details is not proportional to the needs of the case.  The Interrogatory is also overbroad and unduly burdensome because "communications" is defined in this Set of Interrogatories to include the conveying of thought or information, including non-verbal communication, and, thus, demands identification of interactions without regard to whether substantive information is conveyed, and communications that have no significance to the claims and defenses in this action.

The FTC further objects that communications made in preparation for litigation or trial are protected by the work-product doctrine, and details requested by the Interrogatory are protected work product, and the burden of compiling such details is not proportional to the needs of the case.

The FTC construes this interrogatory narrowly as a request for identification of direct communications between the FTC staff assigned to represent the FTC in this action and a plaintiff or putative class member (including their attorneys or agents) in the listed actions and proceedings.  As stated in response to Interrogatory 1, on September 24, 2024, counsel representing the FTC in this Litigation communicated with counsel for plaintiffs in *Smith v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410. The FTC objects that the Interrogatory's request for additional details demanded by instructions or definitions is unduly burdensome as information that identifies counsel for these plaintiffs is accessible to Defendants.  Other details requested by the Interrogatory and associated definitions are protected by the work product doctrine.

**INTERROGATORY No. 5:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 7 of the First Amended Complaint that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".

**INTERROGATORY RESPONSE NO. 5:**

The FTC objects that this Interrogatory is improper and unduly burdensome because it requests that the FTC provide a comprehensive identification of every fact and document that relates to, references and/or supports the allegations in paragraph 7 of the First Amended Complaint, an allegation that, in turn, references acts and practices of Defendants GCE, GCU, and Mueller that span more than a decade. Identifying every fact and document would require an excessively laborious and time-consuming search and description of transactions and events, many of which are uncontested. Defendant's definitions and instructions multiply the burden by demanding enumerated details for each person, entity, document, communication, and event. The burden of creating such a comprehensive response would far outweigh any benefit to the needs of this case, particularly given that Defendant Mueller's control of, and participation in, the activities of GCE and GCU is established by his offices, and corporate records of GCE and GCU documenting his authority, role and official statements.

The FTC further objects that the request that the FTC identify all facts and documents that relate to or reference the allegations in paragraph 7 of the First Amended Complaint seeks information protected by the work-product doctrine, deliberative process privilege, informant's privilege, and law enforcement privilege by requesting facts and documents prepared in anticipation of litigation, and agency investigation and evaluation of the activities of the Defendants. Even if the request for facts and documents that relate to or reference the allegation is removed, the request for identification of all facts and documents with details regarding witnesses, events, communications, or documents (Definition F), is unduly burdensome, unnecessarily comprehensive, and premature. Furthermore, the Interrogatory's request for all facts and documents that support is overbroad, unduly burdensome, and premature; it is not limited

1   to significant support for specific, contested facts, and Defendants have yet to provide

2   relevant discovery.

3

4   **INTERROGATORY No. 6:** Identify all facts and documents that relate to, reference,

5   and/or support your allegations in paragraph 66 of the First Amended Complaint that

6   Defendants "engaged in the unlawful acts and practices willfully, and knowing that their

7   representations were misleading, and their telemarketing practices did not comply with

8   restrictions on abusive telemarketing practices."

9   **INTERROGATORY RESPONSE NO. 6:**

10      The FTC objects that this Interrogatory is improper and unduly burdensome

11  because it requests that the FTC provide a comprehensive identification of every fact and

12  document that relates to, references and/or supports the allegations in paragraph 66 of

13  the First Amended Complaint, an allegation that, in turn, references acts and practices of

14  GCE and GCU that span more than a decade.  Identifying every fact and document

15  would require an excessively laborious and time-consuming search and description of

16  transactions and events, many of which are uncontested.  Defendant's definitions and

17  instructions multiply the burden by demanding enumerated details for each person,

18  entity, document, communication, and event.  The burden of creating such a

19  comprehensive response would far outweigh any benefit to the needs of this case.

20  Furthermore, requesting such a compilation of every fact or document is unduly

21  burdensome because the nature of, and Defendants' knowledge of, the representations

22  and telemarketing practices is apparent from records of GCE and GCU documenting its

23  decision to market GCU as a nonprofit, register as a telemarketer, access the National Do

24  Not Call Registry, adopt telemarketing procedures, and use marketing materials.

25      The FTC further objects that the request that the FTC identify all facts and

26  documents that relate to or reference the allegations in paragraph 66 of the First

27

28

1    Amended Complaint seeks information protected by the work-product doctrine,

2    deliberative process privilege, informant's privilege, and law enforcement privilege by

3    requesting facts and documents prepared in anticipation of litigation, and agency

4    investigation and evaluation of the activities of the Defendants.  Even if the request for

5    facts and documents that relate to or reference the allegation is removed, the request for

6    identification of all facts and documents with details regarding witnesses, events,

7    communications, or documents (Definition F), is unduly burdensome, unnecessarily

8    comprehensive, and premature.  Furthermore, the Interrogatory's request for all facts and

9    documents that support is overbroad, unduly burdensome and premature; it is not limited

10   to significant support for specific, contested facts, and Defendants have yet to provide

11   relevant discovery.

12

13   **INTERROGATORY No. 7:**  Identify all facts and documents that relate to, reference,

14   and/or support your allegations in paragraph 14 of the First Amended Complaint that

15   "Gazelle/GCU was organized by GCE and Defendant Mueller [for Gazelle

16   University/GCU's own profit, and] to advance GCE's for-profit business and to advance

17   Defendant Mueller's interests."

18   **INTERROGATORY RESPONSE NO. 7:**

19          The FTC objects that this Interrogatory is improper and unduly burdensome

20   because it requests that the FTC provide a comprehensive identification of every fact and

21   document that relates to, references and/or supports the allegations in paragraph 14 of

22   the First Amended Complaint, an allegation that, in turn, refers to multi-year

23   organizational activities that are discussed in voluminous documents, including SEC

24   filings, IRS applications, applications to the Department of Education, accreditation

25   proceedings, litigation by Grand Canyon University against the Department of

26   Education, and suits by investors against Grand Canyon Education, Inc.  Identifying

27

28

1  every fact and document would require an excessively laborious and time-consuming

2  search and description of transactions and events, many of which are uncontested.  The

3  burden of creating such a comprehensive response would far outweigh any benefit to the

4  needs of this case.  Defendant's definitions and instructions multiply the burden by

5  demanding enumerated details for each person, entity, document, communication, and

6  event.  The details demanded by these instructions and definitions bear little or no

7  relevance to the claims and defenses, and the burden of compiling such details is not

8  proportional to the needs of the case.

9      The FTC further objects that the request that the FTC identify all facts and

10  documents that relate to or reference the allegations in paragraph 14 of the First

11  Amended Complaint seeks information protected by the work-product doctrine,

12  deliberative process privilege, informant's privilege, and law enforcement privilege by

13  requesting facts and documents prepared in anticipation of litigation, and agency

14  investigation and evaluation of the activities of the Defendants.  Even if the request for

15  facts and documents that relate to or reference the allegation is removed, the request for

16  identification of all facts and documents with details regarding witnesses, events,

17  communications, or documents (Definition F), is unduly burdensome, unnecessarily

18  comprehensive, and premature.  Furthermore, the Interrogatory's request for all facts and

19  documents that support is overbroad, unduly burdensome, and premature; it is not limited

20  to significant support for specific, contested facts, and Defendants have yet to provide

21  relevant discovery.

22

23  **INTERROGATORY No. 8:** If You contend that the terms of the Master Services

24  Agreement between GCU and GCE disproportionally benefit GCE or are otherwise

25  unfair to GCU, identify all facts and documents supporting that contention.

26

27

28

**INTERROGATORY RESPONSE NO. 8:**

The FTC objects that "disproportionally benefit GCE" and "otherwise unfair to GCU" are undefined and ambiguous, and the Commission's First Amended Complaint does not contain such a contention.  The FTC construes this Interrogatory as a request for the basis for the allegation that the fees GCE receives from GCU are "not proportionate to GCE's costs for providing services to GCE," First Amended Complaint ¶ 17.  The fees GCE receives are described in the Master Services Agreement between Gazelle University and Grand Canyon Education, Inc., Exhibit D (GCU-FTC-007180-7182); Notes to Consolidated Financial Statements of Grand Canyon University since 2018; Notes to Consolidated Financial Statements of Grand Canyon Education, Inc., since 2018; and the Barclays Report (AR-C-001-56).

FTC objects that the request for "all facts and documents" is overly broad, unduly burdensome, and harassing; no legitimate purpose is served by requesting that the Commission catalog "all facts and documents" describing the terms of the Master Services Agreement or the cost of services.  Facts and documents sufficient to support the allegation have been identified, and a request for comprehensive identification is premature as Defendants are withholding relevant discovery.  Furthermore, the accompanying definition requesting details regarding witnesses, events, communications, or documents (Definition F) renders the request for identification of facts and documents unduly burdensome, and unnecessarily comprehensive. The FTC also objects that the Commission's investigation and evaluation of the terms of the Master Services Agreement is protected by the work-product doctrine, the attorney-client privilege, and the deliberative process privilege.

**INTERROGATORY No. 9:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 55 of the First Amended Complaint that

"Defendants train telemarketers for GCU doctoral degree marketing campaigns with materials that describe the GCU doctoral programs as requiring twenty courses, which include only three dissertation courses."

**INTERROGATORY RESPONSE NO. 9:**

The FTC objects that this Interrogatory is improper and unduly burdensome because it requests that the FTC provide a comprehensive identification of every fact and document that relates to, references and/or supports the allegations in paragraph 55 of the First Amended Complaint. Identifying every fact and document would require an excessively laborious and time-consuming search and description of transactions and events, many of which are uncontested. Defendant's definitions and instructions multiply the burden by demanding enumerated details for each person, entity, document, communication, and event. The burden of creating such a comprehensive response would far outweigh any benefit to the needs of this case. Furthermore, requesting such a compilation of every fact or document is unduly burdensome because Defendants have previously identified and authenticated training presentations that exemplify the practice described in Paragraph 55. *See, e.g.,* GCE-FTC-CID-003-00006221, GCE-FTC-CID-003-00006146, GCE-FTC-CID-003-00006071.

The FTC further objects that the request that the FTC identify all facts and documents that relate to or reference the allegations in paragraph 55 of the First Amended Complaint seeks information protected by the work-product doctrine, deliberative process privilege, informant's privilege, and law enforcement privilege by requesting facts and documents prepared in anticipation of litigation, and agency investigation and evaluation of the activities of the Defendants. Even if the request for facts and documents that relate to or reference the allegation is removed, the request for identification of all facts and documents with details regarding witnesses, events, communications, or documents (Definition F), is unduly burdensome, unnecessarily

1   comprehensive, and premature.  Furthermore, the Interrogatory's request for all facts and

2   documents that support is overbroad, unduly burdensome, and premature; it is not limited

3   to significant support for specific, contested facts, and Defendants have yet to provide

4   relevant discovery.

5                                                Signing for Objections

6

7                                                */s/ Michael E. Tankersley*
                                                Michael E. Tankersley
8                                                Gregory Ashe
                                                Carlton Mosley
9                                                Patrick Roy
                                                FEDERAL TRADE COMMISSION
10                                               600 Pennsylvania Avenue NW
                                                Washington, D.C. 20580
11                                               Telephone: (202) 326-2991
                                                Email: mtankersley@ftc.gov
12
                                                *Attorneys for Plaintiff*
13                                               *FEDERAL TRADE COMMISSION*

14                                               DATED: December 9, 2024

15

16

17

18

19

20

21

22

23

24

25

26

1

## <u>VERIFICATION</u>

2

3      As authorized representative of the Federal Trade Commission, I, Sandhya P.

4  Brown, verify that the Answers in the foregoing Plaintiff's Response to Defendant

5  Mueller's First Set Of Interrogatories to Plaintiff Federal Trade Commission are based

6  on a reasonable inquiry and non-privileged information available to the Federal Trade

7  Commission, and are true and correct to the best of my information and belief.

8      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

9  statements made in this declaration are true and correct.

10 EXECUTED on this 9th day of December 2024.

11

12

13                                      /S/
                              _____
                              Sandhya P. Brown
14                            Associate Director
                              Division of Financial Practices
15                            Bureau of Consumer Protection
                              Federal Trade Commission
16

17

18

19

20

21

22

23

24

25

26

27

28