# Exhibit 5



# GOMBOS | LEYTON PC

### A T T O R N E Y S

11350 Random Hills Road | Suite 400 | Fairfax, Virginia 22030
703.934.2660 Main | 703.934.9840 Fax | www.glpclaw.com

February 13, 2025

**By email only**

Michael Tankersley (mtankersley@ftc.gov)
Patrick Roy (proy@ftc.gov)
Carlton Mosley (cmosley@ftc.gov)
Greg Ashe (gashe@ftc.gov)
Laura Antonini (lantonini@ftc.gov)
Federal Trade Commission

Re:  *FTC v. GCE, et al.*, No. 2:23-cv-02711 (D. Ariz.) – **Deficiencies in Plaintiff's Objections and Responses to Defendant Mueller's Discovery Requests**

Counsel:

This letter addresses shortcomings in the responses from the Federal Trade Commission ("Plaintiff" or "FTC") to Defendant Mueller's ("Defendant" or "Mr. Mueller") First Set of Interrogatories ("First Rogs") and First Set of Requests for Production of Documents ("First RFP") (collectively "First Discovery Requests").

Defendant's requests and interrogatories are narrowly tailored to elicit specific, reasonably particularized documents or information relevant to the Amended Complaint's allegations. Nonetheless, the FTC has refused to respond to discovery requests, citing boilerplate (and unfounded) objections. Moreover, the FTC's generalized objections about burden and scope fail to identify how each request imposes undue costs, requires too time-consuming a process, or is otherwise disproportionate to the needs of this case. For instance, while generally identifying "the breadth" of definitions identified in the First Discovery Requests, the FTC does not identify how it determined that such "breadth" should relieve it of its obligation to undertake reasonable efforts to identify responsive information. That is particularly problematic when, as the FTC well knows, the information sought is solely under its control and necessary to mount a reasonable defense. As

1

another example, the FTC's boilerplate responses deem all of the requests including the phrases "'Plaintiff', 'You,' or 'Your'" as "overly broad, unduly burdensome, and disproportionate to the needs of the case."

To be sure, the FTC chose to bring this expansive action against Mr. Mueller, which covers alleged events occurring over the course of more than a decade and challenges numerous operational and organizational matters at one of the nation's largest universities and a public company with thousands of employees. Indeed, the FTC has used the breadth of the complaint as a sword to force Mr. Mueller and GCE to engage in burdensome and costly discovery. It is unreasonable for the FTC to now use the breadth of its allegations as a shield against discovery targeted at identifying the facts and documents the FTC might have that support (or, more importantly, contradict) those allegations.

That is also why the FTC must withdraw its generalized claims of privilege as a basis for withholding documents and information. As discussed in more detail below, the FTC may not rely on a "blanket assertion" of its executive privileges (*i.e.*, the deliberative process, law-enforcement, and informant's privileges). *Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000). Rather, the FTC must, among other things, specifically identify what information is subject to the privilege and provide "precise and certain reasons" for withholding it. *Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 577 (2012). The FTC also bears the burden of establishing why its interests cannot be protected by a protective order (such as the one governing this case) or by redacting personally identifiable information. *Id.*; *See also United States v. Am. ex rel. Samandi*, 2009 U.S. Dist. LEXIS 140921, at *9 (D. Ariz. July 13, 2009).

Critically, even if the FTC credibly establishes an executive privilege applies, it does not prevent disclosure where Defendant's need for discovery outweighs the government's interest in keeping the information confidential. *Id* at *11. Again, Defendant Mueller is entitled to the evidence the FTC has reviewed and considered in bringing its claims (including exculpatory evidence).

Finally, it is unacceptable for the FTC to shirk Mr. Mueller's document requests on the basis that documents it produces to GCE "may" be responsive to those requests. It appears that the FTC's position is that it can satisfy its discovery obligations to Mr. Mueller by responding only to GCE's requests which "may" also include documents responsive to Mr. Muller's requests, without specifying which (if any) documents are responsive. This is unacceptable. The FTC named Mr. Mueller as a separate party in this action. Pursuant to the federal rules, the FTC must respond to his specific discovery requests. To the extent



2

the FTC contends that documents produced to GCE are also responsive to one or more of Mr. Mueller's requests, the FTC must identify those documents by Bates number.

The lack of any meaningful responses to Mr. Mueller's requests is particularly offensive given the FTC's aggressive litigation tactics and expansive discovery requests served on Mr. Mueller.

<u>**Responses to Individual Interrogatories**</u>

1. <u>Interrogatory No. 1</u>: **Identify Your communications with any student consumer group and/or student advocacy group about or concerning or relating to any Defendant, individually or collectively.**

Mr. Mueller asked the FTC to identify its communications with any student consumer or advocacy group (further defined in Definition K of the First Set of Interrogatories) concerning any of the Defendants. In response, the FTC has objected that the interrogatory fails to describe the information sought with reasonable particularity, is ambiguous, and is overbroad in that asks the FTC to identify communications "without regard to whether the communication pertained to the claims or defenses in the Amended Complaint." This objection is without merit. Initially, the FTC does not describe what aspect of the Interrogatory it asserts is ambiguous. Moreover, by requesting FTC communications with a defined group concerning or relating to the Defendants in this action, this interrogatory provides the FTC with notice of what is called for and what is not. *See Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570 (C.D. Cal. 2012). Finally, given the FTC's broad and undefined allegations about the University's "operations" and its "character," communications with student consumer or advocacy groups about Defendants "pertain" to the claims and defenses in this action.

Further, the FTC states that, in answering this Interrogatory, it "construes this Interrogatory to seek communications between the FTC staff assigned to represent the FTC in this action with a student consumer group and/or student advocacy group about this Litigation." This objection is likewise improper. Mr. Mueller's interrogatories define FTC more broadly than just "the FTC staff assigned to represent the FTC in this action." The FTC's general, boilerplate objection to the definition of "Plaintiff," "you," "your," and "yours" as overly broad, unduly burdensome, and disproportionate to the needs of the case is not stated with specificity and is inadequate. *See, e.g., Century Int'l Arms Inc. v. XTech Tactical LLC*, No. CV-18-03404, 2020 U.S. Dist. LEXIS 6642, at *6 (D. Ariz. Jan. 15, 2020) ("An objecting party must state specifically how, despite the broad and liberal



3

construction of the discovery rules, each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (quotation omitted). Similarly, the FTC's effort to confine its answer only to communications with "a student consumer group and/or student advocacy group *about this Litigation*" is improper, fails to fully answer the interrogatory, and, even on its own terms, is unreasonably restrictive. Communications need not be "about this Litigation" to be relevant to claims or defenses in this action. By construing its answer to only those communications "about this Litigation" involving FTC staff assigned to represent the FTC in this action," the FTC is improperly attempting to steer the interrogatory to exclusively request "work product" in an effort to avoid having to provide a full response.

Next, the FTC objects generally to Definition F(4), which instructs the FTC when asked to identify communications to give the date, time, location, content, and substance of the communication, as well as to identify each participant or witness to any such communication. The FTC's general objection that Definition F(4) is overly broad and unduly burdensome is not stated with specificity and is inadequate. *See, e.g., Westfall v. Ass'n of Univs. for Rsch. in Astronomy*, CV-22-00161, 2023 U.S. Dist. LEXIS 19760, at *8 (D. Ariz. Feb. 6, 2023) (compelling response to interrogatory seeking 'every communication,' including 'the date and place of the communication, the form of the communication, the parties to the communication, all witnesses to the communication, and the substance of the communication).

The FTC also specifically objects to providing the information identified in Definition F(4), on the grounds that it would be unduly burdensome, for the *single* communication identified in its answer. That's absurd. Even on its own terms, the FTC's assertion that it "communicated with *counsel for plaintiffs* in *Smith v. Grand Canyon Education, Inc.*," and that "counsel of record for plaintiffs" are listed on the case's public docket and include "attorneys for the National Student Legal Defense Network" does not identify who the FTC communicated with. It is not apparent from your answer that "counsel for plaintiffs" means all "counsel of record for plaintiffs." Moreover, the counsel of record identified on the public docket at the time of your answer may not accurately reflect "counsel for plaintiffs" on September 24, 2024. Finally, by refusing to identify, even generally, the content or substance of the communication, the FTC has not fully answered the Interrogatory. Nor has the FTC provided an adequate basis for its work-product objection.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.



2. <u>Interrogatory No. 2</u>: **Identify each communication You have had, from January 1, 2018 to the present with any current or former employee, agent, contractor, or representative of any Defendant.**

In addition to requesting the FTC's communications with student consumer or advocacy groups, Mr. Mueller requested the FTC's communications with current or former employees, agents, contractors, or representatives of any Defendant. In response, the FTC raised the same general objections addressed above, which are improper and inadequate for the reasons addressed above.

Moreover, the FTC has raised general privilege objections, specifically the informant's privilege and work-product doctrine, but failed to explain the communications that it is withholding on this basis. Beyond that, this interrogatory's request for factual details about the FTC's communications does not implicate the work-product doctrine or the informant's privilege. *See ARA Inc. v. City of Glendale*, No. CV-17-02512, 2018 U.S. Dist. LEXIS 94074, at *2 (D. Ariz. June 5, 2018); *see also Spence v. Kaur*, No. 2:16-cv-1828, 2019 U.S. Dist. LEXIS 138462, at *58 (E.D. Cal. Aug. 14, 2019) ("The privilege does not protect facts concerning the creation of work product or facts contained within the work product.") (quotation omitted).

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

3. <u>Interrogatory No. 3</u>: **Identify each meeting held under 16 C.F.R. § 4.15 (or by written circulation) at or during which any Defendant was discussed, mentioned or considered, including the date of any such meetings, the people in attendance, a description of the matter(s) discussed, mentioned or considered, and a summary of the FTC's decision or resolution with respect to the matter.**

In answering this interrogatory, the FTC raised the same general objections identified above. Those objections are improper and the FTC's response inadequate for the reasons addressed above.

Further, the FTC generally objected to this request on the grounds it is ambiguous and overbroad, to the extent it concerns any meeting during which any Defendant was discussed, mentioned, or considered, rather than "meetings and matters related to this Litigation." The FTC's general objection, without supporting detail, is improper.



5

Moreover, the FTC's effort to rewrite the interrogatory to ask about "Commission meetings to vote on matters relating to the Litigation" is improper and fails to provide a full response. The FTC provides no specific basis to limit its response to "meetings to vote on matters relating to the Litigation." An FTC communication need not be related *to the Litigation* to be relevant to the claims or defenses in the case, particularly when the FTC has raised broad allegations about, e.g., GCU's "operations" and its "character." Furthermore, the FTC offers no basis to support its objection that identifying such communications would be unduly burdensome.

Finally, without restating why the FTC's general objection to Definition F(4) is improper, the FTC's objection to providing the information in Definition F(4), on the grounds that doing so would be "overbroad and unduly burdensome" for the *two* meetings identified in its answer, is absurd.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

4. <u>Interrogatory No. 4</u>: **Identify each communication You have had with any plaintiff or putative class member (including their attorneys or agents) in the actions and proceedings involving Defendants identified on pages three and four of your initial disclosures (*Carr et al v. Grand Canyon University*, USDC AZ, Docket No. 2:19-05214; *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v. Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon Education Inc.*, USDC w. Pa., Docket No. 1:18-00314; In Re Grand Canyon Education, Inc. Securities Litigation, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*, USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE, Docket No. 1:20-00801).**

In answering this interrogatory, the FTC raised the same general objections identified above. Those objections are improper and the FTC's response inadequate for the reasons addressed above. This includes the FTC's failures to explain the communications that it is withholding or refusing to identify based on its generalized privilege objections.

By requesting that the FTC identify its communications *"with"* specified individuals involved in the identified cases, Mr. Mueller plainly did not ask the FTC to identify case documents it obtained from the public docket. To the extent this is a good-faith



objection—which strains credulity--we are clarifying that this interrogatory does not ask the FTC to identify documents "filed in the listed actions" or "received from public filings," unless provided to or otherwise obtained by the FTC in a communication with any plaintiff or putative class member (including their attorneys or agents) in the above-listed actions.

In addition, the FTC seeks to narrowly construe Mr. Mueller's request to identify the FTC's communications to refer only to communications involving "the FTC staff assigned to represent the FTC in this action." The FTC does not raise a specific objection supporting its effort to narrow the interrogatory and its failure to fully respond to the interrogatory requesting FTC communications, as defined in Definition A, is improper.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

5. <u>Interrogatory No. 5</u>: **Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 7 of the First Amended Complaint that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".**

In response to this interrogatory, the FTC has raised several of the same objections discussed above, which are improper for the reasons addressed above.

The FTC has raised additional objections but failed entirely to answer this interrogatory. By way of example, the FTC objects that "Defendants have yet to provide relevant discovery," ignoring the fact that the FTC engaged in considerable pre-complaint investigation and, presumably, had a factual basis for its allegations. In any event, even if the FTC cannot provide a full response at this time, the FTC is still required to answer the interrogatory based on the information it has to date.

Moreover, the FTC objects that interrogatory requests "*all*" facts and documents that related to its allegations in paragraph 7 of the First Amended Complaint, but the FTC fails to identify *any* facts or documents in its response. *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *8 (D. Kan. Nov. 22, 2010) ("That an interrogatory asks for 'all facts' or 'all discussions' about 'all facts pled' does not, however, relieve the responding party from altogether answering the interrogatory.").

In an effort to avoid unnecessary discovery disputes, Mr. Mueller clarifies this interrogatory to request that the FTC identify "material and principal facts and documents"



that relate to, reference, and/or support your allegation in paragraph 7 of the First Amended Complaint.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

6.  <u>Interrogatory No. 6</u>: **Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 66 of the First Amended Complaint that Defendants "engaged in the unlawful acts and practices willfully, and knowing that their representations were misleading and their telemarketing practices did not comply with restrictions on abusive telemarketing practices."**

In response to this interrogatory, the FTC has raised several of the same objections discussed above, which are improper for the reasons addressed above.

Moreover, as detailed above, the FTC's failure to identify any facts or documents, because the FTC objects to the request to identify all facts and documents, is improper. *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *8 (D. Kan. Nov. 22, 2010) ("That an interrogatory asks for 'all facts' or 'all discussions' about 'all facts pled' does not, however, relieve the responding party from altogether answering the interrogatory."). In any event, Mr. Mueller asks that the FTC respond to this interrogatory by identifying all material and pertinent facts and documents that relate to, reference, and/or support your allegations in paragraph 66 of the First Amended Complaint.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

7.  <u>Interrogatory No. 7</u>: **Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 14 of the First Amended Complaint that "Gazelle/GCU was organized by GCE and Defendant Mueller [for Gazelle University/GCU's own profit, and] to advance GCE's for-profit business and to advance Defendant Mueller's interests."**

In response to this interrogatory, the FTC has raised several of the same objections discussed above, which are improper for the reasons addressed above.

Moreover, as detailed above, the FTC's failure to identify any facts or documents, because the FTC objects to the request to identify all facts and documents, is improper. *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *8 (D. Kan. Nov. 22, 2010) ("That an interrogatory asks for 'all facts' or 'all discussions' about 'all



8

facts pled' does not, however, relieve the responding party from altogether answering the interrogatory."). In any event, Mr. Mueller asks that the FTC respond to this interrogatory by identifying all material and pertinent facts and documents that relate to, reference, and/or support your allegations in paragraph 14 of the First Amended Complaint.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory.

8. <u>Interrogatory No. 8</u>: **If You contend that the terms of the Master Services Agreement between GCU and GCE disproportionally benefit GCE or are otherwise unfair to GCU, identify all facts and documents supporting that contention.**

In response to this interrogatory, the FTC has raised several of the same objections discussed above, which are improper for the reasons addressed above.

Moreover, as detailed above, the FTC's failure to identify any facts or documents, because the FTC objects to the request to identify all facts and documents, is improper. *See Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *8 (D. Kan. Nov. 22, 2010) ("That an interrogatory asks for 'all facts' or 'all discussions' about 'all facts pled' does not, however, relieve the responding party from altogether answering the interrogatory."). In any event, Mr. Mueller asks that the FTC respond to this interrogatory by identifying all material and pertinent facts and documents.

In addition, the FTC's objection that the interrogatory is overly broad, unduly burdensome, and harassing, and serves no legitimate purpose by requesting that the Commission catalog "all facts and documents" describing "the terms of the Master Services Agreement or the costs of the services," is not responsive to the interrogatory. The interrogatory does not ask the FTC to describe the terms of the MSA or the costs of the services, but instead to provide the factual basis for its claim that the MSA disproportionately benefits GCE or is unfair to GCU.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a supplemental response to this interrogatory. Alternatively, confirm in writing that the FTC withdraws any allegations or assertions that the terms of the MSA are disproportionate in GCE's favor, unfair to GCU, or are otherwise objectionable to the FTC.

9. <u>Interrogatory No. 9</u>: **Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 55 of the First Amended Complaint that "Defendants train telemarketers for GCU doctoral degree**



marketing campaigns with materials that describe the GCU doctoral programs
as requiring twenty courses, which include only three dissertation courses."

In response to this interrogatory, the FTC has raised several of the same objections
discussed above, which are improper for the reasons addressed above.

Moreover, as detailed above, the FTC's failure to identify any facts or documents, be-
cause the FTC objects to the request to identify all facts and documents, is improper. *See
Anderson v. United Parcel Serv., Inc.*, No. 09-2526, 2010 U.S. Dist. LEXIS 123878, at *8 (D.
Kan. Nov. 22, 2010) ("That an interrogatory asks for 'all facts' or 'all discussions' about 'all
facts pled' does not, however, relieve the responding party from altogether answering the
interrogatory."). In any event, Mr. Mueller asks that the FTC respond to this interrogatory
by identifying all material and pertinent facts and documents that relate to, reference,
and/or support your allegations in paragraph 55 of the First Amended Complaint. Again,
interposing general objections and failing to fully respond violates the Federal Rules and
is particularly offensive given the FTC's unduly aggressive litigation of its discovery to
Defendants.

Mr. Mueller asks that FTC withdraw the above-referenced objections and provide a
supplemental response to this interrogatory.

<u>Responses to Individual Requests for Production</u>

1. *Request No. 1:* **Documents relating to or referring to the Litigation or any of
   the facts and/or people mentioned in the Litigation.**

The FTC objects that this request is "all-encompassing," overly broad, unduly burden-
some, and disproportionate to the needs of the case. While not accepting the FTC's general
objection regarding this request, Defendant is willing to further restrict this request in a
good-faith effort to resolve discovery disputes without Court intervention. To that end,
Defendant clarifies this request to read as follows:

> To the extent not covered by the remaining requests, docu-
> ments from January 1, 2018, to the present that relate or refer
> to allegations that Defendants violated the FTC Act (as that
> term is used in the FAC) by making deceptive representa-
> tions of being a non-profit institution (as alleged in the FAC
> ¶¶67-—71); making deceptive representations about GCU's
> doctoral programs (as alleged in the FAC ¶¶72—74); and/or



10

violated the Telemarketing Sales Rule (as that term is used
in the FAC and as alleged in the FAC ¶¶75—92).

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

2. *Request No. 2:* **Documents containing or referencing Your communications with any governmental agency between the dates January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

The FTC objects that this request is "duplicative or significantly overlaps" with one issued by another defendant in this matter—GCE. It also "incorporates and repeats its objections to [ ] GCE's Document Request [ ] 1 . . . as [it is] also applicable to Defendant Mueller's [Request No. 2]." The FTC's objections are boilerplate, and Mueller agrees that the responsive documents sought are limited to those related to the factual allegations and conduct described in the Amended Complaint. The FTC further states that this request demands production of documents "without regard to whether the communication involved information the FTC generally provides to the public regarding litigation." Discovery is not typically limited based on what is "generally provide[d] to the public," and there is a protective order in place to the extent the FTC contends responsive materials are confidential. Thus, it is unclear how this objection is proper or relevant to the FTC's compliance with discovery obligations.

The FTC also vaguely and disingenuously claims substantial (albeit undefined) burden because the request "encompasses documents that inform agencies of the Complaint and Amended Complaint, and communications that have no relevance to resolving the claims or defenses in this action." The FTC also advances another red herring: that somehow the government's obligation to turn over responsive documents is limited or impacted by whether or not they "inform agencies of the Complaint or the Amended Complaint" or were obtained for purposes of litigation. But the FTC's purposes for obtaining or creating a document do not establish relevancy. And the fact that the FTC's search for responsive documents might also involve the review of irrelevant documents does not make this request overly burdensome. As you are certainly aware, the FTC's requests to Mr. Mueller have required and will require the review of significant ESI and documents for responsiveness, which has resulted in and will require additional review of documents and information that is ultimately irrelevant. The FTC cannot pursue such requests and simultaneously shirk concomitant discovery efforts.



11

Nor is there any validity to the FTC's position that it should not be obligated to "search for and re-produce" documents like "[r]ecords from GCU's application to the Department of Education regarding transfer of control and subsequent litigation, and the Department of Education's inquiry into the GCU doctoral programs." That is because Request No. 2 does not seek such documents unless they were included with or attached to communications between FTC and the Department. Standing alone, GCU's application for a transfer of ownership is not a communication between the FTC and another governmental agency.

Finally, the FTC objects to this request on the basis of the deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. A categorical exclusion of internal communications is not proper because internal communications are not automatically covered by any of these privileges. The deliberative process privilege only applies to disclosure of confidential inter-agency memoranda on matters of law or policy. *Nat'l Wildlife Fed'n v. United States Forest Service*, 861 F.2d 1114, 1116 (9th Cir. 1988). The informant's privilege only protects the identity of the informant. *Westinghouse Elec. Corp. v. Burlington*, 351 F.2d 762, 769 (1965) ("only the identity of the informer, not the content of the communication, is privileged"). Law enforcement evidentiary or investigatory files privilege only applies to criminal investigations. *States of Am. v. Hardrives, Inc.*, No. CIV 90-1656 PHX RGS (MM), 1991 U.S. Dist. LEXIS 22094, at *13 (D. Ariz. Feb. 4, 1991). And work product privilege only covers a lawyer's mental impressions, conclusions, opinions, and legal theories. *United States v. Richey*, 632 F.3d 559, 567-68 (9th Cir. 2011). Communications with informants and other law enforcement agencies do not fall under any of these categories and should be produced. Additionally, the FTC's boilerplate objections and blanket refusals to produce information are insufficient to assert a privilege. *Burlington Northern & Santa Fe. Ry. v. United States Dist. Court*, 408 F.3d 1142, 1149 (9th Cir. 2005); *see also Evanston Ins. Co. v. Murphy*, No. CV-19-04954-PHX-MTL, 2020 U.S. Dist. LEXIS 136146 at *8 (D. Ariz. July 31, 2020) ("Conclusory statements of privilege, without affidavits or other competent support, are not enough for the Court to find privilege.").

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.



3. *Request No. 3:* **Documents you received, either directly or otherwise, from any governmental agency between the dates of January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

The FTC objects that this request fails to describe the documents requested with reasonable particularity. Yet this request is limited to documents which the FTC received from other governmental agencies during a limited period when the federal government investigated Defendant and GCE. The documents sought are limited to those which relate to specific individuals or entities (i.e., those the FTC itself alleges in its complaint to have engaged in conduct giving rise to civil liability) and facts alleged in the Litigation (i.e., facts which, again, the FTC necessarily must allege provide a basis for civil liability). That is, the request is narrowly tailored to seek documents upon which the FTC seeks to rely to establish civil liability.

As with Request no. 3, the FTC also objects to this request on the basis of the deliberative process privilege, informant's privilege, law enforcement evidentiary or investigatory files privilege, and the work product doctrine. The FTC's boilerplate objections are improper for the reasons addressed above.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

4. *Request No. 4:* **Documents containing or referencing Your communications with any student between the dates of January 1, 2018 and the present, including without limitation the individuals identified on Attachment C of your Rule 26 Initial Disclosures.**

Again, the FRC objects that this request fails to describe the documents requested with reasonable particularity. However, this request is narrowly tailored to seek documents from the specific period relevant to the Complaint and those which contain or reference the FTC's communications with a specific universe of students—those who attended GCU. Given the FTC's reliance on allegations about the experiences of individual students prior to or while attending GCU, this request is specifically tailored to obtain information relevant to the Litigation.



13

The FTC objects on the basis to that this request is overly broad and unduly burden-some because "it is not limited to students or communications relevant to the claims or defenses in this Litigation." However, communications between the FTC and students about the latter's experience enrolling in or attending GCU—whether positive, negative, or neutral—are directly relevant to the FTC's claims that GCU engaged in unlawful activity as well as Defendant's defenses to same. Here, the FTC communicated with a finite number of students during a finite period. Reviewing such communications to identify relevant documents does not impose an undue burden.

The FTC also includes its boilerplate objections to this request on the basis of the attorney-client privilege, deliberative process privilege, law enforcement evidentiary or investigatory files privilege, informant's privilege, and the work product doctrine. A categorical exclusion of communications based on abstract claims of privilege, including those related to the informant's privilege and law enforcement evidentiary or investigative files privilege, is improper.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

5. <u>Request No. 5</u>: **Documents containing or referencing Your communications with any plaintiff or putative class member (including their attorneys or agents) in the actions and proceedings involving Defendants identified on pages three and four of your initial disclosures (***Carr et al. v. Grand Canyon University***, USDC AZ, Docket No. 2:19- 05214; *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v. Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon Education Inc.*, USDC W. Pa., Docket No. 1:18-00314; *In Re Grand Canyon Education, Inc. Securities Litigation*, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*, USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE, Docket No. 1:20-00801).**

Again, the FTC objects that this request fails to describe the documents requested with reasonable particularity. However, this request is narrowly tailored to seek the FTC's communications with a plaintiff or putative class member (or their attorneys or agents) and which involve Defendants (as identified by the FTC in its initial disclosures). The request



is therefore limited to communications involving a specific set of cases in which Defendant, GCE, or GCU are a defendant.

This request does not, as the FTC maintains, somehow obligate it to "obtain the identity of putative class members." Instead, it simply requests that the FTC review documents maintained in its sole possession and to identify communications to individuals involved in specified list of cases. Doing so does not impose an undue burden on the FTC. Similarly, this request does not, as the FTC argues, "[r]equir[e] production of all documents the FTC has received from publicly available filings from these actions is unduly burdensome." The request does not seek any information about "publicly available filings," but instead communications between the FTC and any plaintiff or putative class member (or their attorney or agent) from among the listed group of cases.

Nonetheless, the FTC asserts the same boilerplate attorney-client privilege, deliberative process privilege, and the work product doctrine objections. A categorical exclusion of communications based on abstract claims of privilege is improper. That is particularly so where, as here, the FTC simultaneously argues that responsive documents are privileged from disclosure but that identifying responsive documents in the first instance imposes an undue burden.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

6. <u>Request No. 6</u>: **Documents or communications supporting Your allegations in Paragraph 7 of the FAC that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".**

This request simply seeks documents that the FTC contends support its own allegations as stated in *one paragraph* of the FTC's Complaint. If the FTC does not have any documentary evidence supporting the allegation in this request, so state. If it does, it must produce it or identify a specific privilege (and produce a privilege log). It should be non-controversial that Mueller is entitled to nonprivileged documentary evidence the FTC has supporting its claims.

Nor can the FTC credibly object to this request because it will "require an excessively laborious and time-consuming search and production of documents and communications." It was the FTC's choice to bring a case that "span[s] more than a decade." And the



15

FTC is using those same allegations to press oppressive discovery against Defendants, seeking documents going back to 2012. If the FTC contends that such a burden is appropriate for Defendants, then it is appropriate for the FTC, who brings this case with the benefit of the federal government's resources.

The FTC next states, in boilerplate fashion, that this request seeks "documents protected by the work product doctrine, deliberative process privilege, informant's privilege, and law enforcement privilege by requesting facts and documents prepared in anticipation of litigation, and agency investigation and evaluation of the activities of the Defendants." A categorical exclusion of communications based on abstract claims of privilege should not be withheld. That is particularly so where, as here, the FTC simultaneously argues that responsive documents are privileged from disclosure but that identifying responsive documents in the first instance imposes an undue burden.

Defendant requests that all non-privileged documents and communications be produced immediately. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

7. <u>Request No. 7</u>: **Documents or communications supporting Your allegations in Paragraph 14 of the FAC that "Gazelle/GCU was organized by GCE and Defendant Mueller to advance GCE's for-profit business and to advance Defendant Mueller's interests."**

The FTC objects on the basis that this request "fails to identify the requested documents with reasonable particularity because it requests that the FTC provide a comprehensive production of documents and communications that support the allegations in paragraph 14." But, again, this request simply seeks the documents the FTC possesses that support its own allegation, which is the foundation for the FTC's nonprofit claims. Under the proportionality standard, Mr. Mueller is entitled to the evidence the FTC might have in support of that allegation, notwithstanding the fact that it might require "a comprehensive production of documents and communications." Again, the FTC defined the scope of this request in making the allegation.

The FTC next alleges that responding to this request will "require an excessively laborious and time-consuming search and description of transactions and events, many of which are uncontested." Again, under the proportionality standard, the FTC cannot avoid discovery into the FTC's foundational allegations because responding will be "laborious and time-consuming." This request seeks information relevant to factual allegations made in one paragraph of the FTC's Complaint. If the FTC maintains this somehow creates an



undue burden, that is not an undue burden created by the discovery request, but instead is due to the FTC's broad and vague claims questioning GCU's organization and operations.

Finally, the FTC asserts the same boilerplate attorney-client privilege, deliberative process privilege, and the work product doctrine objections as in its preceding responses, and those objections are improper for the same reasons addressed above.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

8. <u>Request No. 8</u>: **Documents or communications supporting Your allegations in Paragraph 17 of the FAC that "the fees GCE received from GCU are not subject to any limit and are not proportionate to GCU's costs for providing services to GC[U]."**

Your response identifies four (4) documents responsive to this request: (i) the Master Services Agreement between Gazelle University and Grand Canyon Education, Inc., Exhibit D (GCU-FTC-007180-7182); Notes to Consolidated Financial Statements of Grand Canyon University since 2018; Notes to Consolidated Financial Statements of Grand Canyon Education, Inc., since 2018; Plaintiff's Statement of Material Facts in Support of its Motion for Summary Judgment in *Grand Canyon University v. Cardona*, No. 2:21-cv-00177, ¶ 58.c. Please confirm that the FTC is not aware of any other documents that are responsive to this request and that the FTC is not withholding any other documents based on its objections.

To the extent the FTC is withholding documents, or is refusing to perform a reasonable search for such documents, its objections are without merit. As with Requests 6 and 7, above, this Request seeks information supporting the FTC's own allegations. If the FTC intends to rely on these allegations in support of its claims, it must produce the information and documents in its possession (after a reasonable search) that support those allegations. The FTC cannot credibly argue that identifying documents upon which it relies to support allegations in its Complaint results in an "overbroad, burdensome, and improper" discovery request.

Further, the FTC cannot withhold responsive materials based on boilerplate claims of "work product doctrine, the attorney-client privilege, and the deliberative process privilege." A categorical exclusion of communications based on abstract claims of privilege should not be withheld.



Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

9. <u>Request No. 9</u>: **Documents or communications supporting Your allegations in Paragraph 55 of the FAC that "Defendants train telemarketers for GCU doctoral degree marketing campaigns with materials that describe the GCU doctoral programs as requiring twenty courses, which include only three dissertation courses."**

The FTC objects on the basis that this request "fails to identify the requested documents with reasonable particularity because it requests that the FTC search for and produce, without limitation, documents and communications that support the allegations in paragraph 55 of the First Amended Complaint." Such an objection is unavailing because this request seeks only the limited universe of documents which support the FTC's own allegations about the way GCU trains its telemarketers. Documents upon which the FTC relied on in making the factual allegations in the FAC are discoverable and should be produced.

The FTC's objections that this request is "overbroad, burdensome, and improper" constitute a boilerplate objection which is itself improper. As noted elsewhere herein, the FTC brought this case, and it cannot now argue that requests to identify documents supporting its allegations are "overbroad, burdensome, and improper."

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

10. <u>Request No. 10</u>: **Documents containing or referencing Your communications with any current or former employee of any Defendant, including employees of any third-party acting on behalf of any Defendant, related to the Litigation.**

The FTC objects that this request fails to describe the requested records with reasonable particularity and is overly broad, unduly burdensome, and disproportionate to the needs of the case. While not accepting the FTC's general objection regarding this request, Defendant is willing to further restrict this request in a good-faith effort to resolve discovery disputes without Court intervention. To that end, Defendant clarifies this request to read as follows:



18

> Documents containing or referencing Your communications with any current or former employee of any Defendant, including employees of any third-party acting on behalf of any Defendant, for the period January 1, 2018 to the present and which refer or relate to allegations that Defendants violated the FTC Act (as that term is used in the FAC) by making deceptive representations of being a non-profit institution (as alleged in the FAC ¶¶67-—71); making deceptive representations about GCU's doctoral programs (as alleged in the FAC ¶¶72—74); and/or violated the Telemarketing Sales Rule (as that term is used in the FAC and as alleged in the FAC ¶¶75—92).

With respect to the FTC's privilege claims, the FTC cannot withhold responsive materials based on boilerplate claims of "work product doctrine, the attorney-client privilege, and the deliberative process privilege." A categorical exclusion of communications based on abstract claims of privilege should not be withheld.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

11. <u>Request No. 11</u>: **Documents containing or referencing Your communications with any Student Consumer Group related to any Defendant and/or the facts in the Litigation.**

Contrary to the FTC's objection, this request sufficiently describes the records sought "with reasonable particularity." This request seeks communications with a narrowly identified class of entities (Student Consumer Groups) about a limited range of topics (the Defendants and the FTC's allegations).

Next, the FTC obfuscates the scope of the request in claiming that it "is overbroad in encompassing press releases, published pleadings or inquiries for, or communication of, public information regarding any Defendant and/or the facts in this Litigation." This request does not seek "press releases" or "published pleadings" which a Student Consumer Group might have received or reviewed. Instead, it seeks *communications* between the agency prosecuting this matter and Student Consumer Groups. "Agency press releases," "published pleadings," "Public Commission announcements," and/or "public information regarding this action" are not communications between the FTC and a Student



Consumer Group, but rather are communications from the FTC to the public at large. Such public statements need not be produced, unless they are included in a communication directed to one or more Student Consumer Groups.

Finally, as discussed above, boilerplate, generalized claims of privilege are not sufficient to withhold documents. A refusal to produce documents based on abstract claims of privilege about entire swaths of documents should not be upheld.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

12. <u>Request No. 12</u>: **Documents or communications reflecting any review, investigation, or action by the FTC against an institution of higher education (other than GCU) related to statements and/or disclosures of the time, courses, credits, or costs to pursue a doctoral since January 1, 2018.**

As an initial matter, Defendant identified a scrivener's error in this request. The last part of that request should read "or costs to pursue a doctoral *program* since January 1, 2018."

The FTC's objection that this request does not define requested documents with reasonable particularity is without merit. This request seeks documents and communications related to the FTC's actions toward a limited class of entities (institutions of higher education offering doctoral program) with respect to the limited subject of time, cost, and credit disclosures for doctoral programs.

The FTC objects on the basis that "the request is not within the scope of discovery or proportional to the needs of the case because it demands material regarding institutions of higher education other than GCU." Of course, actions the FTC has investigated or pursued against institutions of higher education other than GCU regarding their courses, credits, or costs to pursue a doctoral program are relevant to the claims in this case. For instance, to the extent the FTC has not prosecuted similar claims against other institutions based on the way they market, advertise, or describe their graduate degree programs bears directly upon the materiality of information provided to those pursuing graduate programs, potential defenses available to Defendant, and/or the validity of the alleged wrongdoing here. Similarly, the FTC's assessment of other institutions' disclosure practices bears on its credibility to the extent it argues that it is entitled to any deference with respect to its assessment of GCU's practices. And the requested documents are directly relevant to Mr. Mueller's affirmative defenses, which allege that the FTC singled GCU out



to penalize it for practices that are common among institutions offering doctoral programs.

The FTC further objects on the basis that "the FTC Act requires that relevant material be confidential, subject to exceptions that are not applicable here. 15 U.S.C. § 57b-2(b)-(c); 16 C.F.R. 4.10(d)-(e)." As to 15 U.S.C. § 57b-2(c), a later provision in that statute states that subsection (c), which protects certain information from disclosure, "shall not be construed to prohibit . . . the disclosure of relevant and material information in Commission adjudicative proceedings or in judicial proceedings *to which the Commission is a party*." 15 U.S.C. § 57b-2(d)(1)(C) (emphasis added); *see also, FTC v. Match Grp., Inc.*, 2023 U.S. Dist. LEXIS 75470 (D.D.C. 2023) ("[T]he phraseology of the FTC Act brooks no doubt. It plainly exempts judicial proceedings like this one—in 'which the Commission is a party'—from the confidentiality of the statute . . . [and] Section 57b-2(d)(1)(C) *overrides* the mandated confidentiality of material collected in an FTC investigation where court action is pursued.") (citations omitted) (emphasis in original); 15 U.S.C. § 57b-2 ("Nothing in this subsection shall authorize the Commission to withhold information from the Congress or prevent the Commission from complying with an order of a court of the United States in an action commenced by the United States or the Commission.")

With respect to the FTC's privilege claims, the FTC cannot withhold responsive materials based on boilerplate claims of "work product doctrine, the attorney-client privilege, and the deliberative process privilege." A categorical exclusion of communications based on abstract claims of privilege should not be withheld.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

### 13. Request No. 13: Documents containing or referencing communications about the Investigation or Lawsuit involving You and/or FTC Chairs and/or Commissioners.

For the same reasons noted above, this request defines the requested documents with reasonable particularity. Moreover, the FTC does not explain why gathering and producing documents relating to activities that "began in May 2022" are overly burdensome. The request seeks only those communications about this investigation and lawsuit, which are specific and defined topics. Indeed, the FTC has issued requests to defendants seeking communications and documents regarding multiple lawsuits and investigations going back to 2012.



21

Moreover, the FTC should produce responsive information and/or identify which specific claims of privilege apply to which specific documents which are otherwise responsive to this request.

Mr. Mueller asks that FTC withdraw its objections and promptly produce all non-privileged documents and communications responsive to this request. To the extent the FTC is withholding documents based on privilege, the FTC must produce a privilege log.

14. <u>Request No. 14</u>: **Documents or communications referencing the FTC's consideration of any Defendant at any meeting under 16 C.F.R. § 4.15 or by written circulation, including but not limited to, agendas, meeting minutes, transcripts, recordings, and any documents or information considered at such meeting (or by written circulation).**

For the same reasons noted above in response to the FTC's objections to Request Nos. 11-13, the FTC should produce responsive information and/or identify which specific claims of privilege apply to which specific documents which are otherwise responsive to this request.

*    *    *

Given the absence of any legitimate objections, we expect the FTC to provide responsive information to Mr. Mueller's requests and supporting documentation within one week from the date of this letter. It is improper to avoid responding without legitimate basis while, at the same time, aggressively pushing your offensive discovery.

Respectfully,

Jacob Shorter

cc:    Counsel for GCE



22