# Exhibit 6

MICHAEL E. TANKERSLEY (DC Bar # 411978)
mtankersley@ftc.gov
GREGORY A. ASHE (VA Bar # 39131)
gashe@ftc.gov
PATRICK ROY (DC Bar # 1023521)
proy@ftc.gov
CARLTON B. MOSLEY (DC Bar # 1644552)
cmosley@ftc.gov
LAURA ANTONINI (CA Bar # 271658)
lantonini@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991 (Tankersley)
         (202) 326-3719 (Ashe)
         (202) 326-3477 (Roy)
         (202) 326-2163 (Mosley)
         (202) 326-2701 (Antonini)

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Federal Trade Commission,<br>Plaintiff,<br>v.<br>Grand Canyon Education, Inc., *et al.*,<br>Defendants. | No. CV-23-02711-PHX-DWL<br><br>**FTC'S SUPPLEMENTAL RESPONSE TO DEFENDANT MUELLER'S FIRST SET OF INTERROGATORIES** |
|---|---|

In accordance with Federal Rules of Civil Procedure 26 and 33, Plaintiff Federal Trade Commission ("FTC") hereby provides supplemental responses to Defendant Mueller's First Set of Interrogatories to Plaintiff Federal Trade Commission. The FTC's responses to the Interrogatories represent the FTC's present knowledge based on

its investigation, information, and preparation to date. The FTC reserves the right to supplement, revise, modify, or otherwise change or amend its responses to the Interrogatories.

**SUPPLEMENTAL GENERAL OBJECTIONS**

**A. Work Product Protections**

Prior to filing suit against Defendants, the FTC conducted a non-public law enforcement investigation into whether entities marketing the services of Grand Canyon University ("GCU") or overseeing the marketing of such services have, in violation of the FTC Act, 15 U.S.C. § 45, engaged in deceptive, unfair, or otherwise unlawful acts or practices in connection with the advertising, marketing, offering for sale, or sale of, educational services, or have violated the Telemarketing Sales Rule, 16 C.F.R. Part 310, by making telemarketing calls to persons on the National Do-Not-Call Registry or to persons who have stated that they do not wish to receive such telemarketing calls. Because GCU and Grand Canyon Education, Inc. ("GCE") had litigated or were litigating several suits challenging their marketing practices, FTC staff anticipated litigation when it conducted this investigation. Public dockets showed that, prior the initiation of the FTC's investigation, several suits had been filed concerning GCU's or GCE's marketing practices, including suits alleging that its telemarketing practices improperly incentivize recruiters to telemarket or violated the Telephone Consumer Protection Act; or that GCU misrepresented its educational programs. GCE's transfer of assets in 2018 prompted shareholder actions and a GCU suit against the Department of Education regarding its nonprofit status that indicated that the FTC must anticipate litigation regarding whether GCU is subject to the authority of the FTC or representations that GCU is a nonprofit. The work product of staff conducting this investigation was generated in anticipation of potential litigation, and the FTC is

withholding information, including notes, drafts, and internal communications, based on the work product doctrine.

In addition, in the course of its investigation and during this litigation, FTC staff has had conversations with former employees of Defendants as well as staff of other law enforcement agencies. The recollections and mental impressions of FTC staff regarding these communications are protected by the attorney work product doctrine. Records created by FTC staff regarding such conversations are necessarily protected work product. First, such records may directly or indirectly reveal the attorney's mental processes, opinion work product. Second, FTC staff are not scriveners taking dictation, and the reliability of notes or recollections of an individual's statements is a function of many factors, including the conditions of the interview, the contemporaneousness of the writing, and the editorial discretion of the attorney. Third, discovery and use of such material creates a danger of converting the attorney from advocate to witness. Finally, the information contained in such memoranda generally is of limited utility, especially where the source is available to the opposing party. The FTC is withholding the work product of staff from these communications, including written summaries of conversations with consumers, former employees and staff of other law enforcement agencies.

B.   Deliberative Process and Attorney-Client Privileges

The FTC's investigation involved multiple instances in which staff recommended action by the FTC Commissioners. The staff recommended, and the FTC Commissioners approved, the use of compulsory process for the production of documents, answers to written questions, and oral testimony. 16 C.F.R. § 2.7. FTC staff also recommended that the FTC Commissioners authorize staff to file the complaint pursuant to 15 U.S.C. § 53, 56(a), and 57b, and 15 U.S.C. § 6105. FTC staff also recommended that the FTC Commissioners authorize staff to file an amended complaint

with additional allegations regarding GCU.  Materials regarding staff recommendations, communications about the recommendations, and the deliberative process that led to these FTC actions is protected by the deliberative process privilege, and the FTC is withholding materials covered by these requests to protect that deliberative process.  The documents over which the FTC asserts the deliberative process privilege were generated in the process of investigating possible law violations, recommendations for the use of investigative tools and enforcement options; and deliberations regarding litigation options and positions.  The documents were used by FTC staff attorneys, managers and other governmental agencies in formulating their proposals and recommendations. Disclosure of these materials and communications would inhibit frank discussions, comments, and legal advice by FTC and other government agency personnel.  Some of the internal communications that the FTC is withholding are also protected attorney-client communications.  Staff communications regarding the approval of compulsory process and initiation of an enforcement actions include communications for the purpose of requesting or providing legal advice regarding the matters that were the subject of recommendations.

**C. Law Enforcement Privilege and Relevance**

FTC staff communicated with staff of other law enforcement agencies regarding the FTC's work product, the work of the correspondent agencies, and information relevant to investigation of GCU and GCE.  The FTC has withheld some of these communications as protected by the law enforcement privilege and work product doctrine.  Law enforcement agencies must be able to communicate with each other openly and honestly with confidence that inter-agency communications will be kept confidential—particularly when conducting investigations that, like the FTC's investigation of GCE and GCU, are not public.  Such communications allow agencies to avoid duplicative work, share information about targets, and more efficiently and

effectively enforce laws. Disclosure of information exchanged in the course of confidential inter-agency consultation in law enforcement investigations would reveal techniques and procedures, and hamper the agencies' ability to work cooperatively and bring appropriate actions. The disclosure of the information for which this privilege is claimed would disseminate information about law enforcement tactics, deliberative processes, and judgments regarding evidence and testimony, including information regarding the techniques and procedures through which law enforcement agencies share information. Disclosure of confidential communications regarding law enforcement investigations would harm the FTC's law enforcement efforts and those of agencies with which the FTC communicates; it would make agencies less likely to communicate openly and honestly with the FTC in the future for fear that their communications, and their decisions to pursue (or not pursue) certain matters would not be kept confidential. Disclosures that signal to other law enforcement agencies that their communications with the FTC may not remain confidential will jeopardize the FTC's law enforcement efforts.

The FTC also notes that documents reflecting communications with staff of other law enforcement agencies are not relevant to whether Defendants violated Section 5 of the FTC Act or the Telemarketing Sales Rule. Nor are they relevant to any asserted affirmative defenses. In particular, actions by other agencies or entities do not give rise to equitable defenses against FTC enforcement actions to protect the public.

**D. Law Enforcement and Confidential Informants Privileges**

The FTC has been contacted by employees or former employees who reported information regarding marketing practices of the Defendants. Some employees and former employees have expressed fear that reprisals might occur if their communication with law enforcement authorities was disclosed. Informants who communicated with such authorities might be subjected to intimidation or harassment. GCU has

disseminated statements denouncing investigations by the FTC and other federal agencies in terms suggest that those who identify with GCU or similar institutions should view persons who communicate with law enforcement with hostility because they are disloyal, dishonest, or biased. Disclosure of information from informants would undermine the FTC's law enforcement function because persons with knowledge of law violations may fail to share information with the FTC because they fear reprisal or retaliation. Even if the information from such informants is not admissible evidence or is not used by the FTC to support a law enforcement action, reports from informants may help the FTC to identify and gather evidence that aids in identifying legal violations and the persons responsible for such violations. Disclosure of information from such informants would jeopardize the FTC's efforts in this and other law enforcement investigations.

## SUPPLEMENTAL INTERROGATORY RESPONSES

**INTERROGATORY No. 1**: Identify Your communications with any student consumer group and/or student advocacy group about or concerning or relating to any Defendant, individually or collectively.

**SUPPLEMENTAL RESPONSE:**

The FTC objects that the Interrogatory's request for additional details demanded by instructions or definitions is unduly burdensome as information on counsel for these plaintiffs is available to Defendants. The FTC objects that information regarding the content of the communications, recollections of the communications, and the mental impressions of the attendees is protected by the work product doctrine.

Subject to and without waiving the above objections, the supplemental general objections, and the objections asserted in its original response, the FTC states that on September 24, 2024, FTC Counsel communicated with counsel for the plaintiffs in *Smith v. Grand Canyon Education, Inc.*, Case No. 2:24-01410 (D. Ariz.), a suit that the FTC

has identified as a related case. Information on the date and time at which these communications occurred, and the attendees is available in documents identified in the FTC's production to Defendants, *see* FTCvGCE-FTC016425 – FTCvGCE-FTC016429. Details regarding the individuals identified in those documents are available in the public docket for *Smith v. Grand Canyon Education, Inc*. Apart from the September 24, 2024 communications described above, FTC Counsel has not communicated with a student consumer group and/or student advocacy group about this Litigation, or the conduct described in the First Amended Complaint.

**INTERROGATORY No. 3:** Identify each meeting held under 16 C.F.R. § 4.15 (or by written circulation) at or during which any Defendant was discussed, mentioned or considered, including the date of any such meetings, the people in attendance, a description and of the matter(s) discussed, mentioned or considered, and a summary of the FTC's decision or resolution with respect to the matter.

**SUPPLEMENTAL RESPONSE:**

The FTC objects that the Interrogatory's request for details related to the deliberations and recommendations that preceded the FTC Commissioner votes are protected by the work-product doctrine, deliberative process privilege, attorney client privilege, law enforcement privilege, and the informant's privilege. The FTC further objects that this Interrogatory is overbroad if not construed to be limited to FTC Commissioner meetings to vote on matters relating to the Litigation, and answers only with respect to meetings or written circulation pertaining to such matters.

Without waiving the above objections, the supplemental general objections, and the objections asserted in its original response, the FTC states that the FTC has held no meeting under 16 C.F.R. § 4.15 regarding this Litigation. The FTC Commissioners have approved motions to authorize the Complaint and Amended Complaint by written

authorization. Details of the FTC Commissioners' votes on those motions are recorded in FTCvGCE-FTC012682 – FTCvGCE-FTC012685.

**INTERROGATORY No. 7:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 14 of the First Amended Complaint that "Gazelle/GCU was organized by GCE and Defendant Mueller [for Gazelle University/GCU's own profit, and] to advance GCE's for-profit business and to advance Defendant Mueller's interests."

**SUPPLEMENTAL RESPONSE:**

Without waiving the supplemental general objections and the objections asserted in its original response, the FTC states that principal and material facts supporting the statement that Gazelle/GCU was organized by GCE and Defendant Mueller for Gazelle University/GCU's own profit, and to advance GCE's for-profit business and to advance Defendant Mueller's interests are described in the Department of Education Review of the Change in Ownership and Conversion to Nonprofit Status of Grand Canyon University, OPEID 00107400 (Nov. 6, 2019); the Department of Education Reconsideration Review of the Change in Ownership to Nonprofit Status of Grand Canyon University, OPE ID: 00107400 (Jan. 12, 2021); the Order on Motions for Summary Judgment in Grand Canyon University v. Cardona, No. CV-21-00177-PHX-SRB, ECR 96 (D. Ariz., Dec. 1, 2022)**;** Grand Canyon Education, Inc., SEC Form 8K, Oct. 29, 2014, Item 8.01 and Exhibit 99.2; Defendant Mueller's employment agreements with Grand Canyon Education, Inc.; and Plaintiff's Opposition to Defendants' Motion to Stay Discovery on Nonprofit Claims, ECF 141.

**INTERROGATORY No. 9:** Identify all facts and documents that relate to, reference, and/or support your allegations in paragraph 55 of the First Amended Complaint that

"Defendants train telemarketers for GCU doctoral degree marketing campaigns with materials that describe the GCU doctoral programs as requiring twenty courses, which include only three dissertation courses."

**SUPPLEMENTAL RESPONSE:**

Without waiving the supplemental general objections and the objections asserted in its original response, the FTC states that additional documents supporting the allegation include presentations identified with the production numbers below:

GCE-FTC-CID-003-00005996 — GCE-FTC-CID-003-00006070

GCE-FTC-CID-003-00006071 — GCE-FTC-CID-003-00006145

GCE-FTC-CID-003-00006146 — GCE-FTC-CID-003-00006220

GCE-FTC-CID-003-00006221 — GCE-FTC-CID-003-00006295

GCE-FTC-CID-017-00011938 — GCE-FTC-CID-017-00012026

GCE-FTC-LIT-002-0002818 — GCE-FTC-LIT-002-0002892

GCE-FTC-LIT-002-0002893 — GCE-FTC-LIT-002-0002967

GCE-FTC-LIT-002-0002968 — GCE-FTC-LIT-002-0003042

GCE-FTC-LIT-002-0003043 — GCE-FTC-LIT-002-0003117

GCE-FTC-LIT-002-0017377 — GCE-FTC-LIT-002-0017465

GCE-FTC-LIT-002-0025683 — GCE-FTC-LIT-002-0025750

GCE-FTC-LIT-002-0025751 — GCE-FTC-LIT-002-0025825

GCE-FTC-LIT-002-0025826 — GCE-FTC-LIT-002-0025914

GCE-FTC-LIT-002-0025915 — GCE-FTC-LIT-002-0025989

GCE-FTC-LIT-002-0027992 — GCE-FTC-LIT-002-0028075

GCE-FTC-LIT-002-0028076 — GCE-FTC-LIT-002-0028165

GCE-FTC-LIT-002-0028166 — GCE-FTC-LIT-002-0028254

GCE-FTC-LIT-002-0028255 — GCE-FTC-LIT-002-0028344

GCE-FTC-LIT-002-0028345 — GCE-FTC-LIT-002-0028432

| | |
|---|---|
| 1 | GCE-FTC-LIT-002-0028433 — GCE-FTC-LIT-002-0028521 |
| 2 | GCE-FTC-LIT-002-0028522 — GCE-FTC-LIT-002-0028610 |
| 3 | GCE-FTC-LIT-002-0028611 — GCE-FTC-LIT-002-0028700 |
| 4 | GCE-FTC-LIT-002-0028701 — GCE-FTC-LIT-002-0028790 |
| 5 | GCE-FTC-LIT-002-0028791 — GCE-FTC-LIT-002-0028879 |
| 6 | GCE-FTC-LIT-002-0028880 — GCE-FTC-LIT-002-0028957 |
| 7 | GCE-FTC-LIT-002-0030792 — GCE-FTC-LIT-002-0030853 |

DATED: March 12, 2025            Signing for Objections

                                                            */S/*
Michael E. Tankersley
Gregory A. Ashe
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue NW
Mail Stop CC-6316
Washington, DC 20580
Telephone: (202) 326-2991
Email: mtankersley@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

# **VERIFICATION**

As authorized representative of the Federal Trade Commission, I, Sandhya P. Brown, verify that the Answers in the foregoing FTC's Supplemental Response to Defendant Mueller's First Set of Interrogatories are based on a reasonable inquiry and non-privileged information available to the Federal Trade Commission, and are true and correct to the best of my information and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements made in this declaration are true and correct.

EXECUTED on this 12 day of March 2025.

                                                /S/
                                    Sandhya P. Brown
                                    Associate Director
                                    Division of Financial Practices
                                    Bureau of Consumer Protection
                                    Federal Trade Commission