# Exhibit 7

David A. Obuchowicz
SENIOR ASSOCIATE

703-934-9843 Direct
dobuchowicz@glpclaw.com



GOMBOS | LEYTON PC
ATTORNEYS

11350 Random Hills Road | Suite 400 | Fairfax, Virginia 22030
703.934.2660 Main | 703.934.9840 Fax | www.glpclaw.com

May 15, 2025

**By email only**

Michael Tankersley (mtankersley@ftc.gov)
Patrick Roy (proy@ftc.gov)
Carlton Mosley (cmosley@ftc.gov)
Greg Ashe (gashe@ftc.gov)
Laura Antonini (lantonini@ftc.gov)
Federal Trade Commission

**Re: *FTC v. GCE, et al.*, No. 2:23-cv-02711 (D. Ariz.) –Deficiencies in Plaintiff's Objections and Responses to Defendant Mueller's Discovery Requests**

Counsel:

I am writing to identify and narrow the issues that we may need to present to the Court with respect to the Federal Trade Commission's ("Plaintiff" or "FTC") responses to Defendant Mueller's ("Defendant" or "Mr. Mueller") First Set of Interrogatories ("First Rogs") and First Set of Requests for Production of Documents ("First RFP") (collectively, "First Discovery Requests").

Before discussing Mr. Mueller's specific requests, we want to address a few global points that apply to most, if not all, of the First Discovery Requests.

First, the FTC's general objection to the definition of "Plaintiff," "you," "your," and "yours" as overly broad, unduly burdensome, and disproportionate to the needs of the case is not stated with specificity and is inadequate. *See, e.g., Century Int'l Arms Inc. v. XTech Tactical LLC*, Case No. CV-18-03404, 2020 U.S. Dist. LEXIS 6642, at *6 (D. Ariz. Jan. 15, 2020) ("An objecting party must state specifically how, despite the broad and liberal construction of the discovery rules, each question is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.") (quotation omitted). Similarly, the FTC's effort to confine its discovery responses to only the FTC staff assigned to the investigation or litigation is improper and has resulted in incomplete responses to Mr. Mueller's discovery requests. To the extent there are responsive documents or information within the control of the FTC as defined in Mr. Mueller's discovery requests, Plaintiff must produce or log it. Although we previously raised this issue in our February 13 letter, the FTC has yet to respond.

Second, the FTC's general, unspecified blanket assertions of the work product doctrine and the law enforcement, deliberative document, and informant's privileges are improper. Mr. Mueller intends to either join GCE in raising this issue with the Court or filing a separate discovery dispute with the Court. Without restating the points raised in our February 13 letter or GCE's more recent April 25 letter, we add the following points.

*Law Enforcement Privilege*. The FTC has not properly asserted its law enforcement privilege objection. To properly invoke the privilege, the FTC must show "(1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege." *Torres v. Goddard*, Case No. CV-06-2482, 2010 U.S. Dist. LEXIS 87621, at *24 (D. Ariz. July 30, 2010) (finding burden to establish the law enforcement privilege not met). Nor has the FTC made a clear and specific showing of the harm that would occur if the documents or information were disclosed; instead, the FTC's objection is simply "'a restatement of the type of information the privilege is meant to protect.'" *See Walsh v. Versa Cret Contr. Co.*, Case No. 21-CV-5697, 2023 U.S. Dist. LEXIS 49628, at *8 (E.D.N.Y. Mar. 23, 2023) (quoting *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 757 (E.D.N.Y. 2016)). In our view this is a transparent effort to avoid discovery or to gain an improper advantage in this litigation.

*Deliberative Process Privilege.* Similarly, the FTC has withheld documents and information based on blanket invocations of the deliberative process privilege without a supporting declaration by an appropriate agency official who has personally considered the materials at issue. *See Sherman v. Univ. of Cal.*, Case No. 20-cv-06441, 2022 U.S. Dist. LEXIS 56406, at *6 (N.D. Cal. Mar. 24, 2022). Moreover, the FTC has not established that any withheld document or information meets the required elements of the deliberative document privilege. See *Id.* at *6 (explaining that the document must be both predecisional and deliberative).

Moreover, and as discussed in our February 13, 2025 letter and during our May 8, 2025 call, the FTC's privilege claims fail to the extent they involve communications with third parties, including other governmental agencies. GCE asked you in its April 25, 2025 letter to identify your basis for any common legal interest with other governmental agencies. You have not responded to that letter, and on the May 8, 2025 call, you confirmed that the FTC does not share a common legal interest with other third parties with respect to the allegations in this case. Thus, communications, documents, and information shared between the FTC and those agencies are not privileged and must be produced in unredacted form. If the communication was in oral form, the FTC must identify the factual information exchanged in such communication.

Finally, even if the FTC maintained a valid privilege claim over those materials, GCU's need for the materials outweighs any general, abstract interest in protecting frank discussions



between government agency personnel, law enforcement techniques, and the protection of witnesses. Specifically, the documents are critical to Mr. Mueller's pursuit of his affirmative defenses alleging, among other things, that the FTC improperly coordinated with other agencies to single GCU out for investigation over the same or similar disclosure practices used by numerous doctoral degree granting institutions, to relitigate GCU's nonprofit status, and to manufacture student complaints in support of its claims. On the other hand, the FTC has failed to provide any specifics about the interests it seeks to protect. The FTC has not identified any law enforcement techniques or interests implicated by disclosure of inter-agency communications. Nor has the FTC explained how those techniques or interests would be compromised by disclosure of responsive documents and information, especially given the protective order governing the use of confidential documents. The need for the FTC to sufficiently justify its privilege claims is even more acute in this case because the FTC has already demonstrated that it has improperly asserted privileges to shield relevant materials it intends to use offensively against Defendants. For example, there was no merit to the FTC's preposterous claim that Ms. Kaercher was under threat of retaliation from Defendants. She left her job voluntarily—after raising the same issues to GCE *without* retaliation—and currently lives in Spain. Yet the FTC claimed the informant's privilege to deny Defendants a reasonable opportunity to prepare for her deposition, waiting until the literal eve of the deposition to produce critical materials that the FTC had in its possession for months.

**<u>Requests for Production of Documents</u>**

Without restating the entirety of the points above or those in our February 13, 2025 letter (to which we received no substantive response), we raise the following issues with respect to the FTC's responses to Mr. Mueller's First RFPs:

2. ***Request No. 2:*** **Documents containing or referencing Your communications with any governmental agency between the dates January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

3. ***Request No. 3:*** **Documents you received, either directly or otherwise, from any governmental agency between the dates of January 1, 2018 and the present that relate to any Defendant in this lawsuit or to any facts alleged in the Litigation.**

4. ***Request No. 4:*** **Documents containing or referencing Your communications with any student between the dates of January 1, 2018 and the present, including without limitation the individuals identified on Attachment C of your Rule 26 Initial Disclosures.**

The FTC confirmed in its response to GCE's Requests for Production (which the FTC incorporated in its Response to Mr. Mueller's Requests 2, 3, and 4) that it would search for and



produce responsive non-privileged documents and communications related to the allegations in this litigation. We request that you confirm that the FTC has produced all documents and communications responsive to these requests or, to the extent the FTC claims privilege, that the FTC has logged such documents in its March 21, 2025 privilege log. Also confirm whether the FTC has made efforts to identify communications between the FTC (as defined in Mr. Mueller's RFPs) and the entities identified in Requests 2, 3, and 4.

Second, for the reasons stated above, the FTC's invocation of work product, law enforcement and deliberative process privileges is not supported by sufficient detail and is without merit. Confirm that you are withdrawing those privileges.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to these requests based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.

5. ***Request No. 5:*** **Documents containing or referencing Your communications with any plaintiff or putative class member (including their attorneys or agents) in the actions and proceedings involving Defendants identified on pages three and four of your initial disclosures (*Carr et al. v. Grand Canyon University*, USDC AZ, Docket No. 2:19- 05214; *Young v. Grand Canyon University*, USDC N. Ga., Docket No. 1:19-01707; *Young v. Grand Canyon University*, 11th Cir., Docket No. 21-12564; *Fellows v. Grand Canyon Education Inc.*, USDC W. Pa., Docket No. 1:18-00314; *In Re Grand Canyon Education, Inc. Securities Litigation*, USDC DE, Docket No. 1:20-00639; *Ogdon v. Grand Canyon University*, USDC AZ, Docket No. 2:22-00477; *Smith v. Grand Canyon Education, Inc.*, USDC AZ, Docket No. 2:24-01410; *U.S. ex rel. MacKillop v. Grand Canyon University*, USDC AZ, Docket No. 2:23-00467; *Walsh v. Grand Canyon Education, Inc.*, USDC DE, Docket No. 1:20-00801).**

In its initial response to this Request, the FTC stated that it would produce non-privileged communications with named plaintiffs (including their representatives) in the above-named matters. Confirm that the FTC has produced all documents and communications responsive to these requests. We also ask that the FTC confirm that it has searched for all responsive communications in the FTC's possession, not just communications to or from FTC counsel assigned to this litigation.

We note that the FTC asserted various privileges in its initial response to this request and stated that it is withholding documents. However, the privilege log does not identify any communications with named plaintiffs (or their representatives) in the above cases. If the FTC has



waived its privilege objections to this request, so state, and identify (by bates number) the communications the FTC has produced that are responsive to this request. If the FTC is withholding documents based on privilege, confirm that you are withdrawing the privilege and will produce the documents or log them.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to this request based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.

6. ***Request No. 6:*** **Documents or communications supporting Your allegations in Paragraph 7 of the FAC that Brian Mueller "acting alone or in concert with others, [] has formulated, directed, controlled, had the authority to control, or participated in the . . . acts and practices described in [the First Amended Complaint]".**

7. ***Request No. 7*****: Documents or communications supporting Your allegations in Paragraph 14 of the FAC that "Gazelle/GCU was organized by GCE and Defendant Mueller to advance GCE's for-profit business and to advance Defendant Mueller's interests."**

8. ***Request No. 8*****: Documents or communications supporting Your allegations in Paragraph 17 of the FAC that "the fees GCE received from GCU are not subject to any limit and are not proportionate to GCU's costs for providing services to GC[U]."**

9. ***Request No. 9*****: Documents or communications supporting Your allegations in Paragraph 55 of the FAC that "Defendants train telemarketers for GCU doctoral degree marketing campaigns with materials that describe the GCU doctoral programs as requiring twenty courses, which include only three dissertation courses."**

As noted in our February 13, 2025 letter, these requests simply seek the documents the FTC contends support its own allegations in the Amended Complaint. It should be noncontroversial that the FTC must produce the nonprivileged documentary evidence the FTC contends supports its claims.

Nor can the FTC credibly claim that it should be excused from responding to these requests before discovery is complete. The FTC moved the Court to impose interim deadlines on all 2024 discovery, and the FTC should be similarly bound by the deadlines. Accordingly, the FTC must



produce and identify all documents which it contends support Mr. Mueller's individual liability by July 28, 2025. Mr. Mueller will seek exclusion of any documents not produced by the deadline to the extent the FTC seeks to use them for that purpose.

Additionally, the FTC objected to this request, in boilerplate fashion, on privilege grounds. Yet, to date, the FTC has not provided a privilege log identifying any materials withheld in response to this request. Accordingly, confirm that you are withdrawing your privilege objections and will produce all responsive documents.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to these requests based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.

10. ***Request No. 10*****: Documents containing or referencing Your communications with any current or former employee of any Defendant, including employees of any third-party acting on behalf of any Defendant, related to the Litigation.**

The FTC's initial response stated that the FTC would not produce any documents specifically responsive to this request based on its assertion of various privileges, including the informant's privilege. We note that the FTC's most recent 10th Production included two redacted communications from GCE employees (one from 2016). We also recognize the FTC's belated production of communications with Ms. Kaecher, discussed above. The FTC has not, however, produced any other communications or documents referencing communications between the FTC and current or former employees of GCE or GCU. Nor are we able to identify any communications with GCU or GCE employees from the FTC's privilege log. If we are mistaken, identify each responsive communications by bates number or where, specifically, such communications are identified in the privilege log. Also, confirm that the FTC is not withholding any other communications based on privilege claims.

Next, for the reasons stated above, the FTC's invocation work product, informant, law enforcement and deliberative process privileges is not supported by sufficient detail and is without merit. Confirm that you are withdrawing those privileges.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to this request based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.



11. ***Request No. 11*: Documents containing or referencing Your communications with any Student Consumer Group related to any Defendant and/or the facts in the Litigation.**

The FTC confirmed in its response that it would search for and produce responsive non-privileged documents and communications. To date, the FTC has only identified a single meeting calendar invite for a discussion with counsel for the plaintiffs in *Smith v. Grand Canyon Education, Inc.*, Case no. 2:24-01410 (D. Ariz.). It does not appear that the FTC has produced any other communications with Student Consumer Groups, nor has it identified any such communications in its privilege log. Confirm that the FTC has produced all documents and communications responsive to these requests or, to the extent the FTC claims privilege, that the FTC has logged such documents in its March 21, 2025 privilege log. Also confirm whether the FTC has made efforts to identify communications between the FTC (as defined in Mr. Mueller's RFPs) and Student Consumer Groups.

Next, for the reasons stated above, the FTC's invocation work product, law enforcement and deliberative process privileges is not supported by sufficient detail and is without merit. Nor can the FTC invoke the attorney-client privilege because the FTC does not represent Student Consumer Groups, nor does it share a common legal interest. Confirm that you are withdrawing those privileges.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to this request based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.

12. ***Request No. 12*: Documents or communications reflecting any review, investigation, or action by the FTC against an institution of higher education (other than GCU) related to statements and/or disclosures of the time, courses, credits, or costs to pursue a doctoral since January 1, 2018.**

The FTC confirmed in its initial response to this request that it is withholding responsive documents. Our February 13, 2025 letter, however, explained why the FTC's basis for doing so is without merit. We stated:

> The FTC objects on the basis that "the request is not within the scope of discovery or proportional to the needs of the case because it demands material regarding institutions of higher education other than GCU." Of course, actions the FTC has investigated or pursued against institutions of higher education other than GCU regarding their courses, credits, or costs to pursue a doctoral program are relevant



> to the claims in this case. For instance, to the extent the FTC has not prosecuted similar claims against other institutions based on the way they market, advertise, or describe their graduate degree programs bears directly upon the materiality of information provided to those pursuing graduate programs, potential defenses available to Defendant, and/or the validity of the alleged wrongdoing here. Similarly, the FTC's assessment of other institutions' disclosure practices bears on its credibility to the extent it argues that it is entitled to any deference with respect to its assessment of GCU's practices. And the requested documents are directly relevant to Mr. Mueller's affirmative defenses, which allege that the FTC singled GCU out to penalize it for practices that are common among institutions offering doctoral programs.
>
> The FTC further objects on the basis that "the FTC Act requires that relevant material be confidential, subject to exceptions that are not applicable here. 15 U.S.C. § 57b-2(b)-(c); 16 C.F.R. 4.10(d)-(e)." As to 15 U.S.C. § 57b-2(c), a later provision in that statute states that subsection (c), which protects certain information from disclosure, "shall not be construed to prohibit . . . the disclosure of relevant and material information in Commission adjudicative proceedings or in judicial proceedings *to which the Commission is a party*." 15 U.S.C. § 57b-2(d)(1)(C) (emphasis added); *see also, FTC v. Match Grp., Inc.*, 2023 U.S. Dist. LEXIS 75470 (D.D.C. 2023) ("[T]he phraseology of the FTC Act brooks no doubt. It plainly exempts judicial proceedings like this one—in 'which the Commission is a party'—from the confidentiality of the statute . . . [and] Section 57b-2(d)(1)(C) *overrides* the mandated confidentiality of material collected in an FTC investigation where court action is pursued.") (citations omitted) (emphasis in original); 15 U.S.C. § 57b-2 ("Nothing in this subsection shall authorize the Commission to withhold information from the Congress or prevent the Commission from complying with an order of a court of the United States in an action commenced by the United States or the Commission.")

Next, for the reasons stated above, the FTC's invocation work product, law enforcement and deliberative process privileges is not supported by sufficient detail and is without merit. Confirm that you are withdrawing those privileges.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to this request based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.



13. ***Request No. 13*: Documents containing or referencing communications about the Investigation or Lawsuit involving You and/or FTC Chairs and/or Commissioners.**

14. ***Request No. 14*: Documents or communications referencing the FTC's consideration of any Defendant at any meeting under 16 C.F.R. § 4.15 or by written circulation, including but not limited to, agendas, meeting minutes, transcripts, recordings, and any documents or information considered at such meeting (or by written circulation).**

The documents sought in these requests are relevant to Mr. Mueller's equitable affirmative defenses and are thus discoverable. The requests are similar to—but far less burdensome than—the FTC's requests seeking Defendants' communications regarding their plans and proposals for GCU's return to nonprofit status. The FTC should also have to produce its internal communications about its plans and proposals to pursue this against Defendants. The request seeks communications related to a specific matter (the FTC's administrative and legal proceedings against Defendants) covering a limited time period (the time leading up to the May 2022 CIDs to GCU and GCE to the present.) And the FTC should have by now identified a defined set of custodians (including, at a minimum, all FTC Chairs and Commissioners since the beginning of the investigation) who are likely to possess relevant communications. And documents related to the Commission meetings are easily identifiable and production of such records should involve minimal burden. We request a description of what efforts the FTC has made to identify documents responsive to this request.

Next, for the reasons stated above, the FTC's invocation work product, law enforcement and deliberative process privileges is not supported by sufficient detail and is without merit. Confirm that you are withdrawing those privileges.

Finally, confirm that the FTC is not withholding and has not limited its searches for documents responsive to these requests based on the objections discussed and addressed in our February 13, 2025 letter. Otherwise, describe what material has not been produced and/or the limitations the FTC placed on its search efforts and also describe the objection that is the basis for withholding those materials and/or limiting the FTC's searches.

**<u>Interrogatories</u>**

In addition to the global comments and the deficiencies in the FTC's responses to Mr. Mueller's requests for production raised above, Mr. Mueller identifies the following deficiencies and concerns with the FTC's responses to Mr. Mueller's First Rogs.

1. The FTC's supplemental response to Interrogatory No. 1 fails to provide a full response to the interrogatory. Like its initial response, the FTC's supplemental response redefines



Mr. Mueller's request to identify communications between *FTC's counsel assigned to this litigation* and any student consumer and/or student advocacy group *about this litigation*. We previously raised this issue in our February 13, 2025 letter, to which you have not substantively responded to date. Please confirm whether you have made any effort to identify communications between the FTC (as defined in Mr. Mueller's First Rogs) and Student Consumer Groups or student advocacy groups about Grand Canyon Education, Grand Canyon University, and/or Brian Mueller.

2. To date the FTC has provided no response to Interrogatory No. 2 based on assertions of work product and the informant's privilege. Without restating the deficiencies stated above concerning the FTC's assertion of work product and the informant's privilege, the FTC's failure to respond entirely to this interrogatory is improper. As indicated in the instructions to Mr. Mueller's First Set of Interrogatories, even if the FTC claims any privilege, the FTC must answer as to any information not covered by the privilege. Although neither the work product doctrine nor the informant's privilege protects factual information, the FTC has provided no response to this interrogatory. Putting aside our disagreement with the FTC's privilege claims (which are addressed above), we ask that the FTC promptly confirm that it will respond to this interrogatory with all non-privileged factual information. Separately, please confirm that all "privileged" information responsive to this is scheduled or included on the privilege logs produced to date.

3. The FTC's supplemental response to Interrogatory No. 3 fails to provide a full response to this interrogatory. As stated in our February 13 letter, the FTC's refusal to answer the interrogatory as written on the grounds that it is overbroad if not limited to communications about this litigation is improper. A communication need not be "about this litigation" to be relevant to the claims or defenses in the case, particularly when the FTC has raised broad allegations about GCU's operations and its character. Furthermore, the FTC offers no basis to support its objection that identifying such communications would be unduly burdensome. We previously raised this issue in our February 13 letter, to which the FTC has not responded to date. Please confirm whether you have made any effort to identify information responsive to this Interrogatory as written. In addition, please confirm that any "details related to the deliberations and recommendations that preceded the FTC Commissioner votes," over which you have claimed any privilege (*see* FTC Suppl. Resp. to ROG No. 3), are included in the privilege logs produced to date.

4. We wrote to you on February 13 in an effort to address the objections you raised to Interrogatory No. 4. To date, we have received no substantive response from the FTC. We do not intend to restate our prior statement or the concerns or deficiencies discussed above (which we incorporate here). Please confirm whether the FTC has withheld any responsive information based on any asserted privilege and, if so, confirm that it is scheduled on your privilege logs produced to date. The penultimate paragraph in your objections to this interrogatory (*see* p. 10 of your responses) is unclear as to the scope of any withheld information based on privilege. Separately, please confirm whether you have made any effort to identify communications between the FTC



(as defined in Mr. Mueller's First Rogs) and any plaintiff or putative class member (including their attorneys or agents) in the actions and proceedings listed in Interrogatory No. 4.

5. Our February 13 letter likewise addressed the FTC's objections to Interrogatory No. 5. We have received no substantive response or supplemental answer to this interrogatory to date. As this interrogatory (as revised) asks the FTC to identify the material and principal facts and documents that relate to, reference, and/or support the FTC's allegation in paragraph 7 of the First Amended Complaint, the FTC's complete failure to respond is glaring. Moreover, to the extent the FTC asserts that any contention request is premature because discovery is ongoing, we point out that it was your request that the Court impose intermediary deadlines on 2024 discovery. We ask that the FTC promptly confirm that it will withdraw its objections and fully respond to this interrogatory.

6. Similarly, we request that the FTC promptly confirm that it will withdraw its objections and fully respond to Mr. Mueller's Interrogatory No. 6, which asks the FTC to identify the material and principal facts and documents that relate to, reference, and/or support the FTC's allegations in paragraph 66 of the First Amended Complaint. To the extent the FTC has withheld information based on any asserted claim of privilege, confirm the information withheld is included on the privilege logs produced to date.

7. In addition, we request that the FTC fully respond to Mr. Mueller's Interrogatory No. 7, which asks the FTC to identify the material and principal facts and documents that relate to, reference, and/or support the FTC's allegations in paragraph 14 of the First Amended Complaint. While the FTC's supplemental response identifies six documents which the FTC asserts "describe" the principal and material facts supporting the FTC's allegations in paragraph 14, the FTC's response fails to identify the principal and material facts supporting the allegations in the First Amended Complaint. Mr. Mueller is not required to guess at what statements in the documents the FTC considers "facts" (rather than conclusions or mere assertions of fact) and at which "facts" included in the documents that the FTC relies for support. We ask that the FTC promptly confirm that it will supplement its response to identify the material and principal facts that support the FTC's allegations in paragraph 14 of the First Amended Complaint. In addition, to the extent the FTC has withheld information based on any asserted claim of privilege, confirm the information withheld is included on the privilege logs produced to date.

8. Similarly, the FTC's response to Mr. Mueller's Interrogatory No. 8 fails to identify the facts supporting the FTC's allegation that the MSA's terms disproportionately benefit GCE or are otherwise unfair to GCU. If the FTC does not assert that the MSA (a) disproportionately benefits GCE or (b) is unfair to GCU, promptly confirm as much in writing. To the extent the FTC is asserting either or both of (a) and (b) in the preceding sentence, promptly confirm that the FTC will identify the material and principal facts supporting the FTC's claim. Finally, to the extent the



FTC has withheld information based on any asserted claim of privilege, confirm the information withheld is included on the privilege logs produced to date.

9. Following our letter dated February 13, the FTC provided a supplemental response to Mr. Mueller's Interrogatory No. 9, identifying additional documents supporting the FTC's allegations in paragraph 55 of the First Amended Complaint. Please promptly confirm that there are no other documents on which the FTC relies in support of its allegations in paragraph 55. In addition, Interrogatory No. 9 (as revised) asks the FTC to identify material and pertinent facts that relate to, reference, and/or support your allegations in paragraph 55. We ask that the FTC either promptly commit to identifying the material and pertinent facts supporting your allegations in paragraph 55 or confirm that the documents identified in response to Interrogatory No. 9 constitute the full basis for the allegations in paragraph 55. Finally, to the extent that the FTC has withheld information based on any asserted claim of privilege, confirm the information withheld is included on the privilege logs produced to date.

* * *

As discussed on our May 13, 2025 call, we request a meet and confer on Monday May 19 so that we can narrow the issues we need to raise to the Court by the May 22, 2025 dispute deadline.

Respectfully,

David A. Obuchowicz

cc: Counsel for GCE